**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, *Individually and On Behalf of All Others Similarly Situated*, | ) ) ) ) ) ) | Case No. 1:19-cv-7563 (AKH) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PLURALSIGHT, INC., AARON SKONNARD, and JAMES BUDGE, | ) ) ) | |
| Defendants. | ) ) ) | |

**PRESUMPTIVE LEAD PLAINTFF, THE INDIANA PUBLIC RETIREMENT SYSTEM'S AND PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO'S, NOTICE OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF UTAH**

The Indiana Public Retirement System ("INPRS") and Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF," and collectively, the "Pluralsight Institutional Investors Group") respectfully submit this notice of their opposition to Defendants' motion to transfer this action to the District of Utah pursuant to 28 U.S.C. § 1404 (the "Motion to Transfer" or "Mot.").

The Pluralsight Institutional Investors Group, comprised of two sophisticated institutional investors with a combined total of $45.2 billion in assets under management, moved for lead plaintiff in this action on October 15, 2019, pursuant to the procedure set out by the Private Securities Litigation Reform Act ("PSLRA"), which applies in this case. (Dkts. 26, 28-6.) Although the Court has not yet ruled on the competing motions for lead plaintiff, the Pluralsight Institutional Investors Group, with PSLRA losses of $ 2,349,965 (Dkt. 27), has the largest losses by a wide margin compared to those of the other movants, and is presumptively the lead plaintiff because it has "the largest financial interest in the relief sought by the class" of the motions on file,

1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).[1] Accordingly, the Pluralsight Institutional Investors Group wishes to apprise the Court that it opposes the Motion to Transfer.

Defendants have not carried their burden to demonstrate by "clear and convincing evidence" that this Court should "exercise its discretion to grant a transfer motion." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). At most, Defendants have shown that certain factors, such as the adequacy of the current and proposed forums, are in equipoise. But in order to prevail on their motion, they must do more.

*First*, importantly, Defendants' motion is premature because the operative complaint in this matter is not yet before the Court. The procedures set forth by the PSLRA direct the Court to appoint as lead plaintiff the class member that the Court "determines to be *most capable* of adequately representing the interests of class members." 15 U.S.C. § 78u-4 (a)(3)(B)(i) (emphasis added). The lead plaintiff and its chosen counsel are then vested with the power to control and direct the litigation on behalf of the class. For that reason, following its appointment, the lead plaintiff typically files an amended complaint that supersedes and is far more detailed and comprehensive than the first complaint filed. If appointed lead plaintiff, the Pluralsight Institutional Investors Group will file an amended complaint, rather than stand on the current complaint filed by another plaintiff and law firm.[2]  In the interests of justice and judicial economy,

---

[1] The other movants on file claim considerably smaller PSLRA losses of $1,466,128 (the Institutional Funds, Dkt. 24); $239,074 (Employees' Retirement System of the Puerto Rico Electric Power Authority and City of Sarasota General Employees Defined Benefit Pension Plan, Dkt. 34); $115,472 (Southeastern Pennsylvania Transportation Authority, Dkt. 30); $63,179 (Hallandale Beach Police and Firefighters Retirement Fund, Dkt. 37); and $40,133 (Sudeep Uprety, Dkt. 42).

[2]  While the Court can decide to deny Defendants' motion to transfer at the outset if it finds Defendants have failed to meet their burden to establish a clear and convincing reason to transfer based on the initial complaint, it should not otherwise take the step of transferring the case until it has a chance to review what will be the operative complaint in the case, given that the

Defendants' motion to transfer accordingly should be considered against the allegations in the amended complaint, which will supersede the initial complaint currently on file.

In addition to other substantive allegations, the Pluralsight Institutional Investors Group plans to include new claims against additional New York-based defendants and allegations concerning additional New York-based events. In particular, the Pluralsight Institutional Investors Group intends to assert claims based on misstatements and omissions in Pluralsight's Secondary Public Offering ("SPO") which took place during the Class period, and to name new defendants such as the SPO's underwriters—ten of which are headquartered in New York—and the Pluralsight directors who signed the Registration Statement associated with the SPO—three of whom live or work in New York. The amended complaint will thus include significant additional detail about the SPO and the activities of the currently-named Defendants as well as additional New York-based Defendants in this state. This includes allegations concerning the Underwriter Agreement for the SPO which contemplates New York activities and is specifically governed by New York state law.

Thus, many of Defendants' arguments about this case having nothing to do with New York are based on an incomplete record and therefore do not provide an adequate basis for their motion to transfer.[3] Indeed, Defendants implicitly recognize in their Reply that the inclusion of a claim

---

complaint will, as discussed infra, add substantial facts with a New York locus that were not pled in the initial case.

