USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

CITY OF BIRMINGHAM FIREMEN'S AND : 
POLICEMEN'S SUPPLEMENTAL PENSION : 
SYSTEM, Individually and On Behalf of All : 
Others Similarly Situated, : 

                          Plaintiff, : 

      -against- : 

PLURALSIGHT, INC., AARON SKONNARD, : 
and JAMES BUDGE, : 

                     Defendants. : 

--------------------------------------------------------------- X

**ORDER GRANTING
DEFENDANT'S MOTION TO
TRANSFER**

19 Civ. 7563 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff commenced this federal securities putative class action in August 2019, alleging that Defendants made false and misleading statements and omissions that artificially inflated the stock price of Pluralsight, Inc., a company headquartered in Utah. *See* ECF No. 1. In response, Defendants filed a motion to transfer this matter to the District of Utah, pursuant to 28 U.S.C. § 1404(a). *See* ECF Nos. 17, 18. Plaintiff opposes transfer, contending, *inter alia*, that I should defer a ruling until deciding upon several pending motions for appointment of lead plaintiff and counsel. *See* ECF No. 22. The motion to transfer is granted and the motions to appoint lead plaintiff and counsel are denied without prejudice.

## Discussion

The decision whether to transfer "rests within the sound discretion of the district court," and involves a two-part inquiry: First, the court asks if venue is proper in the chosen forum; second, the court considers several discretionary factors to gauge whether, as a matter of both convenience and fairness, transfer is appropriate. *In re Stillwater Min. Co. Sec. Litig.*, No. 02-cv-2806, 2003 WL 21087953, at *3 (S.D.N.Y. May 12, 2013).

Suit could have been brought in the District of Utah. When, as here, suits are brought under the Securities Exchange Act, venue is proper wherever "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). Pluralsight is headquartered in Utah and both individual defendants reside and work there. *See, e.g., In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F.Supp.2d 164, 168 (E.D.N.Y. 2006) (noting that "transfer of a securities-fraud action to the district where the issuer is headquartered . . . . [is] routine").

The applicable discretionary factors also, on balance, favor transfer. The "convenience of the witnesses is generally considered the most important factor." *Id.* at *4. The parties agree that Defendants reside in Utah, and the complaint alleges that the misstatements "particularly related to [Pluralsight's] salesforce," ECF No. 1, at ¶ 3, based overwhelmingly in Utah. Plaintiff does not, and cannot, dispute that "the location of physical evidence" is Utah. *See Billing v. Commerce One, Inc.*, 186 F.Supp.2d 375, 377 (S.D.N.Y. 2002) (quotation marks omitted). The District of Utah also would be more easily able to compel unwilling employees of Pluralsight to testify, *see id.* at 378-79, which may be essential, as Plaintiff alleges the individual defendants "were privy to confidential, proprietary and material adverse non-public information . . . [via] conversations and connections with other corporate officers and employees." ECF No. 1, at ¶ 21. Last, the "location of the operative events is a primary factor," *Billings*, 186 F.Supp.2d at 377 (quotation marks omitted), and one that weighs heavily in favor of transfer. With the exception of a single statement made at a conference in New York City, *see* ECF No. 1, at ¶ 37, Defendants correctly note that "every press release, SEC filing or other public statement challenged in the Complaint issued from Farmington, Utah," ECF No 18, at 6.

Little sits on the other side of the ledger. Plaintiff cites mainly to the facts that Plaintiff chose to proceed in New York; that the registration statement for a disputed offering listed New York addresses for Morgan Stanley and J.P. Morgan as "book-running managers," *id.* at 6; and that Pluralsight was listed "on the NASDAQ," *id.* at 5. But Plaintiff is an entity created

2

by Alabama law—New York "is not [its] home turf" and its "choice of forum is entitled to little deference." *Billing,* 186 F.Supp.2d at 376 (quotation marks omitted). And the other facts, *e.g.*, a listing on the NASDAQ and the involvement of third-party financial entities (neither of whom are mentioned in the complaint) in the offering, do not change the locus of the dispute.

Finally, I disagree, as have other judges in this district, with Plaintiff's suggestion to "defer ruling on Defendants' Motion to Transfer until a lead plaintiff has been appointed," ECF No. 22, at 2. *See, e.g., Garity v. Tetraphase Pharmaceuticals Inc.*, No. 18-cv-6797, 2019 WL 2314691, at *5 (S.D.N.Y. May 30, 2019) ("Because the Court grants Defendants' transfer motion, it will leave determination as to the appointment of the lead plaintiff and lead counsel to the [transferee forum]."); *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv- 6942, 2015 WL 376445, at *10 (S.D.N.Y. June 17, 2015). It is sensible to allow the court that will be presiding over this matter to reach its own conclusion regarding which plaintiff and counsel are best positioned to represent the interests of the putative class.

### Conclusion

For the foregoing reasons, Defendants' motion to transfer (ECF No. 17) is granted, and the motions to appoint lead plaintiff and counsel (ECF No. 23, 26, 29, 33, 35, 40) are denied without prejudice. This action is transferred to the District of Utah. The Clerk shall execute the transfer, terminate the motions, and close this docket.

SO ORDERED.

Dated:     October 24, 2019
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3