IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM FIREMEN'S AND POLICEMEN'S SUPPLEMENTAL PENSION SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>PLURALSIGHT, INC., AARON SKONNARD, and JAMES BUDGE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL<br><br>Case No. 1:19-cv-128 JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Judge Jill Parrish. (ECF No. 83.) Pending before the court is a Motion for Appointment of Lead Plaintiff and Appointment of Lead Counsel. (ECF No. 76.) The court has reviewed the parties' submissions and determines that oral argument is unnecessary. DUCivR 7-1. As set forth below the court grants the motion.

BACKGROUND

This is a securities fraud class action. The Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago (collectively, the Pluralsight Institutional Investors Group or Movant) seek an order from the court: "(i) appointing Movant as Lead Plaintiff on behalf of itself and all persons and entities other than Defendants who purchased or otherwise acquired Pluralsight, Inc. ("Pluralsight") common stock between August 2, 2018, and July 31, 2019 (the "Class Period"), … and (ii) appointing the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel and Clyde Snow & Sessions, P.C. ("Clyde Snow") as liaison counsel." (ECF No. 76 p. 3.) Plaintiffs claim that

owners of Pluralsight common stock during the Class Period suffered losses based on the omissions and misrepresentations of Defendants.

DISCUSSION

The determination of a lead plaintiff is governed by the provisions found in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4. The PSLRA provides a rebuttable presumption,

> that the most adequate plaintiff ... is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice ...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc). This presumption "may be rebutted only upon proof ... that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u–4(a)(3)(B)(iii)(II). The court finds all three requirements are met by Movant.

First, Movant filed a timely motion to be appointed lead plaintiff in the Southern District of New York, where the case was originally filed, before it was transferred here. (ECF No. 26.) Movant now renews that motion.

Second, Movant alleges it "suffered combined losses of approximately $2,349,965 as a result of the alleged misconduct". (ECF No. 76 p. 2.) This looks to be the largest financial loss and other competing plaintiff groups have withdrawn because they do not have the largest financial interest. (ECF No. 47, ECF No. 50.)

Third, on the record currently before the court, the Pluralsight Institutional Investor Group also satisfies Rule 23. Rule 23 provides that a plaintiff may sue as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). In considering the instant motion for appointment of lead plaintiff, "it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy." *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) (citing *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658-597 (D. Colo. 2000)).

Typicality exists where the "injury and the conduct are sufficiently similar." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988). Here, Movant satisfies this requirement because, like the other class members, they purchased Pluralsight stock during the class period at prices allegedly inflated due to Defendant's misrepresentations that led to alleged damages. The court finds that typicality is met.

Under Rule 23(a)(4)'s adequacy requirement "the representative parties [must] fairly and adequately protect the interests of the class." "The PSLRA directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *In re Ribozyme*, 192 F.R.D. at 659 (citing *Fischler v. AMSouth Bancorporation*, 1997 WL 118429, *3 (M.D.Fla. Feb.6,1997)). This threshold is fulfilled by meeting two requirements. First, there must be an absence of potential conflict between the named plaintiffs and other class members. *See id*. Second, the "counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed

litigation." *Id.* Based on the court's review of the materials before it, Movant consists of two sophisticated institutional investors that are adequate representatives of the class. There is no evidence before the court of a conflict between the group members and other class members. Further, proposed counsel are experienced and there is no reason for the court to presume they will not vigorously pursue this litigation. Consequently, the court finds that Movant meets the requirement of Rule 23(a)(4). And, the court approves of Movant's choice of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) (providing that the court should not disturb lead plaintiff's choice of counsel unless they "will not fairly and adequately protect the interests of the class").

Finally, "Defendants take no position at this time regarding (i) the appointment of lead plaintiff(s) or (ii) the proposed lead plaintiffs' selection of lead counsel." (ECF No. 81 p. 2.) Defendants aver that they intend to file a motion to dismiss the complaint, which is common in securities fraud class actions. When a motion to dismiss is filed, "all discovery and other proceedings [are typically] stayed during the pendency of any motion to dismiss". PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995., PL 104–67, December 22, 1995, 109 Stat 737. Thus, there is no reason at this juncture for Defendants to oppose Movant's request to be selected as lead plaintiff.

## ORDER

Accordingly, it is HEREBY ORDERED that the Pluralsight Institutional Investors Group's Motion for Appointment of Lead Plaintiff and Appointment of Lead Counsel. (ECF No. 76.) is GRANTED.

DATED this 25 March 2020.

_____
Dustin B. Pead
United States Magistrate Judge