Gregory L. Watts (*pro hac vice*)
gwatts@wsgr.com
Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone:  (206) 883-2500

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300

Jason W. Hardin (# 8793)
jhardin@fabianvancott.com
Sarah C. Vaughn (# 14615)
svaughn@fabianvancott.com
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900

*Attorneys for Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> PLURALSIGHT, INC.; AARON SKONNARD; JAMES BUDGE; GARY CRITTENDEN; SCOTT DORSEY; ARNE DUNCAN; RYAN HINKLE; LEAH JOHNSON; TIMOTHY MAUDLIN; FREDERICK ONION; BRAD RENCHER; BONITA STEWART; KARENANN TERRELL; MORGAN STANLEY & CO., LLC; and J.P. MORGAN SECURITIES, LLC, <br><br> Defendants. | **Case No. 1:19-CV-00128-JNP-DBP** <br><br> **THE PLURALSIGHT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN THE CORRECTED AMENDED COMPLAINT** <br><br> Honorable Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

### STATEMENT OF RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION

Pursuant to Federal Rule of Evidence 201 and relevant case law, Defendants Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell (the "Pluralsight Defendants" or, for purposes of this motion, "Defendants") request that this Court consider certain documents incorporated by reference into Plaintiffs' Corrected Amended Complaint ("Complaint" or "¶ _"), Dkt. 94, and documents that are judicially noticeable, in connection with their Motion to Dismiss Corrected Amended Complaint ("Motion to Dismiss"), filed concurrently herewith. The documents described herein are exhibits to the Declaration of Stephanie L. Jensen in Support of the Pluralsight Defendants' Motion to Dismiss Corrected Amended Complaint ("Jensen Declaration").

### ARGUMENT

In ruling on a motion to dismiss a federal securities claim, "'courts must consider the complaint in its entirety,' including 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Kessman v. Myriad Genetics, Inc.*, 2019 WL 1330363, at *3 (D. Utah Mar. 25, 2019) (unpublished) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "In securities cases it is not unusual to consider 'documents incorporated by reference into the complaint, public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit.'" *Emps.' Ret. Sys. of R.I. v. Williams Cos.,* 889 F.3d 1153, 1158 (10th Cir. 2018) (quoting *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)).

I.      **THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED INTO THE COMPLAINT BY REFERENCE**

Pursuant to the incorporation by reference doctrine, courts may consider documents that are "central to the plaintiff's claim and referred to in the complaint" in deciding a motion to dismiss. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). Otherwise, Plaintiffs could escape dismissal merely by denying the Court the opportunity to consider the dispositive documents. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *see also Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1246 (D. Utah 1999) ("Courts have rejected as disingenuous the attempts of plaintiffs to exclude documents on which they rely on pleading their allegations."). Here, Plaintiffs extensively cite and quote from certain of Pluralsight's SEC filings and call transcripts.

Accordingly, Defendants request that the Court consider the following documents under the incorporation by reference doctrine:

1.      **Exhibit 2**, excerpts of Pluralsight's Final Prospectus for its Secondary Public Offering on Form 424B4, filed with the SEC on March 7, 2019, and which was deemed part of the Form S-1 Registration Statement filed with the SEC on March 4, 2019 and deemed effective on March 6, 2019. *See, e.g.*, ¶¶ 12, 65, 105-07, 194-96, 286-87, 289, 293-94, 296, 298, 300.

2.      **Exhibit 3**, excerpts of Pluralsight's Fiscal Year 2018 Form 10-K, filed with the SEC on February 21, 2019. *See, e.g.*, ¶¶ 11, 32, 89-96, 181, 184-85, 187, 189, 191.

3.      **Exhibit 5**, excerpts of Pluralsight's January 16, 2019 Presentation at Needham & Company, LLC's Conference Transcript. *See, e.g.*, ¶¶ 9, 82-84, 164, 173, 276.

4.      **Exhibit 6**, excerpts of Pluralsight's First Quarter 2019 Earnings Call Transcript, dated May 1, 2019. *See, e.g.*, ¶¶ 13, 113-16, 164, 204-05, 218.

2

5.      **Exhibit 7**, excerpts of Pluralsight's Second Quarter 2019 Earnings Call Transcript, dated July 31, 2019. *See, e.g.,* ¶¶ 18, 121-28, 306-312.

6.      **Exhibit 8**, excerpts of Pluralsight's Fourth Quarter 2018 Earnings Call Transcript, dated February 13, 2019. *See, e.g.*, ¶¶ 10, 86-87, 164-65, 177, 278.

7.      **Exhibit 9**, Aaron Skonnard's Form 4s, filed with the SEC on January 30, April 30, June 5, and July 30, 2019. *See* ¶ 143 (chart created "based on Form 4s filed with the SEC").

8.      **Exhibit 10**, James Budge's Form 4s, filed with the SEC on February 21, February 25, May 24, and June 5, 2019. *See* ¶ 151 (chart created "based on Form 4s filed with the SEC").

## II.   THE COURT SHOULD ALSO CONSIDER JUDICIALLY NOTICEABLE DOCUMENTS

A judicially noticeable fact is one that is not subject to reasonable dispute in that it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Pluralsight's public filings with the SEC are also proper subjects of judicial notice. *See Emps.' Ret. Sys. of R.I.*, 889 F.3d at 1158 (noting that in motions to dismiss in securities cases, courts often consider documents filed with the SEC); *see also Smallen v. Western Union Co.*, 950 F.3d 1297, 1310 n. 9 (10th Cir. 2020) (in motion to dismiss decision, taking judicial notice of proxy statements Defendant filed with the SEC); *Karacand*, 53 F. Supp. 2d at 1246 (taking judicial notice of defendants' Forms 3, 4, and 5 filings with the SEC).

Accordingly, Defendants request that the Court take judicial notice of the following documents filed with the SEC:

3

1.      **Exhibits 2, 3, 9, and 10**, as described above.

2.      **Exhibit 4**, excerpts of Pluralsight's Fiscal Year 2019 Form 10-K/A, filed with the SEC on March 2, 2020.

3.      **Exhibit 11**, excerpts of Pluralsight's Registration Statement for its Initial Public Offering on Form S-1/A, filed with the SEC on May 15, 2018, deemed effective on May 16, 2018.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find the above-referenced documents, Exhibits 2-11 of the Jensen Declaration, incorporated by reference into the Complaint and/or proper subjects of judicial notice and consider these documents in connection with Defendants' Motion to Dismiss.

RESPECTFULLY SUBMITTED this 14th day of August, 2020.

FABIAN VANCOTT

/s/ Jason W. Hardin
Jason W. Hardin (# 8793)
Sarah C. Vaughn (# 14615)

WILSON SONSINI GOODRICH & ROSATI, P.C.

/s/ Gregory L. Watts
Gregory L. Watts (*pro hac vice*)
Ignacio E. Salceda (*pro hac vice*)
Stephanie L. Jensen (*pro hac vice*)

*Attorneys for Defendants Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell*

4