Gregory L. Watts (*pro hac vice*)
gwatts@wsgr.com
Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone: (206) 883-2500

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300

Jason W. Hardin (# 8793)
jhardin@fabianvancott.com
Sarah C. Vaughn (# 14615)
svaughn@fabianvancott.com
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City,  UT 84111
Telephone: (801) 531-8900

*Attorneys for Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; JAMES BUDGE; GARY CRITTENDEN; SCOTT DORSEY; ARNE DUNCAN; RYAN HINKLE; LEAH JOHNSON; TIMOTHY MAUDLIN; FREDERICK ONION; BRAD RENCHER; BONITA STEWART; KARENANN TERRELL; MORGAN STANLEY & CO., LLC; and J.P. MORGAN SECURITIES, LLC,<br><br>Defendants. | **Case No. 1:19-CV-00128-JNP-DBP**<br><br>**THE PLURALSIGHT DEFENDANTS' SECOND REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED BY REFERENCE IN THE CORRECTED AMENDED COMPLAINT**<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

**STATEMENT OF RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION**

Pursuant to Federal Rule of Evidence 201 and relevant case law, Defendants Pluralsight, Inc. ("Pluralsight"), Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell (the "Pluralsight Defendants" or, for purposes of this motion, "Defendants") request that this Court consider a document incorporated by reference into Plaintiffs' Corrected Amended Complaint ("CAC" or "¶"), Dkt. 94, in connection with their Reply in Support of Motion to Dismiss Corrected Amended Complaint, filed herewith. The document described herein is an exhibit to the Declaration of Stephanie L. Jensen in Support of the Pluralsight Defendants' Reply in Support of Motion to Dismiss Corrected Amended Complaint ("Supplemental Declaration").

**ARGUMENT**

In ruling on a motion to dismiss a federal securities claim, "'courts must consider the complaint in its entirety,' including 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Kessman v. Myriad Genetics, Inc.*, 2019 WL 1330363, at *3 (D. Utah Mar. 25, 2019) (unpublished) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "In securities cases it is not unusual to consider 'documents incorporated by reference into the complaint, public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit.'" *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1158 (10th Cir. 2018) (quoting *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)).

1

Pursuant to the incorporation by reference doctrine, courts may consider documents that are "central to the plaintiff's claim and referred to in the complaint" in deciding a motion to dismiss. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). Otherwise, Plaintiffs could escape dismissal merely by denying the Court the opportunity to consider the dispositive documents. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *see also Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1246 (D. Utah 1999) ("Courts have rejected as disingenuous the attempts of plaintiffs to exclude documents on which they rely on pleading their allegations."). Accordingly, Defendants request that the Court consider the following document under the incorporation by reference doctrine:

**Exhibit 13**, Pluralsight's January 14, 2020 Presentation at Needham & Company, LLC's Conference Transcript. *See, e.g.*, ¶¶ 136-37, 140, 317-18, 336-37.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find Exhibit 13 of the Supplemental Declaration incorporated by reference into the CAC and consider this document in connection with the Defendants' Reply in Support of Motion to Dismiss.

RESPECTFULLY SUBMITTED this 18th day of November, 2020.

FABIAN VANCOTT

*/s/ Jason W. Hardin*
Jason W. Hardin (# 8793)
Sarah C. Vaughn (# 14615)

2

3

WILSON SONSINI GOODRICH & ROSATI, P.C.

/s/ Gregory L. Watts
Gregory L. Watts (*pro hac vice*)
Ignacio E. Salceda (*pro hac vice*)
Stephanie L. Jensen (*pro hac vice*)

*Attorneys for Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell*

3