FILED
2021 MAR 31 PM 1:12
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>    Defendants. | **ORDER GRANTING PLURALSIGHT DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Case No. 1:19-cv-00128-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court are two motions filed by Defendants Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell (collectively, the "Pluralsight Defendants"): a Request for Judicial Notice and Consideration of Documents Incorporated by Reference in the Corrected Amended Complaint ("CAC") (ECF No. 113), and a Second Request for Consideration of Document Incorporated by Reference in the CAC (ECF No. 126). The court entertained oral argument on these motions on March 22, 2021. Having reviewed the motions and considered the oral argument, the court grants both motions.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (reviewing a motion to dismiss a securities

fraud class action). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted).[1] In the Tenth Circuit, a court ruling on a motion to dismiss in a securities case "may consider, in addition to the complaint, documents incorporated by reference into the complaint, public documents filed with the SEC, and documents that plaintiffs relied upon in bringing suit." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (citation omitted). Additionally, under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2).

The Pluralsight Defendants argue that Plaintiffs "extensively cite and quote from certain of Pluralsight's SEC filings and call transcripts." ECF No. 113 at 3. Accordingly, the Pluralsight Defendants request that the court consider several exhibits attached to two declarations by Stephanie L. Jensen, the first of which was filed concurrently with the Pluralsight Defendants' Motion to Dismiss (ECF No. 112), and the second of which was filed concurrently with the Pluralsight Defendants' Reply Brief in Support of Motion to Dismiss (ECF No. 121). The

---

[1] Consideration of these additional materials does not require the court to convert the motion to dismiss into a motion for summary judgment. *GFF Corp.*, 130 F.3d at 1385 ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.").

Pluralsight Defendants request that the court consider the following Exhibits in ruling on their

Motion to Dismiss as documents incorporated by reference:

1. **Exhibit 2**, excerpts of Pluralsight's Final Prospectus for its Secondary Public Offering on Form 424B4, filed with the SEC on March 7, 2019, and which was deemed part of the Form S-1 Registration Statement filed with the SEC on March 4, 2019 and deemed effective on March 6, 2019.

2. **Exhibit 3**, excerpts of Pluralsight's Fiscal Year 2018 Form 10-K, filed with the SEC on February 21, 2019.

3. **Exhibit 5**, excerpts of Pluralsight's January 16, 2019 Presentation at Needham & Company, LLC's Conference Transcript.

4. **Exhibit 6**, excerpts of Pluralsight's First Quarter 2019 Earnings Call Transcript, dated May 1, 2019.

5. **Exhibit 7**, excerpts of Pluralsight's Second Quarter 2019 Earnings Call Transcript, dated July 31, 2019.

6. **Exhibit 8**, excerpts of Pluralsight's Fourth Quarter 2018 Earnings Call Transcript, dated February 13, 2019.

7. **Exhibit 9**, Aaron Skonnard's Form 4s, filed with the SEC on January 30, April 30, June 5, and July 30, 2019.

8. **Exhibit 10**, James Budge's Form 4s, filed with the SEC on February 21, February 25, May 24, and June 5, 2019.

9. **Exhibit 13**, Pluralsight's January 14, 2020 Presentation at Needham & Company, LLC's Conference Transcript.

ECF Nos. 113 at 3–4, 126 at 3. In their motions, the Pluralsight Defendants also include citations

to paragraphs of the CAC in which the subject matter of the exhibit is discussed, referenced, and/or

quoted. *See id.* The Pluralsight Defendants also request that the court take judicial notice of the

following Exhibits in ruling on their Motion to Dismiss:

1. **Exhibits 2, 3, 9, and 10**, as described above.

2. **Exhibit 4**, excerpts of Pluralsight's Fiscal Year 2019 Form 10-K/A, filed with the SEC on March 2, 2020.

3. **Exhibit 11**, excerpts of Pluralsight's Registration Statement for its Initial Public Offering on Form S-1/A, filed with the SEC on May 15, 2018, deemed effective on May 16, 2018.

ECF No. 113 at 5. Plaintiffs oppose neither of the Pluralsight Defendants' motions. *See* ECF Nos. 122, 131.

Because Plaintiffs extensively cite to, rely upon, and quote from the documents provided in Exhibits 2, 3, 5, 6, 7, 8, 9, 10, and 13 in their CAC, the court finds that these Exhibits are central to Plaintiffs' claims and must be considered as documents incorporated by reference in evaluating the Pluralsight Defendants' Motion to Dismiss. *See Tellabs*, 551 U.S. at 322; *GFF Corp.*, 130 F.3d at 1384. The court further finds that, because Plaintiffs have not opposed either of the Pluralsight Defendants' motions and frequently rely upon the contents of the Exhibits throughout their CAC, the Exhibits are "indisputably authentic." *See GFF Corp.*, 130 F.3d at 1384. Additionally, because Exhibits 2, 3, 4, 9, 10, and 11 are publicly filed SEC documents, the court finds that it may take judicial notice of them and must also consider them in evaluating the Pluralsight Defendants' Motion to Dismiss. *See Tellabs*, 551 U.S. at 322; FED. R. EVID. 201(b)(2), (c)(2).

Accordingly, IT IS HEREBY ORDERED that the Pluralsight Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in the Corrected Amended Complaint (ECF No. 113) and Second Request for Consideration of Document Incorporated by Reference in the Corrected Amended Complaint (ECF No. 126) are GRANTED. The court considers and takes judicial notice of the foregoing Exhibits as set forth above in evaluating the Pluralsight Defendants' Motion to Dismiss Corrected Amended Complaint.

DATED March 31, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge