Gregory L. Watts (# 17782)
gwatts@wsgr.com
Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Jason W. Hardin (# 8793)
jhardin@fabianvancott.com
Sarah C. Vaughn (# 14615)
svaughn@fabianvancott.com
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

*Attorneys for the Pluralsight Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; JAMES BUDGE; GARY CRITTENDEN; SCOTT DORSEY; ARNE DUNCAN; RYAN HINKLE; LEAH JOHNSON; TIMOTHY MAUDLIN; FREDERICK ONION; BRAD RENCHER; BONITA STEWART; KARENANN TERRELL; MORGAN STANLEY & CO., LLC; and J.P. MORGAN SECURITIES, LLC,<br>Defendants. | **Civ. No. 1:19-CV-00128-JNP-DBP**<br><br>**JOINT MOTION FOR INDICATIVE RULING RE: DISMISSAL WITH PREJUDICE FOR PURPOSES OF APPEAL**<br><br>Honorable Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

**RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION**

Pursuant to DUCivR 7-1, Federal Rule of Civil Procedure 62.1, and this Court's July 8, 2021 Notice Regarding Stipulation Regarding Dismissal of the Corrected Amended Complaint with Prejudice for Purposes of Appeal (the "Notice"), ECF No. 147, Defendants Pluralsight, Inc., Aaron Skonnard, James Budge, Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell (the "Pluralsight Defendants"), Morgan Stanley & Co., LLC, and J.P. Morgan Securities, LLC (the "Underwriter Defendants," together with Pluralsight Defendants, the "Defendants"), and the Indiana Public Retirement System and the Public School Teachers' Pension and Retirement Fund of Chicago ("Lead Plaintiffs," and with the Defendants, the "Parties"), submit this Joint Motion for Indicative Ruling Re: Dismissal With Prejudice for Purposes of Appeal (the "Joint Motion"). The Parties respectfully ask the Court to enter an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 stating that the Court would grant this Joint Motion to dismiss the Corrected Amended Complaint (or "CAC") and this action with prejudice and enter a judgment accordingly, should the Tenth Circuit remand for that purpose.

**STATEMENT OF RELEVANT FACTS**

On August 13, 2019, the original complaint in this matter was filed in the United States District Court for the Southern District of New York naming Pluralsight, Inc., Aaron Skonnard and James Budge as defendants. ECF No. 1. On October 24, 2019, the case was transferred to the United States District Court for the District of Utah. ECF No. 49. On March 3, 2020, Lead Plaintiffs filed their Motion for Appointment as Lead Plaintiff and Appointment of Lead Counsel, ECF No. 76, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15

U.S.C. § 78u-4, and on March 25, 2020, the Court granted Lead Plaintiffs' Motion for Appointment as Lead Plaintiff and Appointment of Lead Counsel, ECF No. 87.

Lead Plaintiffs then filed the Amended Complaint, adding defendants Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell, as well as the Underwriter Defendants, ECF No. 93, and on June 9, 2020, filed the operative Corrected Amended Complaint, ECF No. 94.

On August 14, 2020, the Pluralsight Defendants filed a motion to dismiss the CAC for failure to state a claim pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and the PSLRA, ECF No. 111, in which the Underwriter Defendants joined, ECF No. 114. On March 31, 2021, following briefing and oral argument on Defendants' motion, the Court entered the Memorandum Decision and Order Granting the Pluralsight Defendants' Motion to Dismiss (the "Order"), whereby the Court dismissed all claims in the CAC without prejudice. *See* ECF No. 137 at 57. The Court did not enter a separate judgment.

Lead Plaintiffs believe the claims in the CAC are adequately pleaded and did not seek leave to file an amended complaint. Instead, on April 28, 2021, Lead Plaintiffs filed a notice of appeal, seeking to appeal the Court's Order to the United States Court of Appeals for the Tenth Circuit. ECF No. 140.

The Parties believe the Court's Order is a final decision and an appealable decision. However, shortly after Lead Plaintiffs filed their notice of appeal, the Parties conferred regarding the Court's Order and discussed issues that may arise on appeal regarding the Order's finality. *See* 28 U.S.C. § 1291. The Parties agreed that, to resolve any ambiguity regarding the Order's finality and by implication the Tenth Circuit's jurisdiction to hear the merits of the appeal, they would file

2

a stipulation requesting that the Court dismiss the CAC with prejudice and enter judgment accordingly.

