UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC. *et al.*,<br><br>   Defendants. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs the Indiana Public Retirement System and the Public School Teachers' Pension and Retirement Fund of Chicago ("Lead Plaintiffs") having come before the Court upon their motion for class certification pursuant to Rules 23(a), 23(b)(3), and 23(g) of the Federal Rules of Civil Procedure, ECF. No. ___; the Court having considered the papers and argument submitted in support of and in opposition to the motion; and good cause having been shown;

WHEREAS the Class is defined as follows:

All persons who purchased the Class A common stock of Pluralsight from January 16, 2019 through July 31, 2019, inclusive and were damaged thereby. Excluded from the Class are (i) all defendants; (ii) members of the immediate families of the defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party

WHEREAS the Court finds, pursuant to Rule 23(a), that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class;

1

(iii) Plaintiffs' claims are typical of the claims of the Class; and (iv) Plaintiffs will fairly and adequately protect the interests of the Class;

WHEREAS the Court finds, pursuant to Rule 23(b)(3), that questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy; and

WHEREAS the Court finds, pursuant to Rule 23(g), that Lead Counsel Cohen Milstein Sellers & Toll PLLC will fairly and adequately represent the interests of the Class;

**IT IS HEREBY ORDERED** that:

1.      Plaintiffs' motion for class certification is GRANTED in its entirety;

2.      The Class, as defined above, is certified pursuant to Rules 23(a) and 23(b)(3);

3.      Indiana Public Retirement System and the Public School Teachers' Pension and Retirement Fund of Chicago are appointed as Class Representatives; and

4.      Cohen Milstein Sellers & Toll PLLC is appointed as Class Counsel.

DATED: _____, 2023

**BY THE COURT:**

_____

David Barlow
United States District Judge

2