# Exhibit B

Gregory L. Watts (# 17782)
gwatts@wsgr.com
Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>Defendants. | **Case No. 1:19-CV-00128-DBB-DAO**<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rules of Civil Procedure ("Rules") 26 and 34 and applicable Local Civil Rules for the United States District Court for the District of Utah, Defendants Pluralsight, Inc. ("Pluralsight"), Aaron Skonnard, and James Budge (together with Pluralsight, "Defendants"), through their undersigned counsel, hereby respond and object to Plaintiffs' First Set of Requests for Production to Defendants (each a "Request," and collectively the "Requests").

## RESERVATION OF RIGHTS

A.      The failure of Defendants to object to any specific Request on any particular ground shall not be construed as a waiver of its right to object on any additional grounds.  The fact that Defendants have answered all or part of any Request shall not be construed as a waiver of any part of any objection to any Request.

B.      Defendants' responses are based upon information presently available to and located by Defendants and their attorneys.  Defendants reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time.  Defendants expressly reserve the right to rely in this action on subsequently discovered information.

C.      No incidental or implied admissions are intended by the responses herein.  The fact Defendants have answered or objected to any Request should not be taken as an admission that (a) Defendants accept or admit the existence of any "facts" or documents set forth or assumed by such Request; (b) any particular fact, document, or thing exists, is relevant, is non-privileged, or is admissible in evidence; or (c) any statement or characterization in a Request is accurate or complete.

D.      In providing these responses, Defendants do not waive, and instead hereby reserve, the right to assert that information and documentation sought or produced is protected from disclosure by the attorney-client privilege, the work-product doctrine, constitutional, statutory, foreign and/or common law rights of privacy, or any other applicable privilege, immunity, protection, or doctrine ("Privileged Information").  Any inadvertent disclosure of Privileged

1

Information is not intentional and should not be construed as a waiver of such privilege, immunity, protection, or doctrine.  Upon being notified of any inadvertent production of Privileged Information, Plaintiffs shall promptly return or destroy the specified document or information (and any work product generated therefrom), and any copies thereof, and may not use or disclose the information contained therein in any way.  For documents withheld from production on the basis of privilege, Defendants will provide a privilege log in accordance with the ESI protocol currently being negotiated by the parties and hereafter entered by the court.

E.      In providing these responses to the Requests, Defendants do not waive, and instead hereby reserve, the right to assert any and all objections to the admissibility into evidence, at any hearing or at trial in this action or in any other proceeding, of any document produced or referred to in response to the Requests on any and all grounds.

F.      Defendants object to the use of its responses to the Requests in any proceeding other than the above-captioned action.

G.      The parties are negotiating a proposed stipulated order regarding the production of electronically stored information and hard-copy documents, and a proposed stipulation to modify the standard protective order.  Any production pursuant to these Requests will only be made after the entry of such orders and in accordance with such orders.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.      The following objections to definitions and instructions are incorporated into the specific objections and responses, as if set forth therein.

B.      Defendants object to the definition of "Communication" as overly broad because it encompasses oral exchanges or transmissions of information that were not memorialized in a tangible form.

C.      Defendants object to the definition of "You," Your," and "Pluralsight" on the ground that it is overly broad, unduly burdensome, and seeks information outside of the possession,

2

custody, or control of Defendants.  In particular, Defendants object to the definition because it seeks to include all of Pluralsight's "predecessors" and "affiliates" and any "companies under its direct or indirect management or control" on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks information outside of the possession, custody, or control of Defendants.  Defendants further object to the definition of "You," "Your," and "Pluralsight" because it purports to include "present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees or other persons acting or purporting to act on its behalf or under its direction or control" or an individual's "employees, partners, representatives, agents, attorneys, accountants, advisors, assigns, and any other entities or individuals acting or purporting to act on their behalf or at their direction," in that such definition seeks information outside the possession, custody, or control of Defendants.  Any agreement by Defendants to produce documents in response to these Requests is only to the extent that such documents are in Defendants' possession, custody, or control.  Defendants will not collect or produce documents not currently in their possession, custody, or control.

D.      Defendants object to Instruction 4 because it seeks to impose on Defendants an obligation to provide materials outside of Defendants' possession, custody, or control. Specifically, Instruction 4 seeks to impose on Defendants the obligation to produce documents that are "in the possession, custody, or control of [their] officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on [their] behalf."  Any agreement by Defendants to produce documents in response to these Requests is only to the extent that such documents are in Defendants' possession, custody, or control.  Defendants will not collect or produce documents not currently in their possession, custody, or control.

E.      Defendants object to Instruction 6 because it seeks to expand the definition of possession, custody, or control beyond that contemplated by the Rules.  Any agreement by

3

Defendants to produce documents in response to these Requests is only to the extent that such documents are in Defendants' possession, custody, or control, as those concepts are contemplated by the Rules.

F.  Defendants object to Instruction 16 because it seeks to impose on Defendants the obligation to rewrite Plaintiffs' Requests so as not to be overbroad or unduly burdensome. Defendants are not obligated by the Rules to rewrite Plaintiffs' overbroad and unduly burdensome Requests and respond to those rewritten requests.

G.  Defendants object to Instruction 18 because it seeks to impose on Defendants obligations to provide information about documentation that is no longer in Defendants' possession, custody, or control.  The Rules do not impose such obligations on Defendants.

