# Exhibit C

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

Stephanie L. Jensen

701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

O: 206.883.2556

sjensen@wsgr.com

April 4, 2023

***Via Email***

Jan Messerschmidt
Will Wilder
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005
jmesserschmidt@cohenmilstein.com
wwilder@cohenmilstein.com

> **Re:** ***Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago v. Pluralsight, Inc., et al.***

Messrs. Messerschmidt and Wilder:

This letter is to memorialize our understanding of the April 3, 2023 meet and confer call between Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago ("Plaintiffs") and Defendants Pluralsight, Inc. ("Pluralsight"), Aaron Skonnard, and James Budge (collectively with Pluralsight, "Defendants") regarding Plaintiffs First Set of Requests for Production to Defendants (the "Requests") and Defendants' Responses and Objections to the Requests (the "Responses"). Below, we address certain global issues that were discussed by the parties, and then address the individual Requests.

## I.    **Global Issues**

**Possession, Custody, or Control:** The parties disagreed on the scope of what is considered to be in the possession, custody, or control of Defendants. Defendants agreed to review the case citation provided by Plaintiffs. The parties will revisit this issue in a future meet and confer call.

**Relevant Time Period:** The parties disagreed on the relevant time period. Plaintiffs' Requests sought a relevant time period of August 1, 2018 through January 31, 2020.

Defendants' Responses proposed a relevant time period of January 1, 2019 through July 31, 2019, and also offered to produce additional documents beyond this time period in response to certain requests, including:

a. Final materials (including scripts or talking points) for, transcripts of, press releases regarding, and final materials or presentations used during the January 14, 2020 Needham & Company, LLC Growth Conference;

b. Final meeting materials or presentations for and minutes of Pluralsight's Board of Directors and Board Committee meetings, and meetings of the executive leadership team and/or department leaders during the Company's fourth quarter of 2018 (October 1, 2018 through December 31, 2018) to the extent budgets, projections, or quotas for Q1 2019 or Q2 2019 were finalized during such meetings; and

**WILSON
SONSINI**

Cohen Milstein Sellers & Toll, PLLC
April 4, 2023
Page 2

    c.   Additional specific document categories identified in Defendants' Responses to Requests Nos. 1, 2, 3, 7, 26, 35, 36, and 40.

Defendants continue to believe that the above offer is likely to capture discovery that is relevant to any party's claim or defense and is proportional to the needs of the case. However, in an effort to compromise and resolve this issue between the parties without the need to burden the Court, if Plaintiffs agree to a relevant time period of October 1, 2018 through September 30, 2019, Defendants would be amenable to such compromise. In addition to that relevant time period, Defendants would still agree to provide final materials (including scripts or talking points) for, transcripts of, press releases regarding, and final materials or presentations used during the January 14, 2020 Needham & Company, LLC Growth Conference, and the additional specific document categories addressed in Responses to Requests Nos. 1, 2, 3, 7, 26, 35, 36, and 40.

This proposed compromise would extend the relevant time period to more than one quarter before the class period and one quarter after the class period, and would also provide for discovery regarding events of interest outside of that time period without needlessly expanding discovery to cover the intervening periods during which relevant information is unlikely to exist. We believe this offer is more than reasonable. Please let us know if this compromise is acceptable to Plaintiffs.

**Custodians and Search Terms:** The parties did not negotiate custodians or search terms. The parties will revisit these issues in a future meet and confer call.

## II.    Specific Requests and Responses

**Requests Nos. 1 and 2:** Pending resolution of the relevant time period and final confirmation from Plaintiffs' team, Plaintiffs agreed to limit Requests Nos. 1 and 2 to the seven individuals listed in Defendants' Initial Disclosures.

**Request No. 3:** Plaintiffs initially sought employment agreements for each individual identified in Defendants' Initial Disclosures. Defendants proffered final employment agreements for Messrs. Skonnard and Budge. During the call, at Plaintiffs' request, Defendants undertook to consider also providing the final employment agreement for Joe DiBartolomeo. Plaintiffs undertook to determine whether there were any additional employment agreements Plaintiffs continue to seek.

**Request Nos. 4, 23, 24, 25:** The parties disagreed on these Requests. Defendants undertook to further consider the Requests.

**Requests Nos. 5, 6, 15, 19, 21, 22, 27:** Pending resolution of the relevant time period, and the parties' negotiation of custodians and search terms, Plaintiffs did not otherwise object to Defendants' Response to these Requests.

**Requests Nos. 7, 12:** Plaintiffs undertook to further consider Defendants' Responses to these Requests.

**Request No. 8:** Defendants undertook to further consider the inclusion of types of policies, procedures, or guidelines in addition to those listed in its Response to this Request.

**Requests Nos. 9, 29, 32, 33, 37, 38:** Pending resolution of the relevant time period, Plaintiffs did not otherwise object to Defendants' Responses to these Requests.

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
April 4, 2023
Page 3

**Request Nos. 10, 17, 18, 20:** Plaintiffs undertook to further consider ways to narrow these Requests.

**Request Nos. 11, 13:** Plaintiffs undertook to further consider ways to narrow these Requests and provide Defendants with any case law supporting the basis for these Requests.

**Request No. 14:** Defendants clarified that their use of the term "revenue" in this Response includes "deferred revenue." Plaintiffs undertook to further consider ways to narrow this Request.

**Request Nos. 16, 36:** Plaintiffs agreed to Defendants' Responses to these Requests.

**Request No. 26:** Pursuant to Plaintiffs' request, Defendants undertook to confirm whether their Response with respect to the SEC and NASDAQ would also apply to the period August 2018 through January 2020.

**Request No. 28:** Pending resolution of the relevant time period, Plaintiffs undertook to further consider Defendants' Response to this Request.

**Request No. 30:** Defendants clarified that their Response to produce 10b5-1 trading plans for Messrs. Skonnard and Budge during the January 1, 2019, through July 31, 2019 period, was to produce the trading plans *in effect* during that period for those individuals, even if the plans were entered before that period. Pending resolution of the relevant time period, Plaintiffs did not otherwise object to Defendants' Response to this Request.

**Request No. 31:** Defendants clarified that the limitation in Defendants Response is that Defendants will only produce documents "sufficient to show" the holdings and transactions for Messrs. Skonnard and Budge during the covered timeframe. Pending resolution of the relevant time period, Plaintiffs indicated they were most likely agreeable to Defendants' Response to this Request, but would follow up with Defendants to confirm this position.

**Request No. 34:** The parties disagreed on this Request. Plaintiffs undertook to follow up with Defendants with a clarification of Plaintiffs' position as to this Request.

**Request No. 35:** Plaintiffs agreed to hold on this Request until Defendants provide follow up information relating to Request No. 26.

**Request No. 39:** Plaintiffs undertook to provide Defendants with any case law supporting the basis for this Request.

**Request No. 40:** Defendants clarified that they intend to produce any documents Defendants intend to use to support their claims or defenses. Plaintiffs did not otherwise object to Defendants' Response to this Request.

\*      \*      \*

If you believe there is anything inaccurate about my summary of our call, please contact me immediately. Otherwise, we will follow up with you on the matters Defendants undertook to consider or provide, as detailed above, and we look forward to receiving the case law and follow up from you on the matters Plaintiffs undertook to consider or provide, as detailed above.

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
April 4, 2023
Page 4

       This letter confirms that the parties are continuing to meet and confer in good faith in an effort to eliminate the need for motion practice or to eliminate as many of the disputes as possible.

       Sincerely,

       WILSON SONSINI GOODRICH & ROSATI
       Professional Corporation

       *Stephanie L. Jensen*

       Stephanie L. Jensen