Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron
Skonnard, and James Budge*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>        Defendants. | **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS FROM THE REQUESTED TIME PERIOD**<br><br>**Case No. 1:19-CV-00128-DBB-DAO**<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs' claims are predicated on a single alleged misstatement made on January 16, 2019 regarding the number of Pluralsight's quota-bearing sales representatives. Despite this narrow scope, Plaintiffs' Requests for Production ("RFPs") are facially overbroad. *J White, L.C. v. Wiseman*, 2020 WL 3507408, at *2 (D. Utah Jun. 29, 2020) (discovery requests using terms like "any and all" may be facially overbroad); Dkt. 201-2 (RFP Nos. 5-8, 13-15, 17-28, 30-35, 38, 40 seeking "All" documents; policies, procedures, guidelines; calendars; or "Documents containing…"). The RFPs' impermissibly overbroad scope alone justifies denial of Plaintiffs' motion. *Schmelzer v. IHC Health Servs.*, 2022 WL 16646456, at *4-5 (D. Utah Feb. 10, 2022) (denying motion to compel and sanctioning plaintiff for overbroad discovery requests).

Plaintiffs' motion should also be denied because the timeframe it seeks to apply is disproportionate and unlikely to render relevant documents. Defendants already agreed to provide documents concerning historical, current, and projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force from October 1, 2018-September 30, 2019—a quarter before the challenged statement and after the alleged corrective disclosure— subject to to-be-negotiated sources and terms. Nonetheless, Plaintiffs insist on applying an expanded timeframe of August 1, 2018-January 31, 2020 to *all* RFPs. This is plainly overbroad.[1]

Plaintiffs claim the timeframe should include August-September 2018 because "[a]s early as August 2018" Pluralsight discussed the relationship of sales representatives to billings growth. Dkt. 173, ¶5. But Plaintiffs do not explain how such statements are relevant to the number of sales

---

[1] For example, Pluralsight's organizational charts, calendars, and accounting materials are clearly not relevant across that timeframe. Dkt. 201-2; *see In re Sunpower Sec. Litig.*, 2012 WL 4343245, at *2 (N.D. Cal. Sept. 20, 2012) (ordering plaintiffs to narrow the document requests they believed required a wider timeframe).

1

representatives Pluralsight had four-to-five months later on January 16, 2019, nor how Pluralsight's billings growth would be impacted ten-to-eleven months later on July 31, 2019. Moreover, none of Plaintiffs' RFPs are narrowly tailored to seeking documents related to those statements.

Plaintiffs claim the timeframe should include October 1, 2019-January 31, 2020 based on a statement made a year after the alleged misstatement during a January 14, 2020 Needham Growth Conference. But Defendants have agreed to provide Pluralsight's final internal materials from that conference. Dkt. 201-8 at 2-3. Thus, Plaintiffs will already receive documents relevant to the statement. There is no justification to extend the timeframe for *all* RFPs by those four months.

The additional six months Plaintiffs seek would expand the twelve-month timeframe Defendants propose by 50%. The amount of data involved in this case is vast, and it is reasonable to assume that increasing the timeframe for all RFPs by 50% would increase Defendants' costs of document collection, processing, hosting, and review by up to 50%. *See* Declaration of Caitlin McKelvie, ¶¶19-31. This increased burden is disproportional to the documents of marginal (if any) relevance that would likely result from Plaintiffs' expanded timeframe. The motion should be denied.

Dated: August 2, 2023

*/s/ Gregory L. Watts*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants*

2