Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC. *et al.*,<br><br>　　　　Defendants. | **LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT-FORM DISCOVERY MOTION TO COMPEL LEAD PLAINTIFFS TO PRODUCE DOCUMENTS RESPONSIVE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION NOS. 31 AND 32**<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendants' motion to compel production of Plaintiffs' agreements with counsel is factually inaccurate, legally baseless, and procedurally improper.

Plaintiffs have already provided Defendants with all the information relevant to class certification. From the outset of discovery, Plaintiffs told Defendants that their agreements with counsel were privileged and irrelevant but nonetheless agreed to produce their retention agreements (redacting only the fee schedules but otherwise making fee arrangements clear) and to provide "general testimony" about their monitoring agreements. Plaintiffs and their investment advisors then produced

more than 25,000 pages of documents, answered interrogatories, and sat for 5 depositions, during which Plaintiffs testified extensively about their fee and monitoring arrangements. As their notice of nonopposition to class certification makes clear, Defendants found nothing that they could use to oppose certification. So, just two weeks before their opposition was due and after conducting four depositions, Defendants suddenly demanded Plaintiffs produce all their agreements with counsel. In two detailed letters, Plaintiffs explained to Defendants that they had already provided all information conceivably relevant to class certification.[1] Defendants never explained why that was not enough.

In their letters, Plaintiffs also explained that Defendants' demand flouts uniform case law, citing more than twenty cases showing that courts consistently:

- Recognize "the overwhelming weight of authority holds that the terms of the retainer agreement are not relevant to certification issues,"[2]

- Distinguish Defendants' two cited cases as outliers that concerned monitoring agreements that, unlike those here, guaranteed that a single law firm that performed monitoring services would also carry out the securities litigation. *See also In re Myriad Genetics*, 2021 WL 5882259, at *4 (D. Utah Dec. 13, 2021) (Barlow, J.).

- Refuse to compel production of fee and monitoring agreements absent a "nonspeculative" showing of a "relevant conflict" or "prima facie challenge" to adequacy.[3]

Defendants never disputed their position has been widely rejected by courts, that their cited cases are factually inapposite, or that Plaintiffs' testimony showed their agreements are consistent with those routinely found by courts to be unproblematic (and thus irrelevant).[4] Nor have Defendants offered any *nonspeculative* basis for claiming that, despite deposition testimony showing otherwise, the agreements *might* somehow show that "this action is lawyer-driven" or that "Lead Plaintiffs are receiving improper benefits."

---

[1] Ex. O 2.

[2] Ex. A 2-5.

[3] Ex. O 3-5.

[4] Plaintiffs are willing to provide the agreements for in camera review at the Court's request.

Finally, Plaintiffs also offered to provide "additional nonprivileged information about the agreements" in response to "specific and reasonable questions about facts that could be relevant to class certification."[5] Defendants never responded to that offer and instead filed this motion (without certifying that they made reasonable efforts to resolve the dispute).

Defendants received more than enough discovery on these topics and found no grounds to oppose certification. And rather than pursue less intrusive means to obtain the information they claim to seek, Defendants filed a motion based on speculation and inapplicable authority. Their motion is nothing more than a request for a fishing expedition and should be denied.

---

[5] Ex. A 5

Dated: August 21, 2023

By */s/ Carol V. Gilden*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
William Wilder (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
wwilder@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*

4

# CERTIFICATE OF SERVICE

I certify that on August 21, 2023, I caused a copy of the forgoing to be delivered via email, under the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F), to all counsel of record.

*/s/ William Wilder*
William Wilder