# Exhibit A

Gregory L. Watts (# 17782)
gwatts@wsgr.com
Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone: (206) 883-2500

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300

*Attorneys for Defendants Pluralsight, Inc., Aaron Skonnard, and James Budge*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>Defendants. | **Case No. 1:19-CV-00128-DBB-DAO**<br><br>**DEFENDANT PLURALSIGHT'S FIRST SET OF REQUESTS FOR PRODUCTION TO LEAD PLAINTIFF PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO**<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rule of Civil Procedure ("Rule") 34, Defendant Pluralsight, Inc. ("Pluralsight"), by and through  undersigned counsel, hereby requests that lead plaintiff Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF") produce the documents and things requested below for inspection and copying at the law offices of Wilson Sonsini Goodrich & Rosati, P.C., 15 W. South Temple, Suite 1700, Salt Lake City, UT 84101, within thirty (30) days of the service, or at such other place as may be mutually agreed upon by the parties' counsel. In responding to Defendant's First Set of Requests for Production to Lead Plaintiff CTPF (individually a "Request" and collectively the "Requests"), the following Definitions and Instructions shall apply:

### DEFINITIONS

1.      "Communications" shall mean any tangible transmittal of information and includes without limitation all inquiries, discussions, conversations or other oral or demonstrative statements, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda and other written materials, charts, facsimiles, telegrams, tape recording, e-mails, text messages, instant messages, postings on online message boards and forms of social media, and all other tangible forms of exchange, whether oral or written.

2.      "Complaint" shall mean the Second Amended Complaint filed on November 4, 2022 in the above-captioned action and any subsequently filed amended complaint.

3.      "Defendants" shall mean Pluralsight, Aaron Skonnard, and James Budge.

4.      "Documents" shall have the broadest possible meaning under Rule 34 and includes, without limitation, any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, and any written, recorded, filmed or graphic matter, whether produced or reproduced

1

on paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including, but not limited to, electronically stored information, memoranda, notes, electronic mail, minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, bookkeeping entries, financial statements, tax returns, reports, studies, charts, graphs, statements, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and also including but not limited to originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

5.    "CTPF" shall mean lead plaintiff Public School Teachers' Pension and Retirement Fund of Chicago and its subsidiaries, officers, directors, agents, employees, staff, retirement board of trustees, investment committee, investment managers and consultants, financial managers and analysts, successors, and professional consultants, whether inside or outside the organization.

6.    "Investigation" shall mean without limitation any research, examination, or inquiry into the specific matter stated.

7.    "Lawsuit" shall mean the above-captioned action.

8.    "Lead Counsel" shall mean the firms of Cohen Bilstein Sellers & Toll PLLC and Clyde Snow & Sessions, P.C., any attorney, paralegal, contractor, consultant, investigator, or employee of such firms, and any predecessors of such firms.

9.    "Person" shall mean without limitation any natural person, firm, association, partnership, corporation, government agency, or any other form of entity.

10.     "Pluralsight" shall mean collectively Pluralsight, Inc. and any subsidiary, and any current officers, directors, agents, employees, successors, attorneys, and accountants.

11.     "Pluralsight Securities" shall mean Pluralsight, Inc. common stock, preferred stock, bonds, notes, debentures, put options, call options, warrants, or right to subscribe to purchase or sell any of the foregoing.

12.     "Securities" shall mean without limitation any company's common stock, preferred stock, bonds, notes, debentures, put options, call options, warrants, or right to subscribe to purchase or sell any of the foregoing.

13.     "Transaction" and "Transactions" shall mean any purchase or other acquisition, or any exchange, sale, short sale, or other disposition of Pluralsight Securities, or a decision to hold Pluralsight Securities.

## **INSTRUCTIONS**

1.     Unless expressly specified otherwise, the relevant time period covered by each Request is January 1, 2019 through July 31, 2019.

2.     In responding to these Requests, CTPF shall produce all responsive Documents in its possession, custody, or control.

3.     These Requests specifically require the production of all responsive Documents, including all responsive information that is stored electronically.  Accordingly, these Requests should be understood to encompass, and the response should include, electronically stored information, which should be produced in a manner consistent with the forthcoming ESI protocol to be agreed to by the parties.

