# Exhibit B

Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, | Case No. 1:19-cv-00128 |
| Plaintiffs, | District Judge David Barlow |
| v. | Magistrate Judge Daphne A. Oberg |
| PLURALSIGHT, INC. *et al.*, | |
| Defendants. | |

**INDIANA PUBLIC RETIREMENT SYSTEM'S RESPONSES AND OBJECTIONS TO DEFENDANT PLURALSIGHT INC.'S FIRST SET OF INTERROGATORIES**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiff Lead Plaintiff Indiana Public Retirement System ("INPRS"), by and through its undersigned counsel, hereby submits the following responses and objections to Defendant Pluralsight Inc.'s First Set of Interrogatories to Plaintiffs.

**PRELIMINARY STATEMENT**

INPRS' responses to these Interrogatories (the "Responses") are made solely for use in this action (the "Action"). Each Response is subject to all objections as to competence, relevance,

materiality, propriety, admissibility, privilege, and privacy, and any and all other objections are reserved and may be interposed at the time of trial.

INPRS' Responses to the Interrogatories are based solely upon a reasonable investigation of the evidence currently available and in INPRS' possession, custody, or control, and reflect current knowledge, understanding, and belief, based upon information known at this time. Discovery is ongoing and additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial. INPRS is providing its Responses based upon its review of the evidence available to date and expressly reserves the right to amend its Responses based upon further discovery.

No incidental or implied admissions are intended by these Responses. INPRS' Responses to all or any part of the Interrogatories should not be taken as an admission that: (a) INPRS accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; (b) INPRS has in its possession, custody, or control any information or documents reflecting information responsive to the Interrogatory; or (c) information or documents responsive to the Interrogatory exist. INPRS' Responses to all or any part of these Interrogatories are not intended to be, and shall not be, a waiver by INPRS of all or any part of its objection(s) to these Interrogatories.

## GENERAL OBJECTIONS AND
## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. INPRS objects to the Interrogatories, including the Definitions and Instructions, on the following grounds, each of which is expressly incorporated by reference in each of the Responses to the individual Interrogatories below. All Responses set forth herein are subject to and without waiver of any of these General Objections.

2.   INPRS objects to the Interrogatories on the ground and to the extent that they do not describe with reasonable particularity the information to be provided or are duplicative of Defendant Pluralsight's First Set of Requests for the Production of Documents to INPRS.

3.   INPRS' responses to the Interrogatories are based on its understanding of the Interrogatories and the specific language employed by Pluralsight in the Interrogatories. To the extent it may later be determined that any of the Interrogatories were intended to be construed in a manner different from the interpretation of INPRS at the time of service of these responses, INPRS reserves the right to amend its responses.

4.   INPRS objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek to impose on INPRS obligations that are not imposed by law or are otherwise inconsistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or other applicable provisions of law. INPRS will respond to the Interrogatories in accordance with, and to the extent required by, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and applicable law.

5.   INPRS objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek or require the disclosure of information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privileges or immunities ("Privileged Information"). INPRS' Responses to the Interrogatories shall not include any Privileged Information. Any inadvertent disclosure of Privileged Information is not intentional and should not be construed as a waiver of such privilege, immunity, protection, or doctrine. Upon being notified of any inadvertent production of Privileged Information, Pluralsight shall promptly return or destroy the specified document or information (and any work product generated therefrom), and any copies thereof, and may not use or disclose

the information contained therein in any way. For documents withheld from production on the basis of privilege, INPRS will provide a privilege log in accordance with the ESI protocol currently being negotiated by the parties and hereafter entered by the court.

6.   INPRS reserves the right to make any use of, or to introduce in any motion or brief, or at any hearing and at trial, information responsive to the Interrogatories but that was either inadvertently omitted by INPRS or was learned of subsequent to the date of service of INPRS' Responses to the Interrogatories including, but not limited to, any information obtained during discovery.

