# Exhibit G

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

Stephanie L. Jensen

701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

O: 206.883.2556

sjensen@wsgr.com

June 28, 2023

***Via Email***

Jan Messerschmidt
Will Wilder
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005
jmesserschmidt@cohenmilstein.com
wwilder@cohenmilstein.com

> **Re:** ***Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago v. Pluralsight, Inc., et al.***

Messrs. Messerschmidt and Wilder:

Defendants write in response to Plaintiffs' May 3, 2023 letter regarding the April 26 and April 27, 2023 meet and confers between the parties concerning Defendants' First Set of Requests for Production ("RFPs"), Defendants' First Set of Interrogatories ("ROGs"), and Plaintiffs' Responses and Objections ("R&Os"). Defendants reserve all rights with respect to the RFPs and ROGs.

## I.    Global Issues

**Investment Manager Contracts and Related Documents**: Plaintiffs agreed to produce Plaintiffs' responsive investment manager contracts and related documents in effect during the Relevant Time Period. Plaintiffs produced certain investment manager contracts on June 16, 2023. Please confirm by July 3, 2023 that Plaintiffs have produced all contracts and related documents for any individual or entity involved—in any way—in Plaintiffs' investigations, discussions, evaluations, assessments, decisions, and transactions involving Pluralsight Securities during the Class Period and 90-day look-back period. Defendants note that there are numerous other investment professionals and managers listed in INPRS's and CTPF's annual reports that have nonetheless been excluded from Plaintiffs' responses to the ROGs and/or for which documents have not yet been produced. *See* 2018 INPRS Comprehensive Annual Financial Report at 137; 2019 INPRS Comprehensive Annual Financial Report at 119; 2018 CTPF Comprehensive Annual Financial Report at 65; 2019 CTPF Comprehensive Annual Financial Report at 66.

**Documents Outside of Possession Custody, or Control**: Plaintiffs stated that their investment managers were solely responsible for decisions to engage in transactions in Pluralsight Securities, and as a result, Plaintiffs do not have relevant documents within their possession, custody, or control responsive to many Requests for Production. Defendants reserve the right to challenge this position after review of Plaintiffs' full production of the investment manager contracts and related documents.

## II.    Specific ROGs and Responses

**All Interrogatories**: Defendants reserve all rights with respect to the ROGs until Plaintiffs produce all responsive investment manager contracts and related documents. Please provide

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
June 28, 2023
Page 2

Defendants a status update by July 3 regarding whether there are any additional investment manager contracts or related documents that Plaintiffs plan to produce. Once Defendants receive these necessary documents, they will evaluate whether an additional meet and confer is necessary regarding Plaintiffs' R&Os.

**Interrogatory No. 11**:  Defendants agreed to limit the language of this interrogatory to "Identify all criminal charges, indictments, or convictions, civil lawsuits, judgements or settlements, and administrative or regulatory proceedings that involved allegations of ethical violations, fraud, deceit, negligent misrepresentation, or other financial crimes by" CTPF or INPRS, for their respective Interrogatory.  Defendants request that Plaintiffs respond to this interrogatory by July 3.

### III.    Specific RFPs and Responses

**All Requests for Production**:  Defendants reserve all rights with respect to the RFPs until Plaintiffs produce all responsive investment manager contracts and related documents.  Once Defendants receive these necessary documents, they will evaluate whether an additional meet and confer is necessary regarding Plaintiffs' R&Os.

**Request Nos. 1, 8, 14, 16, 19, 22, 26, and 33**:  The parties are in agreement as to the scope of these RFPs.  Defendants reserve all rights.

**Request No. 2**:  Plaintiffs' April 26 letter states that Plaintiffs "agree to produce documents that they may use to support their claims or defenses that are not equally available to Defendants." Defendants did not agree to this narrowing and maintain their request for all documents Plaintiffs may use to support their claims or defenses that are within Plaintiffs' possession, custody, or control.  Please confirm by July 3 that Plaintiffs will produce these documents.

**Request Nos. 3-5**:  Defendants agreed to defer discussion on the scope of these Requests until after Plaintiffs produce documents sufficient to show their corporate structure and investment manager contracts.  Plaintiffs produced certain investment manager contracts and corporate structure documents on June 16.  Please advise by July 3 whether Plaintiffs have produced documents sufficient to show their corporate structure and all investment manager contracts.

**Request Nos. 6 and 7**:  Defendants do not accept Plaintiffs' attempt to limit these Requests to the Class Period.  However, Defendants will agree to limit this request to the Class Period and the 90-day look-back period.  Please advise by July 3 whether Plaintiffs will agree to this relevant time period for Request Nos. 6 and 7.

**Request Nos. 9 and 21**:  Plaintiffs provided the hyperlinks to CTPF's and INPS's comprehensive annual reports.  This is responsive to Request No. 9, but it is not responsive to Request No. 21.  Please confirm by July 3 that Plaintiffs will produce documents responsive to Request No. 21.

