# Exhibit J

**Redacted Version**

**COHENMILSTEIN**

Jan Messerschmidt

(202) 408-3644

jmeserschmidt@cohenmilstein.com

July 24, 2023

Stephanie L. Jensen
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

Re:     <em>Indiana Public Retirement Sys. et al. v. Pluralsight, Inc. et al.,</em> 1:19-cv-00128 (D. Utah)

Dear Stephanie:

We write in response to Defendants' July 11 and July 21, 2023 letters about Defendants' First Set of Requests for Production ("Requests") and First Set of Interrogatories ("Interrogatories"). We reserve all rights regarding our Responses and Objections to these Requests.

## I.   General Responses

With the production of CTPF PROD003, CTPF PROD004, CTPF PROD005, and CTPF PROD006 over the past week, CTPF's production of documents in response to Defendants' First Set of Requests for Production is substantially complete. If Defendants have any questions, please let us know.

Plaintiffs are in the process of reviewing INPRS's remaining documents for production. Plaintiffs will endeavor to substantially complete INPRS's production in response to Defendants' First Set of Requests for Production in the coming weeks.

## II.   Defendants' New Requests

In your July 21 letter, Defendants assert four new document requests to CTPF that seek documents that Defendants never requested, that are publicly available, and which CTPF never agreed to produce.

First, Defendants never asked for documents about the "role" of CTPF's investment consultant, █████, "during the relevant timeframe," including its "contract with CTPF," "communications" with CTPF about "investment managers" or "domestic equities," "records of presentations to CTPF's Board", and "minutes of Board meetings during which those presentations took place." To the contrary, Requests 11 and 12— the two document requests that you rely on—were specifically limited to documents concerning CTPF's

COHENMILSTEIN

July 24, 2023
Page 2

transactions in "Pluralsight securities."[1] And in response to these requests, CTPF agreed to conduct a reasonable search of its files and produce "relevant contracts with *its investment managers* responsible for the *investments in Pluralsight securities during the Class Period"* and ""internal communications, discussions, or analyses of *Pluralsight securities or transactions in Pluralsight securities."* CTPF R&Os at 12-13 (emphases added).[2] ████ was not involved in CTPF's transactions in Pluralsight securities and CTPF has produced all documents it agreed to produce in response to these Requests.[3] CTPF will not produce any additional documents in responses to these Requests.

Second, Defendants have never asked for "minutes" or "presentations" for Board meetings "during which ██████████████████████████████████████████, was discussed or mentioned." Indeed, in your July 21 letter, you fail to point to a single document request that seeks such a broad swath of documents—and that's because no such request exists. Nor would such an overbroad request be proper. That said, Plaintiffs note that CTPF's Board minutes are publicly available online and have been readily available to Defendants since the start of discovery.[4] CTPF will not produce any documents in response to this new Request.

Third, Defendants did not request CTPF's Securities Litigation Policy, which is not responsive to Request 25.[5] Nor, for that matter, did Plaintiffs agree to produce documents responsive to Request 25. During our April 26 meeting, we explained that "all documents sought by Request 25 during the Relevant Time Period, to the extent they exist, would be privileged." Pls 5/3 Ltr. at 3. That said, Plaintiffs note that CTPF's Securities Litigation Policy—including the current effective policy and the policy effective during the

---

[1] Request 11 sought documents "sufficient to identify" the persons and entities involved in CTPF's decisions to purchase or sell "Pluralsight securities." Similarly, Request 12 sought documents reflecting communications "about *Pluralsight Securities or Transactions in Pluralsight Securities."*

[2] Further, in our April 26 meeting on the Requests, as documented in our May 3 letter, Plaintiffs explained that they would "produce the *investment manager* contracts" in response to Request 11. Pls 5/3 Ltr. re Defs RFPs at 2 (emphasis added).

[3] As CTPF testified, Callan was a "consultant, which is different than your investment manager" and which was not involved in "any investing," but provide "every other quarter…[a] very high level update on performance of the portfolio."

[4] *See* Board of Trustees Meeting Minutes, *available at* https://www.ctpf.org/forms-publications/board-trustees-meeting-minutes.

