Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC. *et al.*,<br><br>       Defendants. | **LEAD PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CERTIFY THE CLASS**<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

### INTRODUCTION

Lead Plaintiffs Indiana Public Retirement System ("INPRS") and the Public School Teachers Pension and Retirement Fund of Chicago ("CTPF") (collectively, "Plaintiffs") submit this reply in support of their Motion for Class Certification and Appointment of Class Representatives and Class Counsel, filed on March 3, 2023, ECF No. 177 ("Motion" or "Mot."). After extensive discovery, which included two extensions of time for Defendants to file an opposition to class certification, Defendants informed the Court that they "take no position on the Motion." ECF No. 213.

It is hardly surprising that Defendants are not opposing class certification, because securities cases like this one are ideally suited for class treatment. As Plaintiffs showed in their opening brief, this case (like most securities cases) easily satisfies each of the requirements of Federal Rule 23. The numerosity,

1

commonality, and typicality requirements of Rule 23(a) are met because Plaintiffs' claims arise from the same facts and law as the claims of the class, which consists of likely thousands of investors across the country. Mot. at 9-12. And Rule 23(a)'s adequacy requirement is met because Plaintiffs and Lead Counsel have no conflicts of interest with other class members, their interests align with the class, and they have already vigorously prosecuted this action on behalf of the class for nearly four years. *Id.* at 12-14. Further, Rule 23(b)'s predominance and superiority requirements are met because issues common to the Class, including falsity, materiality, loss causation, and reliance, predominate over individual issues, *id.* at 14-21, and most potential class members likely suffered losses that are insufficiently large to justify bringing separate, individual actions, *id.* at 22.

For these reasons, Plaintiffs ask that the Court certify the proposed Class, appoint Lead Plaintiffs as Class Representatives, and appoint Cohen Milstein as Class Counsel.

## ARGUMENT

### I.  The Proposed Class Satisfies the Numerosity, Commonality, Typicality, and Adequacy Requirements of Rule 23(a)

The proposed Class meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

***Numerosity.*** The proposed class satisfies the numerosity requirement, because as Plaintiffs' expert, Chad Coffman, showed in his report, Pluralsight had as many as 101 million shares of Pluralsight Class A stock issued and outstanding during the Class Period, with an average weekly trading volume on the Nasdaq Global Select Market ("NASDAQ") of 8.51 million shares, meaning class members likely number in at least the thousands. Exhibit A to the Declaration of Carol Gilden in Support of Plaintiffs' Motion for Class Certification, ECF No. 178-1 ("Coffman Rpt"). *See In re Myriad Genetics, Inc. Sec. Litig.*, 2021 WL 5882259, at *2—5 (D. Utah Dec. 13, 2021) (Barlow, J.) (explaining that "[t]he numerosity requirement of Rule 23 is satisfied in a securities fraud case" where, as here, "the stock at

issue is nationally traded.'" *Myriad Genetics*, 2021 WL 5882259, at *2 (citing *McEwen v. Digitran Sys., Inc.*, 160 F.R.D. 631, 636 (D. Utah 1994)).

*Commonality.* Likewise, all the class member's claims revolve around common facts and law: (1) the Class's claims under Section 10(b) of the Exchange Act arise from Defendants' statement that Pluralsight's sales force had grown to "about 250" representatives at the start of the Class Period; (2) the claims under Section 20(a) of the Exchange Act depend on whether Defendants Skonnard and Budge had the power and ability to control the actions of Pluralsight and its employees, and (3) the insider trading claims under Section 20A of the Exchange Act all involve whether Defendants Skonnard and Budge traded Pluralsight securities on the basis of material nonpublic information. *See* Opening Brief at 10-11. *Myriad Genetics*, 2021 WL 5882259, at *2 (finding commonality met for similar securities claims and noting that Plaintiffs "need only present 'a single common question' of law and fact to meet the commonality requirement").

*Typicality.* The typicality requirement is met because the three claims that Plaintiffs make here— securities fraud, controlling persons liability, and insider trading—all "arise from the Defendants' alleged materially misleading statements" and "trading securities while in possession of material nonpublic information." *Myriad Genetics*, 2021 WL 5882259, at *3.

