Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC. *et al.*,<br><br>Defendants. | **LEAD PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS TO PRODUCE AUDIT-RELATED DOCUMENTS**<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Lead Plaintiffs move to compel Defendants to produce documents responsive to Requests 17 and 18 of their requests for documents, related to the audits and interim reviews conducted by Pluralsight's outside auditors, PricewaterhouseCoopers ("PwC") and Ernst & Young ("EY").[1] Defendants have refused to agree to search terms to identify documents specifically responsive to these requests, stating that they will "not agree to any special search terms for these Requests, including search terms that refer to Pluralsight's outside auditors."[2] Defendants have articulated no plausible justification for this

---

[1] Declaration of Jan Messerschmidt, filed concurrently with this Motion, at ¶¶3-5.
[2] *Id.* ¶28.

1

refusal, which has been proven by other discovery showing that documents responsive to Requests 17 and 18 seek relevant information, including:

- Defendants have produced documents showing that PwC: (1) conducted quarterly reviews of Pluralsight's disclosures, (2) attended and gave presentations during audit committee meetings, and (3) evaluated Pluralsight's internal control over financial reporting.[3]

- In June and August 2023, EY and PwC produced documents to Plaintiffs, which showed that: (1) PwC and EY identified fraud risks relating to revenue controls; (2) EY and PwC reviewed Pluralsight's disclosures of billings, revenue, employee headcount, and sales expenses; and (3) EY reviewed Pluralsight's insider trading policy.[4]

- EY's documents also revealed that the SEC investigated certain trades by Defendant Aaron Skonnard that are at issue in this action.[5] Defendants' counsel previously represented to Plaintiffs that "during the class period Pluralsight did not receive inquiries from the SEC…regarding issues relevant to this case" even though EY's documents showed Defendants received such inquiries less than six weeks after the class period.[6] For months, Plaintiffs requested that Defendants confirm whether an SEC inquiry took place, but it was not until Plaintiffs obtained proof of the investigation from EY that Defendants finally acknowledged its existence.[7]

- When Defendants finally produced certain documents related to the SEC investigation, they also produced documents they had provided to FINRA, including a list identifying

---

[3] *Id.* ¶16.
[4] *Id.* ¶17-18.
[5] *Id.* ¶19.
[6] *Id.* ¶¶6, 19-26.
[7] *Id.* ¶¶19-23 & nn.7-10.

        nine PwC auditors as among the people that Pluralsight "believes participated in or were privy to information about events leading up to" the July 31, 2019 disclosure at issue in this case.[8]

Defendants do not (and cannot) dispute that Requests 17 and 18 seek relevant information.[9] Nor have they provided any justification, much less any cognizable burden, for prematurely refusing to even consider audit-related search terms before the parties have even begun search term negotiations.[10] That refusal risks failing to identify swaths of responsive documents without the parties even knowing about them. In contrast, considering audit-related terms imposes no greater burden than any other potential search term, which should be all evaluated in the same way: their capacity for identifying additional responsive information and excluding nonresponsive information.

    For these reasons, Plaintiffs request that the Court grant their motion and order Defendants to produce documents specifically responsive to Requests 17 and 18.

---

[8] *Id.* ¶25.
[9] *Id.* ¶30.
[10] *Id.*

Dated: September 18, 2023

By /s/ Carol V. Gilden
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*

**CERTIFICATE UNDER DUCivR 37-1**

I certify that the parties made reasonable efforts to reach agreement on the disputed matters described herein by meeting and conferring as follows: (a) meetings via phone or videoconference on April 3 & 27 and June 8, 2023, which included Jan Messerschmidt and William Wilder on behalf of Plaintiffs and Stephanie Jensen and Caitlin McKelvie on behalf of Defendants; and (b) written correspondence between the parties dated April 4 & 15, May 3, 9 & 10, June 14 & 24, July 3 & 26, and August 2, 2023.

*/s/ Jan E. Messerschmidt*
Jan E. Messerschmidt

## CERTIFICATE OF SERVICE

I certify that on September 18, 2023, I caused a copy of the foregoing motion to be delivered via email, pursuant to the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F), to all counsel of record in this Action.

*/s/ Jan E. Messerschmidt*
Jan E. Messerschmidt
