# Exhibit M

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

Stephanie L. Jensen

701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

O: 206.883.2556

sjensen@wsgr.com

July 26, 2023

***Via Email***

Jan Messerschmidt
Will Wilder
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005
jmesserschmidt@cohenmilstein.com
wwilder@cohenmilstein.com

> **Re:**  ***Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago v. Pluralsight, Inc., et al.***

Mr. Messerschmidt:

I write in response to your July 3, 2023 letter regarding Plaintiffs' First Set of Requests for Production ("RFPs") and Defendants' Responses and Objections ("R&Os").  Nothing in this letter should be taken as a waiver of Defendants' objections in response to Plaintiffs' RFPs.

## I.    Request Nos. 5, 6, 15, 19, 21, 22, 27, 32, 33, 37, and 38

Your letter indicates that Plaintiffs are refusing to negotiate further on these eleven requests for production and will instead pursue a motion to compel.  You appear to be arguing that Defendants somehow agreed to waive all of their objections and produce documents in response to each of these requests "in full" and "as written" based *solely* on the fact that Defendants did not respond to Plaintiffs' April 15 and May 3 letters in the timeframe you dictated.  That is not how discovery works.  As you know, I emailed you directly on May 9 and proposed that the parties postpone their negotiations on the RFPs "[i]n order for both sides to be prepared for the mediation later this month."  The mediation took place on May 31.  Immediately after the mediation, we resumed our negotiations, and the parties met and conferred on June 8.  During the meet and confer, Defendants clearly communicated to Plaintiffs that we disagreed with the statements in Plaintiffs' April 15 and May 3 letters which claimed that Defendants had agreed to produce documents in response to these requests "in full as written" — a position clearly communicated to Plaintiffs in Defendants' April 4 letter memorializing Defendants' understanding that subject to resolution of time period, custodians, and search terms, "Plaintiffs did not otherwise object to Defendants' Responses."  Defendants explained this disagreement further in our June 24 letter, which attempted to memorialize comprehensively the parties' negotiations on Plaintiffs' RFPs to date.

To be clear:  Defendants are not interested in causing unnecessary delay or increasing the cost of this litigation.  Nor are Defendants interested in burdening the Court with unnecessary motion practice—particularly over a dispute of the parties' own making.  Defendants are willing to produce documents in response to each of these requests as memorialized in our June 24 letter.

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
July 26, 2023
Page 2

## II.        Relevant Time Period

Your letter does not address the parties' negotiations on the relevant time period.  Nor does it respond to Defendants' compromise proposal set forth in our June 24 letter.  Nonetheless, Plaintiffs moved to compel on this issue today and we will respond to the Court in accordance with the local rules.

## III.        Production Readability Issues

Defendants have produced replacement copies of documents with the Bates labels PS00000120, PS00001322, PS00001731, and PS00002232.  For the few documents with underlying text that was not properly extracted or OCR'd, our technical experts have confirmed that these issues were caused by corruption in the original files.  We attempted text extraction in multiple platforms and encountered the same issues.

## IV.        Cloud Links

Defendants reiterate that cloud links are not attachments.  In our June 24 letter, we cited case law supporting our position.  We also pointed out that the express language of the ESI Protocol—to which all parties agreed—does not require the Defendants to treat cloud links as attachments.  Plaintiffs could have negotiated different language in the ESI Protocol, but chose not to.  *Cf. In re Stubhub Refund Litig.*, No. 20-md-02951-HSG (TSH), 2023 U.S. Dist. LEXIS 74007, at *5 (N.D. Cal. Apr. 25, 2023) (noting that the parties agreed to treat links as attachments in the ESI Protocol).

While we appreciate your references to document collection vendors in your email, Defendants have already engaged a document collection vendor and worked with that vendor extensively.

Assuming Plaintiffs are willing to compromise, Defendants are willing to meet and confer on this matter again.  Defendants may be willing to agree to a protocol whereby Plaintiffs can request the production of certain cloud links Plaintiffs reasonably believe point to responsive data.  Such a protocol would have to be particularized and limited to a reasonable number of documents.  But Defendants will not agree to treat and produce all cloud links as attachments.

## V.        Non-Custodial, Third-Party, and Inaccessible Data Sources

We will endeavor to complete our initial disclosure by the end of this week.  We will keep you apprised to the extent we run into difficulties in obtaining the needed information.

## VI.        Remaining Specific Requests

A. <u>Request Nos. 1-2</u>:  Our June 24 letter did not intend to "mischaracterize[] the text of Plaintiffs' June 14 letter," but instead was an honest reflection of the ambiguity caused by your representation that Defendants agreed to produce documents in response to these Requests "in full as written."  Please advise whether Defendants' proffered production in our July 24 letter satisfies what Plaintiffs seek with these Requests.

B. <u>Request No. 3</u>: We appreciate Plaintiffs' willingness to compromise on this Request.  With Plaintiffs' compromise, Defendants understand that they have complied with Request No. 3 in full (subject to Plaintiffs reserving their rights to seek additional production at a later date).

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
July 26, 2023
Page 3

C.  Request No. 4:  The justification for Defendants' refusal to produce documents responsive to this request is documented in Defendants' R&Os.  To date, Plaintiffs have not provided Defendants a rationale for why the discovery sought by this Request is relevant to the claims or defenses in this case.

