Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron Skonnard, and James Budge*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>        Defendants. | **DEFENDANT'S OPPOSITION TO LEAD PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS TO PRODUCE AUDIT-RELATED DOCUMENTS**<br><br>**Case No. 1:19-CV-00128-DBB-DAO**<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The Tenth Circuit narrowed this case to an allegation of "*only one* materially false or misleading statement" regarding the number of Pluralsight's quota-bearing sales representatives, causing an alleged impact on billings and stock price decline. *Indiana Pub. Ret. Syst. v. Pluralsight, Inc.*, 45 F. 4th 1236, 1237 (10th Cir. 2022) (emphasis added). Dissatisfied with their one-statement case, Plaintiffs are now on a fishing expedition seeking all documents "pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with" outside audits or reviews of "Pluralsight's accounting for, disclosure of, or internal controls over financial reporting of" more than 130 metrics. McKelvie Decl. ¶¶ 8-10; 35-36.

First, the Requests are facially overbroad and lack reasonable particularity because they use oft-rejected language seeking "all documents" "'related to' and 'regarding any' of a long series of items." *Schmelzer v. IHC Health Servs.*, 2022 WL 16646456, *4-5, 12-14 (D. Utah Feb. 10, 2022).

Second, Plaintiffs have not established relevance. "[D]iscovery must be relevant to 'issues of the present lawsuit as it currently exists' and cannot be used to 'investigate previously dismissed claims and explore alternative theories.'" *Prime Alliance Bank v. Regents Cap.*, 2022 WL 671186, *2 (D. Utah Mar. 7, 2022). "A lawsuit does not give a party a free pass to fish through all of another party's financial records merely to see if anything interesting turns up." *Ennis v. Alder Prot. Holdings*, 2022 WL 4290099, *4 (D. Utah Sep. 16, 2022). The number of quota-bearing sales representatives was not included in audits, and there is no allegation that Pluralsight's publicly disclosed audited financial statements were inaccurate. Moreover, Plaintiffs have not acknowledged or attempted to justify their inclusion of dozens of irrelevant business metrics from accrued author fees to facility financing obligations to income taxes.

1

Third, Defendants offered to produce audit or review related documents concerning historical, current or projected billings, revenue, or sales, or (to the extent they exist) the size, capacity, retention, or productivity of Pluralsight's salesforce.  Dkts. 225-11 at 9-10; 225-14 at 3.  Plaintiffs rejected this compromise.

Unable to justify the Requests with the vast quantity of documents covered by the Requests, Plaintiffs point to the outside auditors' knowledge of government inquiries.  Dkt. 225 at 2.  But those inquiries were unrelated to the accounting for, disclosure of, or internal financial control of *any metric*, and are therefore not responsive to the Requests.  McKelvie Decl. ¶¶ 13-21.  Moreover, Defendants have ***already produced*** final correspondence with these governmental bodies relating to those inquiries, showing that they were routine, unrelated to the Requests, and that no enforcement action was taken.  *Id.*

Finally, Defendants need not prove the burden of responding to facially overbroad requests.  However, Defendants estimate the burden, including the burden of collecting materials from non-custodial data sources not subject to search terms, and reviewing materials for responsiveness, would be substantial, McKelvie Decl. ¶¶ 22-36, which is not proportional to the minimal, if any, relevance of the materials.

Plaintiffs' Motion to Compel should be denied.

2

Dated:  September 25, 2023

*/s/ Gregory L. Watts*

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants*

3