Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron
Skonnard, and James Budge*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE, <br><br> Defendants. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> **Case No. 1:19-CV-00128-DBB-DAO** <br><br> Honorable David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

The Court granted Defendants leave to file a Notice of Supplemental Authority regarding Defendants' Short Form Discovery Motion to Compel Lead Plaintiffs to Produce Documents Responsive to Defendants' First Set of Requests for Production Nos. 31 and 32 (Dkt. 212) (the "Motion"). *See* Dkt. 241 (Minute Entry). Accordingly, and pursuant to DUCivR 7-1(c), Defendants file the present Notice of Supplemental Authority, which includes the following examples of courts compelling the production of agreements between lead plaintiffs and their counsel in class action litigations, including portfolio monitoring agreements and fee schedules.

1. *Lipeles v. FCA US LLC*, 2022 U.S. Dist. LEXIS 24972, at *4-5 (C.D. Cal. Jan. 4, 2022) (compelling production of retainer and fee agreements and finding them not protected by privilege or the work-product doctrine; "fee agreements are relevant to the issue of class certification and discoverable").

2. *Zuehlsdorf v. FCA US LLC*, 2020 WL 8575138, at *3 (C.D. Cal. Dec. 15, 2020) (compelling production of retainer and fee agreements because they were not privileged and relevant to class certification; "Plaintiff's retainer and fee agreement with counsel may, among other things, reveal potential conflicts of interest between himself and the class he seeks to represent").

3. *Physicians Healthsource, Inc. v. Masimo Corp., et al. Additional Party Names: Masimo Americas, Inc.*, 2019 WL 8755114, at *1 (C.D. Cal. July 30, 2019) (compelling production of retainer agreements because they "may be relevant to the issue of adequacy in class certification" and finding they were not privileged or protected by the work product doctrine).

4. *Williams v. Sweet Home Healthcare*, LLC, 2017 WL 2779189, at *3 (E.D. Pa. June 27, 2017) (compelling production of fee agreements; "Fee agreements are discoverable for the purposes of class certification.")

5. *Haghayeghi v. Guess?, Inc.*, 2016 WL 9526465, at *1 (S.D. Cal. Mar. 21, 2016) (compelling production of litigation funding documents and fee agreements because they were not privileged and relevant to class certification; "The litigation funding documents and retainer and fee agreements are relevant to whether Plaintiff would adequately protect the interests of the class.").

6. *Bauman v. Saxe Mgmt., LLC*, 2016 WL 11791830, at *2 (D. Nev. Jan. 27, 2016) (compelling production of numerous agreements between lead plaintiff and counsel because they were not privileged, "contain only their contractual obligations to one another," and "the Ninth Circuit has held that a proposed class representative's fee

agreement with her counsel is plainly relevant at the class certification stage" (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959-60 (9th Cir. 2009)).

7. *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, 2014 WL 11498394, at *4 (D.N.J. Dec. 3, 2014), *modified on other grounds*, No. CIV.A. 12-5275, 2015 WL 1969368 (D.N.J. Apr. 30, 2015) (compelling the production of portfolio monitoring agreements between lead plaintiffs and lead counsel).

8. *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) (compelling production of fee agreements; "the Court concludes Plaintiff's retainer and fee agreement with counsel in this case is relevant to the Rule 23(a)(4) analysis of whether Plaintiff is an adequate representative of the class").

9. *Int. Bhd. of Elec. Workers Local 697 v. Intl Game Tech.*, No. 09-419, dkt. nos. 96 (unsealed as 104), 117 (D. Nev. Sept. 28, 2011) (granting motion to compel production of written agreements between lead plaintiff and lead counsel relating to "investment or portfolio monitoring") (Exhibits 1-2).

10. *Backe v. Novatel Wireless, Inc.*, No. 08-1689, dkt. nos. 106, 124 (S.D. Cal. Jan. 11, 2010) (granting motion to compel production of "all documents that reflect the manner in which [the plaintiffs] monitor[ed] their investments, including procedures for their attorneys to monitor their investments in advance of litigation through the use of `monitoring agreements'") (Exhibit 3-4).

11. *Gipson v. Sw. Bell Tel. Co.*, 2009 WL 790203, at *13 (D. Kan. Mar. 24, 2009), *objections sustained in part and overruled in part on other grounds*, 2009 WL 4157948 (D. Kan. Nov. 23, 2009) (fee agreements are "not protected by attorney-client privilege or work product doctrine and must be produced").

12. *In re TJX Companies, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 WL 2437558, at *5 (D. Kan. June 12, 2008) (compelling the production of "any engagement letter, retainer letter, retention agreement, fee agreement, or contingency fee agreement" because they were not privileged and plaintiffs had "not shown that the requested information has no possible bearing on any matter relating to class action certification").

Dated:  October 6, 2023

/s/ Caitlin McKelvie

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants*

2

| Index of Exhibits | |
|---|---|
| **Document Title** | **Exhibit No.** |
| ECF No. 104, Motion to Compel<br>*International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology et al.* | 1 |
| ECF No. 117, Minutes of Proceedings<br>*International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology et al.* | 2 |
| ECF No. 106-1 Memo of Points and Authorities ISO Motion to Compel<br>*Backe v. Novatel Wireless, Inc. et al.* | 3 |
| ECF No. 124, Minute Order<br>*Backe v. Novatel Wireless, Inc. et al.* | 4 |