# Exhibit 1

Exhibit 1

RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

BORIS FELDMAN, *pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *pro hac vice*
(dsteuer@wsgr.com)
DIANE M. WALTERS, *pro hac vice*
(dwalters@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                                   Plaintiff,<br><br>     vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, THOMAS J. MATTHEWS, and PATRICK W. CAVANAUGH,<br><br>                                   Defendants, | Case No. 3:09-cv-00419-ECR-RAM<br><br>CLASS ACTION<br><br>**INTERNATIONAL GAME TECHNOLOGY'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**UNDER SEAL–CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER** |

IGT'S MOTION TO COMPEL
Case No. 3:09-cv-419-ECR-RAM

5

Exhibit 1

*NOTICE OF MOTION AND MOTION TO COMPEL*

Defendant International Game Technology ("IGT" or the "Company") hereby respectfully moves the Court for an order compelling the production of documents by plaintiffs pursuant to Federal Rules of Civil Procedure 26 and 34. This motion is based on this notice of motion and motion; the accompanying memorandum of points and authorities; the Declaration of Diane M. Walters ("Walters Decl.") and exhibits thereto ("Ex. _"); the papers, records and pleadings in this action; such other papers that may be filed at or before the hearing on this motion; and any other matters properly before the Court.

*MEMORANDUM OF POINTS AND AUTHORITIES*

**INTRODUCTION**

Plaintiffs, however, have refused to produce these portfolio monitoring agreements, claiming that the documents are not relevant and are privileged. Both assertions lack merit. The agreements are relevant, not privileged, and should be produced.

*First*, courts have found that portfolio monitoring agreements are relevant to the adequacy of lead plaintiffs, class representatives, and their counsel in securities litigation. Generally speaking, these types of agreements allow a law firm to systematically review an investor's portfolio and to contact the investor about any suspected fraud involving any of the investments. Such agreements have the potential to create conflicts both with respect to the duties of a class representative, and with respect to one of Congress' goals in enacting the Private Securities Litigation Reform Act of 1995: "to curb frivolous, lawyer-driven litigation." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Accordingly, portfolio monitoring agreements are a proper subject of discovery. *See infra* at 4-6.

*Second*, the portfolio monitoring agreements are not shielded from disclosure by the attorney-client privilege. Plaintiffs do not assert that the agreements themselves contain any legal advice or client communication pertaining to this or any other litigation; rather, the

IGT'S MOTION TO COMPEL                    -1-
Case No. 3:09-cv-419-ECR-RAM

Exhibit 1

agreements existed before lead counsel even contacted the plaintiffs about IGT. Courts in the Ninth Circuit have rejected similar claims of privilege with respect to retainer or monitoring agreements and ordered production of those documents. This Court should do the same. *See infra* at 6-7.

## BACKGROUND[1]

On April 29, 2011, IGT served its First Request for Production of Documents ("Requests") on the lead and named plaintiffs in this action. Request No. 19 sought the production of:

> All DOCUMENTS CONCERNING any present or former business or personal relationship or transaction between YOU and the law firms of The O'Mara Law Firm, P.C. and Robbins Geller Rudman & Dowd LLP (including any predecessor firms thereof), or any PERSON employed by, or affiliated with, such law firms.

Walters Decl., Exs. A & B. at 6. Request No. 27 sought the production of:

> All DOCUMENTS constituting or concerning written agreements (financial or otherwise) between YOU and any COUNSEL in connection with this LAWSUIT, including, but not limited to, engagement letters, reimbursement of expense agreements, or ***investment or portfolio monitoring agreements***.

*Id.* at 7 (emphasis added).

On June 8, 2011, plaintiffs served their responses to IGT's Requests. Plaintiffs objected to Request No. 19 on the following grounds:

> In addition to Plaintiff's General Objections, Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege[,] protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Walters Decl., Exs. C and D, at 14. Plaintiffs objected to Request No. 27 on the following grounds:

> Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not

---

[1] A more detailed description of the factual background of this litigation may be found in IGT's motion to dismiss the consolidated complaint. *See* Dkt. No. 50.

IGT'S MOTION TO COMPEL        -2-
Case No. 3:09-cv-419-ECR-RAM

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege[,] protection or immunity.

*Id.* at 17.

Counsel for IGT and plaintiffs met and conferred telephonically on June 16, 2011 regarding the Requests. During that call, the parties discussed Document Requests 19 and 27, and in particular, the request for portfolio monitoring agreements. Counsel for plaintiffs, Robbins Geller, stated that they were not sure if the plaintiffs had portfolio monitoring agreements, but expressed the view that such agreements were not relevant and privileged. *See* Walters Decl., ¶ 5. Counsel for IGT asked if plaintiffs would be providing privilege logs listing the monitoring agreements, and plaintiffs' counsel said that they would get back to IGT's counsel regarding the privilege log question. *Id.*

During the deposition of the designated deponent for the Iron Workers Pension Fund, Thomas Pryce, ███████████████████████████████████ Walters Decl., Ex. E, at 55. █████████████ ████████████████████████████ *Id*. at 56. █████████ ████████████████████████████████ *Id*. After the conclusion of the deposition, IGT's counsel again requested the production of the monitoring agreements, but no agreement regarding their production was reached at that time. Walters Decl., ¶ 8.

During the deposition of the designated deponent for the Electrical Workers Pension Fund, David Soderquist, ███████████████████████████████ ██████████ Walters Decl., Ex. F, at 34-38. ██████████ ██████████████████████████████ *Id*. at 38. ██████████ ██████████████████████████████████████████ ██████ *Id*. Defendants' counsel stated on the record that no further meet and confer was needed and requested that the agreement be produced. *Id*. Plaintiffs' counsel and Defendants'

IGT'S MOTION TO COMPEL
Case No. 3:09-cv-419-ECR-RAM

-3-

8

Exhibit 1

counsel further discussed the production of documents after the conclusion of the deposition but disagree regarding the substance of the conversation. Walters Decl., ¶ 9.

On August 1, 2011, plaintiffs' counsel emailed a privilege log to IGT's counsel containing two items that appear to refer to the monitoring agreements between Robbins Geller and plaintiffs. Walters Decl., Ex. G. Robbins Geller provided no explanation in the cover letter accompanying the privilege log as to why it was withholding the monitoring agreements as privileged. *Id.*

**ARGUMENT**

**I.      LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant." Fed. R. Civ. P. 26(b)(1). "'Under liberal discovery principles of the Federal Rules [a party opposing discovery is] required to carry a heavy burden of showing why discovery was denied.'" *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C-06-01962-JW, 2011 WL 1496326, at *1 (N.D. Cal. Apr. 20, 2011) (citation omitted); *see also Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) (party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections") (citation omitted). As set forth below, plaintiffs have not met their burden.

**II.     THE PORTFOLIO MONITORING AGREEMENTS ARE RELEVANT TO PLAINTIFFS' PENDING MOTION FOR CLASS CERTIFICATION**

On June 1, 2011, Plaintiffs filed a motion for class certification in which they "request[ed] that the Court certify this case as a class action, appoint plaintiffs as class representatives, and approve Robbins Geller Rudman & Dowd LLP [] as Lead Counsel for the Class[.]" Dkt. No. 85, at 1. The terms of the portfolio monitoring agreements between the funds and their counsel are relevant to, among other things, the adequacy of the funds as proposed class representatives and the adequacy of their counsel.

One of the principal goals of the Private Securities Litigation Reform Act of 1995 was "to curb frivolous, lawyer-driven litigation." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

IGT'S MOTION TO COMPEL                                    -4-
Case No. 3:09-cv-419-ECR-RAM              9

Exhibit 1

U.S. 308, 322 (2007); *see also* 15 U.S.C. § 78u-4.  Courts have recognized that portfolio monitoring agreements have the potential to exacerbate the lawyer-driven nature of securities litigation.  *See, e.g., Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009) (noting that portfolio monitoring practice "fosters the very tendencies toward lawyer-driver litigation that the PSLRA was designed to curtail").  For example, depending on its terms, a monitoring agreement may suggest that the plaintiff is relieved of any obligations to investigate potential claims, decide whether to sue, or choose which law firm to hire.

In evaluating institutional investors as potential lead plaintiffs or class representatives, courts have considered both the existence and language of portfolio monitoring agreements with class counsel.  Indeed, in a decision involving the same law firm seeking to serve as class counsel in the instant action, Judge Rakoff of the U.S. District Court for the Southern District of New York expressly considered the existence of a monitoring agreement between Robbins Geller and the Iron Workers Local No. 25 Pension Fund in evaluating whether the fund was an adequate lead plaintiff.  *See Iron Workers*, 616 F. Supp. 2d at 463-67.  Among other concerns, Judge Rakoff noted that such an arrangement creates potential conflicts of interest, stating:

> this practice, on its face, creates a clear incentive for Coughlin Stoia to discover "fraud" in the investments it monitors and to recommend to the Fund's non-lawyer administrator (and, through him, to the trustees) that the Fund, at no cost to itself, bring a class action lawsuit.  In other words, the practice fosters the very tendencies toward lawyer-driver litigation that the PSLRA was designed to curtail.

*Id.* at 464.  Plaintiffs' contention that portfolio monitoring agreements are not relevant – particularly where, as here, the litigation was initiated as a result of such agreements – is without merit.  *See, e.g.*, *Backe v. Novatel Wireless, Inc.* No. 08-cv-1689, slip op., at 2 (S.D. Cal. Jan. 12, 2010) (ordering Robbins Geller firm to produce monitoring agreement in securities lawsuit against Novatel Wireless where Defendants argued that agreement was relevant to class certification), Walters Decl., Ex. H.

IGT is not, at this juncture, claiming that monitoring agreements in the abstract render plaintiffs unsuitable class representatives.  IGT is only requesting that it be given the opportunity to review the agreements to determine their potential impact on plaintiffs' pending

IGT'S MOTION TO COMPEL
Case No. 3:09-cv-419-ECR-RAM

-5-

motion for class certification. Without having had the opportunity to review the subject documents, IGT cannot assess whether the agreements give rise to potential conflicts or are otherwise problematic. *Cf. Vill. of Rosemont v. Priceline.com Inc.*, No. 09-cv-4438, 2010 WL 4876217, at *2 (N.D. Ill. Nov. 22, 2010) (granting motion to compel production of legal retention agreements; "Plaintiff confuses relevancy for production purposes with admissibility at trial").

## III. THE ATTORNEY-CLIENT PRIVILEGE DOES NOT APPLY TO THE PORTFOLIO MONITORING AGREEMENTS

Plaintiffs' claim that the monitoring agreements are shielded by the attorney-client privilege likewise lacks support. "Material is subject to the attorney-client privilege if, *inter alia*, it contains a confidential communication made by a client to an attorney . . ., and the attorney receiving the communication is acting in the role of an attorney at the time." *Schmidt v. Cal. State Auto. Ass'n*, 127 F.R.D. 182, 183 (D. Nev. 1989) (Reed, J.); *see also Guzman-Ibarguen v. Sunrise Hosp. & Med. Ctr.*, No. 10-cv-1228, 2011 WL 2149542, at *14 (D. Nev. June 1, 2011) ("The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice"). IGT is not seeking the disclosure of any confidential communications between plaintiffs and Robbins Geller rendering legal advice. Rather, it seeks only the disclosure of the terms of the funds' portfolio monitoring agreements.

Although the attorney-client privilege protects confidential client communications, it does not protect all information pertaining to the retention of an attorney. "[U]nder Ninth Circuit authority, 'the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information.'" *Riker v. Distillery*, No. 08-cv-0450, 2009 WL 2486196, at *2 (E.D. Cal. Aug. 12, 2009) (rejecting claim of privilege over billing records) (citation omitted); *see also In re Grand Jury Proceeding*, 721 F.2d 1221, 1222 (9th Cir. 1983) ("The existence of an attorney-client relationship, or the fee arrangement between an attorney and his client, is generally not privileged or protected by the privilege"); *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, No. 08-cv-1559, 2009 WL 3857425, at *2 (S.D. Cal. Nov. 16, 2009) ("the Ninth Circuit has repeatedly held retainer agreements are not

protected by the attorney-client privilege") (citing *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995) and *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995)).  Under this standard, the monitoring agreements cannot be deemed privileged.[2]

Moreover, Judge Brooks of the U.S. District Court for the Southern District of California overruled a similar claim of privilege by Robbins Geller last year.  *See Backe*, slip op. at 2 (Walters Decl., Ex. H); *see also* Walters Decl., Ex. I (noting plaintiffs' claim of privilege).  The same result should obtain here.

## CONCLUSION

For the foregoing reasons, IGT's motion to compel the production of plaintiffs' portfolio monitoring agreements should be granted.

Respectfully submitted,

DATED:  August 15, 2011

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
DIANE M. WALTERS, *admitted pro hac vice*
(dwalters@wsgr.com)
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

By: /s/ Diane M. Walters
        Diane M. Walters

RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049

*Attorneys for Defendants*

---

[2] Defendants note that the prominent and detailed marketing of the Robbins Geller firm's portfolio monitoring services on the firm's publicly accessible web site also belies the assertion of privilege.  *See* Walters Decl., Ex. J.

IGT'S MOTION TO COMPEL                    -7-
Case No. 3:09-cv-419-ECR-RAM         12
                              Exhibit 1

RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
DIANE M. WALTERS, *admitted pro hac vice*
(dwalters@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>        Defendants. | CASE NO.:  3:09-cv-00419-ECR-RAM<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF DIANE M. WALTERS IN SUPPORT OF INTERNATIONAL GAME TECHNOLOGY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFFS**<br><br>**UNDER SEAL–CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER** |

DECLARATION OF DIANE M. WALTERS
ISO IGT'S MOTION TO COMPEL

13

CASE NO. 09-CV-00419-ECR-RAM

Exhibit 1

I, Diane Walters, declare as follows:

I am an attorney duly licensed to practice law in the State of California and have been admitted *pro hac vice* in the above-captioned action. I am an attorney associated with the law firm of Wilson, Sonsini, Goodrich & Rosati, Professional Corporation, counsel for Defendant International Game Technology ("IGT"). I submit this declaration in support of IGT's Motion to Compel Production of Documents by Plaintiffs. I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

1. Attached as Exhibit A is a true and correct copy of IGT's First Request for Production of Documents to Lead Plaintiff Iron Workers District Counsel of Western New York and Vicinity Pension Fund ("Iron Workers").

