# Exhibit 4

**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

BACKE v. NOVATEL                                                     Case No. 08cv1689 H(RBB)
                                                                    **Time Spent:**

HON. RUBEN B. BROOKS            CT. DEPUTY VICKY LEE

                                   Attorneys
            Plaintiffs                                      Defendants

Douglas Britton _____        Kevin Logan _____
Lucas Olts _____          Travis Biffar _____
Eric Niehaus _____          _____
_____           _____

PROCEEDINGS:  ____ In Chambers   __X__ In Court   ____ Telephonic

     On December 9, 2009, Defendant Novatel Wireless, Inc. filed a Motion to Compel: (1) Production of Documents Responsive to Novatel Wireless, Inc.'s First Set of Requests for Production of Documents to Lead Plaintiffs, and (2) Answers to Novatel's First Set of Interrogatories to Lead Plaintiffs [doc. no. 106]. Plaintiffs' Memorandum of Points and Authorities in Opposition [doc. no. 116] was filed on December 28, 2009. Defendant's Reply was filed on January 4, 2010 [doc. no. 119].

     Also on December 9, 2009, Defendant Peter V. Leparulo filed a Motion to Compel: (1) Answers to Peter V. Leparulo's First Set of Interrogatories to Lead Plaintiffs, and (2) Substantive Responses to Mr. Leparulo's First Set of Requests for Admissions to Lead Plaintiffs [doc. no. 107]. Plaintiffs' Memorandum of Points and Authorities in Opposition [doc. no. 117] was also filed on December 28, 2009. Defendant's Reply was filed on January 4, 2010 [doc. no. 118].

     A motion hearing on both Motions was held on January 11, 2010.

     For the reasons stated on the record, Defendant Novatel's Motion to Compel: (1) Production of Documents Responsive to Novatel Wireless, Inc.'s First Set of Requests for Production of Documents to Lead Plaintiffs, and (2) Answers to Novatel's First Set of Interrogatories to Lead Plaintiffs [doc. no. 106] is **GRANTED IN PART**.

     Defendant Novatel's Motion to Compel a further response to requests for production one and seven is **GRANTED**; however, Plaintiffs' investigation memorandum is protected by the work product doctrine and need not be produced.

     Defendant's Motion to Compel Plaintiffs to respond to requests for production seventeen and twenty through twenty-four, as well as interrogatories six, eight, and nine, all of which relate to the Plaintiffs' trading history, is **GRANTED**, but the discovery requests are limited to the time period of January 1, 2006, through December 31, 2008. A Rule 33(d) response to these interrogatories is inappropriate. A complete answer to each shall be given.

BACKE v. NOVATEL                                                          Page 2
January 11, 2010


Defendant's Motion is **GRANTED** for requests for production eighteen, forty-three through forty-five, and interrogatories seven and nineteen, all which refer to Plaintiffs' monitoring agreement.

With respect to Plaintiffs' litigation history, Defendant's Motion to Compel production of documents responsive to requests thirty-six, thirty-seven, thirty-nine, and forty, as well as compel an answer to interrogatory number three is **GRANTED**.  But requests for production thirty-six, thirty-seven, forty, and interrogatory number three are limited to the time period of January 1, 2002, through December 31, 2008, and request for production thirty-nine is limited to January 1, 2005, through December 31, 2008.  Request for production thirty-six is further limited to matters where these Plaintiffs were plaintiffs in a securities class action, derivative action, or other class action.

Defendant Novatel's Motion to Compel answers to interrogatories twenty and twenty-one, regarding the confidential witness, is likewise **GRANTED**.

Finally, for every responsive document withheld from production on the basis of privilege, Plaintiffs must provide a privilege log.  All documents, and interrogatory answers, as well as any privilege log, are due no later than February 11, 2010.

Also for the reasons stated on the record, Defendant Leparulo's Motion to Compel:  (1) Answers to Peter V. Leparulo's First Set of Interrogatories to Lead Plaintiffs, and (2) Substantive Responses to Mr. Leparulo's First Set of Requests for Admissions to Lead Plaintiffs [doc. no. 107] is **GRANTED IN PART**.

Defendant Leparulo's Motion to Compel a further response to requests for admission thirteen, fifteen, and sixteen is **GRANTED**.  Responses must be provided by February 11, 2010.  Defendant's Motion to Compel Plaintiffs to respond to interrogatory number one is also **GRANTED**, but responses to interrogatory number one that address requests for admissions one, three, five, seven, nine, and eleven through seventeen are due no later than February 11, 2010, but the interrogatory responses that relate to requests for admission two, four, six, eight, and ten are due by April 30, 2010.

IT IS SO ORDERED.


DATE: <u>January 11, 2010</u>          IT IS SO ORDERED: _Ruben Brooks_
                                                        Ruben B. Brooks,
                                                        U.S. Magistrate Judge
cc:  Judge Huff                           INITIALS: <u>VL (mg/irc)</u> Deputy
     All Parties of Record

K:\COMMON\BROOKS\CASES\BACKE1689\Minute07.wpd          Exhibit 4