Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron
Skonnard, and James Budge*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>Defendants. | **MOTION FOR A PROTECTIVE ORDER RELATING TO SUBPOENA TO THE CADENCE GROUP**<br><br>**Case No. 1:19-CV-00128-DBB-DAO**<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The Tenth Circuit narrowed this case to "only one materially false or misleading statement" regarding the number of Pluralsight's quota-bearing sales representatives and their alleged effect on billings and stock price. *Indiana Pub. Ret. Syst. v. Pluralsight, Inc.*, 45 F. 4th 1236, 1237 (10th Cir. 2022). Discontented with this limitation, Plaintiffs have attempted a series of fishing expeditions within Pluralsight's commercial records, most recently seeking from Cadence Group all documents that "reflect[], identif[y], state[], refer[] to, deal[] with, bear[] upon, or [are] in any way pertinent to" any "audit, evaluation, assessment, or testing of Pluralsight's internal control systems" for over 130 financial metrics. McKelvie Decl. ¶¶ 3-18 & Ex. 1.

Pluralsight seeks a protective order under Rule 26(c) limiting Requests 2-5 in the Cadence Subpoena to the metrics covered by revenue, billings, sales, and the size, capacity, productivity, or retention of Pluralsight's salesforce. Plaintiffs refused Pluralsight's request for this limitation—the same limitation Plaintiffs agreed to last week during a hearing on Plaintiffs' motion to compel (Dkt. 225) on comparable requests seeking audit-related documents on similar metrics—because Plaintiffs "do not believe that there is a need to separately meet and confer with Defendants' counsel." McKelvie Decl. ¶¶ 8-10 & Ex. 3.

Pluralsight has standing to seek a protective order relating to the Cadence Subpoena because it seeks documents underlying each of Pluralsight's financial metrics, Wing Decl. ¶ 5, and Pluralsight has a right in "personal financial and business documents" that are "highly sensitive." *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, *4 (D. Utah May 22, 2020); *see also Ennis v. Alder Protection Holdings*, 2022 WL 4290099, *2 (D. Utah Sept. 16, 2022). Further, Pluralsight's contract with Cadence provides that the work-product created by Cadence is the "exclusive property" of Pluralsight.

1

Multiple Utah courts have recognized that parties with an interest in the information sought may challenge a third-party subpoena as irrelevant or overbroad. *See US Magnesium*, 2020 WL 12847147, *5; *Ennis*, 2022 WL 4290099, *3 n.1.  First, Plaintiffs' requests are facially overbroad and lack reasonable particularity using oft-rejected language seeking "all documents" "'related to' and 'regarding any' of a long series of items." *Schmelzer v. IHC Health Servs.*, 2022 WL 16646456, *4-5, 12-14 (D. Utah Feb. 10, 2022).

Second, Plaintiffs cannot establish relevance.  "[D]iscovery must be relevant to 'issues of the present lawsuit as it currently exists,' and cannot be used to 'investigate previously dismissed claims and explore alternative theories.'" *Prime Alliance Bank v. Regents Cap.*, 2022 WL 671186, *2 (D. Utah Mar. 7, 2022).  "A lawsuit does not give a party a free pass to fish through all of another party's financial records merely to see if anything interesting turns up." *Ennis*, 2022 WL 4290099, *4.  Plaintiffs never allege Pluralsight failed to implement proper internal controls. Plaintiffs cannot show any relevance in their subpoena seeking documents related to dozens of business metrics, e.g., author fees, facility financing obligations, and income taxes.  The Court should grant the protective order.

Dated:  October 12, 2023

/s/ Caitlin E. McKelvie
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants*

## CERTIFICATE UNDER DUCivR 37-1

I certify that Pluralsight made reasonable efforts to reach agreement on the disputed matters described herein. On October 11, 2023, I reached out to Plaintiffs' counsel and requested that Plaintiffs agree to limit the scope of Requests 2-5 to "revenue, billings, sales, sales headcount, capacity, or productivity," consistent with the scope agreed upon by the parties with respect to Requests for Production 17 and 18 in Plaintiffs' First Set of Requests for Production to Defendants. I also offered to meet-and-confer regarding our proposed changes.  Later that day, Mr. Messerschmidt replied that Plaintiffs did not believe that there was a need to separately meet with Defendants' counsel.

*/s/ Caitlin McKelvie*
Caitlin McKelvie