Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC. *et al.*, <br><br> Defendants. | **LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELATING TO SUBPOENA TO THE CADENCE GROUP** <br><br> Case No. 1:19-cv-00128 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Defendants seek a protective order limiting the scope of Plaintiffs' subpoena to The Cadence Group, a nonparty that provided accounting and consulting services to Pluralsight. Like their duplicative motion to quash the subpoena, ECF No. 247, Defendants' request for a protective order is improper. It is also unnecessary and raises a dispute that does not exist.

First, though Defendants style their motion as seeking a protective order, they make "no attempt to establish" the basis for one: that the subpoena will cause them "annoyance, embarrassment, oppression,

or undue burden or expense." *Monroe v. FinWise Bank*, 2021 WL 5926416, at *2 (D. Utah Dec. 15, 2021) (Oberg, M.J.).[1]

Second, the Cadence Subpoena seeks only relevant documents. Plaintiffs subpoenaed Cadence after Defendants produced documents showing that Cadence was responsible for assessing and testing Pluralsight's financial reporting internal controls and that in that role, Cadence's employees participated in or were aware of events surrounding the July 31, 2019 disclosure at the heart of this case.[2]

Third, Plaintiffs negotiated the scope of the Cadence Subpoena to be narrow, specifically limiting it to documents that are unlikely to be in Defendants' possession and that concern Cadence's services related to executive and equity-based compensation (relevant to Plaintiffs' insider trading claims), revenue, billings, sales, sales headcount, capacity, or productivity.[3]

Finally, Defendants' motion is premature and raises a nonexistent dispute. To begin with, Plaintiffs did not, as Defendants wrongly claim, "refuse" Pluralsight's request to limit the Cadence Subpoena's scope. When Defendants threatened to move to quash the subpoena unless Plaintiffs agreed to limit its scope, Plaintiffs merely responded that they were discussing the subpoena's scope with Cadence's counsel and thus saw no need to separately confer with Defendants.[4] Defendants said nothing about seeking a protective order. Nor did they mention any concern about Pluralsight's "confidential commercial information" (raised as the basis for their motion to quash).[5] After Defendants filed their motions anyway, Plaintiffs sought to resolve the issues raised by explaining that they had limited the subpoena's scope in

---

[1] Even if Defendants' motion were instead construed as a motion to quash, they nonetheless lack standing because "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden,' and on the grounds of 'overbreadth and relevance.'" *Hutchinson v. Kamauu*, 2022 WL 1469447, at *2 (D. Utah May 10, 2022) (alterations adopted) (Oberg, M.J.).

[2] Declaration of Jan Messerschmidt, filed herewith, at ¶ 3.

[3] *Id.* ¶¶ 5-8.

[4] *Id.* ¶ 10.

[5] *Id.* ¶ 11.

nearly the same way as Defendants appeared to request as noted above.[6] But Defendants refused to withdraw their motions.[7]

In short, Plaintiffs are mystified by Defendants' pursuit of a protective order when there is nothing to protect. The only objective this motion could achieve is delay. And because delay is not a basis for a protective order, Defendants' motion should be denied.

---

[6] *Id.* ¶¶ 12-16.
[7] *Id.* ¶¶ 17-18.

Dated: October 19, 2023

By /s/ Carol V. Gilden

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
Margaret Wydman (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com
ewydman@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2023, I caused a copy of the foregoing motion to be delivered via email, pursuant to the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F), to all counsel of record in this Action.

*/s/ Jan E. Messerschmidt*
Jan E. Messerschmidt