# Exhibit B



Meghan A. Sheridan
sheridanm@hallevans.com

September 27, 2023

***Via Email***
Jan Messerschmidt
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
jmesserschmidt@cohenmilstein.com

> **Re: *Indiana Public Retirement System, et al. v Pluralsight, Inc.*
> Objections to Subpoena issued to The Cadence Group a/k/a Cadence
> Consulting Corporation ("Cadence")**

Dear Ms. Messerschmidt

This letter concerns the subpoena (the "Subpoena") issued to The Cadence Group a/k/a Cadence Consulting Corporation ("Cadence") in the above-referenced matter, and we have been hired to represent them in this matter. While Cadence is prepared to discuss the scope of the Subpoena and other concerns with you, Cadence is objecting to the Subpoena to preserve its rights pending such discussions. Cadence's objections to the Subpoena are as follows:

1. Cadence is just beginning to review what documents and information it may have in response to the subpoena, and on initial review, believes the subpoena is extremely overly broad, unduly burdensome, and not proportional to the needs of the case because the specific documents requested are not relevant to the existing claims involved in the lawsuit.

2. Cadence objects to any references to Moss Adams in the subpoena, e.g. n/k/a Moss Adams, as this is incorrect and not a proper legal relationship. The subpoena will be answered on behalf of Cadence Group a/k/a Cadence Consulting Corporation.

3. Upon information and belief, most of the documents or information requested are available from parties to the litigation, and Cadence, a non-party to this proceeding, should not be put to the time and expense of producing such documents when they are available from such parties.

4. Cadence objects to the Subpoena to the extent that it calls for the production of documents that constitute proprietary information, trade secrets, or other confidential, research, development, or commercial information of Cadence. Such documents have been developed at great expense to and effort, and their disclosure would be competitively harmful to Cadence. No confidentiality stipulation provides adequate protection for their production. Further, such documents are neither relevant to the

_____
September 27, 2023
Page: 2

subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Subpoena is unduly burdensome and oppressive in that it provides Cadence with inadequate time in which to respond to the document requests contained therein.

6. Cadence objects to the Subpoena to the extent that it purports to require the preservation, review, and production of documents and data from legacy data sources, including data sources maintained for disaster-recovery related purposes only, obsolete data, data preserved for matters unrelated to this Subpoena and other non-active data, including data on historic back-up tapes, hard drives, and other media in the possession of Cadence which are no longer in use. Generally, such data is not reasonably accessible and likely is duplicative of data available from other active and readily accessible sources. Because of the lack of relevance of such legacy data and the cost associated with searching, preserving and accessing the legacy data sources, Cadence will not preserve and search legacy data sources in response to this Subpoena.

7. Cadence objects to the relevant time period of August 1, 2018, through January 31, 2020, as overly broad, unduly burdensome, and not proportional to the needs of the case, especially in light of Cadence's status as a nonparty, and because the documents sought in multiple Requests are in the possession, custody, or control of Pluralsight. The information requested in each of the Requests is not relevant or proportional for the time period of August 1, 2018, through January 31, 2020.

8. Cadence objects to the Definitions and Instructions to the extent they purport to impose any obligations upon Cadence beyond those required by applicable law, rules, or regulations.

9. Cadence objects to the Subpoena as overly broad.

10. Cadence objects to producing the material sought by the subpoena in the absence of your client's prior written commitment to pay for all reasonable costs of production. The subpoena is unduly burdensome and will take hours and days to provide a response.

11. The Subpoena requests confidential information of Cadence's client and Cadence. Therefore, Cadence objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents.

12. Cadence objects to the Subpoena to the extent it seeks materials protected by the accountant-client privilege, attorney-client privilege, or taxpayer privilege.

2

_____
September 27, 2023
Page: 3

13. Cadence objects to the Subpoena to the extent it seeks materials protected by applicable state and federal law, including but not limited to, 26 USC 7216.

14. Many of the requests ask for "all documents related to" which is overly broad, fails to identify the documents requested with reasonable particularity, and creates a further undue burden.

Cadence's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of Cadence's rights to object on that ground or any additional ground at any time. Further, by asserting these objections, Cadence does not concede that it possesses documents responsive to the Subpoena or any particular request for production contained in the Subpoena.

Please let me know if you have any questions.

Sincerely,

**HALL & EVANS, LLC**

Meghan A. Sheridan

3