[3] Indeed, a core argument in Defendants' Reply is that the initial Complaint—which was filed by another law firm—barely mentions the SPO and did not name any of the eleven underwriters as defendants, *see* Reply at 6-7, whereas the SPO will figure in prominently in the amended complaint filed by the Pluralsight Institutional Investors Group.  In this regard, while Defendants contend that much of the co-lead underwriters work on the SPO was done by bankers in offices outside of New York, they concede that these bankers were not located in Utah either; further, they admit that some New York bankers at the co-lead underwriters also worked on the SPO. *Id.* at 8, 11. Similarly, Defendants concede that the company's outside auditor, Pricewaterhouse

premised entirely on the SPO and accompanying documents could change the calculus of whether a transfer is appropriate. *See* Reply at 7 n.4 (citing *Funke v. Life Fin. Corp.*, No. 99 CIV. 11877 (CBM), 2003 WL 194204, at *2-4 (S.D.N.Y. Jan. 28, 2003), in which the court denied defendants' motion to transfer to California despite the fact that defendants' headquarters were in California because, *inter alia*, claims turned on an IPO that took place in New York; witnesses could be found in New York and as well as California; and plaintiff, although not domiciled in New York, found it significantly more convenient to travel to that venue).

*Second*, even judged against the complaint currently on file,[4] Defendants do not carry their heavy burden to demonstrate by "clear and convincing evidence" that a transfer is needed. That complaint alleges numerous connections to New York, including that: (1) Defendant Pluralsight, Inc.'s common stock trades on the NASDAQ Global Market, which is located in New York, ¶ 8; (2) Defendants made misstatements at conferences in New York, *see, e.g.*, ¶ 37 (the Needham Growth Conference, which took place in New York City, New York on January 16, 2019); and (3) Defendants made misstatements aimed at New York-based investors, *see, e.g.*, ¶ 61(d) (alleging that Pluralsight's press releases were "carried by national newswires"). Moreover, numerous witnesses with important knowledge, including three of Pluralsight's directors who signed the Registration Statement for Pluralsight's SPO, live or work in New York.[5] The Southern District

---

Coopers, obtained help from its offices outside Utah. *Id.* at 11.  Further, while not discussed in the initial complaint, Pluralsight also participated in several additional conferences in New York during the Class Period. *See* https://investors.pluralsight.com/news-and-events/events.

[4] Citations to the complaint on file (Dkt. 1) are abbreviated as "¶ _."

[5] Defendants also argue that venue should be transferred because many of the key documents may be located in Utah, *see* Reply at 11; however, it is well-established that "the location of documents is a neutral factor" in the age of electronic discovery unless Defendants establish the documents cannot easily be electronically transferred, which they have not done here. *Flowserve Corp. v. BMCE, Inc.*, No. 05 CIV. 8075 (WHP), 2006 WL 2927176, at *4 (S.D.N.Y. Oct. 12, 2006); *see also Frame v. Whole Foods Mkt., Inc.*, No. 06 CIV. 7058 (DAB), 2007 WL 2815613,

of New York, with its extensive familiarity with cases brought under the federal securities laws, is manifestly an appropriate venue to litigate this action. Moreover, the Southern District's superior ability to bring civil cases to an efficient resolution will benefit the Class.[6] Defendants' suggestion that these connections are inadequate is merely an inappropriate attempt to shift their burden to plaintiffs.

In sum, Defendants fall well short of their burden to show, by clear and convincing evidence, that a transfer is warranted. That at least ten New-York based underwriters and three New York-based Pluralsight directors will be brought into this case as defendants should be enough to deny Defendants' motion. Alternatively, the Court should defer ruling on the motion until after an amended complaint is filed and the party appointed lead plaintiff is granted the opportunity to provide a more comprehensive response to Defendants' motion.

<div style="margin-left: 45%;">

Respectfully submitted,

[Signatures on following page]

</div>

---

at *6 (S.D.N.Y. Sept. 24, 2007) ("Access to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport." (brackets omitted)).

[6] For the twelve-month period ending on June 30, 2019, the Southern District of New York brought civil cases to disposition in an average of 6.5 months and to trial in an average of 30.4 months, compared to the District of Utah's much higher averages of 10 months and 43.9 months respectively (the latter number, from the twelve-month period ending on June 30, 2018, is the most recent data available). *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf.

Dated: October 21, 2019

By: */s/ Michael B. Eisenkraft*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael B. Eisenkraft (ME6974)
(meisenkraft@cohenmilstein.com)
Alice Buttrick (5444120)
(abuttrick@cohenmilstein.com)
88 Pine Street, 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745

Carol V. Gilden
(cgilden@cohenmilstein.com)
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
Fax: (312) 357-0369

Steven J. Toll
(stoll@cohenmilstein.com)
1100 New York Ave NW Fifth Floor
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Counsel for Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago, the Pluralsight Institutional Investors Group, and Proposed Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of filing will be sent to counsel of record by operation of the Court's electronic filing system.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2019.

/s/ Michael B. Eisenkraft
Michael B. Eisenkraft