On July 6, 2021, the Parties filed a Stipulation Re: Dismissal of the Corrected Amended Complaint with Prejudice for Purposes of Appeal (the "Stipulation"), ECF No. 146, in which they agreed that all claims in the CAC should be dismissed with prejudice and requested the Court enter an order dismissing all claims in the CAC with prejudice and enter judgment accordingly. By filing their notice of appeal and entering into the Stipulation, Lead Plaintiffs have twice announced their election to stand on their pleading and appeal from the Order.[1]

In response, on July 8, 2021, the Court issued the Notice instructing the Parties to submit a motion with briefing as to (i) whether the Court has jurisdiction to amend its Order in light of the pending appeal, or (ii) whether the Court can issue an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure. ECF No. 147 at 2. The Parties have conferred and now submit this Joint Motion, respectfully requesting that the Court enter an indicative ruling stating that the Court would grant this Joint Motion to dismiss the CAC and this action with prejudice and enter a judgment accordingly, should the Tenth Circuit remand for that purpose.

## ARGUMENT & AUTHORITY

I.      **The Parties Seek Confirmation the Court's Order is a Final and Appealable Ruling**

Jurisdiction is a "threshold" question that an appellate court must address before reaching the merits of an appeal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also Payton v. U.S. Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003). The Tenth Circuit

---

[1] The Parties agreed that the Stipulation would "not serve to limit Lead Plaintiffs' rights, to amend the CAC should and to the extent that the Court of Appeals renders a decision vacating, remanding and/or reversing in whole or in part, the District Court's [Order]." ECF No. 146 at 4.

3

exercises appellate jurisdiction over "final decisions" of its district courts. *See* 28 U.S.C. § 1291; *Bramhall v. Salt Lake Dist. Attorney's Office*, 804 Fed. App'x. 935, 937 (10th Cir. 2020). To be final under 28 U.S.C. § 1291, an order must "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Alexander v. U.S. Parole Comm'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (citation omitted). Where, as here, the complaint is dismissed *without* prejudice, the finality of the order can be uncertain, creating ambiguity as to whether the appellate court can exercise jurisdiction on appeal. *See Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (dismissal of complaint is "ordinarily a non-final, nonappealable order (since amendment would generally be available)"); *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (dismissal without prejudice of supplemental state law claims was final and appealable).

In 2006, the Tenth Circuit in *Moya v. Schollenbarger* established principles for evaluating district court dismissals for finality. 465 F.3d at 450. First, a district court order is final and appealable if the order "expressly and unambiguously dismisses a plaintiff's entire action[.]" *Id*. Second, if the district court "expressly denies the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." *Id*. at 450–51. Third, when the dismissal order "expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision." *Id*. at 451. *Moya* also instructs that, "in all other cases," the Tenth Circuit is to evaluate the "language," "legal basis," and the "circumstances attending dismissal to determine 'the district court's intent in issuing its

4

order—dismissal of the complaint alone or actual dismissal of plaintiff's entire action.'" *Id*. at 451 (citation omitted).

*Moya*'s first and third principles weigh in favor of finality. While the Order does not state whether it dismissed the "complaint" or the "action," it does state "[a]ll claims are DISMISSED without prejudice." ECF No. 137 at 57. The Order clearly did not leave any claims unresolved. While the Order dismissed the claims "without prejudice," *id*., a dismissal without prejudice "does not necessarily make it non-final under section 1291." *Moya*, 465 F.3d at 448. What matters is whether "in a practical sense" the Order dismissed Lead Plaintiffs' action, as well. *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979). For example, in *Amazon*, an order dismissing state law claims where the court declined to exercise supplemental jurisdiction, although without prejudice, was final and appealable. 273 F.3d at 1275. Even an order, unlike this Court's Order, that "speaks in terms of dismissal of a *complaint*" instead of the *action*, it is not "necessarily devoid of finality." *Moya*, 465 F.3d at 449 (emphasis added).

The second *Moya* principle is not applicable because the Court did not "expressly den[y]" Lead Plaintiffs leave to amend, and the Court's dismissal was not based on a "defect" that "cannot be cured through an amendment to the complaint[.]" *Moya*, 465 F.3d at 450–51; ECF No. 137 at 57.

The third *Moya* principle weighs in favor of finality. The Order makes no mention of providing Lead Plaintiffs with leave to amend. ECF No. 137 at 57. Accordingly, the Court did not expressly grant Lead Plaintiffs leave to amend and therefore did not "conclusively show[] that the district court intended only to dismiss the complaint[,]" *Moya*, 465 F.3d at 451.