### OBJECTION TO RELEVANT TIME PERIOD

Defendants object to the relevant time period of August 1, 2018 through January 31, 2020 as overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendants proffer that, with certain exceptions addressed in the specific objections below, a proportional relevant time period is January 1, 2019 through July 31, 2019.  Defendants will meet and confer with Plaintiffs' counsel regarding the proffered relevant time period.

### SPECIFIC OBJECTIONS AND RESPONSES

Defendants incorporate their foregoing reservation of rights, objections to definitions and instructions, and objection to relevant time period in their response to each individual Request below as if fully set forth therein.  Although Defendants may repeat some of these objections in a specific response because they are particularly noteworthy, such specific citations are not to be construed as a waiver of any of the Defendants' other objections.  Subject to the foregoing, Defendants respond to each individual Request as follows:

4

**REQUEST FOR PRODUCTION NO. 1:**

Directories, organizational charts, or other documents sufficient to identify Pluralsight's organization, officers and employees, and reporting structure, including all organizational charts showing either formal or informal (*i.e.*, "dotted-line") reporting relationships between or among any officers, directors, Board committees, or business units of Pluralsight.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this request to the extent it would require Defendants to create documents not already in existence at the time of the Request.  Defendants object to this Request on the ground that the undefined terms "organization," "reporting structure," and "reporting relationships" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.  Defendants further object to this Request on the ground that it is out of proportion to the needs of this case in that it does not limit the Request to only those departments and/or individuals who are likely to have information relevant to any of the claims or defenses in this case.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, Defendants will produce Pluralsight's corporate structure chart as of January 16, 2019 and July 31, 2019.  Defendants will also produce organizational charts as of January 16, 2019 and July 31, 2019 for the current and former employees identified in Defendants' Initial Disclosures Under Fed. R. Civ. P. 26(a)(1): Aaron Skonnard, Pluralsight's Chief Executive Officer; James Budge, Pluralsight's former Chief Financial Officer; Archana Daniels, Pluralsight's Former Senior Director of Revenue during the Class Period; Joseph DiBartolomeo, Pluralsight's former Chief Revenue Officer; Mark Hansen, Pluralsight's former Head of Finance and Accounting; Mark McReynolds, Pluralsight's former Director of Investor Relations; and Dustin Skinner,

Pluralsight's Head of Financial Planning and Analysis during the Class Period and current Senior Vice President of Finance.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to describe the responsibilities, powers, and authorities of the Individual Defendants and each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this request to the extent it would require Defendants to create documents not already in existence at the time of the Request. Defendants further object to this Request on the ground that the undefined terms "responsibilities," "powers," and "authorities" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, Defendants will produce the job descriptions in effect during the January 1, 2019 through July 31, 2019 period, for Messrs. Skonnard, Budge, DiBartolomeo, Hansen, McReynolds, and Skinner and Ms. Daniels.

**REQUEST FOR PRODUCTION NO. 3:**

The employment agreements for each of the Individual Defendants and each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request on the ground that it seeks information that does not pertain to any claim or defense in this case. Defendants further object to the Request to the extent it seeks employment agreements for anyone other than Messrs. Skonnard and Budge, as this

Request seeks sensitive private or personal information that is not relevant to any of the claims or defenses in this case.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce final employment agreements for Messrs. Skonnard and Budge.  Defendants will not otherwise produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

The most current resume or curriculum vitae for each of the Individual Defendants and each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request on the ground that it seeks information that does not pertain to any claim or defense in this case, to the extent it would require Defendants to create documents not already in existence at the time of the Request, and to the extent it seeks information not in the possession, custody, or control of Defendants.

Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning the recording, tracking of, monitoring of, calculation of, accounting for, or disclosure of historical, current, or projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request on the ground that it is compound.  Defendants object to this Request on the ground that the undefined terms "capacity," "retention," and "productivity" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

7

Defendants object to this Request as overbroad and not proportional to the needs of the case because the Request uses all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the recording, tracking of, monitoring of, calculation of, accounting for, or disclosure of historical, current, or projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force."

Defendants further object to this Request on the ground that it fails to comply with Rule 34's particularity requirement because the combination of "all documents" and "concerning" and the broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce (1) final materials (including scripts or talking points) for, transcripts of, press releases regarding, and final materials or presentations used during the January 16, 2019 Needham & Company, LLC Growth Conference; Pluralsight's July 31, 2019 earnings call regarding its financial results for the second quarter of 2019; and the January 14, 2020 Needham & Company, LLC Growth Conference; and (2) final meeting materials or presentations for and minutes of Pluralsight's Board of Directors and Board Committee meetings, and meetings of the executive leadership team and/or department leaders during the Company's first quarter of 2019 ("Q1 19") and second quarter of 2019 ("Q2 19") regarding historical, current, and projected billings, revenue, or sales, or the size, capacity,

retention, or productivity of Pluralsight's sales force (hereafter referred to as the "Categorical Documents").  To the extent budgets, projections, or quotas for Q1 19 or Q2 19 were finalized during meetings held during the Company's fourth quarter of 2018 ("Q4 18"), Defendants will also provide those final meeting materials or presentations for and minutes of such meetings.

Defendants will also produce non-privileged documents from the sources and custodians to be negotiated by the parties, that are within the January 1, 2019 through July 31, 2019 time frame, that hit on one or more of the search terms to be negotiated by the parties, and concern historical, current, and projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force (hereinafter referred to as the "Topical Documents").