3

4.      If CTPF asserts any privilege in responding to any Request, describe each instance of privilege asserted in an appropriate privilege log.

5.      If, after making its initial production and inspection in response to these Requests, but before the close of discovery, CTPF obtains or becomes aware of any further Documents or Communications responsive to these Requests, CTPF shall timely produce such additional Documents or Communications.

6.      In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any Documents or Communications which might otherwise be construed to be outside its scope.

7.      In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope.  In addition, "all" shall mean "any and all," unless the context expressly specifies otherwise.

8.      Each Request shall be construed independently and without reference to any other Request herein for purposes of limitation, unless a Request expressly states otherwise.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Documents CTPF relied upon or referred to in responding to Defendant Pluralsight's First Set of Interrogatories to Lead Plaintiff CTPF, served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 2:**

Documents referred to in Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P 26(a)(1), including any supplement thereto.

4

**REQUEST FOR PRODUCTION NO. 3:**

CTPF's articles of incorporation, by-laws, and/or other applicable governing documents.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show CTPF's organizational structure and hierarchy, and the relationship between and among CTPF's retirement board of trustees, investment committee, investment managers and consultants, financial managers and analysts, administrative staff and employees, and professional consultants, whether inside or outside the organization.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the responsibilities with respect to CTPF's finances, investments, and/or Transactions in Securities, of CTPF's retirement board of trustees, investment committee, investment managers and consultants, financial managers and analysts, administrative staff and employees, and professional consultants, whether inside or outside the organization, during the proposed class period through three months following CTPF's final Transaction in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show CTPF's guidelines, policies, procedures, practices and rules pertaining to Transactions in Securities during the proposed class period through three months following CTPF's final Transaction in Pluralsight Securities, including without limitation, policies pertaining to investment strategies and objectives and portfolio diversity, asset allocation and rebalancing.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the authority of CTPF's professional consultants, investment advisors, portfolio managers or brokers to engage in Securities Transactions on CTPF's behalf, during the proposed class period through three months following CTPF's final Transaction in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show CTPF's document management, retention and destruction policies, practices and procedures, including without limitation, electronically stored information.

**REQUEST FOR PRODUCTION NO. 9:**

CTPF's comprehensive annual financial reports for fiscal years 2018 and 2019.

**REQUEST FOR PRODUCTION NO. 10:**

CTPF's quarterly reports and monthly reports for fiscal years 2018 and 2019.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all of CTPF's retirement board of trustees, investment committee, investment managers and consultants, financial managers and analysts, administrative staff and employees, and professional consultants, whether inside or outside the organization, who were involved in any way with CTPF's decision(s) to purchase, hold, sell, exchange, or otherwise acquire or dispose of Pluralsight Securities during the proposed class period through three months following CTPF's final Transaction in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 12:**

Documents reflecting or constituting Communications, discussions, or analyses about Pluralsight

Securities or Transactions in Pluralsight Securities, by CTPF's retirement board of trustees, investment committee, investment managers and consultants, financial managers and analysts, administrative staff and employees, and professional consultants, whether inside or outside the organization, or any other Person.

**REQUEST FOR PRODUCTION NO. 13:**

Documents discussing or reflecting meetings of CTPF's retirement board of trustees or investment committee, or any other meeting of Persons involved in or responsible for managing or directing CTPF's Securities Transactions, at which Pluralsight or Pluralsight Securities or this Lawsuit were discussed.

**REQUEST FOR PRODUCTION NO. 14:**

Documents read, reviewed, consulted, relied upon, acquired, or received in connection with CTPF's Transactions or investments in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 15:**

For each Transaction that CTPF participated in involving Pluralsight Securities, Documents sufficient to show or identify the date of each Transaction, the nature of each Transaction (e.g., purchase, sale, other acquisition or disposition, or decision to hold), the type of Pluralsight Securities involved in each Transaction (e.g., stock, notes, bonds, put options, call options), the amount of Pluralsight Securities involved in each Transaction, and the price of the Pluralsight Securities at the time of each Transaction.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reflecting, discussing, or constituting any forecast, analysis, model, method, system, or calculation concerning the valuation and/or risk of Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show CTPF's valuation of Pluralsight Securities at the close of each trading day between January 16, 2019, and CTPF's final Transaction in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 18:**