7.   INPRS objects to the definitions of the term "INPRS" as overbroad, vague, unduly burdensome, and neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case to the extent the term as defined would: (a) call for the production of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, protection or immunity; or (b) call for the production of information from persons or entities distinct from INPRS and  that, is, therefore, not within INPRS' possession, custody, or control. In responding to the Interrogatories, INPRS will interpret these terms to refer only to INPRS and its trustees and employees. "INPRS" shall not be interpreted to include any other parties, third parties, agents, investment managers and consultants, financial managers and analysts, professional consultants, custodians or others retained to provide services to INPRS, unless otherwise indicated. To the extent INPRS asserts objections and/or agrees to provide information in response to any Interrogatory, INPRS makes such objections and provides such information only on behalf of, and any such objections or Responses only refer to, INPRS and its trustees and employees, unless otherwise noted.

8.    INPRS objects to definition of the term "Lead Counsel" as overbroad, vague, unduly burdensome, and neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case to the extent the term as defined would: (a) call for the production of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege, protection or immunity; (b) call for the production of information not within INPRS' possession, custody, or control; or (c) include individuals or entities who are not named parties in this Action. INPRS also objects to the definition of Lead Counsel to the extent it misspells the name of Cohen Milstein Sellers & Toll PLLC, which serves as court-appointed Lead Counsel, and includes in the definition of Lead Counsel, Clyde Snow & Sessions, P.C., which serves as court-appointed liaison counsel in this matter.  As used for purposes of these responses, INPRS's responses will interpret Lead Counsel to refer solely to Cohen Milstein Sellers & Toll PLLC, and any employee, contractor or consultant of the Firm who has performed work in connection with this Action, unless otherwise noted, when responding to requests concerning Lead Counsel.

9.    INPRS objects to the definition of the term "Pluralsight Securities" as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses in this Action nor proportional to the needs of this case to the extent the term as defined would call for the production of documents related to securities and financial instruments not relevant to this Action as only INPRS's transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period are potentially relevant to this case.

10. The Responses herein are based on INPRS' present knowledge, information, and belief. INPRS reserves the right to amend, revise, correct, supplement, and clarify any of the objections

or Responses herein and to supplement any Response, without acknowledging any duty other than as may be required under the Federal Rules of Civil Procedure.

11. No objection, limitation, Response, or lack thereof made in these Responses is intended as an admission by INPRS as to the existence or non-existence of information responsive to the Interrogatories.

12. These Responses are made without waiving and expressly reserving INPRS' rights to: (a) object on any ground to the use of the information provided in the Responses in any stage or proceeding in these Actions or any other action; (b) object on any ground to other information that involves or relates to the subject matter of the Interrogatories; or (c) object on any ground at any time to a demand for further responses relating to the subject matter of the Interrogatories.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify the date INPRS entered into an attorney-client relationship with Lead Counsel.

**RESPONSE TO INTERROGATORY NO.1:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because it purports to seek information about any attorney-client relationship with Lead Counsel without regard to its relevance to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, INPRS responds as follows: INPRS retained Cohen Milstein to represent it in this litigation after the Relevant Time Period.

**INTERROGATORY NO. 2:**

Without any restriction on date, Identify each of INPRS' Transactions in Pluralsight Securities, including the date of each Transaction, the nature of each Transaction (e.g., purchase, sale, other acquisition or disposition, or decision to hold), the type of Pluralsight Security involved in each

Transaction (e.g., stock, notes, bonds, put options, call options), the amount of Pluralsight Security involved in each Transaction, and the price of the Pluralsight Security at the time of each Transaction.

**RESPONSE TO INTERROGATORY NO. 2:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because INPRS's transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period are potentially relevant to the claims or defenses in this case.

Subject to and without waiving that objection, in response to this Interrogatory, INPRS refers to and incorporates by reference Schedule A to the Updated Certification Pursuant to the Federal Securities Laws filed with Plaintiffs' First Amended Complaint, ECF No. 94-1, which sets forth INPRS' transactions in Pluralsight securities during the Class Period, in accordance with 15 U.S.C. § 78u-4(a)(2)(A)(iv). INPRS also refers and incorporates by reference document(s) that will be produced consistent with INPRS' Responses and Objections to Defendant Pluralsight's First Set of Requests for the Production of Documents ("INPRS' Responses to Pluralsight's Document Requests,") and in particular, Request No. 15.

**INTERROGATORY NO. 3:**

Identify each Person involved in any way with INPRS' Investigation, discussion, evaluation, assessment, or analysis of Pluralsight.