**Request No. 10**:  Plaintiffs agreed to determine whether quarterly reports and monthly reports during fiscal years 2018 and 2019 exist for INPRS and CTPF.  Please provide Defendants an update on this Request no later than July 3.  If such reports do exist, Defendants maintain their request for Plaintiffs to produce them.

**Request No. 11**:  Plaintiffs stated that they will produce responsive contracts with their investment managers responsible for the investments in Pluralsight securities during the Class Period. Defendants do not agree to limit this Request to the Class Period, but Defendants will compromise on

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
June 28, 2023
Page 3

a responsive time period that is limited to the Class Period and the 90-day look-back period. Please respond no later than July 3 as to whether Plaintiffs will agree to this time period. Defendants will agree to defer discussion on the remaining documents covered by this Request pending the production of those documents. Plaintiffs produced certain investment manager contracts on June 16. Please advise by July 3 whether Plaintiffs plan to produce additional documents.

**Request No. 12**: During the meet and confer between the parties, Plaintiffs stated that when they committed to produce responsive "internal communications" in Plaintiffs' R&Os, that included communications between Plaintiffs and external parties. Please confirm by July 3 that this is Plaintiffs' understanding of the scope of their response.

**Request No. 13**: During the meet and confer between the parties, Plaintiffs agreed to produce non-privileged responsive documents—not just documents concerning Plaintiffs' transactions in Pluralsight common stock. Please confirm by July 3 that this is Plaintiffs' understanding of the agreement.

**Request No. 15**: During the meet and confer between the parties, Plaintiffs stated that they would produce documents sufficient to show Plaintiffs' transactions in Pluralsight securities during the Class Period and 90-day look-back period, including records indicating the date of the transaction, the nature of transaction, the type of security involved, the amount of securities transacted, and the price of the securities in each transaction. Please confirm by July 3 that this is Plaintiffs' understanding of the agreement.

**Request No. 17**: During the meet and confer between the parties, Plaintiffs agreed to produce non-privileged documents reflecting any valuation of Pluralsight Securities during the Class Period and the PSLRA's 90-day look-back period, to the extent such documents exist. Please confirm by July 3 that this is Plaintiffs' understanding of the agreement.

**Request Nos. 18 and 24**: Plaintiffs R&Os indicated that Plaintiffs would provide responsive information for the Class Period and the 90-day lookback period. Plaintiffs May 3, 2023 letter indicated that Plaintiffs had only agreed to produce documents for the Class Period. Please confirm by July 3 that Plaintiffs will produce documents for the Class Period and the 90-day lookback period, as indicated in Plaintiffs R&Os.

**Request No. 20**: Plaintiffs agreed to provide documents showing returns on transactions. The parties have agreed to defer further discussion on this Request until after Plaintiffs produce Pluralsight common stock transaction records. Please provide Defendants an update on the status of this production and produce the documents by July 3.

**Request No. 23**: The parties agreed to defer further discussion about this Request to a future discussion about search terms. Please confirm by July 3 that this is Plaintiffs' understanding of the agreement.

**Request No. 25**: Defendants understand that Plaintiffs' position is that all documents responsive to this Request would be protected by the attorney-client privilege. Defendants reserve their right to insist on the production of non-privileged documents responsive to this Request at a later date.

**Request No. 27**: During the meet and confer between the parties, Plaintiffs agreed to search for and produce documents responsive to this Request to the extent Plaintiffs engaged in non-

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
June 28, 2023
Page 4

privileged conversations about this lawsuit.  Please confirm by July 3 that this is Plaintiffs' understanding of the scope of their response.

**Request No. 28**:  Plaintiffs' April 26 letter states that Plaintiffs "undertook to confirm which cases listed in the R&Os involved either client sitting for a deposition."  Defendants request that Plaintiffs provide this information by July 3.

**Request No. 29**:  The parties agreed to defer discussions on this Request until after Plaintiffs provide Defendants with the information relevant to Request No. 28.

**Request No. 30**:  Plaintiffs agreed to identify opt-outs by either client within the past five years.  Defendants request that Plaintiffs provide this information by July 3.

**Request Nos. 31 and 32**:  Plaintiffs confirmed their position that they will not produce documents in response to these Requests, except that Plaintiffs will produce the retention agreements for this litigation.  Defendants reserve their right to insist on the production of non-privileged documents responsive to this Request at a later date.

\*        \*        \*

Please let us know Plaintiffs' position on each of the issues raised above no later than July 3.  This letter confirms that the parties are continuing to meet and confer in good faith in an effort to eliminate the need for motion practice or to eliminate as many of the disputes as possible.  Defendants reserve all rights with respect to the RFPs and ROGs.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Stephanie L. Jensen*

Stephanie L. Jensen