[5] CTPF did *not,* as you incorrectly claim, testify that it "reviews" its Securities Litigation Policy "prior to participating or joining in any securities litigation lawsuit, including this one." To the contrary, in response to Defendants' question as to what CTPF did "to familiarize itself with the responsibilities of lead Plaintiffs prior to undertaking that in this action," CTPF testified that "[w]e have a securities litigation policy that the Board has adopted, *so we are very familiar with the responsibilities of a lead Plaintiff,* including reviewing all the pleadings and monitoring the attorneys, attending, in Dan's case, arbitrations, meetings, et cetera, as it relates to the case."

COHENMILSTEIN

July 24, 2023
Page 3

Relevant Time Period—is publicly available online and has been since the start of discovery.[6] CTPF will not produce any other documents in response to this Request.

Fourth, in CTPF's responses and objections, we explicitly refused to produce documents responsive to Requests 31 and 32, explaining during our April 26 meeting that "all documents sought by these RFPs are privileged, that these RFPs are overbroad, and that documents will not be produced in response to these RFPs, except that Plaintiffs will produce retention agreements for this litigation." Pls. 5/3 Ltr. at 3. CTPF has produced its retention agreement with Cohen Milstein as CTPF PROD005. Plaintiffs will produce INPRS's retention agreement with Cohen Milstein related to this litigation as part of the forthcoming INPRS document production.

In short, Defendants have had months to pursue these documents, most of which are publicly available. Defendants' belated requests for these documents now are unreasonable, overbroad, and improper.

### III. Requests for Production

**Request No. 3:** Plaintiffs stand on our position that we have satisfied our obligations under this Request. Plaintiffs have produced documents sufficient to show corporate structure and responsibility for securities transactions for both CTPF and INPRS. The suggestion that Plaintiffs have failed to satisfy their obligations in response to this Request simply because CTPF and INPRS did not produce identical documents is irrational. Defendants have all documents they need in response to this Request.

**Requests Nos. 6 & 7:** Plaintiffs produced CTPF's investment policy statement in CTPF PROD003 on July 13, 2023.

Otherwise, Plaintiffs stand on their existing Responses and Objections and previously produced documents in response to these Requests. As discussed above, Plaintiffs never agreed to produce investment consultant contracts. To the extent that Plaintiffs produced any additional document beyond our obligations in response to these Requests, for example with INPRS's production, that did not constitute a waiver of any agreement or objection, or an indication that we consider investment consultant contracts relevant to this case. Moreover, with the production of CTPF PROD003 and CTPF PROD004, Defendants have all documents they need to determine corporate structure and responsibility as it relates to transactions in Pluralsight securities for both CTPF and INPRS.

**Request No. 10:** As we have previously stated, we have agreed to produce quarterly or monthly financial reports from the Relevant Time Period specified in Defendants' Requests to the extent these documents exist.

---

[6] *See* Securities Litigation Policy, Oct. 21, 2021, *available at* https://www.ctpf.org/sites/files/2021-10/Securities%20Litigation%20Policy%2010.21.21.pdf; Securities Litigation Policy, October 2016, *available at* https://www.ctpf.org/sites/files/2020-10/securities_litigation_policy_-_october_2016.pdf.

COHENMILSTEIN

July 24, 2023
Page 4

**Request No. 11:** Plaintiffs reiterate their response to Request #6. Plaintiffs never agreed to produce investment consultant contracts, and the prior production of any additional document beyond our obligations in response to these Requests did not constitute a waiver of any agreement or objection.

Regarding the production of exhibits purportedly not included in CTPF's document production, Plaintiffs direct Defendants to ZCI-PLU000065 through ZCI-PLU000090, which appear to satisfy Defendants' request.

Regarding the production of any information purportedly not included in INPRS's document production, Plaintiffs will investigate the matter and endeavor to respond with INPRS's forthcoming productions.

**Request Nos. 12, 13, 17, 18, 24, & 27:** Defendants served their First Set of Requests for Production on March 21, 2023—almost four months ago. And in compliance with Section 5.1(a) of the ESI Order, Plaintiffs disclosed priority document custodians on June 6, 2023. At no point in the past four months have Defendants attempted to schedule a meet and confer to further discuss search terms or custodians. Defendants' attempt to begin these discussions now, in the final stretch of class certification discovery, is not well-taken. Plaintiffs undertook a good faith, reasonable search of their files in response to these Requests and have met their obligations. If Defendants have further questions about this search, Plaintiffs are happy to discuss, but will not allow Defendants' failure to raise these issues months ago to further delay the proceedings in this case.