*Adequacy.* Finally, Plaintiffs and Lead Counsel satisfy the adequacy requirement because they have no conflicts of interest with other class members, their "interest in establishing Defendants' liability and obtaining the maximum recovery is aligned with the interests of the other class members," and they have already proven that they have "vigorously prosected the action on behalf of the class." *Oregon Laborers Emp. Pension Tr. Fund v. Maxar Tech. Inc.*, 2021 WL 3021461, at *2 (D. Colo. July 16, 2021). As institutional investors, Plaintiffs have extensive experience with serving as class representatives in securities litigation and have vigorously prosecuted this action on behalf of the class for nearly four years, fully briefing a motion to dismiss, successfully appealing the district court's dismissal ruling

to the Tenth Circuit, filing multiple amended complaints, and pursuing discovery from Defendants. Mot. 13. Throughout that time, Plaintiffs have reviewed all significant filings, engaged in regular discussions with Cohen Milstein about strategy, and demonstrated their understanding of their fiduciary duty to all members of the proposed Class. *See Id.* And Plaintiffs' have continued to aggressively pursue this action on the Class's behalf since filing their Motion, sitting for depositions and producing documents, and overseeing counsel's conducting of discovery on behalf of the Plaintiffs and proposed Class.

## II. The Proposed Class Satisfies the Predominance and Superiority Requirements of Rule 23(b)(3)

The proposed Class also satisfies the predominance and superiority requirements of Rule 23(b)(3). Mot 14-22.

In connection with their Motion, Plaintiffs submitted an extensive expert report from Mr. Coffman, a nationally recognized expert on market efficiency who has submitted testimony about market efficiency in dozens of cases and has served as a neutral expert for prominent mediators and as a consultant for the American Stock Exchange.  Coffman Report, Appendix B. In his report, Mr. Coffman showed that the proposed Class is entitled to the presumption of reliance under *Basic v. Levinson*, 485 U.S. 224 (1988) and that damages can be calculated on a class-wide basis. *See id.* at Mot. at 15-21; Coffman Report at 8-10. The strength of Mr. Coffman's conclusions are only bolstered by the fact that Defendants did not even try to dispute them, choosing not to depose Mr. Coffman or to submit their own expert report or testimony challenging Mr. Coffman's reasoning or analysis.

Finally, the proposed class satisfies the superiority requirement because (1) most potential class members likely suffered losses that are too small to justify bringing separate and individual actions, Mot. 22; Coffman Report ¶ 72; (2) Plaintiffs and Lead Counsel are unaware of any class members that would prefer to prosecute their claims individually, Mot. 22; (3) resolving class members' claims in

this Court prevents inconsistent adjudication and promotes judicial efficiency; and (4) managing this case as a class action presents no unusual difficulties, *id.*

### III. Cohen Milstein Should Be Appointed Class Counsel

As Lead Counsel, Cohen Milstein has vigorously litigated this matter for nearly four years, including fully briefing a motion to dismiss, successfully appealing the district court's dismissal ruling to the Tenth Circuit, serving document requests, negotiating the scope of Plaintiffs' discovery requests with Defendants, filing a motion to compel discovery from Defendants, responding to Defendants' Request for Production and Interrogatories, defending Rule 30(b)(6) depositions of INPRS and CTPF, participating in depositions of three of the Plaintiffs' investment managers, and serving subpoenas on third parties. Cohen Milstein has shown that it has the resources and experience to effectively pursue and vigorously prosecute the claims on behalf of the proposed Class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) (stating that in appointing class counsel, the Court should consider counsel's work "in identifying or investigating potential claims in the action," "counsel's experience in handling class actions," "counsel's knowledge of the applicable law" and "the resources that counsel will commit to representing the class")

### CONCLUSION

For these reasons and those set forth in Plaintiffs' opening brief, the Court should certify this action as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiffs as representatives of the Class and Cohen Milstein as Class Counsel.

Dated: September 13. 2023

By */s/ Carol V. Gilden*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
William Wilder (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
wwilder@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification to all parties of record.

/s/ *William Wilder*
William Wilder