D.  Request No. 7:  While Plaintiffs characterize this Request as being limited to "documents sufficient to identify," Plaintiffs' April 15 letter requested responsive documents "for *any day* such statistics or metrics were calculated or documented from August 1, 2018 to July 31, 2019."  Due to the breadth of this Request, Defendants believe that it is best suited for custodial searches that hit on agreed-upon search terms.  Defendants are willing to agree to such a production, subject to a global agreement on the relevant custodians, search terms, and time period.

E.  Request No. 8:  Noting that Plaintiffs reserve their rights, Defendants understand that the parties are in agreement regarding the scope of this Request.

F.   Request No. 10:  Defendants agree to postpone negotiations on this Request until after Defendants provide Plaintiffs with the ESI repository disclosure.

G.  Request No. 12:  Defendants understand that Plaintiffs seek documents responsive to this Request for dates beyond the class period.  Defendants maintain their position that such an expansive time period is not reasonable for this Request.  As Plaintiffs have moved to compel regarding the time period, we will await the Court's resolution before revisiting this Request.

H.  Request No. 13:  Noting that Plaintiffs reserve their rights, Defendants understand that the parties are in agreement regarding the scope of this Request.

I.  Request No. 14:  Noting that Plaintiffs reserve their rights, Defendants understand that the parties are in agreement regarding the scope of this Request.

J.  Request Nos. 17 and 18:  You characterize Defendants' June 24 letter as a refusal to produce documents responsive to these Requests.  Not so.  Our letter was an attempt to compromise by indicating that we *would* produce documents responsive to this request but that they would need to concern historical, current, and projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force.  Defendants also reiterated that we would not agree to any special search terms for these Requests, including search terms that refer to Pluralsight's outside auditors.  If this compromise is still unsatisfactory to Plaintiffs, then Defendants agree that Plaintiffs will need to move to compel.

K.  Request No. 20:  Your letter proposes to limit this Request to "[a]ll Documents Concerning the recognition or disclosure of revenue (including any other reported revenue metric, such as deferred revenue), billings, sales, and any key business metrics and non-GAAP financial measures disclosed in Pluralsight's Form 10-K and 10-K/A for fiscal year ended December 31, 2018 in any filings by Pluralsight or the Individual Defendants with the SEC."  Defendants will agree to this proposal, subject to an understanding that responsive documents would also need to concern historical, current, and projected billings, revenue, or sales, or the size, capacity, retention, or productivity of Pluralsight's sales force.

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
July 26, 2023
Page 4

L.  Request Nos. 23-25:  Your letter suggests that the September 21, 2018 Draft Registration Statement and the March 2019 SPO are relevant to the claims and defenses in this action. However, all allegations that Defendants made false or misleading statements in connection with Pluralsight's SPO have been dismissed.  While the March 2019 SPO occurred during the class period, any relevance of the SPO must necessarily be limited to the indicia—or non-indicia—of scienter.  Plaintiffs' requests have clearly ***not*** been limited in this fashion, as they instead seek "all documents concerning" the March 2019 SPO and September 21, 2018 Draft Registration Statement.  Defendants will consider proposals from Plaintiffs to limit Request Nos. 23-25 appropriately, but until then, Defendants stand on their objections.

M.  Request Nos. 26 and 35:  Defendants have not been evasive in responding to these Requests.  Indeed, Defendants have ***already produced*** their final correspondence with both FINRA and the SEC.  At this time, Defendants are not aware of any additional, non-privileged documents responsive to these Requests.

N.  Request No. 28:  Your letter insists that Defendants must run search terms for this request across additional custodians other than Messrs. Skonnard and Budge.  As stated in Defendants' R&Os, this Request is overbroad and disproportionate to the needs of the case. Defendants compromised with Plaintiffs by offering to produce documents responsive to this request from the custodial files of Messrs. Skonnard and Budge.  However, if Plaintiffs want Defendants to run search terms across additional custodians, then Plaintiffs will need to limit the operative language of the Request.

O.  Request No. 30:  Your letter appears to have misinterpreted Defendants' position on this Request.  As stated in our June 24 letter, Defendants will produce Messrs. Skonnard's and Budge's final 10b5-1 plans ***and*** non-privileged documents that hit on one or more of the search terms negotiated by the parties, limited to the custodial files of Messrs. Skonnard and Budge, that concern the entry or modification of either of Mr. Skonnard's or Mr. Budge's 10b5-1 plan.

P.  Request No. 31:  Defendants have produced the Form 4s of both Mr. Skonnard and Mr. Budge, which satisfies this Request in full.

Q.  Request No. 34:  Defendants agree that this Request can be deferred to negotiations on applicable search terms and custodians.  Defendants maintain their objection that the Request is overbroad, but as indicated in your letter, we have represented that Defendants could become more comfortable with the Request so long as the search terms, custodians, and relevant time period are reasonable.

R.  Request No. 36:  Defendants are not aware of any additional insurance policies in effect that would potentially provide coverage to a possible judgment in this action.

**WILSON SONSINI**

Cohen Milstein Sellers & Toll, PLLC
July 26, 2023
Page 5

      S.   <u>Request No. 40</u>:  In accordance with Rule 26(a), Defendants confirm that they will produce all documents Defendants may use to support their claims or defenses.

                   Sincerely,

                   WILSON SONSINI GOODRICH & ROSATI
                   Professional Corporation

                   *Stephanie L. Jensen*

                   Stephanie L. Jensen

**WILSON SONSINI**