2. Attached as Exhibit B is a true and correct copy of IGT's First Request for Production of Documents to Plaintiff International Brotherhood of Electrical Workers Local 697 Pension Fund ("IBEW").

3. Attached as Exhibit C is a true and correct copy of Plaintiff Iron Workers' Response to Defendant International Game Technology's First Request for Production of Documents.

4. Attached as Exhibit D is a true and correct copy of Plaintiff IBEW's Response to Defendant International Game Technology's First Request for Production of Documents.

5. On June 16, 2011, counsel for IGT and counsel for plaintiffs met and conferred telephonically regarding plaintiffs' responses to IGT's First Requests for Production of Documents. During that call, the parties discussed, among other topics, Document Request Numbers 19 and 27, and in particular, the request for portfolio monitoring agreements. Counsel for plaintiffs stated that they were not sure if plaintiffs had portfolio monitoring agreements, but expressed the view that such agreements were not relevant and privileged. IGT's counsel inquired if plaintiffs would be providing privilege logs listing the monitoring agreements, and plaintiffs' counsel said that they would get back to IGT's counsel regarding the privilege log question.

6. On July 20, 2011, I took the deposition of the designated deponent for Iron

DECLARATION OF DIANE M. WALTERS
ISO IGT'S MOTION TO COMPEL

-1-

CASE NO. 09-CV-00419-ECR-RAM

Workers.  A true and correct copy of excerpts of the transcript of that deposition is attached as Exhibit E.

7.      During the July 20, 2011 deposition, Thomas Pryce (the designated deponent for Iron Workers) testified █████████████████████████████████████████████████████████

███████████████████████████ *See* Ex. E, at 55.  ███████████████████████████

██████████████████ *Id.* at 56.  ████████████████████████████████████████

████████████████████████████████████████ *Id.*  After the conclusion of the deposition, I again requested that the portfolio monitoring agreements be produced, but no agreement regarding their production was reached at that time.

8.      On July 28, 2011, I took the deposition of the designated deponent for IBEW.  A true and correct copy of excerpts of the transcript of that deposition is attached as Exhibit F.

9.      During the deposition, David Soderquist (the designated deponent for IBEW) ████████████████████████████████████████████████████ *See* Ex. F, at 34-38.  █████████████████████████████████████████ *Id.* at 38.  █████████████████

█████████████████████████████████████████████████████████████████████████████

*Id.*  I stated that no further meet and confer was needed and reiterated the request that the agreement be produced.  *Id.*  After the conclusion of the deposition, I further discussed with plaintiffs' counsel the production of documents.  Based on our discussions, it was my impression that the portfolio monitoring agreements would be produced.  Plaintiffs' counsel subsequently informed me that he did not agree to produce the agreements during the discussion, but rather stated only that he would provide a response.

10.      On August 1, 2011, counsel for plaintiffs served a privilege log on IGT containing descriptions of what appear to be the contested portfolio monitoring agreements. Attached hereto as Exhibit G is a true and correct copy of that privilege log and the accompanying cover letter.

11.      Attached as Exhibit H is a true and correct copy of *Backe v. Novatel*, No. 08-1689-AJB, slip op. (S.D. Cal. Jan. 12, 2010).

13.      Attached as Exhibit I is a true and correct copy of Defendants' Reply Memorandum in Support of Motion to Compel in *Backe v. Novatel*, No. 08-1689-AJB (S.D. Cal.

DECLARATION OF DIANE M. WALTERS       -2-       CASE NO. 09-CV-00419-ECR-RAM
ISO IGT'S MOTION TO COMPEL

Exhibit 1

Jan. 4, 2010).

14. Attached as Exhibit J is a true and correct copy of the webpage "Portfolio Monitoring Program$^{SM}$," as of August 15, 2011, available on the Robbins Geller Rudman & Dowd LLP website at www.rgrdlaw.com/services-portfolio-monitoring-program.html.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of August, 2011 in Palo Alto, California.

/s/ Diane M. Walters
Diane M. Walters

Case 3:09-cv-00413-ECR-RAM Document 96-2 SEALED Filed 08/15/11 Page 9 of 11

# Exhibit A

Exhibit 1

RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049

BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, *admitted pro hac vice*
(jveltman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>     Defendants. | CASE NO.: 3:09-cv-00419-ECR-RAM<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFF IRON WORKERS DISTRICT COUNSEL OF WESTERN NEW YORK AND VICINITY PENSION FUND** |

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

18

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant International Game Technology hereby requests that lead plaintiff Iron Workers District Counsel of Western New York and Vicinity Pension Fund produce for inspection and copying within thirty (30) days of service of this request the documents and things described below. Such production is to be made at the offices of Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304-1050, or such other place as may be mutually agreed upon by the parties' counsel.

## DEFINITIONS

As used herein, the following terms (indicated with CAPITAL LETTERS) have the meanings indicated below:

A. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including, without limitation, by meeting, telephone, letter, electronic mail, facsimile, electronic bulletin or message boards, electronic "chat rooms," and other similar forms of electronic correspondence, teleconference, or facsimile.

B. The term "COMPLAINT" refers to the Consolidated Complaint for Violations of the Federal Securities Laws filed in the above-captioned matter on April 26, 2010.

C. The term "CONCERNING" means referring to, describing, evidencing, interpreting, reflecting, and/or constituting.

D. The term "COUNSEL" means any partner, associate, of counsel, special counsel, attorney, contractor, or employee of, or any consultant or investigator retained by, any law firm acting or purporting to act on YOUR behalf in this LAWSUIT.

E. The term "DEFENDANTS" means IGT, Thomas J. Matthews, and Patrick Cavanaugh.

F. The terms "DOCUMENT" and "DOCUMENTS" are intended to have the broadest possible meaning under Federal Rule of Civil Procedure 34 and include, without limitation, any writing or recording as defined in Federal Rule of Evidence 1001(1), any written, recorded, filmed or graphic matter, whether produced, reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including, but not limited to, electronically stored information, memoranda, notes, electronic mail, minutes, records,

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

19 -1-

CASE NO. 09-CV-00419-ECR-RAM

Exhibit 1

employment files, case files, pleadings, photographs, presentations, correspondence, diaries, bookkeeping entries, financial statements, checks, check stubs, reports, studies, charts, graphs, drawings, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, and work papers, and also including but not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

G.      The term "IGT" refers collectively to defendant International Game Technology, and any subsidiary, parent or affiliated corporation, and any present or former officers, directors, employees, successors, predecessors, or other PERSONS acting on its behalf.

H.      The term "INVESTIGATION" includes, but is not limited to, any research, examination or inquiry into the specific matter stated.

I.      The term "LAWSUIT" means the above-captioned action.

J.      The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

K.      The terms "PLAINTIFF," "YOU," and "YOUR" refer to lead plaintiff Iron Workers District Counsel of Western New York and Vicinity Pension Fund, any of its parents, direct or indirect subsidiaries, affiliates, predecessors, successors, and any PERSON acting or purporting to act on its behalf, including, but not limited to, each of its current and former advisors, agents, representatives, trustees, fiduciaries, employees, directors, officers, members, managers, attorneys, brokers, accountants, financial or investment advisors, financial or investment managers, portfolio managers, consultants, researchers, investigators, and experts.

L.      The terms "SECURITY" or "SECURITIES" include, but are not limited to, shares of common or preferred stock, bonds, notes, puts, calls, warrants, convertible debentures, and options.

M.      The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

-2-

CASE NO. 09-CV-00419-ECR-RAM

20

Exhibit 1

N. All references to the singular include the plural, and all references to the plural include the singular.

O. Any terms that are not defined herein shall have their usual and customary meaning.

## INSTRUCTIONS

1. The requests contained herein extend to all DOCUMENTS in YOUR possession, custody, or control.

2. If YOU withhold any information or DOCUMENT sought by a request by reason of the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, or immunity, the nature of the privilege or protection shall be identified and the following information provided on a privilege log in each instance: (i) the type of DOCUMENT (*e.g.*, letter, memorandum, agreement, notes, electronic mail); (ii) the date of the DOCUMENT; (iii) the name(s) and title(s) of the author(s) of the DOCUMENT; (iv) the name(s) and title(s) of the recipient(s) of the DOCUMENT; (v) a description of the subject matter of the DOCUMENT or information sufficient to support the privilege asserted; and (vi) the basis on which the DOCUMENT or information is being withheld.

3. This set of Requests for production of DOCUMENTS specifically requires the production of all responsive documents, including all responsive information that is stored electronically. Thus, this set of Requests for production should be understood to encompass, and the response should include, electronically stored information, as set forth in Federal Rule of Civil Procedure 34(a). All electronically stored information shall be produced with metadata contained within the electronically stored information.

4. To the extent that any information responsive to these Requests exist in an online account or data repository, all responsive information or data compilations shall be downloaded and produced with as much specificity as possible (*e.g.*, spreadsheets downloaded from an online account or database shall contain all information that may be downloaded from any account history that is responsive or relevant to the Request).

5. If, after making your initial production and inspection, YOU obtain or become aware of any further documents responsive to this request, YOU are requested to produce such additional documents.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS (including, but not limited to, confirmation slips, brokerage firm records, monthly and quarterly account statements, stock certificates and correspondence), that reflect or are related to YOUR ownership, purchases or other acquisitions, sales or other dispositions of IGT SECURITIES.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS identifying PERSONS who participate in YOUR investment decisions, including, but not limited to, those PERSONS who participated in or influenced YOUR decision to purchase, acquire, sell or otherwise dispose of IGT SECURITIES.

**DOCUMENT REQUEST NO. 3:**

DOCUMENTS sufficient to show the authority of any financial or investment advisors, managers, consultants, portfolio managers, and/or brokers to buy, sell or otherwise acquire or dispose of SECURITIES on YOUR behalf.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS that YOU read, reviewed, acquired in connection with, or that influenced YOUR decision(s) to buy, sell or hold IGT SECURITIES.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS relating to any oral or written representations upon which YOU relied with respect to any purchase, sale, exchange or other disposition of IGT SECURITIES.

**DOCUMENT REQUEST NO. 6:**

All DOCUMENTS in YOUR possession, custody or control regarding IGT or any of the DEFENDANTS in the LAWSUIT.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS CONCERNING any COMMUNICATIONS with any of the

DEFENDANT IGT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

22

-4-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

DEFENDANTS in the LAWSUIT.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS CONCERNING COMMUNICATIONS with any present or former employee of IGT CONCERNING any DEFENDANT in this LAWSUIT, any matter alleged in the COMPLAINT, or the LAWSUIT.

**DOCUMENT REQUEST NO. 9:**

All DOCUMENTS CONCERNING COMMUNICATIONS or meetings between YOU and any other PERSON (including, but not limited to, any member of the putative class, any securities broker, securities analyst, financial or investment advisor, financial or investment consultant, risk assessment consultant or advisor, or government regulatory agency or body) CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

**DOCUMENT REQUEST NO. 10:**

All DOCUMENTS CONCERNING any of YOUR investment policies, practices, or strategies during the time period January 1, 2007 through January 1, 2009, including, but not limited to, any investment or asset allocation policies, rules, regulations, guidelines, standards, or agreements governing or CONCERNING YOUR purchase, acquisition, sale, or other disposition of any SECURITIES.

**DOCUMENT REQUEST NO. 11:**

All DOCUMENTS CONCERNING YOUR decision(s) to purchase, sell or hold the SECURITIES of any company other than IGT during the time period January 1, 2007 through January 1, 2009.

**DOCUMENT REQUEST NO. 12:**

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU or by another PERSON on YOUR behalf regarding the matters alleged in the Complaint.

**DOCUMENT REQUEST NO. 13:**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of any purported plaintiff class in this LAWSUIT.

**DOCUMENT REQUEST NO. 14:**

DOCUMENTS sufficient to identify any class action in which YOU served or sought to serve as a named representative or lead plaintiff of a class or purported class.

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS CONCERNING YOUR past, present, or prospective participation or attempt to participate as a named representative of a class or a purported class in any other action (including, without limitation, any transcripts or summaries of depositions of YOU).

**DOCUMENT REQUEST NO. 16:**

All DOCUMENTS constituting or RELATING TO transcripts, affidavits, declarations, pleadings, court orders or rulings RELATING TO YOUR fitness, qualifications or abilities to serve as a lead plaintiff or class representative in any class action lawsuit, including, but not limited to, the typicality of YOUR claims relative to the purported class, any of YOUR interests contrary to the purported class, or vulnerability to defenses.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS constituting or CONCERNING any COMMUNICATION between YOU or any PERSON acting on YOUR behalf and any member of the purported plaintiff class regarding IGT and/or the LAWSUIT.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS CONCERNING any actual, promised, expected, or anticipated receipt by YOU of anything of value from any PERSON in connection with this LAWSUIT.

**DOCUMENT REQUEST NO. 19:**

All DOCUMENTS CONCERNING any present or former business or personal relationship or transaction between YOU and the law firms of The O'Mara Law Firm, P.C. and Robbins Geller Rudman & Dowd LLP (including any predecessor firms thereof), or any PERSON employed by, or affiliated with, such law firms.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS CONCERNING any loss or damage that YOU claim to have sustained or will sustain because of any alleged act or omission by the DEFENDANTS in this

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

24  -6-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

LAWSUIT, including any calculations of such alleged losses or damage.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS CONCERNING any valuation, forecast, analysis or model of the value of IGT SECURITIES.

**DOCUMENT REQUEST NO. 22:**

All DOCUMENTS CONCERNING any allegation made in the COMPLAINT.