Beyond these three principles, *Moya* states that the Tenth Circuit evaluates the "language," "legal basis," and the "circumstances attending dismissal to determine 'the district court's intent in issuing its order—dismissal of the complaint alone or actual dismissal of plaintiff's entire action.'" *Id*. at 451 (quoting *Petty,* 591 F.2d at 617).  In *Moya*, despite language stating that the case was "dismissed without prejudice" and no language indicating leave to amend, the Tenth Circuit found that the district court's order was final and appellate jurisdiction proper.  *Id*. at 448, 454.

Given that the *Moya* principles seem to weigh in favor of finality, the Parties believe that the Order is final and appealable.  However, to avoid any doubt as to the finality of the Order and the Tenth Circuit's jurisdiction over the appeal, the Parties jointly request an indicative ruling that the Court would grant this Joint Motion, dismissing the CAC and this action with prejudice and entering a judgment accordingly, should the Tenth Circuit remand for that purpose.

II.     **Since Lead Plaintiffs Elected Not to Amend, the Court Should Enter an Order Dismissing the CAC and this Action With Prejudice and Enter Judgment Accordingly**

Lead Plaintiffs filed a notice of appeal from the Court's Order, ECF No. 140, indicating that they do "not desire to amend" and have made the "election to stand" on their complaint. *Crutcher v. Joyce*, 134 F.2d 809, 814 (10th Cir. 1943); *Moya*, 465 F.3d at 451, n.9.  Lead Plaintiffs also entered into a Stipulation requesting the Court dismiss the CAC with prejudice and enter judgment accordingly, ECF No. 146, again indicating their election to stand on their complaint. Indeed, as noted in the Stipulation and this Joint Motion, the Parties agree that the Court's Order dismissing all of the claims in the CAC is, or should be, final and appealable.  Having announced three times (the notice, the Stipulation and this Joint Motion) that they do not wish to amend their

complaint, the Court should enter an order dismissing the CAC and this action with prejudice and enter a corresponding judgment, thereby perfecting the Tenth Circuit's jurisdiction over their appeal. *See Crutcher*, 134 F.2d at 814.

### III.   This Court Can and Should Make an Indicative Ruling

This Court has the authority to issue the requested indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. While the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Cribari v. Allstate Fire & Cas. Ins. Co.*, 2021 WL 2255008, at *15 (10th Cir. June 3, 2021) (citations and quotations omitted), Rule 62.1 permits a court to consider post-judgment motions that it "lacks authority to grant because of an appeal that has been docketed and is pending[.]" Under this rule, the court may (i) defer consideration of the motion, (ii) deny the motion, or (iii) state either that the court would grant the motion if the court of appeals remands, or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3). If the court states it would either grant the motion, or that the motion raises a substantial issue, the movant must promptly notify the circuit clerk pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure; the district court may then decide the motion if the Court of Appeals remands for that purpose. Fed. R. Civ. P. 62.1(b)-(c).

Because uncertainty regarding the Order's finality could become an issue and prevent the Tenth Circuit from hearing the merits of the pending appeal, the Parties request that the Court issue an indicative ruling that it would grant this Joint Motion to dismiss the CAC and action with prejudice and enter judgment accordingly.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court enter an indicative ruling that it would grant this Joint Motion to dismiss the CAC and action with prejudice and enter judgment accordingly. A proposed order is filed concurrently herewith.

DATED this 27th day of July 2021.

Submitted By:                          */s/ Sarah C. Vaughn*
                                       **FABIAN VANCOTT**
                                       Jason W. Hardin
                                       Sarah C. Vaughn

                                       **WILSON SONSINI GOODRICH & ROSATI, P.C.**
                                       Gregory L. Watts
                                       Ignacio E. Salceda (*pro hac vice*)
                                       Stephanie L. Jensen (*pro hac vice*)

                                       *Attorneys for the Pluralsight Defendants*

Submitted By:                          */s/ Keith M. Woodwell*
                                       **CLYDE, SNOW & SESSIONS, P.C.**
                                       Keith M. Woodwell
                                       Joseph D. Watkins

                                       **COHEN MILSTEIN SELLERS & TOLL, PLLC**
                                       Carol V. Gilden (*pro hac vice*)
                                       Steven J. Toll (*pro hac vice*)
                                       Megan Kistler (*pro hac vice*)
                                       Joel P. Laitman (*pro hac vice*)

                                       *Attorneys for Lead Plaintiffs*

Submitted By:                          */s/ Erik A. Christiansen*
                                       **PARSONS BEHILE & LATIMER**
                                       Erik A. Christiansen
                                       Alan S. Mouritsen

                                       **DAVIS POLK & WARDWELL LLP**
                                       Brian S. Weinstein (*pro hac vice*)
                                       Alexander Bystryn (*pro hac vice*)

*Attorneys for the Underwriter Defendants*