**REQUEST FOR PRODUCTION NO. 6:**

All Documents prepared for, distributed at, or memorializing any meetings, whether internal or external to Pluralsight, involving the Individual Defendants or any other officer or Executive of Pluralsight, during which historical, current, or projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force was discussed.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request on the grounds that it seeks information that is not relevant, is overbroad and not proportional to the needs of the case, and fails to comply with the particularity requirement of Rule 34 because the combination of "all Documents prepared for, distributed at, or memorializing" and broad topics of request do not allow a reasonable person to ascertain which documents are required.

Defendants further object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants.  Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  To the extent Defendants produce documents, they will only produce documents within their possession, custody, or control.

Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

Documents containing summary statistics or metrics for calendar years 2018 and 2019 showing the total headcount of sales representatives, quota-bearing sales representatives, enterprise sales representatives, and tenured sales representatives.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request on the ground that the undefined terms "sales representatives," "quota-bearing sales representatives," "enterprise sales representatives," and "tenured sales representatives" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business. Defendants object to this request to the extent it would require Defendants to create documents not already in existence at the time of the Request.

Subject to and without waiving the foregoing objections, Defendants will produce documents sufficient to show the total headcount of sales representatives, quota-bearing sales representatives, enterprise sales representatives, and tenured sales representatives for Pluralsight's Fiscal Year 2018 ("FY 18") and Fiscal Year 2019 ("FY 19").

**REQUEST FOR PRODUCTION NO. 8:**

Any policies, procedures or guidelines concerning the recording, reporting, tracking, categorizing, or accounting for sales to customers, including subscriptions, subscription renewals, sale commitments, and discounts, and all communications regarding with or violations of those policies, procedures, or guidelines.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request on the ground that it is compound. Defendants object to this Request as overbroad and out of proportion to the needs of this case in that it does not limit the Request to only those policies, procedures, guidelines, and/or records that are relevant to the claims or defenses in this case. Instead, the Request seeks "any policies, procedures, or guidelines" "concerning the recording, reporting, tracking, categorizing, or accounting" related to "customers, including subscriptions, subscription renewals, sale commitments, and discounts."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all policies, procedures, or guidelines"/"all communications" and "concerning"/"regarding" the broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request," and Plaintiffs' broad definition of "policies," "procedures," and "guidelines," which are defined as "any rule, policy, directive, program, custom or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce formal written policies, procedures, or guidelines regarding the recording, reporting, tracking, categorizing, or accounting for billings and/or billings growth in effect during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all CRM and Business Intelligence Applications, internal databases, or other systems used to record, track, monitor, calculate, visualize, or account for

11

historical, current, or projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to this request to the extent it would require Defendants to create documents not already in existence at the time of the Request.  Defendants further object to this Request on the grounds that it overbroad and not proportional to the needs of the case, and fails to comply with the particularity requirement of Rule 34 because the combination of "all CRM and Business Intelligence Applications, internal databases, or other systems used to record, track, monitor, calculate, visualize, or account for" and broad topics of request do not allow a reasonable person to ascertain which documents are required.  Defendants further object to this Request on the ground that it seeks information more appropriately sought through an interrogatory.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, Defendants will produce documents sufficient to identify systems used to record, track, monitor, calculate, visualize, or account for historical, current, or projected billings and documents sufficient to identify systems used to record, track, monitor, calculate, visualize, or account for the size, capacity, retention, and productivity of Pluralsight's sales force during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the use of or access to any applications, internal databases, or other systems identified in documents responsive to Request No. 9, including, but not limited to, user activity reports, logins, and data viewed, by the Individual Defendants and each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request on the ground that the undefined terms "applications," "internal databases," "systems," "user activity reports," "logins," and "data viewed" are vague and

12

ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Defendants object to this Request as overbroad and out of proportion to the needs of this case and seeking information that is not relevant in that it seeks documents showing the use and access of all applications, internal database, or other systems used to record, track, monitor, calculate, visualize, or account for historical, current, or projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force, including user activity reports, logins, and data viewed.  This Request covers programs and systems with information that far exceeds that covered by Request No. 9, and makes no attempt to limit the information sought to only that information which is relevant to the claims or defenses in this case.

Defendants object to this Request to the extent it would require Defendants to create documents not already in existence at the time of the Request.

Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all personal, business, and mobile phone numbers, desktop or laptop computers, mobile or tablet devices, email accounts and addresses, instant messaging accounts, and social media aliases, screen names, or handles for each of the Individual Defendants and for each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to this Request on the ground that it seeks information that is not relevant to any claim or defense in this case.  Defendants further object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  To the extent Defendants produce documents, they will only produce documents within their possession, custody, or control. Defendants object to the Request to the extent it seeks personal phone numbers, personal