Documents demonstrating, reflecting, or supporting the monetary losses or damages that CTPF allegedly suffered as a result of its Transactions in Pluralsight Securities, including without limitation, any attempt by CTPF to calculate or account for any aspect of those losses or damages.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show any meetings or Communications CTPF had with any of the Defendants concerning Pluralsight.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify the effect of Pluralsight Securities on the overall financial performance of CTPF's pension or other retirement fund(s), including without limitation, on a quarterly and annual basis.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify any tax benefit that CTPF accrued or acquired as a result of CTPF's Transactions in Pluralsight Securities.

**REQUEST FOR PRODUCTION NO. 22:**

Documents discussing, conveying, or constituting CTPF's Communications with any current or former employee or officer of Pluralsight regarding the Defendants and/or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 23:**

Documents discussing, conveying, or constituting CTPF's Communications with and individuals or entities referenced in Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P 26(a)(1), regarding Pluralsight Securities, the Defendants, and/or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 24:**

Documents discussing, conveying, or constituting any Communications between CTPF and any Person or government regulatory agency regarding Pluralsight, Pluralsight Securities, or the facts and circumstances giving rise to the causes of action alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

Documents created, received, sent, reviewed, relied upon, or modified by CTPF in the course of an Investigation, however formal or informal, conducted by CTPF into the facts and circumstances giving rise to the causes of action alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

Documents created, received, sent, reviewed, relied upon, or modified by CTPF discussing, conveying, or evidencing any written or oral agreement between CTPF and any Person regarding the payment of the attorneys' fees, costs, or expenses of this Lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

Documents discussing or reflecting CTPF's participation as a plaintiff, lead plaintiff, or named representative of the purported plaintiff class in this Lawsuit, including without limitation all Documents discussing, reflecting, or constituting any Communications between CTPF and any other Person concerning this Lawsuit.

**REQUEST FOR PRODUCTION NO. 28:**

Without restriction as to time period, all transcripts of testimony, deposition transcripts, affidavits, and declarations made by CTPF in any litigation in which CTPF participated as a named plaintiff, lead plaintiff, named class representative, or lead representative of a class or that involved allegations of securities fraud, fraud, deceit, or negligent misrepresentation.

**REQUEST FOR PRODUCTION NO. 29:**

Without restriction as to time period, Documents discussing, reflecting, or constituting court orders and rulings regarding CTPF's fitness, qualifications or abilities to serve as lead plaintiff, named class representative, or lead representative in those lawsuits, including without limitation the typicality of CTPF's claims relative to the purported class, any of CTPF's interests contrary to the purported plaintiff class, or vulnerability to affirmative defenses.

**REQUEST FOR PRODUCTION NO. 30:**

Without restriction as to time period, all transcripts of testimony, deposition transcripts, affidavits, or declarations made by CTPF in any securities class action in which CTPF objected to or opted out of a class settlement.

**REQUEST FOR PRODUCTION NO. 31:**

Without restriction as to time period, Documents sufficient to identify any portfolio monitoring services or other services provided to CTPF by Lead Counsel.

**REQUEST FOR PRODUCTION NO. 32:**

Without restriction as to time period, Documents constituting or discussing written agreements (financial or otherwise) between CTPF and Lead Counsel.

**REQUEST FOR PRODUCTION NO. 33:**

Documents discussing, reflecting, or constituting any actual, promised, or expected receipt by CTPF of anything of value from any Person in connection with CTPF's service as plaintiff, lead plaintiff, or class representative in this Lawsuit.

DATED: March 7, 2023

WILSON SONSINI GOODRICH & ROSATI, P.C.

*/s/ Stephanie L. Jensen*
Gregory L. Watts (# 17782)
Ignacio E. Salceda (*pro hac vice*)
Stephanie L. Jensen (*pro hac vice*)

*Attorneys for Defendants Pluralsight, Inc., Aaron Skonnard, and James Budge*

11