**RESPONSE TO INTERROGATORY NO. 3:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses  because the Interrogatory and the defined terms used therein purport to seek information about "each Person" involved "in any way" with, "without limitation,

any research, examination, or inquiry" or "discussion, evaluation, assessment, or analysis" of "Pluralsight" or "any subsidiary…current officers, directors, agents, employees, successors, attorneys, and accountants" without regard to whether such matters are relevant to the claims or defenses in this Action.   INPRS will construe this Interrogatory to refer to the analysis of Pluralsight securities in connection with INPRS's transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period. INPRS further objects to this Interrogatory to the extent it seeks information from persons or entities distinct from INPRS and as such, seeks information not within INPRS' possession, custody, or control.

Subject to and without waiving the foregoing objections, INPRS responds as follows: Rhumbline Advisors and TimesSquare Capital Management were responsible for INPRS' transactions in Pluralsight securities, and accordingly, the investigation of Pluralsight. INPRS' relevant, non-privileged documents, if any, from or with these investment managers relating to Pluralsight will be produced consistent with INPRS' Responses to Pluralsight's Document Requests, and in particular, Request No. 4.

**INTERROGATORY NO. 4:**

For each Person identified in INPRS' response to Interrogatory No. 3, describe with particularity that Person's role or involvement in INPRS' Investigation, discussion, evaluation, assessment, or analysis of Pluralsight.

**RESPONSE TO INTERROGATORY NO. 4:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because the Interrogatory and the defined terms used therein and incorporated through reference to Interrogatory No. 3 purport to seek information about "each Person" involved "in any way" with, "without limitation, any research, examination, or inquiry"

or "discussion, evaluation, assessment, or analysis" of "Pluralsight" or "any subsidiary…current officers, directors, agents, employees, successors, attorneys, and accountants" without regard to whether such matters are relevant to the claims or defenses in this Action. INPRS further objects to this Interrogatory to the extent it seeks information from persons or entities distinct from INPRS and accordingly seeks information not within INPRS' possession, custody, or control.

Subject to and without waiving the foregoing objections, INPRS responds as follows: Rhumbline Advisors and TimesSquare Capital Management were responsible for INPRS' transactions in Pluralsight securities, and accordingly, the investigation of Pluralsight. INPRS' relevant, non-privileged documents, if any, from or with these investment managers relating to INPRS' transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period will be produced consistent with INPRS' Responses to Pluralsight's Document Requests, and in particular, Request No. 4.

**INTERROGATORY NO. 5:**

Identify each Person involved in INPRS' decision to engage in each of INPRS' Transactions in Pluralsight Securities.

**RESPONSE TO INTERROGATORY NO. 5:**

INPRS objects to this Interrogatory to the extent it seeks information from persons or entities distinct from INPRS and as such, seeks information not within INPRS' possession, custody, or control. INPRS further objects to this Interrogatory on the grounds that the phrase "engage in each of INPRS' Transactions" is vague and ambiguous and the ordinary meaning of those terms does not indicate what Pluralsight is seeking.

Subject to and without waiving the foregoing objections, INPRS responds as follows: Rhumbline Advisors and TimesSquare Capital Management were responsible for INPRS' transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-

Back Period. INPRS' relevant, non-privileged documents, if any, from or with these investment managers relating to INPRS' transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period will be produced consistent with INPRS' Responses to Pluralsight's Document Requests, and in particular, Requests Nos. 3, 4, and 5.

**INTERROGATORY NO. 6:**

For each Person identified in INPRS' response to Interrogatory No. 5, describe with particularity that Person's role or involvement in INPRS' decision to engage in each of INPRS' Transactions in Pluralsight Securities.

**RESPONSE TO INTERROGATORY NO. 6:**

INPRS objects to this Interrogatory to the extent it seeks information from persons or entities distinct from INPRS and as such, seeks information not within INPRS' possession, custody, or control. INPRS further objects to this Interrogatory on the grounds that the phrase "engage in each of INPRS' Transactions" is vague and ambiguous and the ordinary meaning of those terms does not indicate what Pluralsight is seeking.