**Request No. 15:** Plaintiffs have provided Defendants with sufficient information to identify all transactions in Pluralsight securities during the Class Period and the PSLRA 90-day look-back period. As an example, Plaintiffs direct Defendants to the previously produced pages with Bates numbers CTPF-PS-000170 and CTPF-PS-000171. The "B" above each transaction on PS-000170 indicates that the transactions were purchases. The "S" above each transaction on PS-000171 indicates that the transactions were sales. The other information Defendants seek is obvious in each transaction row. Plaintiffs have satisfied their obligations in response to this Request.

**Request No. 20:** With the production of CTPF PROD003 and CTPF PROD004, CTPF has produced documents sufficient to identify the effect of Pluralsight securities on the overall health of the fund. INPRS's production in response to this Request is forthcoming.

**Request No. 21:** Defendants have made no effort to clarify the meaning of the phrase "tax benefit." Plaintiffs stand on their objections to this Request as written. As reflected in Plaintiffs' responses, Plaintiffs object to this Request on the grounds that it seeks information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request on the ground that the undefined term "tax benefit" is vague and ambiguous and the ordinary usage of the term does not make it clear what Pluralsight seeks. Plaintiffs further object to this Request to the extent that it seeks documents protected by attorney client privilege and the attorney-work product doctrine.

**Request No. 23:** Plaintiffs have conducted a reasonable search of their files and have not identified any non-privileged documents responsive to this Request.

**COHEN**MILSTEIN

July 24, 2023
Page 5

**Request No. 28:** Plaintiff CTPF has sat for a deposition in the following cases listed in Plaintiffs' PSLRA Certification, Dkt. No. 94-2: *In re RH, Inc. Securities Litigation*, No. 4:17-cv-00554 (N.D. Cal.).

We will endeavor to respond regarding depositions that Plaintiff INPRS has sat for in cases listed in their PSLRA Certification, Dkt. No. 94-1, in the next week.

**Request No. 30:** Plaintiff INPRS has not objected to or opted out of any securities class action settlement in the past five years. Plaintiff CTPF has opted out of one securities class action settlement in the past five years: *In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.).

**Requests Nos. 31 & 32:** As noted above and as Plaintiffs have repeatedly made clear, we will not produce documents related to portfolio monitoring services and stand by that objection. All documents related to portfolio monitoring services are protected by attorney-client privilege. Moreover, as Plaintiffs have made clear numerous times, both Plaintiffs in this case have certified that they will not receive any compensation for this case beyond their pro rata share of the recovery and reimbursement of costs.

Plaintiffs have produced CTPF's retention agreement with Cohen Milstein related to this litigation as CTPF PROD005. Plaintiffs will produce INPRS's retention agreement with Cohen Milstein related to this litigation as part of the forthcoming INPRS document production.

## IV. Interrogatories

**Interrogatories Nos. 3, 4, 5, & 6:** INPRS's Supplemental Interrogatory Responses have been served today, and as indicated earlier, included updates to the Responses to Interrogatories Nos. 3, 4, 5, and 6 concerning Leading Edge and Granahan Investment Management.

**Interrogatories Nos. 7 and 8:** Plaintiffs stand on their objections to these Interrogatories. Plaintiffs have objected to these Interrogatories on the grounds that they are overbroad, unduly burdensome, not proportional to the needs of the case, and seek information that is not relevant to any party's claims or defenses because they seek information pertaining to any putative securities class action without "any restriction on date" and beyond which is required to be disclosed under the PSLRA.

**Interrogatory No. 11:** Plaintiff INPRS did not identify any cases that fit the agreed-upon scope of this Interrogatory. Plaintiff CTPF identified one case that fit the agreed-upon scope of this interrogatory: *Albert Thomas v. Chicago Teachers' Pension Fund*, 21 C 1844 (N.D. Ill. 2021).

Very truly yours,
*/s/ Jan Messerschmidt*