**DOCUMENT REQUEST NO. 23:**

The most current curriculum vitae and/or resume of each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

**DOCUMENT REQUEST NO. 24:**

All discoverable opinions, reports and writings made by each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

**DOCUMENT REQUEST NO. 25**:

All DOCUMENTS that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this LAWSUIT.

**DOCUMENT REQUEST NO. 26:**

All DOCUMENTS constituting or CONCERNING any non-privileged COMMUNICATION(S) between any attorney(s), including COUNSEL, and YOU regarding IGT prior to the filing of the LAWSUIT.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS constituting or concerning written agreements (financial or otherwise) between YOU and any COUNSEL in connection with this LAWSUIT, including, but not limited to, engagement letters, reimbursement of expense agreements, or investment or portfolio monitoring agreements.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

25

-7-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of counsel in connection with this LAWSUIT.

**DOCUMENT REQUEST NO. 29:**

All DOCUMENTS identifying the organizational structure of PLAINTIFF, its management, boards, and any management or investment committees.

**DOCUMENT REQUEST NO. 30**

All DOCUMENTS comprising or CONCERNING internal COMMUNICATIONS between and among YOUR officers, directors, trustees, executive board members, committees, members, or employees CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS constituting or CONCERNING any COMMUNICATION(S) between YOU and any PERSON regarding the LAWSUIT.

**DOCUMENT REQUEST NO. 32:**

DOCUMENTS sufficient to show the amount of assets under YOUR management.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS RELATING TO YOUR DOCUMENT management, retention and/or destruction policies, practices or procedures, including, but not limited to, electronically stored information.

**DOCUMENT REQUEST NO. 34:**

To the extent not previously called for, all DOCUMENTS CONCERNING IGT, IGT SECURITIES, or any allegation made in the COMPLAINT.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

26    -8-
Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

DATED: April 29, 2011

WILSON SONSINI GOODRICH & ROSATI, P.C.
BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, *admitted pro hac vice*
(jveltman@wsgr.com)
650 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

By: _____
   Jacob Veltman

RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049

*Attorneys for Defendants*

# Exhibit B

28

Exhibit 1

RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, *admitted pro hac vice*
(jveltman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>Defendants. | CASE NO.:  3:09-cv-00419-ECR-RAM<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant International Game Technology hereby requests that plaintiff International Brotherhood of Electrical Workers Local 697 Pension Fund produce for inspection and copying within thirty (30) days of service of this request the documents and things described below. Such production is to be made at the offices of Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304-1050, or such other place as may be mutually agreed upon by the parties' counsel.

**DEFINITIONS**

As used herein, the following terms (indicated with CAPITAL LETTERS) have the meanings indicated below:

A. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including, without limitation, by meeting, telephone, letter, electronic mail, facsimile, electronic bulletin or message boards, electronic "chat rooms," and other similar forms of electronic correspondence, teleconference, or facsimile.

B. The term "COMPLAINT" refers to the Consolidated Complaint for Violations of the Federal Securities Laws filed in the above-captioned matter on April 26, 2010.

C. The term "CONCERNING" means referring to, describing, evidencing, interpreting, reflecting, and/or constituting.

D. The term "COUNSEL" means any partner, associate, of counsel, special counsel, attorney, contractor, or employee of, or any consultant or investigator retained by, any law firm acting or purporting to act on YOUR behalf in this LAWSUIT.

E. The term "DEFENDANTS" means IGT, Thomas J. Matthews, and Patrick Cavanaugh.

F. The terms "DOCUMENT" and "DOCUMENTS" are intended to have the broadest possible meaning under Federal Rule of Civil Procedure 34 and include, without limitation, any writing or recording as defined in Federal Rule of Evidence 1001(1), any written, recorded, filmed or graphic matter, whether produced, reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including, but not limited to, electronically stored information, memoranda, notes, electronic mail, minutes, records,

DEFENDANT IGT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

-1-

CASE NO. 09-CV-00419-ECR-RAM

employment files, case files, pleadings, photographs, presentations, correspondence, diaries, bookkeeping entries, financial statements, checks, check stubs, reports, studies, charts, graphs, drawings, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, and work papers, and also including but not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

G. The term "IGT" refers collectively to defendant International Game Technology, and any subsidiary, parent or affiliated corporation, and any present or former officers, directors, employees, successors, predecessors, or other PERSONS acting on its behalf.

H. The term "INVESTIGATION" includes, but is not limited to, any research, examination or inquiry into the specific matter stated.

I. The term "LAWSUIT" means the above-captioned action.

J. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

K. The terms "PLAINTIFF," "YOU," and "YOUR" refer to plaintiff International Brotherhood of Electrical Workers Local 697 Pension Fund, any of its parents, direct or indirect subsidiaries, affiliates, predecessors, successors, and any PERSON acting or purporting to act on its behalf, including, but not limited to, each of its current and former advisors, agents, representatives, trustees, fiduciaries, employees, directors, officers, members, managers, attorneys, brokers, accountants, financial or investment advisors, financial or investment managers, portfolio managers, consultants, researchers, investigators, and experts.

L. The terms "SECURITY" or "SECURITIES" include, but are not limited to, shares of common or preferred stock, bonds, notes, puts, calls, warrants, convertible debentures, and options.

M. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

DEFENDANT IGT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

31   -2-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

N.     All references to the singular include the plural, and all references to the plural include the singular.

O.     Any terms that are not defined herein shall have their usual and customary meaning.

**INSTRUCTIONS**

1.     The requests contained herein extend to all DOCUMENTS in YOUR possession, custody, or control.

2.     If YOU withhold any information or DOCUMENT sought by a request by reason of the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, or immunity, the nature of the privilege or protection shall be identified and the following information provided on a privilege log in each instance: (i) the type of DOCUMENT (*e.g.*, letter, memorandum, agreement, notes, electronic mail); (ii) the date of the DOCUMENT; (iii) the name(s) and title(s) of the author(s) of the DOCUMENT; (iv) the name(s) and title(s) of the recipient(s) of the DOCUMENT; (v) a description of the subject matter of the DOCUMENT or information sufficient to support the privilege asserted; and (vi) the basis on which the DOCUMENT or information is being withheld.

3.     This set of Requests for production of DOCUMENTS specifically requires the production of all responsive documents, including all responsive information that is stored electronically. Thus, this set of Requests for production should be understood to encompass, and the response should include, electronically stored information, as set forth in Federal Rule of Civil Procedure 34(a). All electronically stored information shall be produced with metadata contained within the electronically stored information.

4.     To the extent that any information responsive to these Requests exist in an online account or data repository, all responsive information or data compilations shall be downloaded and produced with as much specificity as possible (*e.g.*, spreadsheets downloaded from an online account or database shall contain all information that may be downloaded from any account history that is responsive or relevant to the Request).

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

32     -3-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

5.    If, after making your initial production and inspection, YOU obtain or become aware of any further documents responsive to this request, YOU are requested to produce such additional documents.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS (including, but not limited to, confirmation slips, brokerage firm records, monthly and quarterly account statements, stock certificates and correspondence), that reflect or are related to YOUR ownership, purchases or other acquisitions, sales or other dispositions of IGT SECURITIES.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS identifying PERSONS who participate in YOUR investment decisions, including, but not limited to, those PERSONS who participated in or influenced YOUR decision to purchase, acquire, sell or otherwise dispose of IGT SECURITIES.

**DOCUMENT REQUEST NO. 3:**

DOCUMENTS sufficient to show the authority of any financial or investment advisors, managers, consultants, portfolio managers, and/or brokers to buy, sell or otherwise acquire or dispose of SECURITIES on YOUR behalf.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS that YOU read, reviewed, acquired in connection with, or that influenced YOUR decision(s) to buy, sell or hold IGT SECURITIES.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS relating to any oral or written representations upon which YOU relied with respect to any purchase, sale, exchange or other disposition of IGT SECURITIES.

**DOCUMENT REQUEST NO. 6:**

All DOCUMENTS in YOUR possession, custody or control regarding IGT or any of the DEFENDANTS in the LAWSUIT.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS CONCERNING any COMMUNICATIONS with any of the

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

33    -4-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

DEFENDANTS in the LAWSUIT.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS CONCERNING COMMUNICATIONS with any present or former employee of IGT CONCERNING any DEFENDANT in this LAWSUIT, any matter alleged in the COMPLAINT, or the LAWSUIT.

**DOCUMENT REQUEST NO. 9:**

All DOCUMENTS CONCERNING COMMUNICATIONS or meetings between YOU and any other PERSON (including, but not limited to, any member of the putative class, any securities broker, securities analyst, financial or investment advisor, financial or investment consultant, risk assessment consultant or advisor, or government regulatory agency or body) CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

**DOCUMENT REQUEST NO. 10:**

All DOCUMENTS CONCERNING any of YOUR investment policies, practices, or strategies during the time period January 1, 2007 through January 1, 2009, including, but not limited to, any investment or asset allocation policies, rules, regulations, guidelines, standards, or agreements governing or CONCERNING YOUR purchase, acquisition, sale, or other disposition of any SECURITIES.

**DOCUMENT REQUEST NO. 11:**

All DOCUMENTS CONCERNING YOUR decision(s) to purchase, sell or hold the SECURITIES of any company other than IGT during the time period January 1, 2007 through January 1, 2009.

**DOCUMENT REQUEST NO. 12:**

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU or by another PERSON on YOUR behalf regarding the matters alleged in the Complaint.

**DOCUMENT REQUEST NO. 13:**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of any purported plaintiff class in this LAWSUIT.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

34
-5-
Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

**DOCUMENT REQUEST NO. 14:**

DOCUMENTS sufficient to identify any class action in which YOU served or sought to serve as a named representative or lead plaintiff of a class or purported class.

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS CONCERNING YOUR past, present, or prospective participation or attempt to participate as a named representative of a class or a purported class in any other action (including, without limitation, any transcripts or summaries of depositions of YOU).

**DOCUMENT REQUEST NO. 16:**

All DOCUMENTS constituting or RELATING TO transcripts, affidavits, declarations, pleadings, court orders or rulings RELATING TO YOUR fitness, qualifications or abilities to serve as a lead plaintiff or class representative in any class action lawsuit, including, but not limited to, the typicality of YOUR claims relative to the purported class, any of YOUR interests contrary to the purported class, or vulnerability to defenses.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS constituting or CONCERNING any COMMUNICATION between YOU or any PERSON acting on YOUR behalf and any member of the purported plaintiff class regarding IGT and/or the LAWSUIT.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS CONCERNING any actual, promised, expected, or anticipated receipt by YOU of anything of value from any PERSON in connection with this LAWSUIT.

**DOCUMENT REQUEST NO. 19:**

All DOCUMENTS CONCERNING any present or former business or personal relationship or transaction between YOU and the law firms of The O'Mara Law Firm, P.C. and Robbins Geller Rudman & Dowd LLP (including any predecessor firms thereof), or any PERSON employed by, or affiliated with, such law firms.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS CONCERNING any loss or damage that YOU claim to have sustained or will sustain because of any alleged act or omission by the DEFENDANTS in this

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

35
Exhibit 1

-6-

CASE NO. 09-CV-00419-ECR-RAM

LAWSUIT, including any calculations of such alleged losses or damage.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS CONCERNING any valuation, forecast, analysis or model of the value of IGT SECURITIES.

**DOCUMENT REQUEST NO. 22:**

All DOCUMENTS CONCERNING any allegation made in the COMPLAINT.

**DOCUMENT REQUEST NO. 23:**

The most current curriculum vitae and/or resume of each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

**DOCUMENT REQUEST NO. 24:**

All discoverable opinions, reports and writings made by each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this LAWSUIT.

**DOCUMENT REQUEST NO. 26:**

All DOCUMENTS constituting or CONCERNING any non-privileged COMMUNICATION(S) between any attorney(s), including COUNSEL, and YOU regarding IGT prior to the filing of the LAWSUIT.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS constituting or concerning written agreements (financial or otherwise) between YOU and any COUNSEL in connection with this LAWSUIT, including, but not limited to, engagement letters, reimbursement of expense agreements, or investment or portfolio monitoring agreements.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

36
Exhibit 1

-7-

CASE NO. 09-CV-00419-ECR-RAM

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of counsel in connection with this LAWSUIT.

**DOCUMENT REQUEST NO. 29:**

All DOCUMENTS identifying the organizational structure of PLAINTIFF, its management, boards, and any management or investment committees.

**DOCUMENT REQUEST NO. 30**

All DOCUMENTS comprising or CONCERNING internal COMMUNICATIONS between and among YOUR officers, directors, trustees, executive board members, committees, members, or employees CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS constituting or CONCERNING any COMMUNICATION(S) between YOU and any PERSON regarding the LAWSUIT.

**DOCUMENT REQUEST NO. 32:**

DOCUMENTS sufficient to show the amount of assets under YOUR management.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS RELATING TO YOUR DOCUMENT management, retention and/or destruction policies, practices or procedures, including, but not limited to, electronically stored information.

**DOCUMENT REQUEST NO. 34:**

To the extent not previously called for, all DOCUMENTS CONCERNING IGT, IGT SECURITIES, or any allegation made in the COMPLAINT.

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

37

-8-

Exhibit 1

CASE NO. 09-CV-00419-ECR-RAM

DATED: April 29, 2011

WILSON SONSINI GOODRICH & ROSATI, P.C.
BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, *admitted pro hac vice*
(jveltman@wsgr.com)
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100


By: _____
    Jacob Veltman


RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

*Attorneys for Defendants*

DEFENDANT IGT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

38

-9-

Exhibit 1

Case 1:19-cv-00409-TS-WGC Document 242-1 Filed 07/06/23 Page ID.1385 Page 36 of 107

# Exhibit C

Exhibit 1

THE O'MARA LAW FIRM, P.C.
WILLIAM O. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
    & DOWD LLP
ARTHUR C. LEAHY
BRIAN O. O'MARA (Nevada Bar No. 8214)
MATTHEW I. ALPERT
PHONG L. TRAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>                Defendants. | No. 3:09-cv-00419-ECR-RAM<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF IRON WORKERS DISTRICT COUNSEL OF WESTERN NEW YORK AND VICINITY PENSION FUND'S RESPONSE TO DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

627343_1

Exhibit 1

**PROPOUNDING PARTIES:**      Defendant International Game Technology

**RESPONDING PARTIES:**      Lead Plaintiff Iron Workers District Counsel of Western New York and Vicinity Pension Fund

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable Local Rules for the United States District Court for the District of Nevada, Lead Plaintiff Iron Workers District Counsel of Western New York and Vicinity Pension Fund ("Plaintiff") hereby submits its response to Defendant International Game Technology's First Request for Production of Documents as follows:

## I.      INTRODUCTION

Plaintiff's responses to these Requests are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy and the like, and any and all other objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in these responses. Plaintiff's responses to all or any of the Requests should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Request; (2) Plaintiff has in its possession, custody, or control documents responsive to that Request; (3) documents responsive to that Request exist; or (4) Plaintiff's responses constitute admissible evidence. Plaintiff's response to all or any part of a Request also is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objections to that Request.