computers, email accounts and addresses, instant messaging accounts, social media aliases, screen names, or handles for anyone other than the Individual Defendants, as this Request seeks sensitive private or personal information.  Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.  Defendants further object to this Request on the ground that it seeks information more appropriately sought through an interrogatory.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce documents to the extent they are responsive to other Requests, but will not otherwise produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify the names, titles, phone numbers, and email addresses for any personal or executive assistants for each of the Individual Defendants and for each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to this Request on the ground that it is overly broad and seeks information that is not relevant to any claim or defense in this case.  Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants. Defendants object to the Request to the extent it seeks names, titles, phone numbers, and email addresses for anyone other than the Individual Defendants, as this Request seeks sensitive private or personal information.  Defendants further object to this Request on the ground that it seeks information more appropriately sought through an interrogatory.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce documents sufficient to identify Executive Assistant(s) and/or Chiefs of Staff who assisted Messrs. Skonnard, Mr. Budge, or DiBartolomeo during the January 1, 2019 through July 31, 2019 period, but will not otherwise produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All calendars, date books, appointment books, telephone logs, or business, personal, or mobile phone records for each Individual Defendant and each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request as overly broad and not proportional to the needs of the case because it makes no effort to tailor the information sought to that which is relevant to any claim or defense in this case. Specifically, the Request seeks "all calendars, date books, appointment books, telephone logs, or business, personal, or mobile phone records" without regard to the topics addressed in those. Such broad sweeping information is not relevant or proportional to the needs of the case. Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants. To the extent Defendants produce documents, they will only produce documents within their possession, custody, or control. Defendants object to the Request to the extent it seeks calendars, date books, appointment books, telephone logs, or business, personal, or mobile phone records for anyone other than the Individual Defendants, as this Request seeks sensitive private or personal information. Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce documents to the extent they are responsive to other Requests, but will not otherwise produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning the accounting principles used or estimates and assumptions made in connection with determining, accounting for, recognizing, or disclosing revenue, deferred revenue, Billings, key business metrics, and other GAAP and non-GAAP financial measures used or disclosed by Pluralsight.

15

**<u>OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 14:</u>**

Defendants object to this Request on the ground that the undefined terms "accounting principles used," "estimates," "assumptions," "deferred revenue," and "key business metrics" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the accounting principles used or estimates and assumptions made in connection with determining, accounting for, recognizing, or disclosing revenue, deferred revenue, Billings, key business metrics, and other GAAP and non-GAAP financial measures used or disclosed by Pluralsight." Accordingly, this Request seeks every document in Defendants' possession that "directly or indirectly" relates to or is in any way logically or factually connected with Defendants' accounting principles, estimates, or assumptions for various metrics, which could logically extend, by way of one example, to any document that contains a figure that was calculated under one of those metrics. Such broad sweeping information is not proportional to the needs of the case.

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving,

regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce final memoranda regarding accounting principles used or estimates and assumptions made in connection with determining, accounting for, recognizing, or disclosing revenue, billings, or sales in effect during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents prepared for, distributed to, created in connection with, or used in any formal or informal meeting of Pluralsight's Board, including any committee meetings of the Board, including, but not limited to, board packages, board books, financial closing packages, meeting minutes, exhibits, agendas, materials, presentations, memoranda, and resolutions (whether adopted or discussed).

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request on the ground that the undefined terms "board packages," "board books," "financial closing packages," "exhibits," "materials," "presentations," and "memoranda" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents prepared for, distributed to, created in connection with, or used in any formal or informal meeting of

17

Pluralsight's Board," without regard to the topics addressed in those documents and without any attempt at narrowing the Request to information that might be relevant to any claims or defenses. Thus, this Request could logically extend to any document related in any way to any topic ever discussed by the Pluralsight Board or by any Board members in any setting. Such broad sweeping information is not proportional to the needs of the case. Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery, or documents outside the possession, custody, or control of Defendants. To the extent Defendants produce documents, they will only produce documents within their possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify any Board Management Applications used by Pluralsight, its Board and members of the Board, the Individual Defendants, or any current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request as seeking information that is overbroad and not relevant in that it seeks documents sufficient to identify any Board Management Applications used by "any current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures." Defendants further object to this Request on the ground that it seeks information more appropriately sought through an interrogatory.

Subject to and without waiving the foregoing objections, Defendants proffer that Pluralsight's Board used the Board Management Application Diligent during the January 1, 2019 through July 31, 2019 period.

18

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Concerning PwC's audits, interim reviews, analyses, evaluations, or testing of Pluralsight's accounting for, disclosure of, or internal control over financial reporting of revenue, deferred revenue, Billings, key business metrics, or other GAAP or non-GAAP financial measures during the Audit and Professional Engagement Period for any audit or non-audit services PwC provided during the Relevant Period.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request on the ground that it seeks documents and information that are outside the scope of the operative complaint.  Defendants object to this Request on the ground that it is compound and that its use of the undefined terms "interim reviews," "testing," "key business metrics," "audit services," and "non-audit services" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks "all Documents Concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the accounting principles used or estimates and assumptions made in connection with determining, accounting for, recognizing, or disclosing revenue, deferred revenue, Billings, key business metrics, and other GAAP and non-GAAP financial measures used or disclosed by Pluralsight. PwC's audits, interim reviews, analyses, evaluations, or testing of Pluralsight's accounting for, disclosure of, or internal control over financial reporting of revenue, deferred revenue, Billings, key business metrics, or other GAAP or non-GAAP financial measures during the Audit and Professional Engagement

19

Period for any audit or non-audit services PwC provided during the Relevant Period." Accordingly, this Request seeks every document in Defendants' possession that "directly or indirectly" relates to or is in any way logically or factually connected with Defendants' accounting principles regarding revenue and billings, which could logically extend, by way of one example, to any document that contains a figure that was calculated under one of those metrics. Such broad sweeping information is not relevant or proportional to the needs of the case.