Subject to and without waiving the foregoing objections, INPRS responds as follows: Rhumbline Advisors and TimesSquare Capital Management were responsible for INPRS' Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period. INPRS' relevant, non-privileged documents, if any, from or with these investment managers relating to INPRS' Transactions in Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period will be produced consistent with INPRS' Responses to Pluralsight's Document Requests, and in particular, Requests Nos. 3, 4, and 5.

**INTERROGATORY NO. 7:**

Without any restriction on date, Identify every lawsuit in which INPRS has moved for appointment as or served as a lead plaintiff, named representative, or class representative in a putative securities class action lawsuit.

**RESPONSE TO INTERROGATORY NO. 7:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because it seeks information pertaining to any putative securities class action without "any restriction on date" and beyond which is required to be disclosed under the PSLRA.

Subject to and without waiving the foregoing objections, in response to this Interrogatory, INPRS refers to and incorporates by reference Schedule A to the Updated Certification Pursuant to the Federal Securities Laws filed with Plaintiffs' First Amended Complaint, ECF No. 94-1, which sets forth the cases in which INPRS sought to serve as a lead plaintiff in an action filed under the federal securities laws in the three years preceding the certification, in accordance with 15 U.S.C. § 78u-4(a)(2)(A)(v). INPRS further states that since that time, INPRS has sought to serve as a lead plaintiff in the following additional putative securities class actions:

- *Alich v. Opendoor Technologies Inc.*, No. 22-cv-1717 (D. Ariz.)

- *Ray v. StoneCo Ltd.*, No. 21-cv-9260 (S.D.N.Y.)

- *McLeod v. InnovAge Holding Corp.*, No. 21-cv-2770 (D. Colo.)

- *Homyk v. ChemoCentryx, Inc.*, No. 21-cv-3343 (N.D. Cal.)

- *City of Riviera Beach General Employees Retirement System v. Royal Caribbean Cruises Ltd.*, No. 20-cv-24111 (S.D. Fla.)

- *Woldanski v. TuSimple Holdings Inc.*, No. 22-cv-9625 (S.D.N.Y.)

- *Das v. Unity Software Inc.*, No. 22-cv-3962 (N.D. Cal.)

- *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936 (S.D. Cal.)

**INTERROGATORY NO. 8:**

Without any restriction on date, Identify each lawsuit in which INPRS has been represented by Lead Counsel.

**RESPONSE TO INTERROGATORY NO. 8:**

INPRS objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. INPRS further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because it seeks information about any non-securities action without "any restriction on date" and without regard to its relevance to the claims or defenses in this case.

Subject to and without waiving that objection, in response to this Interrogatory, INPRS responds by identifying the actions identified in its response to Interrogatory No. 7 in which INPRS is represented by Cohen Milstein, in addition to this litigation:

- *McLeod v. InnovAge Holding Corp.*, No. 21-cv-2770 (D. Colo.)

- *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936 (S.D. Cal.)

**INTERROGATORY NO. 9:**

Without any restriction on date, provide a summary of all of the services that INPRS has received from Lead Counsel.

**RESPONSE TO INTERROGATORY NO. 9:**

INPRS objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. INPRS further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not

proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because it seeks information about any non-securities action without "any restriction on date" and without regard to its relevance to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, in response to this Interrogatory, INPRS states that Cohen Milstein has provided securities litigation portfolio monitoring services to INPRS. Additionally, Cohen Milstein currently represents INPRS in ongoing litigation in this matter and *McLeod v. InnovAge Holding Corp.*, No. 21-cv-2770 (D. Colo.), and is court-appointed Co-Lead Counsel for the lead plaintiffs including INPRS in *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936 (S.D. Cal.).

**INTERROGATORY NO. 10:**

Identify each current or former officer, director, employee, and agent of Pluralsight with whom INPRS has had Communications regarding Pluralsight and/or Pluralsight Securities, whether orally or in writing, including the date(s) on which INPRS had such Communications and a summary of the content of those Communications.

**RESPONSE TO INTERROGATORY NO. 10:**

INPRS objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. INPRS further objects to this Interrogatory the grounds that it seeks the "date(s)" and "summaries" of documents and information duplicative of documents and information sought by one of more of Defendant's other discovery requests, and therefore responding to it is unduly burdensome, cumulative, duplicative, and not proportional to the needs of this case. Additionally, INPRS objects to the extent this information is already in Defendant's possession, custody, or control.