Plaintiff's responses are made in light of the fact that Plaintiff has not completed its (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. Plaintiff advises that completion of discovery, including the expert discovery process, could result in

627343_1

- 1 -

Exhibit 1

modifications to these responses. The following responses are based upon information known at this time. Plaintiff reserves the right to make use of, or to introduce at any deposition, hearing, and/or trial, documents responsive to the Requests but discovered subsequent to the date of service of Plaintiff's Responses to the Requests, including, but not limited to, any documents obtained in discovery herein.

## II.    GENERAL OBJECTIONS

1.      Plaintiff generally objects to the Requests on the following grounds, each of which is expressly incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these General Objections.

2.      Plaintiff objects to the Requests to the extent they purport to impose any obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

3.      Plaintiff objects to the Requests to the extent they seek information or documents that are beyond the scope of permissible discovery.

4.      Plaintiff objects to the Requests to the extent they seek or require the disclosure of information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the right to privacy, or any other applicable privilege or immunity. Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

627343_1

- 2 -

42

Exhibit 1

5. Plaintiff objects to the Requests to the extent they seek information or documents not within Plaintiff's immediate possession, custody, or control.

6. Plaintiff objects to the Requests to the extent they seek information or documents that can be found in the pleadings.

7. Plaintiff objects to the Requests as unduly burdensome to the extent such Requests seek documents to which the requesting Defendants have equal or greater access.

8. Plaintiff objects to the Requests insofar as they are vague, ambiguous, harassing, overly broad, or burdensome, and to the extent that the discovery sought is unreasonably cumulative, duplicative, or disproportionate.

9. Plaintiff objects to the Requests insofar as they seek information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to each "Definition" and "Instruction" to the extent each imposes on Plaintiff any obligation beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

11. Plaintiff objects to the "Definitions" and "Instructions" sections of the Requests to the extent that the definitions are overly broad or call for information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the right to privacy, or any other applicable privilege or immunity.

12. Plaintiff specifically objects to Definition "K" purporting to describe "Plaintiff," "You," and "Your" and the Requests incorporating these terms, to the extent that the "Definition" construes "you" and "your" to include Plaintiff's "representatives," "attorneys," "brokers," "agents," "consultants," "accountants," "financial or investment advisors," "portfolio managers," "experts"

- 3 -

627343_1

Exhibit 1

and "investigators," and impermissibly attempts to expand the scope of documents that would be in the Plaintiff's possession, custody, or control.

13.     In providing information in response to the Requests, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve:

(a)     all objections as to competency, relevancy, materiality or admissibility of any Request, the responses, or their subject matter;

(b)     all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;

(c)     all rights to object on any ground to the use of any of the information or documents or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)     all rights to object on any ground to any further interrogatories or other discovery requests involving or related to the subject matter of any Requests; and

(e)     any and all privileges and rights under the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, other statutes, guidelines, or common law.

14.     Plaintiff reserves the right to amend, modify, and supplement these responses should additional discovery warrant such amendment, modification, or supplementation.

15.     Plaintiff objects to the Requests insofar as they are not limited to a relevant period of time and thus they are overly broad, unduly burdensome, and seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Unless stated otherwise, Plaintiff will produce responsive, relevant, non-privileged documents for the period November 1, 2007 through October 30, 2008.

- 4 -

627343_1

44

Exhibit 1

16.    Plaintiff does not anticipate that it will be able to produce all responsive documents within thirty days after the service of the Request. Plaintiff is prepared to meet and confer with IGT regarding the Requests in hope of resolving potential disputes and will, at a mutually agreed-upon time and manner, produce responsive, relevant, non-privileged documents in Plaintiff's possession, custody, or control to the extent such documents exist, as stated in Plaintiff's responses to these Requests.

17.    The following specific objections and responses are subject to the General Objections. By setting forth specific objections, Plaintiff does not intend to limit or restrict the General Objections. To the extent that Plaintiff responds to the Requests, any stated objections are not waived by providing responses.

## III.    RESPONSES AND OBJECTIONS

DOCUMENT REQUEST NO. 1:

All DOCUMENTS (including, but not limited to, confirmation slips, brokerage firm records, monthly and quarterly account statements, stock certificates and correspondence), that reflect or are related to YOUR ownership, purchases or other acquisitions, sales or other dispositions of IGT SECURITIES.

RESPONSE TO REQUEST NO. 1:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

627343_1

- 5 -

Exhibit 1

DOCUMENT REQUEST NO. 2:

All DOCUMENTS identifying PERSONS who participate in YOUR investment decisions, including, but not limited to, those PERSONS who participated in or influenced YOUR decision to purchase, acquire, sell or otherwise dispose of IGT SECURITIES.

RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this Request as it is vague and ambiguous with respect to the terms "participate," "participated," and "influenced." Subject additionally to Plaintiff's General Objections, and applying Plaintiff's understanding of the terms "participate," "participated," and "influenced," Plaintiff will produce relevant, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 3:

DOCUMENTS sufficient to show the authority of any financial or investment advisors, managers, consultants, portfolio managers, and/or brokers to buy, sell or otherwise acquire or dispose of SECURITIES on YOUR behalf.

RESPONSE TO REQUEST NO. 3:

Plaintiff objects to this Request as it is vague and ambiguous with respect to the term "authority." Subject additionally to Plaintiff's General Objections, and applying Plaintiff's understanding of the term "authority," Plaintiff will produce relevant, non-privileged documents responsive to this Request sufficient to identify the requested information only to the extent of Plaintiff's transactions in IGT securities for the period from November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

- 6 -

627343_1

46

Exhibit 1

DOCUMENT REQUEST NO. 4:

All DOCUMENTS that YOU read, reviewed, acquired in connection with, or that influenced YOUR decision(s) to buy, sell or hold IGT SECURITIES.

RESPONSE TO REQUEST NO. 4:

Plaintiff objects to the extent this Request seeks public documents to which Defendants have equal access. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 5:

All DOCUMENTS relating to any oral or written representations upon which YOU relied with respect to any purchase, sale, exchange or other disposition of IGT SECURITIES.

RESPONSE TO REQUEST NO. 5:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 6:

All DOCUMENTS in YOUR possession, custody or control regarding IGT or any of the DEFENDANTS in the LAWSUIT.

RESPONSE TO REQUEST NO. 6:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 7 -

627343_1

Exhibit 1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 7:

All DOCUMENTS CONCERNING any COMMUNICATIONS with any of the DEFENDANTS in the LAWSUIT.

RESPONSE TO REQUEST NO. 7:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 8:

All DOCUMENTS CONCERNING COMMUNICATIONS with any present or former employee of IGT CONCERNING any DEFENDANT in this LAWSUIT, any matter alleged in the COMPLAINT, or the LAWSUIT.

RESPONSE TO REQUEST NO. 8:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 8 -

627343_1

48

Exhibit 1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 9:

All DOCUMENTS CONCERNING COMMUNICATIONS or meetings between YOU and any other PERSON (including, but not limited to, any member of the putative class, any securities broker, securities analyst, financial or investment advisor, financial or investment consultant, risk assessment consultant or advisor, or government regulatory agency or body) CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 9:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to Plaintiff's purchases and sales of IGT securities for the time period November 1, 2007 through October 30, 2008, or relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 10:

All DOCUMENTS CONCERNING any of YOUR investment policies, practices, or strategies during the time period January 1, 2007 through January 1, 2009, including, but not limited

- 9 -

Exhibit 1

to, any investment or asset allocation policies, rules, regulations, guidelines, standards, or agreements governing or CONCERNING YOUR purchase, acquisition, sale, or other disposition of any SECURITIES.

RESPONSE TO REQUEST NO. 10:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request related to Plaintiff's purchases and sales of IGT securities for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 11:

All DOCUMENTS CONCERNING YOUR decision(s) to purchase, sell or hold the SECURITIES of any company other than IGT during the time period January 1, 2007 through January 1, 2009.

RESPONSE TO REQUEST NO. 11:

In addition to Plaintiff's General Objections, Plaintiff objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 12:

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU or by another PERSON on YOUR behalf regarding the matters alleged in the Complaint.

RESPONSE TO REQUEST NO. 12:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 10 -

627343_1

Exhibit 1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 13:

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of any purported plaintiff class in this LAWSUIT.

RESPONSE TO REQUEST NO. 13:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 14:

DOCUMENTS sufficient to identify any class action in which YOU served or sought to serve as a named representative or lead plaintiff of a class or purported class.

RESPONSE TO REQUEST NO. 14:

Plaintiff objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

- 11 -

627343_1

Exhibit 1

DOCUMENT REQUEST NO. 15:

All DOCUMENTS CONCERNING YOUR past, present, or prospective participation or attempt to participate as a named representative of a class or a purported class in any other action (including, without limitation, any transcripts or summaries of depositions of YOU).

RESPONSE TO REQUEST NO. 15:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 16:

All DOCUMENTS constituting or RELATING TO transcripts, affidavits, declarations, pleadings, court orders or rulings RELATING TO YOUR fitness, qualifications or abilities to serve as a lead plaintiff or class representative in any class action lawsuit, including, but not limited to, the typicality of YOUR claims relative to the purported class, any of YOUR interests contrary to the purported class, or vulnerability to defenses.

RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this Request seeks publicly available information or other information to which Defendants have equal access.

- 12 -

627343_1

52

Exhibit 1

DOCUMENT REQUEST NO. 17:

All DOCUMENTS constituting or CONCERNING any COMMUNICATION between YOU or any PERSON acting on YOUR behalf and any member of the purported plaintiff class regarding IGT and/or the LAWSUIT.

RESPONSE TO REQUEST NO. 17:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 18:

All DOCUMENTS CONCERNING any actual, promised, expected, or anticipated receipt by YOU of anything of value from any PERSON in connection with this LAWSUIT.

RESPONSE TO REQUEST NO. 18:

In addition to Plaintiff's General Objections, Plaintiff objects to the term "anything of value" as vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to the foregoing objections, Plaintiff responds that there are no responsive documents.

DOCUMENT REQUEST NO. 19:

All DOCUMENTS CONCERNING any present or former business or personal relationship or transaction between YOU and the law firms of The O'Mara Law Firm, P.C. and Robbins Geller

627343_1

- 13 -

Rudman & Dowd LLP (including any predecessor firms thereof), or any PERSON employed by, or affiliated with, such law firms.

RESPONSE TO REQUEST NO. 19:

In addition to Plaintiff's General Objections, Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 20:

All DOCUMENTS CONCERNING any loss or damage that YOU claim to have sustained or will sustain because of any alleged act or omission by the DEFENDANTS in this LAWSUIT, including any calculations of such alleged losses or damage.

RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this Request as premature because it cannot be answered without the benefit of expert testimony, which is not yet the subject of discovery. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 21:

All DOCUMENTS CONCERNING any valuation, forecast, analysis or model of the value of IGT SECURITIES.

- 14 -

627343_1

RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as premature because it cannot be answered without the benefit of expert testimony, which is not yet the subject of discovery. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 22:

All DOCUMENTS CONCERNING any allegation made in the COMPLAINT.

RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as overbroad. Plaintiff also objects to this Request as premature because discovery is ongoing. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to the allegations in the Complaint upheld by the Court, for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 23:

The most current curriculum vitae and/or resume of each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

- 15 -

627343_1

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this Request as premature because Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, an expert opinion will be used in support of this motion, or in rebuttal to any expert used by Defendants. Plaintiff expressly reserves the right to supplement its response and production in response to this Request.

**DOCUMENT REQUEST NO. 24:**

All discoverable opinions, reports and writings made by each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this Request as premature because Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, an expert opinion will be used in support of this motion, or in rebuttal to any expert used by Defendants. Plaintiff expressly reserves the right to supplement its response and production in response to this Request.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this LAWSUIT.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this Request as premature as Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, documentary evidence will be used in support of this motion. In the event documents are submitted in support of Plaintiff's motion for class certification, Defendants may refer to that publicly-available filing for such documents.

- 16 -

627343_1

DOCUMENT REQUEST NO. 26:

All DOCUMENTS constituting or CONCERNING any non-privileged COMMUNICATION(S) between any attorney(s), including COUNSEL, and YOU regarding IGT prior to the filing of the LAWSUIT.

RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

DOCUMENT REQUEST NO. 27:

All DOCUMENTS constituting or concerning written agreements (financial or otherwise) between YOU and any COUNSEL in connection with this LAWSUIT, including, but not limited to, engagement letters, reimbursement of expense agreements, or investment or portfolio monitoring agreements.

RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

627343_1

- 17 -

Exhibit 1

DOCUMENT REQUEST NO. 28:

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of counsel in connection with this LAWSUIT.

RESPONSE TO REQUEST NO. 28:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

DOCUMENT REQUEST NO. 29:

All DOCUMENTS identifying the organizational structure of PLAINTIFF, its management, boards, and any management or investment committees.