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request." Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning EY's audits, interim reviews, analyses, evaluations, or testing of Pluralsight's accounting for, disclosure of, or internal control over financial reporting of revenue, deferred revenue, Billings, key business metrics, or other GAAP or non-GAAP financial measures during the Audit and Professional Engagement Period for any audit or non-audit services EY provided during the Relevant Period.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to this Request on the ground that it seeks documents and information that are outside the scope of the operative complaint. Defendants object to this Request on the

ground that it is compound and that its use of the undefined terms "interim reviews," "testing," "key business metrics," "audit services," and "non-audit services" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all Documents Concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the accounting principles used or estimates and assumptions made in connection with determining, accounting for, recognizing, or disclosing revenue, deferred revenue, Billings, key business metrics, and other GAAP and non-GAAP financial measures used or disclosed by Pluralsight. EY's audits, interim reviews, analyses, evaluations, or testing of Pluralsight's accounting for, disclosure of, or internal control over financial reporting of revenue, deferred revenue, Billings, key business metrics, or other GAAP or non-GAAP financial measures during the Audit and Professional Engagement Period for any audit or non-audit services EY provided during the Relevant Period." Accordingly, this Request seeks every document in Defendants' possession that "directly or indirectly" relates to or is in any way logically or factually connected with Defendants' accounting principles regarding revenue and billings, which could logically extend, by way of one example, to any document that contains a figure that was calculated under one of those metrics. Such broad sweeping information is not relevant or proportional to the needs of the case.

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents

21

are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request." Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Defendants will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 19:

All Documents Concerning any communications, press releases, conference calls, webcasts, presentations, or meetings with any Pluralsight shareholders, securities analysts, financial analysts, institutional investors, financial publications, or investment banks, including, but not limited to:

(a)     Pluralsight's August 2018 annual investor and analyst meeting;

(b)     Pluralsight's August 1, 2018 earnings call;

(c)     Pluralsight's October 24, 2018 earnings call;

(d)     January 16, 2019 Needham & Company, LLC Growth Conference;

(e)     Pluralsight's February 13, 2019 earnings call;

(f)     Pluralsight's May 1, 2019 earnings call;

(g)     Pluralsight's May 1, 2019 earnings call; and

(h)     Pluralsight's January 14, 2020 Needham & Company, LLC Growth Conference.

## OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Defendants object to this Request to the extent it seeks information that is not relevant to any fact at issue on any party's claim or defense in that it pertains to alleged misstatements that have already been dismissed from this case by the Tenth Circuit. Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that

22

are just as easily accessible to Plaintiffs as to Defendants. Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants further object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all Documents Concerning, which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of any communications, press releases, conference calls, webcasts, presentations, or meetings with any Pluralsight shareholders, securities analysts, financial analysts, institutional investors, financial publications, or investment banks" without regard to the topics addressed in those documents and without any attempt at narrowing the Request to information that might be relevant to any claims or defenses. By way of example, this Request could logically extend to any document related to any communication with any Pluralsight shareholder on any topic. Such broad sweeping information is not proportional to the needs of the case.

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

23

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning the recognition or disclosure of revenue, deferred revenue, Billings, key business metrics, or other GAAP and non-GAAP financial measures in any filings by Pluralsight or the Individual Defendants with the SEC, including, but not limited to the:

(a)     August 1, 2018 Form 10-Q;

(b)     September 21, 2018 Draft Registration Statement;

(c)     October 24, 2018 Form 10-Q;

(d)     February 21, 2019 Form 10-K for the year ended December 31, 2018;

(e)     March 4, 2019 Form S-1;

(f)     March 7, 2019 free writing prospectus and prospectus;

(g)     Pluralsight's May 1, 2019 Form 10-Q;

(h)     Pluralsight's June 27, 2019 Form 10-K/A; and

(i)     Pluralsight's July 31, 2019 Form 10-Q.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to this Request on the ground that the final copies of the above-referenced SEC filings are publicly available through the SEC, and none of the above-referenced SEC filings contain a statement at issuing in this case.  Defendants object to this Request on the ground that the undefined terms "deferred revenue," "key business metrics," and "financial measures" are vague and ambiguous, as the everyday usage of these terms does not make it clear what Plaintiffs seek; Defendants will interpret these terms as they are used in Pluralsight's normal course of business.  Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

24

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the recognition or disclosure of revenue, deferred revenue, Billings, key business metrics, or other GAAP and non-GAAP financial measures in any filings by Pluralsight or the Individual Defendants with the SEC."  Accordingly, this Request seeks every document in Defendants' possession that "directly or indirectly" relates to or is in any way logically or factually connected with Defendants' recognition or disclosure of revenue and other business metrics, which could logically extend, by way of one example, to any document that contains a figure that was calculated under one of those metrics that was disclosed to the SEC and each and every document containing the information to support every single disclosed figure and metric.  Such broad sweeping information is not proportional to the needs of the case.

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants will not produce documents responsive to this Request.

25

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning the following January 16, 2019 statements by Budge (*see* Complaint ¶¶ 58-59):

(a)     "[W]e went from roughly 0 enterprise-class reps to today, we have about 120 of those reps."

(b)     "[T]he aggregate quota-bearing reps went from about 80 at that time to today we have about 250."

(c)     "We'll grow that to over 300 as we go through 2019."