Subject to and without waiving those objections, INPRS refers and incorporates by reference the responses and document(s) that will be produced consistent with INPRS' Responses

to Pluralsight's First Request for Production of Documents, and in particular, Requests Nos. 12, 19, 22, and 23.

**INTERROGATORY NO. 11:**

Identify all criminal charges, indictments, or convictions, civil lawsuits, judgments or settlements, and administrative or regulatory proceedings that involved allegations of wrongdoing, ethical violations, fraud, deceit, negligent misrepresentation, or other financial crimes, violations or offenses by INPRS.

**RESPONSE TO INTERROGATORY NO. 11:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because it seeks information about any proceedings or litigation without regard to its relevance to the claims or defenses in this Action. INPRS also objects to this Interrogatory as overbroad and unduly burdensome because it seeks documents and communications that are publicly available or otherwise equally available to Defendants as to INPRS.

**INTERROGATORY NO. 12:**

Identify the management, accounting, trading, and financial software that INPRS used or relied upon during the proposed class period through three months following INPRS' final Transaction in Pluralsight Securities.

**RESPONSE TO INTERROGATORY NO. 12:**

INPRS objects to this Interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because "the management, accounting, trading, and financial software that INPRS used or relied upon" during the period defined in the Interrogatory is

irrelevant to the claims or defenses in this Action.  INPRS further objects to this Interrogatory on the grounds that only INPRS' Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period are relevant to this case. INPRS further objects on the ground to the extent this Interrogatory seeks information from persons or entities distinct from INPRS and as such, seeks information not within INPRS' possession, custody, or control.

Subject to and without waiving those objections, INPRS responds by referring to and incorporating its response to Interrogatory No. 5. INPRS will not otherwise provide a response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all reports, schedules, analyses, charts, spreadsheets, and summaries that INPRS created or received in relation to investments in Securities during the proposed class period through three months following INPRS' final Transaction in Pluralsight Securities.

**RESPONSE TO INTERROGATORY NO. 13:**

INPRS objects to this Interrogatory as on the grounds that it is overbroad, vague, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses because only INPRS' Pluralsight common stock during the Class Period and the PSLRA's 90-day Look-Back Period are relevant to this case. INPRS further objects to this Interrogatory the grounds that it seeks the "date(s)" and "summaries" of documents and information duplicative of documents and information sought by one of more of Defendants' other discovery requests, and therefore responding to it is unduly burdensome, cumulative, duplicative, and not proportional to the needs of this case.

Subject to and without waiving those objections, INPRS refers and incorporates by reference the responses and document(s) that will be produced consistent with INPRS' Responses

to Pluralsight's First Request for Production of Documents, and in particular, Requests Nos. 6, 7, 11, 12, 13, 14, 15, 16, 17, and 18.

By /s/ Carol V. Gilden
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com


Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
William Wilder (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
wwilder@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, William Wilder, certify that on April 12, 2023, I caused a copy of the foregoing Responses and Objections to be delivered via email, pursuant to the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F), to all counsel of record in this Action.

*/s/ William Wilder*

William Wilder

DocuSign Envelope ID: 91C4AE78-816E-492F-A773-02C595B6BDBD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, | Case No. 1:19-cv-00128 |
| Plaintiffs, | District Judge David Barlow |
| v. | Magistrate Judge Daphne A. Oberg |
| PLURALSIGHT, INC. *et al.*, | |
| Defendants. | |

### VERIFICATION OF RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO INPRS

I, Jeffrey M. Gill, certify under penalty of perjury, under the laws of the United States, that the information concerning the Indiana Public Retirement System reflected in INPRS' Responses and Objections to Defendants' First Set of Interrogatories is true and correct, except as to those matters as to which I lack personal knowledge; and as to those matters for which information has been provided to me by INPRS' employees or agents, I state that INPRS' Responses and Objections are true and correct to the best of my information, belief, and knowledge.

Executed this __11th__ day of April, 2023.

DocuSigned by:

*Jeffrey M Gill*

FE6A14C33CA6402...

Jeffrey M. Gill
General Counsel
Indiana Public Retirement System