RESPONSE TO REQUEST NO. 29:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request sufficient to identify the requested information to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 30:

All DOCUMENTS comprising or CONCERNING internal COMMUNICATIONS between and among YOUR officers, directors, trustees, executive board members, committees, members, or employees CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 30:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, joint

- 18 -

627343_1

Exhibit 1

prosecution privilege or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to the allegations in the Complaint upheld by the Court, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 31:

All DOCUMENTS constituting or CONCERNING any COMMUNICATION(S) between YOU and any PERSON regarding the LAWSUIT.

RESPONSE TO REQUEST NO. 31:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff also objects to this Request as being overbroad. Plaintiff further objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request concerning the allegations in the Complaint upheld by the Court, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 32:

DOCUMENTS sufficient to show the amount of assets under YOUR management.

- 19 -

RESPONSE TO REQUEST NO. 32:

In addition to Plaintiff's General Objections, Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 33:

All DOCUMENTS RELATING TO YOUR DOCUMENT management, retention and/or destruction policies, practices or procedures, including, but not limited to, electronically stored information.

RESPONSE TO REQUEST NO. 33:

In addition to Plaintiff's General Objections, Plaintiff further objects to this Request as it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 34:

To the extent not previously called for, all DOCUMENTS CONCERNING IGT, IGT SECURITIES, or any allegation made in the COMPLAINT.

RESPONSE TO REQUEST NO. 34:

Plaintiff objects that this Request is vague, ambiguous and overbroad. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections,

- 20 -

627343_1

Exhibit 1

Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request concerning Plaintiff's transactions in IGT securities and relating to the Complaint's allegations upheld by the Court, for the time period November 1, 2007 through October 30, 2008, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DATED: June 8, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
BRIAN O. O'MARA
MATTHEW I. ALPERT
PHONG L. TRAN

_____
          BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
DAVID C. O'MARA
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

Liaison Counsel

- 21 -

627343_1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on June 8, 2011, declarant served the LEAD PLAINTIFF IRON WORKERS DISTRICT COUNSEL OF WESTERN NEW YORK AND VICINITY PENSION FUND'S RESPONSE TO DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2011, at San Diego, California.



Mo Maloney

627343_1

Exhibit 1

Service List

*Int'l Brotherhood of Elec. Workers Local 697 Pension Fund v. Int'l Game*
*Technology,* No. 3:09-cv-00419-ECR-RAM (D. Nev.)

Boris Feldman
David S. Steuer
Jacob T. Veltman
Diane Walters
Cynthia Dy
WILSON SONSINI GOODRICH &
ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
boris.feldman@wsgr.com
dsteuer@wsgr.com
jveltman@wsgr.com
dwalters@wsgr.com
cdy@wsgr.com

Richard G. Campbell, Jr
Brett F. Meich
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
rcampbell@armstrongteasdale.com
bmeich@armstrongteasdale.com

Attorneys for Defendants

William O. O'Mara
David C. O'Mara
THE O'MARA LAW FIRM, P.C.
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)
david@omaralaw.net
bill@omaralaw.net

Liaison Counsel

Arthur C. Leahy
Brian O. O'Mara
Matthew I. Alpert
Phong L. Tran
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
Artl@rgrdlaw.com
Bo'mara@rgrdlaw.com
ptran@rgrdlaw.com
malpert@rgrdlaw.com

Lead Counsel for Plaintiffs

621708_1

63

Exhibit 1

# Exhibit D

Exhibit 1

THE O'MARA LAW FIRM, P.C.
WILLIAM O. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
ARTHUR C. LEAHY
BRIAN O. O'MARA (Nevada Bar No. 8214)
MATTHEW I. ALPERT
PHONG L. TRAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br>              Plaintiff,<br><br>   vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>              Defendants. | No. 3:09-cv-00419-ECR-RAM<br><br>CLASS ACTION<br><br>PLAINTIFF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S RESPONSE TO DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

627460_1

Exhibit 1

**PROPOUNDING PARTIES:**    Defendant International Game Technology

**RESPONDING PARTIES:**    Plaintiff International Brotherhood of Electrical Workers Local 697 Pension Fund

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable Local Rules for the United States District Court for the District of Nevada, Plaintiff International Brotherhood of Electrical Workers Local 697 Pension Fund ("Plaintiff") hereby submits its response to Defendant International Game Technology's First Request for Production of Documents as follows:

## I.    INTRODUCTION

Plaintiff's responses to these Requests are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy and the like, and any and all other objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in these responses. Plaintiff's responses to all or any of the Requests should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Request; (2) Plaintiff has in its possession, custody, or control documents responsive to that Request; (3) documents responsive to that Request exist; or (4) Plaintiff's responses constitute admissible evidence. Plaintiff's response to all or any part of a Request also is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objections to that Request.

Plaintiff's responses are made in light of the fact that Plaintiff has not completed its (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. Plaintiff advises that completion of discovery, including the expert discovery process, could result in

- 1 -

627460_1

Exhibit 1

modifications to these responses. The following responses are based upon information known at this time. Plaintiff reserves the right to make use of, or to introduce at any deposition, hearing, and/or trial, documents responsive to the Requests but discovered subsequent to the date of service of Plaintiff's Responses to the Requests, including, but not limited to, any documents obtained in discovery herein.

## II.    GENERAL OBJECTIONS

1.    Plaintiff generally objects to the Requests on the following grounds, each of which is expressly incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these General Objections.

2.    Plaintiff objects to the Requests to the extent they purport to impose any obligations on Plaintiff that are not imposed by law, or are otherwise inconsistent with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

3.    Plaintiff objects to the Requests to the extent they seek information or documents that are beyond the scope of permissible discovery.

4.    Plaintiff objects to the Requests to the extent they seek or require the disclosure of information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the right to privacy, or any other applicable privilege or immunity. Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

627460_1

- 2 -

67

Exhibit 1

5.     Plaintiff objects to the Requests to the extent they seek information or documents not within Plaintiff's immediate possession, custody, or control.

6.     Plaintiff objects to the Requests to the extent they seek information or documents that can be found in the pleadings.

7.     Plaintiff objects to the Requests as unduly burdensome to the extent such Requests seek documents to which the requesting Defendants have equal or greater access.

8.     Plaintiff objects to the Requests insofar as they are vague, ambiguous, harassing, overly broad, or burdensome, and to the extent that the discovery sought is unreasonably cumulative, duplicative, or disproportionate.

9.     Plaintiff objects to the Requests insofar as they seek information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

10.     Plaintiff objects to each "Definition" and "Instruction" to the extent each imposes on Plaintiff any obligation beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

11.     Plaintiff objects to the "Definitions" and "Instructions" sections of the Requests to the extent that the definitions are overly broad or call for information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the right to privacy, or any other applicable privilege or immunity.

12.     Plaintiff specifically objects to Definition "K" purporting to describe "Plaintiff," "You," and "Your" and the Requests incorporating these terms, to the extent that the "Definition" construes "you" and "your" to include Plaintiff's "representatives," "attorneys," "brokers," "agents," "consultants," "accountants," "financial or investment advisors," "portfolio managers," "experts"

- 3 -

627460_1

Exhibit 1

and "investigators," and impermissibly attempts to expand the scope of documents that would be in the Plaintiff's possession, custody, or control.

13. In providing information in response to the Requests, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve:

(a) all objections as to competency, relevancy, materiality or admissibility of any Request, the responses, or their subject matter;

(b) all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;

(c) all rights to object on any ground to the use of any of the information or documents or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d) all rights to object on any ground to any further interrogatories or other discovery requests involving or related to the subject matter of any Requests; and

(e) any and all privileges and rights under the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, other statutes, guidelines, or common law.

14. Plaintiff reserves the right to amend, modify, and supplement these responses should additional discovery warrant such amendment, modification, or supplementation.

15. Plaintiff objects to the Requests insofar as they are not limited to a relevant period of time and thus they are overly broad, unduly burdensome, and seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Unless stated otherwise, Plaintiff will produce responsive, relevant, non-privileged documents for the period November 1, 2007 through October 30, 2008.

- 4 -

627460_1

Exhibit 1

16.    Plaintiff does not anticipate that it will be able to produce all responsive documents within thirty days after the service of the Request. Plaintiff is prepared to meet and confer with IGT regarding the Requests in hope of resolving potential disputes and will, at a mutually agreed-upon time and manner, produce responsive, relevant, non-privileged documents in Plaintiff's possession, custody, or control to the extent such documents exist, as stated in Plaintiff's responses to these Requests.

17.    The following specific objections and responses are subject to the General Objections. By setting forth specific objections, Plaintiff does not intend to limit or restrict the General Objections. To the extent that Plaintiff responds to the Requests, any stated objections are not waived by providing responses.

## III.    RESPONSES AND OBJECTIONS

DOCUMENT REQUEST NO. 1:

All DOCUMENTS (including, but not limited to, confirmation slips, brokerage firm records, monthly and quarterly account statements, stock certificates and correspondence), that reflect or are related to YOUR ownership, purchases or other acquisitions, sales or other dispositions of IGT SECURITIES.

RESPONSE TO REQUEST NO. 1:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

627460_1

- 5 -

Exhibit 1

DOCUMENT REQUEST NO. 2:

All DOCUMENTS identifying PERSONS who participate in YOUR investment decisions, including, but not limited to, those PERSONS who participated in or influenced YOUR decision to purchase, acquire, sell or otherwise dispose of IGT SECURITIES.

RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this Request as it is vague and ambiguous with respect to the terms "participate," "participated," and "influenced." Subject additionally to Plaintiff's General Objections, and applying Plaintiff's understanding of the terms "participate," "participated," and "influenced," Plaintiff will produce relevant, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 3:

DOCUMENTS sufficient to show the authority of any financial or investment advisors, managers, consultants, portfolio managers, and/or brokers to buy, sell or otherwise acquire or dispose of SECURITIES on YOUR behalf.

RESPONSE TO REQUEST NO. 3:

Plaintiff objects to this Request as it is vague and ambiguous with respect to the term "authority." Subject additionally to Plaintiff's General Objections, and applying Plaintiff's understanding of the term "authority," Plaintiff will produce relevant, non-privileged documents responsive to this Request sufficient to identify the requested information only to the extent of Plaintiff's transactions in IGT securities for the period from November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

- 6 -

627460_1

Case 3:09-cv-00419-ECR-RAM Document 96-5 SEALED Filed 08/13/14 Page 9 of 25

DOCUMENT REQUEST NO. 4:

All DOCUMENTS that YOU read, reviewed, acquired in connection with, or that influenced YOUR decision(s) to buy, sell or hold IGT SECURITIES.

RESPONSE TO REQUEST NO. 4:

Plaintiff objects to the extent this Request seeks public documents to which Defendants have equal access. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 5:

All DOCUMENTS relating to any oral or written representations upon which YOU relied with respect to any purchase, sale, exchange or other disposition of IGT SECURITIES.

RESPONSE TO REQUEST NO. 5:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 6:

All DOCUMENTS in YOUR possession, custody or control regarding IGT or any of the DEFENDANTS in the LAWSUIT.

RESPONSE TO REQUEST NO. 6:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 7 -

627460_1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 7:

All DOCUMENTS CONCERNING any COMMUNICATIONS with any of the DEFENDANTS in the LAWSUIT.

RESPONSE TO REQUEST NO. 7:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 8:

All DOCUMENTS CONCERNING COMMUNICATIONS with any present or former employee of IGT CONCERNING any DEFENDANT in this LAWSUIT, any matter alleged in the COMPLAINT, or the LAWSUIT.

RESPONSE TO REQUEST NO. 8:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 8 -

627460_1

73

Exhibit 1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 9:

All DOCUMENTS CONCERNING COMMUNICATIONS or meetings between YOU and any other PERSON (including, but not limited to, any member of the putative class, any securities broker, securities analyst, financial or investment advisor, financial or investment consultant, risk assessment consultant or advisor, or government regulatory agency or body) CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 9:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to Plaintiff's purchases and sales of IGT securities for the time period November 1, 2007 through October 30, 2008, or relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 10:

All DOCUMENTS CONCERNING any of YOUR investment policies, practices, or strategies during the time period January 1, 2007 through January 1, 2009, including, but not limited

- 9 -

627460_1

Exhibit 1

to, any investment or asset allocation policies, rules, regulations, guidelines, standards, or agreements governing or CONCERNING YOUR purchase, acquisition, sale, or other disposition of any SECURITIES.

RESPONSE TO REQUEST NO. 10:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request related to Plaintiff's purchases and sales of IGT securities for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 11:

All DOCUMENTS CONCERNING YOUR decision(s) to purchase, sell or hold the SECURITIES of any company other than IGT during the time period January 1, 2007 through January 1, 2009.

RESPONSE TO REQUEST NO. 11:

In addition to Plaintiff's General Objections, Plaintiff objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 12:

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU or by another PERSON on YOUR behalf regarding the matters alleged in the Complaint.

RESPONSE TO REQUEST NO. 12:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any

- 10 -

627460_1

75

Exhibit 1

other applicable privilege protection or immunity. Subject to this objection and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request for the time period November 1, 2007 through October 30, 2008, relating to the allegations in the Complaint upheld by the Court, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 13:

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of any purported plaintiff class in this LAWSUIT.

RESPONSE TO REQUEST NO. 13:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 14:

DOCUMENTS sufficient to identify any class action in which YOU served or sought to serve as a named representative or lead plaintiff of a class or purported class.

RESPONSE TO REQUEST NO. 14:

Plaintiff objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

627460_1

- 11 -

Exhibit 1

DOCUMENT REQUEST NO. 15:

All DOCUMENTS CONCERNING YOUR past, present, or prospective participation or attempt to participate as a named representative of a class or a purported class in any other action (including, without limitation, any transcripts or summaries of depositions of YOU).

RESPONSE TO REQUEST NO. 15:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 16:

All DOCUMENTS constituting or RELATING TO transcripts, affidavits, declarations, pleadings, court orders or rulings RELATING TO YOUR fitness, qualifications or abilities to serve as a lead plaintiff or class representative in any class action lawsuit, including, but not limited to, the typicality of YOUR claims relative to the purported class, any of YOUR interests contrary to the purported class, or vulnerability to defenses.

RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this Request seeks publicly available information or other information to which Defendants have equal access.