(d)     "So while we'll continue to add a good 70 to 80 a year, it's lower as a percentage of the total growth that we have, which is a reason why you're seeing some of the efficiencies in the model."

(e)     "In the second quarter of this year -- of last year, I should say, last year 2018, it was the first quarter in the previous 8 quarters where we actually grew our B2B billings number faster than our sales and marketing line."

(f)     "[W]e'd kind of crossed over into where we were starting to see some of the efficiencies of our models.  We built out some of the infrastructure around sales to scale.  We didn't have to keep growing it."

(g)     "[I]n the third quarter, we grew our B2B billings by 53% and only grew our sales and marketing expense by 29%."

(h)     "So I think you're starting now to see some of that efficiency flow through the business, which is why we were able to get back to cash flow profitable in the third quarter."

(i)     "We expected, we said we would do it again in the fourth quarter.  You can assume we did do that in the fourth quarter, where we hit our cash flow profitable on operating cash on a free cash basis."

(j)     "So...it seems to be working.  So we had a lot of great sales reps.  They're killing it.  And a lot of great infrastructure around them that has improved our retention massively and we're now at scale, we're starting to see the efficiencies around that."

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to this Request because it seeks information that is not relevant to any fact at issue on any party's claim or defense in that it pertains to alleged misstatements that have already been dismissed from this case by the Tenth Circuit.  Defendants object to this Request on

the ground that it seeks Privileged Information that is not subject to discovery. Defendants object to this Request on the ground that it takes individual statements out of a broader context, and thereby does not accurately reflect the content of the statement.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of ten separate and distinct statements that cover an array of issues.

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning Pluralsight's disclosure on July 31, 2019 of "sales execution challenges," billings growth of 23% year-over-year, and B2B billings growth of 27% year-over-year.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this Request as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "sales execution challenges."

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning or memorializing communications with the SPO Underwriters in connection with the September 21, 2018 Draft Registration Statement, the March 2019 SPO, or the SPO Offering Documents in which Pluralsight's historical or projected billings, sales, revenue, profitability, common stock's trading or offering price, or the timing of the SPO, was discussed.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request on the ground that it seeks information regarding discussions of the SPO that is outside the scope of the operative complaint and not relevant to any claim or defense in this case because all causes of action relating to the SPO were dismissed. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "communications with the SPO Underwriters in connection with the September 21, 2018 Draft Registration Statement, the March 2019 SPO, or the SPO Offering Documents in which Pluralsight's historical or projected billings, sales, revenue, profitability, common stock's trading or offering price, or the timing of the SPO, was discussed."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants will not produce documents responsive to this Request.

29

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning or memorializing discussions with or between Pluralsight's officers, directors or employees, or with third parties, concerning the SPO, the SPO's timing, number of shares, offering price, the decision not to proceed with the September 21, 2018 Registration Statement or the decision to proceed with the March 2019 offering.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request on the ground that it seeks information regarding discussions of the SPO that is outside the scope of the operative complaint and not relevant to any claim or defense in this case because all causes of action relating to the SPO were dismissed. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "discussions with or between Pluralsight's officers, directors or employees, or with third parties, concerning the SPO, the SPO's timing, number of shares, offering price, the decision not to proceed with the September 21, 2018 Registration Statement or the decision to proceed with the March 2019 offering."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating,

30

showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the March 2019 SPO, including the number of shares to be sold, the identities of the selling shareholders, and the timing of the SPO.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to this Request on the ground that it seeks information regarding discussions of the SPO that is outside the scope of the operative complaint and not relevant to any claim or defense in this case because all causes of action relating to the SPO were dismissed. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the March 2019 SPO, including the number of shares to be sold, the identities of the selling shareholders, and the timing of the SPO."

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as

31

"constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning communications with, requests by, or actions of any governmental or regulatory agency, including, but not limited to, the U.S. Securities and Exchange Commission ("SEC") the Financial Industry Regulatory Authority ("FINRA"), or NASDAQ concerning Defendants' public statements or transactions in Pluralsight securities. This request includes all documents produced or provided to any governmental or regulatory agency and any transcripts, notes, or documents memorializing any interviews, depositions, or testimony by the Individual Defendants.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object on the ground that the Request seeks information regarding potential communications, requests, or actions that is not relevant to any claim or defense in this case. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "communications with, requests by, or actions of any governmental or regulatory agency, including, but not limited

32

to, the U.S. Securities and Exchange Commission ("SEC") the Financial Industry Regulatory Authority ("FINRA"), or NASDAQ concerning Defendants' public statements or transactions in Pluralsight securities." Such broad sweeping information is not relevant or proportional to the needs of the case.

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants proffer that during the class period Pluralsight did not receive inquiries from the SEC or NASDAQ regarding issues relevant to this case. Defendants will produce Pluralsight's final correspondence with FINRA between August 2019 and April 2020.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning the retention, engagement, or consultation with any third party, including public relations consultants, disclosure consultants, or legal advisors in connection with Pluralsight's public disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object on the ground that the Request seeks information that is not relevant to any claim or defense in this case. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

33

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the retention, engagement, or consultation with any third party, including public relations consultants, disclosure consultants, or legal advisors in connection with Pluralsight's public disclosures."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce Categorical Documents and Topical Documents, as defined in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning Pluralsight's share price, market capitalization, number of shareholders, volume of shares traded, the value of any Pluralsight securities, or coverage of Pluralsight securities analysts or the news media.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents and information that are just as easily accessible to Plaintiffs

as to Defendants.  Defendants object to this Request to the extent it seeks documents outside the possession, custody, or control of Defendants.  Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks "all documents and communications concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad range of topics including "Pluralsight's share price, market capitalization, number of shareholders, volume of shares traded, the value of any Pluralsight securities, or coverage of Pluralsight securities analysts or the news media."