- 12 -

627460_1

77

Exhibit 1

DOCUMENT REQUEST NO. 17:

All DOCUMENTS constituting or CONCERNING any COMMUNICATION between YOU or any PERSON acting on YOUR behalf and any member of the purported plaintiff class regarding IGT and/or the LAWSUIT.

RESPONSE TO REQUEST NO. 17:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 18:

All DOCUMENTS CONCERNING any actual, promised, expected, or anticipated receipt by YOU of anything of value from any PERSON in connection with this LAWSUIT.

RESPONSE TO REQUEST NO. 18:

In addition to Plaintiff's General Objections, Plaintiff objects to the term "anything of value" as vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to the foregoing objections, Plaintiff responds that there are no responsive documents.

DOCUMENT REQUEST NO. 19:

All DOCUMENTS CONCERNING any present or former business or personal relationship or transaction between YOU and the law firms of The O'Mara Law Firm, P.C. and Robbins Geller

- 13 -

627460_1

Rudman & Dowd LLP (including any predecessor firms thereof), or any PERSON employed by, or affiliated with, such law firms.

RESPONSE TO REQUEST NO. 19:

In addition to Plaintiff's General Objections, Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff further objects that the information sought by this Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 20:

All DOCUMENTS CONCERNING any loss or damage that YOU claim to have sustained or will sustain because of any alleged act or omission by the DEFENDANTS in this LAWSUIT, including any calculations of such alleged losses or damage.

RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this Request as premature because it cannot be answered without the benefit of expert testimony, which is not yet the subject of discovery. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 21:

All DOCUMENTS CONCERNING any valuation, forecast, analysis or model of the value of IGT SECURITIES.

- 14 -

627460_1

Exhibit 1

RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this Request as premature because it cannot be answered without the benefit of expert testimony, which is not yet the subject of discovery. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 22:

All DOCUMENTS CONCERNING any allegation made in the COMPLAINT.

RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this Request as overbroad. Plaintiff also objects to this Request as premature because discovery is ongoing. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to the allegations in the Complaint upheld by the Court, for the time period November 1, 2007 through October 30, 2008, to the extent such documents exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 23:

The most current curriculum vitae and/or resume of each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

- 15 -

627460_1

80

Exhibit 1

RESPONSE TO REQUEST NO. 23:

Plaintiff objects to this Request as premature because Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, an expert opinion will be used in support of this motion, or in rebuttal to any expert used by Defendants. Plaintiff expressly reserves the right to supplement its response and production in response to this Request.

DOCUMENT REQUEST NO. 24:

All discoverable opinions, reports and writings made by each PERSON whose expert opinion YOU expect to offer in support of YOUR motion for class certification in this LAWSUIT.

RESPONSE TO REQUEST NO. 24:

Plaintiff objects to this Request as premature because Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, an expert opinion will be used in support of this motion, or in rebuttal to any expert used by Defendants. Plaintiff expressly reserves the right to supplement its response and production in response to this Request.

DOCUMENT REQUEST NO. 25:

All DOCUMENTS that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this LAWSUIT.

RESPONSE TO REQUEST NO. 25:

Plaintiff objects to this Request as premature as Plaintiff's motion for class certification is not due until June 1, 2011, and Plaintiff has not yet determined whether, if at all, documentary evidence will be used in support of this motion. In the event documents are submitted in support of Plaintiff's motion for class certification, Defendants may refer to that publicly-available filing for such documents.

- 16 -

627460_1

Exhibit 1

DOCUMENT REQUEST NO. 26:

All DOCUMENTS constituting or CONCERNING any non-privileged COMMUNICATION(S) between any attorney(s), including COUNSEL, and YOU regarding IGT prior to the filing of the LAWSUIT.

RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

DOCUMENT REQUEST NO. 27:

All DOCUMENTS constituting or concerning written agreements (financial or otherwise) between YOU and any COUNSEL in connection with this LAWSUIT, including, but not limited to, engagement letters, reimbursement of expense agreements, or investment or portfolio monitoring agreements.

RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

- 17 -

627460_1

DOCUMENT REQUEST NO. 28:

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of counsel in connection with this LAWSUIT.

RESPONSE TO REQUEST NO. 28:

Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity.

DOCUMENT REQUEST NO. 29:

All DOCUMENTS identifying the organizational structure of PLAINTIFF, its management, boards, and any management or investment committees.

RESPONSE TO REQUEST NO. 29:

Subject to Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request sufficient to identify the requested information to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 30:

All DOCUMENTS comprising or CONCERNING internal COMMUNICATIONS between and among YOUR officers, directors, trustees, executive board members, committees, members, or employees CONCERNING IGT, IGT SECURITIES, or any matter alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 30:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, joint

- 18 -

627460_1

83

Exhibit 1

prosecution privilege or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request relating to the allegations in the Complaint upheld by the Court, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 31:

All DOCUMENTS constituting or CONCERNING any COMMUNICATION(S) between YOU and any PERSON regarding the LAWSUIT.

RESPONSE TO REQUEST NO. 31:

Plaintiff objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Plaintiff also objects to this Request as being overbroad. Plaintiff further objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request concerning the allegations in the Complaint upheld by the Court, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 32:

DOCUMENTS sufficient to show the amount of assets under YOUR management.

- 19 -

627460_1

84

Exhibit 1

RESPONSE TO REQUEST NO. 32:

In addition to Plaintiff's General Objections, Plaintiff objects to this Request insofar as it seeks information or documents that are irrelevant to any claim, defense, or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 33:

All DOCUMENTS RELATING TO YOUR DOCUMENT management, retention and/or destruction policies, practices or procedures, including, but not limited to, electronically stored information.

RESPONSE TO REQUEST NO. 33:

In addition to Plaintiff's General Objections, Plaintiff further objects to this Request as it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to this objection and Plaintiff's General Objections, Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DOCUMENT REQUEST NO. 34:

To the extent not previously called for, all DOCUMENTS CONCERNING IGT, IGT SECURITIES, or any allegation made in the COMPLAINT.

RESPONSE TO REQUEST NO. 34:

Plaintiff objects that this Request is vague, ambiguous and overbroad. Plaintiff further objects to this Request to the extent it seeks and purports to require disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege protection or immunity. Subject to these objections and Plaintiff's General Objections,

- 20 -

627460_1

Exhibit 1

Plaintiff will produce relevant, non-public, non-privileged documents responsive to this Request concerning Plaintiff's transactions in IGT securities and relating to the Complaint's allegations upheld by the Court, for the time period November 1, 2007 through October 30, 2008, to the extent such documents, if any, exist and are in Plaintiff's possession, custody, or control.

DATED: June 8, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
BRIAN O. O'MARA
MATTHEW I. ALPERT
PHONG L. TRAN

_____
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
DAVID C. O'MARA
311 East Liberty Street
Reno, NV  89501
Telephone:  775/323-1321
775/323-4082 (fax)

Liaison Counsel

- 21 -

Case 3:09-cv-00415-ECR-RAM Document 56-5 SEALED Filed 03/15/11 Page 24 of 25

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.     That on June 8, 2011, declarant served the PLAINTIFF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S RESPONSE TO DEFENDANT INTERNATIONAL GAME TECHNOLOGY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2011, at San Diego, California.

Mo Maloney

627460_1

87

Exhibit 1

Service List

*Int'l Brotherhood of Elec. Workers Local 697 Pension Fund v. Int'l Game
Technology,* No. 3:09-cv-00419-ECR-RAM  (D. Nev.)

Boris Feldman
David S. Steuer
Jacob T. Veltman
Diane Walters
Cynthia Dy
WILSON SONSINI GOODRICH &
ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
boris.feldman@wsgr.com
dsteuer@wsgr.com
jveltman@wsgr.com
dwalters@wsgr.com
cdy@wsgr.com

Richard G. Campbell, Jr
Brett F. Meich
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
rcampbell@armstrongteasdale.com
bmeich@armstrongteasdale.com

Attorneys for Defendants

William O. O'Mara
David C. O'Mara
THE O'MARA LAW FIRM, P.C.
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)
david@omaralaw.net
bill@omaralaw.net

Liaison Counsel

Arthur C. Leahy
Brian O. O'Mara
Matthew I. Alpert
Phong L. Tran
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
Artl@rgrdlaw.com
Bo'mara@rgrdlaw.com
ptran@rgrdlaw.com
malpert@rgrdlaw.com

Lead Counsel for Plaintiffs

621708_1

88

Exhibit 1

Case 3:09-cv-00415-EGR-RAM  Document 96-8 SEALED  Filed 05/15/18  Page 1 of 3

# Exhibit G

Exhibit 1

**Robbins Geller**
**Rudman & Dowd LLP**

Atlanta Melville Philadelphia San Francisco
Boca Raton New York San Diego Washington, DC

Brian O. O'Mara
bomara@rgrdlaw.com

August 1, 2011

<u>VIA E-MAIL</u>

Diane Walters
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

  Re: *IBEW Local 697 Pension Fund v. Int'l Game Tech.,*
    No. 3:09-cv-00419-ECR-RAM (D. Nev.)

Dear Diane:

  Attached please find Plaintiffs' privilege log for two documents withheld on privilege grounds. In addition to withholding these documents on privileged grounds, Plaintiffs stand on the additional objections made in their June, 2011 responses and objections to defendants first request for the production of documents.

    Very truly yours,

    BRIAN O. O'MARA

BOM:mm
Enclosure

641232_1
641232_1

655 West Broadway, Suite 1900 San Diego, CA 92101 Tel 619 231 1058 Fax 619 231 7423 rgrdlaw.com

90

Exhibit 1

Case 1:19-cv-00417-TS-MND WGC Document 242-1 Filed 11/06/20 Page 93 of 103
Case 3:09-cv-00419-ECR-RAM Document 90-8 SEALED Filed 08/15/11 Page 93 of 3
of 107

***Int'l Brotherhood of Elec. Workers Local 697 Pension Fund  v. Int'l Game Tech.,*** **Case No. 3:09-0419 (D. Nev.)**

**Privilege Log**
**July 29, 2011**

| DATE | DOCUMENT TITLE | PARTIES | DESCRIPTION | BASIS |
|---|---|---|---|---|
| Aug. 29, 2005 | International Brotherhood of Electrical Workers Local 697 Pension Fund Retainer Agreement for Portfolio Monitoring | International Brotherhood of Electrical Workers Local 697 Pension Fund <br> and <br> Lerach Coughlin Stoia Geller Rudman & Robbins LLP n/k/a Robbins Geller Rudman & Dowd LLP | Retention Agreement Providing Legal Advice and Strategy; Memorializing Attorney-Client Relationship and Agreement to Provide Legal Advice/Services to Law Firm Client | Attorney-Client Privilege |
| Apr. 26, 2007 | Iron Workers District Council of Western New York and Vicinity Pension Fund Retainer Agreement for Portfolio Monitoring | Iron Workers District Council of Western New York and Vicinity Pension Fund <br> and <br> Lerach Coughlin Stoia Geller Rudman & Robbins LLP n/k/a Robbins Geller Rudman & Dowd LLP | Retention Agreement Providing Legal Advice and Strategy; Memorializing Attorney-Client Relationship and Agreement to Provide Legal Advice/Services to Law Firm Client | Attorney-Client Privilege |

640848_1

Exhibit 1

Case 1:19-cv-00418-TS-MTS Document 242 Inc. Filed 10/06/21 Page 1 of 3

# Exhibit H

Exhibit 1

**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

<u>BACKE</u> v. <u>NOVATEL</u>                                    Case No. <u>08cv1689 H(RBB)</u>
                                                         **Time Spent:**

<u>HON. RUBEN B. BROOKS</u>          <u>CT. DEPUTY VICKY LEE</u>

                                    Attorneys
         <u>Plaintiffs</u>                              <u>Defendants</u>

<u>Douglas Britton</u>                        <u>Kevin Logan</u>
<u>Lucas Olts</u>                            <u>Travis Biffar</u>
<u>Eric Niehaus</u>

PROCEEDINGS:  _____ In Chambers   __X__ In Court   _____ Telephonic

     On December 9, 2009, Defendant Novatel Wireless, Inc. filed a Motion to Compel:  (1) Production of Documents Responsive to Novatel Wireless, Inc.'s First Set of Requests for Production of Documents to Lead Plaintiffs, and (2) Answers to Novatel's First Set of Interrogatories to Lead Plaintiffs [doc. no. 106].  Plaintiffs' Memorandum of Points and Authorities in Opposition [doc. no. 116] was filed on December 28, 2009.  Defendant's Reply was filed on January 4, 2010 [doc. no. 119].

     Also on December 9, 2009, Defendant Peter V. Leparulo filed a Motion to Compel:  (1) Answers to Peter V. Leparulo's First Set of Interrogatories to Lead Plaintiffs, and (2) Substantive Responses to Mr. Leparulo's First Set of Requests for Admissions to Lead Plaintiffs [doc. no. 107].  Plaintiffs' Memorandum of Points and Authorities in Opposition [doc. no. 117] was also filed on December 28, 2009.  Defendant's Reply was filed on January 4, 2010 [doc. no. 118].

     A motion hearing on both Motions was held on January 11, 2010.

     For the reasons stated on the record, Defendant Novatel's Motion to Compel:  (1) Production of Documents Responsive to Novatel Wireless, Inc.'s First Set of Requests for Production of Documents to Lead Plaintiffs, and (2) Answers to Novatel's First Set of Interrogatories to Lead Plaintiffs [doc. no. 106] is **GRANTED IN PART**.

     Defendant Novatel's Motion to Compel a further response to requests for production one and seven is **GRANTED**; however, Plaintiffs' investigation memorandum is protected by the work product doctrine and need not be produced.

     Defendant's Motion to Compel Plaintiffs to respond to requests for production seventeen and twenty through twenty-four, as well as interrogatories six, eight, and nine, all of which relate to the Plaintiffs' trading history, is **GRANTED**, but the discovery requests are limited to the time period of January 1, 2006, through December 31, 2008.  A Rule 33(d) response to these interrogatories is inappropriate.  A complete answer to each shall be given.