Defendants object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents and communications" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents from Messrs. Skonnard and Mr. Budge that are within the January 1, 2019 through July 31, 2019 period, hit on an agreed search term, and concern Pluralsight's share price, market capitalization, number of shareholders, volume of shares traded,

35

the value of any Pluralsight securities, or coverage of Pluralsight securities analysts or the news media.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify any Individual Defendant's actual or potential compensation from Pluralsight for or during calendar years 2018 and 2019, including, but not limited to, documents related to:

(a)     any severance package, termination agreement or parachute payments;

(b)     payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c)     all bonuses and/or other compensation policies, terms and agreements;

(d)     any performance reviews;

(e)     the benchmarking of salaries against peer groups; and

(f)     all payments, loans or taxable benefits received from Pluralsight.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request on the ground that it is compound and unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants.  Defendants object on the ground that the Request seeks personal employment information that is not relevant to any claim or defense in this case.

Subject to and without waiving the foregoing objections, Defendants will produce documents sufficient to show Pluralsight's compensation to Messrs. Skonnard and Budge during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning the Formation and terms of the Individual Defendants' 10b5-1 plans, including amendments and modifications.

36

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants. Defendants will not produce documents responsive to this Request. Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the Formation and terms of the Individual Defendants' 10b5-1 plans, including amendments and modifications."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce 10b5-1 trading plans for Messrs. Skonnard and Budge during the January 1, 2019 through July 31, 2019 period.

37

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning the Individual Defendants' holdings and transactions in Pluralsight securities for or during calendar years 2018 and 2019, including, but not limited to:

(a)     Pluralsight securities held;

(b)     purchases, sales, donations, or use of Pluralsight securities as collateral;

(c)     Any loans of Pluralsight stock or options, including, but not limited to, any prepaid variable forward contract or sale lending agreement; and

(d)     the use of 10b5-1 Plans for such transactions.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to this Request on the ground that it is compound and unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants. Defendants object to this Request on the ground that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the Individual Defendants' holdings and transactions in Pluralsight securities for or during calendar years 2018 and 2019."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning" and broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which

38

is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, Defendants will produce documents sufficient to show Pluralsight holdings and transactions for Messrs. Skonnard and Budge during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 32:**

Any policies, procedures, or guidelines concerning public disclosures to investors in place at Pluralsight and all communications regarding compliance with or violations of those policies, procedures, or guidelines.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants or, alternatively, that it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks all policies, procedures, or guidelines concerning public disclosures to investors, and all communications regarding compliance with or violation of those policies, procedures, or guidelines. The Request is broadly worded without any attempt to tailor the information sought to the issues or circumstances that might be relevant in this matter. This overbreadth is compounded by the broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating

39

to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all policies, procedures, or guidelines"/"all communications" and "concerning"/"regarding" the broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request," and Plaintiffs' broad definition of "policies," "procedures," and "guidelines," which are defined as "any rule, policy, directive, program, custom or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce Pluralsight's formal, written policies, procedures, or guidelines concerning public disclosures to investors that were in place during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 33:**

Any policies, procedures, or guidelines concerning insider trading or 10b5-1 Plans in place at Pluralsight and all communications regarding compliance with or violations of those policies, procedures, or guidelines.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants or, alternatively, that it seeks Privileged Information that is not subject to discovery.

40

Defendants object to this Request as seeking information that is not relevant and as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case.  Specifically, the Request seeks all policies, procedures, or guidelines concerning insider trading or 10b5-1 Plans, and all communications regarding compliance with or violation of those policies, procedures, or guidelines.  The Request is broadly worded without any attempt to tailor the information sought to the issues or circumstances that might be relevant in this matter.  This overbreadth is compounded by the broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."  Accordingly, the Request seeks all policies and guidelines that relate "either directly or indirectly," or are "in any way logically or factually connected with" insider trading or 10b5-1 Plans, as well as all communications regarding compliance or violations of those policies, regardless of the policy at issue, the individuals involved, or the circumstances of compliance or non-compliance with the policy.

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all policies, procedures, or guidelines"/"all communications" and "concerning"/"regarding" the broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request," and Plaintiffs' broad definition of "policies," "procedures," and "guidelines," which are

41

defined as "any rule, policy, directive, program, custom or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce Pluralsight's insider trading policy and Messrs. Skonnard and Budge's 10b5-1 Plans during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning the resignation or termination from Pluralsight of Joe DiBartolomeo, including, but not limited to, any performance evaluations or reviews and documents concerning the 2019 CRO Plan.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this Request on the ground that it is compound. Defendants object on the ground that the Request seeks personal employment information that is not relevant to any claim or defense in this case, and to the extent it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents concerning," which includes as part of the definition documents "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with," the broad topics of "the resignation or termination from Pluralsight of Joe DiBartolomeo, including, but not limited to, any performance evaluations or reviews and documents concerning the 2019 CRO Plan."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all documents" and "concerning"