93

Exhibit 1

Case 3:08-cv-01689-AJB-RBB Document 242-1 Filed 04/06/2011 Page 2 of 3
Case 3:08-cv-01689-AJB-RBB Document 242-1 Filed 04/06/2011 Page 93 of 107
of 107

Defendant's Motion is **GRANTED** for requests for production eighteen, forty-three through forty-five, and interrogatories seven and nineteen, all which refer to Plaintiffs' monitoring agreement.

With respect to Plaintiffs' litigation history, Defendant's Motion to Compel production of documents responsive to requests thirty-six, thirty-seven, thirty-nine, and forty, as well as compel an answer to interrogatory number three is **GRANTED**. But requests for production thirty-six, thirty-seven, forty, and interrogatory number three are limited to the time period of January 1, 2002, through December 31, 2008, and request for production thirty-nine is limited to January 1, 2005, through December 31, 2008. Request for production thirty-six is further limited to matters where these Plaintiffs were plaintiffs in a securities class action, derivative action, or other class action.

Defendant Novatel's Motion to Compel answers to interrogatories twenty and twenty-one, regarding the confidential witness, is likewise **GRANTED**.

Finally, for every responsive document withheld from production on the basis of privilege, Plaintiffs must provide a privilege log. All documents, and interrogatory answers, as well as any privilege log, are due no later than February 11, 2010.

Also for the reasons stated on the record, Defendant Leparulo's Motion to Compel: (1) Answers to Peter V. Leparulo's First Set of Interrogatories to Lead Plaintiffs, and (2) Substantive Responses to Mr. Leparulo's First Set of Requests for Admissions to Lead Plaintiffs [doc. no. 107] is **GRANTED IN PART**.

Defendant Leparulo's Motion to Compel a further response to requests for admission thirteen, fifteen, and sixteen is **GRANTED**. Responses must be provided by February 11, 2010. Defendant's Motion to Compel Plaintiffs to respond to interrogatory number one is also **GRANTED**, but responses to interrogatory number one that address requests for admissions one, three, five, seven, nine, and eleven through seventeen are due no later than February 11, 2010, but the interrogatory responses that relate to requests for admission two, four, six, eight, and ten are due by April 30, 2010.

IT IS SO ORDERED.

DATE: <u>January 11, 2010</u>          IT IS SO ORDERED: _Ruben Brooks_
                                                   Ruben B. Brooks,
                                                   U.S. Magistrate Judge
cc:  Judge Huff                        INITIALS: <u>VL (mg/irc)</u> Deputy
     All Parties of Record

94

Case 3:09-cv-00419-ECR-RAM   Document 242-1   Filed 07/06/08   Page 44 of 106
of 107

# Exhibit I

Exhibit 1

Robert S. Brewer, Jr. (State Bar No. 65294)
rsbrewer@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:     (858) 314-1200
Facsimile:     (858) 314-1150

Eric Landau (State Bar No. 138849)
elandau@jonesday.com
Shawn Harpen (State Bar No. 198948)
sharpen@jonesday.com
Travis Biffar (State Bar No. 217593)
tbiffar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:     (949) 851-3939
Facsimile:     (949) 553-7539

Attorneys for defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN BACKE, Individually and on Behalf of All Others Similarly Situated, | Lead Case No. 08-CV-01689-H (RBB) (Consolidated with No. 08-CV-01714-H (RBB)) |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **REPLY BRIEF IN SUPPORT OF NOVATEL WIRELESS, INC.'S MOTION TO COMPEL: (1) PRODUCTION OF DOCUMENTS RESPONSIVE TO NOVATEL'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFFS, AND (2) ANSWERS TO NOVATEL'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFFS** |
| NOVATEL WIRELESS, INC., PETER V. LEPARULO, GEORGE B. WEINERT, ROBERT M. HADLEY, SLIM S. SOUISSI AND CATHERINE F. RATCLIFFE, | |
| Defendants. | |
| | Date:     January 11, 2010 Time:     10:00 a.m. Place:     Courtroom B             (The Honorable Ruben B. Brooks) |

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

96

Exhibit 1

## I.    INTRODUCTION[1]

Lead Plaintiffs' opposition to Novatel's motion to compel the factual predicate to their case provides little more than boilerplate statements of law about work product, attorney-client privilege and relevance.  At bottom, Lead Plaintiffs' position seems to be that discovery in a securities class action is a one-way street:  defendants must produce every corporate document imaginable; Lead Plaintiffs need produce nothing but their Novatel trading records.  Lead Plaintiffs must participate in discovery and produce the evidence in support of their claims.

## II.    DISCUSSION

### A.    The Documents Underlying the Factual Allegations in the Complaint Do Not Become Work Product Merely Because an Attorney Conducted the Pre-Suit Investigation

Lead Plaintiffs take two incompatible positions, *i.e.*, that the documents underlying their allegations in the Complaint are both publicly available *and* constitute attorney work product. (Lead Plaintiffs' Opposition to Novatel Wireless, Inc.'s Motion to Compel ("Plaintiffs' Opp."), Dkt. No. 116, December 28, 2009, at 5-8.)  The first claim is not a proper basis for withholding relevant documents.  The second claim is wrong as a matter of law.

### 1.    The Work Product Doctrine Does Not Apply

None of the cases cited by Lead Plaintiffs stand for the proposition that documents may be withheld because they are publicly available.  To the contrary, these cases only stand for the common sense proposition that discovery *may* be denied if the parties have equal access to publicly available documents *when neither is in possession* of the documents.[2]

Lead Plaintiffs set up a straw-man by arguing that the "documents underlying the factual allegations in the Complaint, [] have been collected, grouped, and highlighted by counsel to reflect the important issues in the case," and, therefore, reflect work product.  (Plaintiffs Opp., at 7.)

---

[1] Novatel adopts the shorthand references defined in the opening brief.

[2] *Davenport v. Hamilton, Brown & Babst, LLC*, NO. 07-928-RET-SCR, 2008 U.S. Dist. LEXIS 101090, at *13 (M.D. La. Nov. 24, 2008); *Goodrich Corp. v. Emhart Indus.*, NO. EDCV 04-00759-VAP (SSx), 2005 U.S. Dist. LEXIS 25160, at *16 (C.D. Cal. Oct. 6, 2005); *McNeeley v. Perry*, CV F 02 5385 AWI SMS P, 2005 U.S. Dist. LEXIS 29580, *3-*4 (E.D. Cal. Sept. 7, 2005); *Markay v. Yee*, CV F 02 6173 OWW LJO P, 2005 U.S. Dist. LEXIS 29586, at *5-*6 (E.D. Cal. Sept. 1, 2005).

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

Exhibit 1

However, Novatel is not asking for the versions of the documents that contain counsel's mental impressions. Novatel wants the actual evidence devoid of counsel's highlights and doodles. Delegating (or abdicating) the responsibility for the factual investigation of plaintiffs' claims to their counsel does not shield the facts from discovery.

### 2. Novatel Has a Substantial Need for the Documents

Novatel needs the documents underlying plaintiffs' allegations because it has been unable to determine what factual support plaintiffs have for their pleadings, since plaintiffs' allegations stretch the truth. For example, the Complaint refers to a "2007 industry study" that supposedly "confirmed that Novatel's competitors were stealing considerable market share during this time period not only at Sprint, but also at Verizon." (CC, ¶ 24.) Novatel asked plaintiffs to produce this industry study. (Declaration of Travis Biffar in Support of Novatel Wireless, Inc.'s Motion to Compel ("Biffar-Novatel Decl."), Dkt. No. 106-3, filed December 9, 2009, Exs. A, at 13; B, at 24.) Incredibly, Lead Plaintiffs initially contended that the industry study was itself work product. (*Id.*, Ex. I, at 136.) After meeting and conferring, Lead Plaintiffs finally produced the document, which turned out not to be an "industry study" at all, but an analyst report by Avondale Partners, LLC. (*See* Supplemental Declaration of Travis Biffar in Support of Novatel's Motion to Compel ("Biffar-Reply Decl."), ¶¶ 4-5, Exs. A-B.) Plaintiffs just made up the industry study. Worse yet, a plain reading of this analyst report reveals no support for the allegation that plaintiffs have used it for – that Novatel's competitors "were stealing considerable market share[.]" (CC, ¶ 24.) Plaintiffs pulled exactly the same stunt with the analyst report behind the rumored "Sprint cancellation." (*Id.*, ¶ 3; Declaration of Travis Biffar in Support of Request for Judicial Notice in Support of Defendants' Renewed Motion to Dismiss, Dkt. No. 79, June 26, 2009, Ex. A.)

Lead Plaintiffs are preventing defendants from checking their allegations by hiding the documents behind frivolous work product objections. Lead Plaintiffs cannot prosecute this case and withhold the evidentiary support for their claims.

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

2

Exhibit 1

**B.** **Lead Plaintiffs' Investment Histories Are Relevant to their Purported Typicality as Class Representatives and to the Merits of Their Case**

**1.** **The Fraud-on-the-Market Theory Is a Rebuttable Presumption of Reliance**

Plaintiffs in this action invoke the fraud-on-the-market theory as a reliance substitute. (CC, ¶¶ 133-34.) In adopting this theory, the Supreme Court made clear that it was *not* abandoning the reliance element for fraud claims. *Basic Inc. v. Levinson*, 485 U.S. 224, 243 (1988). Rather, the Court held unequivocally that the fraud-on-the-market theory only creates a *rebuttable presumption* that a plaintiff relied on the integrity of the market. "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Id*. at 248. The Supreme Court provided several non-exhaustive examples of how the presumption may be rebutted. A defendant could demonstrate, for example, that a plaintiff did not rely on the integrity of the market because he would have sold his stock anyway due to "potential antitrust problems[] or political pressures to divest from shares of certain businesses." *Id*. at 249.

This is precisely the reason Novatel wants this information. Novatel needs to know if Lead Plaintiffs were employing investment strategies in which the integrity of the market price was relevant to their decision to buy or sell. This is a real concern.[3] For example, Western Penn's only two transactions in the first five months of 2008 were (1) a purchase of a significant portion of its Novatel stock on February 20, 2008, the *day before* Novatel issued a quarterly earnings outlook which, according to the Complaint, caused Novatel's stock price to drop by 23%, and (2) a sale of a significant portion of its Novatel stock on April 15, 2008, the *day after* Novatel made its next announcement regarding its quarterly earnings which, according to the Complaint, caused Novatel's stock price to drop by 22%. (Biffar-Reply Decl, ¶ 6; CC, ¶¶ 126-27.) These trading

---

[3] Lead Plaintiffs incorrectly assert that *Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992), renders the defense of non-reliance irrelevant at the class certification stage. While the Ninth Circuit in *Hanon* noted that this defense generally attacks the merits of a case and is not a proper basis for denial of class certification, the court nevertheless held that the extent of plaintiff's non-reliance actually threatened to preoccupy plaintiff with a unique defense and, on that basis, denied his motion for class certification. *Id.* at 508.

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

3

records suggest that Western Penn (or its investment adviser) was trading on volatility, and not the integrity of the market price for Novatel stock. Lead Plaintiffs' trades in Novatel stock during the putative class period provide only a glimpse of their trading strategy. Lead Plaintiffs' trading histories for a longer period are necessary to ascertain whether the unusual timing of their trades in Novatel was an aberration or part of a larger strategy that downplayed or ignored price integrity.

### 2. Lead Plaintiffs' Authorities Do Not Support Their Position That Trading Histories Are Not Discoverable

Lead Plaintiffs cite four cases, which they contend disallow discovery of investment histories on the basis of relevance when proceeding under the fraud-on-the-market theory. None carries the day. In the first, *In re Lucent Technologies Inc. Securities Litigation*, No. 00-621 (JAP), 2002 U.S. Dist. LEXIS 8799 (D.N.J. May 9, 2002), defendant sought the investment histories of 41 "non-representative" plaintiffs (*not* lead plaintiffs or proposed class representatives, who already had provided the information sought). *Id.* at *3-4. Since the non-representative plaintiffs were "on equal footing with absent class members," the court held that the discovery sought would not be relevant to class certification. *Id*. at *4-5.

In the second, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* No. 02-C-5893, 2005 U.S. Dist. LEXIS 8610 (N.D. Ill. Apr. 18, 2005), discovery on adequacy and typicality were not necessary, because the court already had certified a class. *See id*. at *15-*16.

In the third, *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 245 F.R.D. 147 (S.D.N.Y. 2007), *aff'd in part*, 574 F.3d 29 (2d Cir. 2009), while ruling on class certification, the district court referred in a footnote to a previous discovery ruling in the case. *Id.* at 164 n.20. The full footnote (Lead Plaintiffs truncate the quote) shows that discovery on trading histories had been denied earlier, because defendants wanted it to show lead plaintiff's high degree of knowledge of the industry in which the defendant corporation operated, not, as here, a pattern of trading that ignores the integrity of the market price.

In the fourth, *In re Northfield Laboratories Securities Litigation*, No. 06-C-1493, 2009 U.S. Dist. LEXIS 114379 (N.D. Ill. Dec. 8, 2009), after bifurcating class from merits discovery, the court denied defendants' motion to compel based on pre-PSLRA case law from another

Case 1:12-cv-00107-TS-MTD-WGG  Document 342  Filed 11/06/03  Page 97 of 106  98
Case 3:08-cv-01689-H-RBB  Document 118  Filed 01/06/03  Page 97 of 12
of 107

Circuit, which did not allow merits discovery as part of class certification. *Id.* at \*12. In the Ninth Circuit, however, a court may consider overlapping merits issues at the class certification stage. *See Hanon*, 976 F.2d at 508; *Gonzalez v. P&G Co.*, 247 F.R.D. 616, 620-21 (S.D. Cal. 2007). Additionally, the plaintiffs in *Northfield* did "not object to having their depositions taken, or to answering detailed questions regarding their specific investments, investment style and philosophy." *Northfield*, 2009 U.S. Dist. LEXIS 114379, at \*12-13. The court noted that "should those depositions reveal pertinent information relating to typicality, adequacy or class certification," defendants could renew their motion to compel. *Id.* The court thus acknowledged that investment histories *could* be relevant to class certification, but defendants had other avenues open to them in the meantime to discover this information.