42

and broad topics of the Request, including the nested use of "concerning," which exponentially expands the reach of the Request, do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce documents to the extent they are responsive to other Requests to which Defendants have agreed to respond, but will not otherwise produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents produced in connection with any other civil, criminal, or regulatory proceeding, including any transcripts of depositions or testimony, concerning Defendants' public statements, transactions in Pluralsight securities, or Pluralsight's billings, revenues, or sales during the Relevant Period.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object on the grounds that the Request seeks information that is not relevant to any claim or defense in this case, and to the extent it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request as overbroad and not proportional because the Request constitutes a broadly worded request, with all-encompassing language, which is not tailored to the particular issues and circumstances which may be relevant in this case. Specifically, the Request seeks "all documents" that were produced in connection with any other civil, criminal, or regulatory proceeding "concerning Defendants' public statements, transactions in Pluralsight

43

securities, or Pluralsight's billings, revenues, or sales during the Relevant Period," with concerning defined broadly to include "directly or indirectly" related to or pertaining to, or otherwise "in any way logically or factually connected with."

Subject to and without waiving the foregoing objections, Defendants will produce relevant correspondence with FINRA between August 2019 and April 2020.

**REQUEST FOR PRODUCTION NO. 36:**

Liability insurance policies carried by Pluralsight or the Individual Defendants providing or potentially providing coverage to any of the Defendants in connection with the claims asserted in this Action.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants will produce copies of relevant Directors & Officers' liability policies.

**REQUEST FOR PRODUCTION NO. 37:**

Any indemnification agreements between Pluralsight and either of the Individual Defendants, including agreements to assume liability, agreements to assume the defense, and joint defense agreements made by Defendants, any insurer for Defendants or any other entities that may be financially affected by the claims in this Action.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this Request on the ground that it is unduly burdensome to the extent it seeks publicly available documents that are just as easily accessible to Plaintiffs as to Defendants.

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce indemnification agreements between Messrs. Skonnard or Budge and Pluralsight during the January 1, 2019 through July 31, 2019 period.

44

**REQUEST FOR PRODUCTION NO. 38:**

Any policies, procedures, or guidelines concerning document retention and destruction policies in place at Pluralsight and all communications regarding compliance with or violations of those policies, procedures, or guidelines.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this Request to the extent it seeks Privileged Information that is not subject to discovery.

Defendants object to this Request on the grounds that it seeks information that is not relevant and is overbroad and not proportional to the needs of this case.  Specifically, the Request seeks all policies, procedures, or guidelines concerning document retention and document destruction policies, and all communications regarding compliance with or violation of those policies, procedures, or guidelines.  The Request is broadly worded without any attempt to tailor the information sought to the issues or circumstances that might be relevant in this matter.  This overbreadth is compounded by the broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Request."

Defendants further object to this Request on the ground that it fails to comply with the particularity requirement of Rule 34 because the combination of "all policies, procedures, or guidelines"/"all communications" and "concerning"/"regarding" the broad topics of the Request do not allow a reasonable person to ascertain which documents are covered by the Request, particularly given Plaintiffs' broad definition of "concerning," which is defined as "constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or

indirectly, or being in any way logically or factually connected with the subject matter of the Request," and Plaintiffs' broad definition of "policies," "procedures," and "guidelines," which are defined as "any rule, policy, directive, program, custom or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded."

Subject to and without waiving the foregoing objections, and to the extent such documents exist and are non-privileged, Defendants will produce any Pluralsight formal, written policies, procedures, or guidelines concerning document retention and destruction in place during the January 1, 2019 through July 31, 2019 period.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to identify the date and recipients of any document retention notices sent or provided to the Individual Defendants, each current or former Pluralsight employee identified in Defendants' Rule 26(a)(1) disclosures, and any other current or former Pluralsight officer, director, or employee.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to this Request on the grounds that it seeks Privileged Information that is not subject to discovery, seeks information that is not relevant to the claims and defenses in this case, and is overbroad and not proportional to the needs of this case.

Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents identified in Defendants' Rule 26(a)(1) disclosures.

**OBJECTION AND RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to this Request on the grounds that it is overbroad, out of proportion to the needs of the case, and fails to comply with the particularity requirement of Rule 34 because the use of the term "all documents" is not tailored to the needs of the case.

46

Subject to and without waiving the foregoing objections, Defendants will produce copies of relevant Directors & Officers' liability policies.

Dated:  March 6, 2023

/s/ Gregory L. Watts
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Ignacio E. Salceda (*pro hac vice*)
Stephanie L. Jensen (*pro hac vice*)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 6, 2023, I caused a copy of the foregoing Defendants' Responses and Objections to be delivered via email, pursuant to the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F), to the following counsel:

Keith M. Woodwell
Katherine E. Pepin
CLYDE SNOW & SESSIONS, P.C.
201 S. Main Street, 13th Floor
Salt Lake City, UT  84111
kmw@clydesnow.com
kep@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 S. LaSalle St. Ste. 1705
Chicago, IL  60603
cgilden@cohenmilstein.com

Steven J. Toll
William Wilder
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW, Suite 500
Washington, DC  20005
stoll@cohenmilstein.com
wilder@cohenmilstein.com

Dated: March 6, 2023                    **WILSON SONSINI GOODRICH & ROSATI, P.C.**

By: *s/ Gregory L. Watts*
　　 Gregory L. Watts

48