In contrast to *Northfield*, Lead Plaintiffs will not voluntarily allow discovery on trading histories beyond Novatel. (*See* Plaintiffs' Opp., at 10.) Further, Lead Plaintiffs have disclaimed any knowledge of their investment strategy, asserting that it is all handled by their investment advisers.[4] Not surprisingly, Lead Plaintiffs then moved for a protective order to prevent discovery that would cast light on their investment advisers' strategy. (*See* Lead Plaintiffs' Motion for a Protective Order, Dkt. No. 110, December 15, 2009). Defendants have a right to pursue this line of inquiry. As with their factual investigation, delegating their investment strategy to someone else does not shield the facts from discovery.

### 3. The PSLRA Does Not Render Lead Plaintiffs' Investment Histories Any Less Relevant

Lead Plaintiffs contend that the Court should reject the authority supporting discovery of investment histories, because the cases are more than ten years old and Congress's passage of the PSLRA obviated concerns about "individuals purchasing small amounts of stock for purposes of participating in lawsuits." (Plaintiffs' Opp., at 11.) First, both *In re Grand Casinos Inc. Securities Litigation*, 181 F.R.D. 615 (D. Minn. 1998), and *Degulis v. LXR Biotechnology, Inc.,* 176 F.R.D.

---

[4] With respect to Novatel's ROGs, plaintiffs' counsel's unverified guesswork in footnote 7 of Lead Plaintiffs' opposition (which does not even provide the information requested by the ROG in question) does not suffice under Rule 33(d). (Plaintiffs' Opp., at 12 n.7.) *See Mancini v. Ins. Corp. of N.Y.*, No.07cv1750-L(NLS), 2009 U.S. Dist. LEXIS 51321, at \*7-8 (S.D. Cal. June 18, 2009).

123 (S.D.N.Y. 1997), which endorse discovery into investment histories, were decided years *after* enactment of the PSLRA. Second, the PSLRA does not give institutional investors a free pass or otherwise alter the requirement that a proposed class representative demonstrate all the elements of Rule 23.

### 4. Production of Investment Histories Involves a Minimal Burden

Finally, the burden on Lead Plaintiffs in providing their investment histories for a period of approximately four years is minimal. In fact, Lead Plaintiffs undertook a much more burdensome task by going to the trouble of redacting their account statements to exclude reference to non-Novatel securities.

### C. Monitoring Agreements Are Relevant and Not Privileged

Lead Plaintiffs contend that their monitoring agreements with counsel are privileged. (Plaintiffs' Opp., at 13.) A party asserting the attorney-client privilege has the burden of establishing the relationship *and* the privileged nature of the communication. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Lead Plaintiffs have done neither. As to the first prong, Lead Plaintiffs have not established an attorney-client relationship or even explained what the nature of the their relationship with counsel was at the time they entered into the monitoring agreements. During the meet and confer process, plaintiffs' counsel refused to say whether they considered any entity with whom they signed a monitoring agreement to be a client, and Lead Plaintiffs do not address the issue in their brief. (Biffar-Reply Decl., ¶ 3.)

Instead, Lead Plaintiffs argue that the "monitoring agreements contain information regarding the creation of the relationship between plaintiffs and counsel and plaintiffs' litigation strategy." (Plaintiffs' Opp., at 13.) This makes no sense. Monitoring agreements are presumably put in place so that, in the event of a *future* stock drop, the firm may be in a position to commence litigation. At the time the monitoring agreement is entered, there is no pending litigation, and the facts giving rise to a future litigation presumably are not known.

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

6

Exhibit 1

Lead Plaintiffs seem to argue that *any* agreement between a party that becomes a client and its counsel is privileged. This is not the law. Even if a monitoring agreement were akin to a fee agreement, fee agreements generally are not privileged.[5] *See Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007); *see also Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995); *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, No. 08cv1559 BTM (WMc), 2009 U.S. Dist. LEXIS 103045, at *5 (S.D. Cal. Nov. 4, 2009).

Lead Plaintiffs' attempt to distinguish *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization LLC*, 616 F. Supp. 2d 461 (S.D.N.Y. 2009), is unavailing. Lead Plaintiffs dismiss the most thorough opinion to have considered the propriety of monitoring agreements by claiming that the decision has not been followed by another court (*Iron Workers* was decided in May 2009) and is "not authority in this Circuit." They argue that "the court did not hold or even suggest that the contents of monitoring agreements are discoverable." (Plaintiffs' Opp., at 14.) This is an astonishing argument, considering that Judge Rakoff's decision compares the details of monitoring agreements to determine which plaintiff was better suited be a lead plaintiff. Obviously the court believed the monitoring agreements to be relevant to, if not dispositive of, the issue of plaintiffs' adequacy to assume a leading role in the litigation, and there is no suggestion in the opinion that the agreements were privileged. *Iron Workers*, 616 F. Supp. 2d at 466-67. Pertinent here, Lead Plaintiffs cite to no authority that addresses the *substance* of such agreements, which should be illuminated for proper consideration on class certification.

**D. Lead Plaintiffs Should Produce Their Litigation Histories**

Lead Plaintiffs have distilled their argument regarding their withholding of litigation histories into a syllogism: Congress wants institutional investors to be lead plaintiffs in securities fraud class actions; pension funds are institutional investors; therefore, no further inquiry is appropriate. Flawed logic aside, the PSLRA does not carve out special discovery rules for

---

[5] Lead Plaintiffs' reliance on *United States v. Blackman*, 72 F.3d 1418 (9th Cir. 1995), avails them nothing. *Blackman* recognizes the general rule that fee agreements are not privileged, and lays out a narrow exception in the criminal context "where disclosure would compromise confidential communications between attorney and client or constitute the 'last link' in an existing chain of evidence likely to lead to the client's indictment." *Id*. at 1424. This is not a criminal case, and Lead Plaintiffs have not pointed to any confidential information that may be disclosed.

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

7

Exhibit 1

institutional investors. Lead Plaintiffs are still responsible for supervising this litigation, and that concern is particularly acute here where the existence of monitoring agreements suggests that counsel, and not the pension funds appointed as Lead Plaintiffs, are driving this litigation. At the lead plaintiff stage, Lead Plaintiffs put up the minimum three years of securities litigation history in order to qualify under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi). But the PSLRA does not address class certification, and Congress did not "limit the inquiry" of their litigation history to a three-year period. (Plaintiffs' Opp., at 15.) Novatel should be able to discover this information, which may shed light on whether Lead Plaintiffs will be distracted in the prosecution of this action by a multitude of actions, and whether these pension funds are professional shills who repeatedly lend their names to counsel to bring these types of lawsuits.

**E.      The Identity of a Confidential Witness to Whom Quotations Are Attributed in the Complaint Is Not Work Product**

Lead Plaintiffs dismiss in a footnote the wealth of authority cited by Novatel holding that the identities of confidential witnesses are discoverable by saying "[a]ll of the other cases cited by defendants simply disregard the reality that whistleblowers are subject to retaliation not only by their former employer but also in the industry." (Plaintiffs' Opp., at 18-19 n.10.) This supposed concern does not bear on this argument. First, there is no whistleblower privilege under federal law applicable to civil actions. *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys.*, Inc., No. C01-20418JW, 2005 WL 1459555, *7 (N.D. Cal. June 21, 2005).[6]

Lead Plaintiffs' reliance on *In re Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385 (S.D. Cal. 2002), is misplaced. Defendants in *Ashworth* moved to compel the names of *every* witness with whom plaintiffs' counsel spoke, regardless of whether statements or information was directly attributed to those witnesses in the complaint, and to match a witness with each allegation.

_____

[6] Lead Plaintiffs attempt to escape from the holding of *Cisco* by arguing that the court found the identities of confidential witnesses to be work product and that defendants demonstrated "substantial need" to overcome the protections afford by the work product doctrine. In that case, however, the interrogatory asked plaintiffs to disclose the identities of all former employees interviewed by plaintiffs' counsel as part of counsel's investigation. Significantly, the court ordered plaintiffs to disclose the identities of those witnesses, since the work product protection was "minimal" and an advancing discovery deadline demonstrated substantial need for the information. Here, plaintiffs have identified the confidential witness as such in the Complaint and have attributed specific quotations to him or her. No work product protection applies.

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

8

Exhibit 1

Case 3:08-cv-01689-TS-WGG Document 242-2 Filed 11/06/08 Page 1 of 12

of 107

*See id.* at 386 n.1.  It was this effort that implicated the work product doctrine, not simply identifying witnesses in a complaint.[7]

Novatel acknowledges that there is bad case law, such as *MTI Technology Corp. Securities Litigation II*, No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. June 14, 2002), which would allow plaintiffs to withhold pertinent information, even if alleged in the Complaint, simply because counsel conducted the investigation.  *MTI* has been considered and rejected by more recent authority, such as *In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. 424 (N.D. Cal. 2007), a case with facts bearing striking resemblance to those present here, *i.e.*, given that the confidential witness is one witness of more than 100 listed in Lead Plaintiffs' initial disclosures (it was one of 77 in *Harmonic*), the only effect of withholding his or her identity is to impose an undue burden on the defense.  *Id.* at 427-28.  Though Novatel discussed *Harmonic* in its opening brief, Lead Plaintiffs ignored the case in their opposition.  The Court should take the lead from those decisions, such as *Harmonic*, which favor full and fair disclosure, rather than adopt a policy that endorses hiding the ball and surprise trial witnesses.  It is simply unfair to permit plaintiffs to squeak by at the pleading stage through the use of a confidential witness, who is quoted in the operative complaint, but to cloak that witness's identity in secrecy.

**F.      Lead Plaintiffs Are Not Excused From Producing a Privilege Log**

Lead Plaintiffs appear to argue that creation of a log for documents they have withheld on privilege or work product grounds is voluntary, and it suffices that they describe the documents in the broad terms such as "analyst reports on Novatel."  (Plaintiffs' Opp., at 19.)  This position is directly contrary to precedent and entirely unsupported by the cases on which Lead Plaintiffs rely.

---

[7] *In re Cigna Corp. Securities Litigation*, No. 02-8088, 2006 U.S. Dist. LEXIS 3864 (E.D. Pa. Feb. 1, 2006), is also not germane, because it stands for the unremarkable proposition that defendants are not entitled to know who counsel interviewed as part of their investigation and drafting of the complaint, as opposed to a specific individual who is quoted in the complaint.  *See also In re St. Paul Travelers Sec. Litig. II*, No. 04-4697 (JRT/FLN), 2007 U.S. Dist. LEXIS 34527, at *6 (D. Minn. May 10, 2007) (information provided by multiple confidential witnesses was available by other means and plaintiffs did not intend to use the witnesses at trial); *In re Veeco Instruments, Inc. Sec. Litig.*, 05 MD. 1695 (CM) (GAY), 2007 U.S. Dist. LEXIS 5969, at *5 (S.D.N.Y. Jan. 26, 2007) (work product doctrine protected "the identity of witnesses interviewed by counsel for the Lead Plaintiffs and relied upon in the preparation of the complaint.").

REPLY IN SUPPORT OF NOVATEL'S
MOTION TO COMPEL
08-CV-1689-H (RBB)

9

105

Exhibit 1

For example, *Hoot Winc* not only required a privilege log, but ruled that the one plaintiff already created was inadequate. *Hoot Winc*, 2009 U.S. Dist. LEXIS 103045, at *11. Similarly, *Central Valley Chrysler-Jeep v. Witherspoon*, CV F 04-6663 AWI LJO, 2006 U.S. Dist. LEXIS 67933 (E.D. Cal. Sept. 11, 2006), did not excuse the production of a privilege log. A detailed privilege log is necessary to evaluate plaintiffs' claims of privilege. General references will not suffice.

## III. CONCLUSION

The Court should grant Novatel's motion to compel.

Dated: January 4, 2010

Respectfully submitted,

Jones Day

By: s/Travis Biffar
Travis Biffar

Attorneys for defendants

IRI-1993

# Exhibit J

Exhibit 1

# Robbins Geller Rudman & Dowd LLP

# Portfolio Monitoring Program℠

"Portfolio Monitoring" is the regular monitoring of a fund's securities holdings by qualified securities legal counsel. "This service allows the firm to quickly identify large losses suffered by its clients due to corporate fraud or misconduct so that clients can carefully and deliberately weigh their options. Clients appreciate the fact that the Portfolio Monitoring Program℠ is a non-intrusive service that gets them important information quickly," said Robbins Geller Rudman & Dowd LLP partner Darren Robbins. Indeed, PricewaterhouseCoopers reports that "pension funds benefit from free Portfolio Monitoring Services."

RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049

BORIS FELDMAN, *admitted pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *admitted pro hac vice*
(dsteuer@wsgr.com)
DIANE M. WALTERS, *admitted pro hac vice*
(dwalters@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100


Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL GAME TECHNOLOGY, et al., <br><br> Defendants. | CASE NO.:  3:09-cv-00419-ECR-RAM <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED] ORDER GRANTING IGT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFFS** |

[PROPOSED] ORDER GRANTING MOTION TO COMPEL     109

CASE NO. 09-CV-00419-ECR-RAM

Exhibit 1

Having considered the papers in support of and in opposition to IGT's Motion to Compel Production of Documents by Plaintiffs, as well as having considered the oral arguments of the parties, the papers on file, the record and applicable authorities and good cause appearing: IT IS HEREBY ORDERED THAT:

1. IGT's Motion to Compel is GRANTED. Each plaintiff shall produce any portfolio monitoring agreements it has or has had with Robbins Geller Rudman & Dowd LLP, including any predecessor firms, in their entirety, as well as any portfolio monitoring agreements with other law firms.

IT IS SO ORDERED.

Dated: _____

The Honorable Edward C. Reed, Jr.
UNITED STATES DISTRICT JUDGE