# Exhibit J

**COHEN**MILSTEIN

Jan Messerschmidt<br>
(202) 408-3644<br>
jmesserschmidt@cohenmilstein.com

October 17, 2023

Caitlin McKelvie
Wilson Sonsini Goodrich & Rosati
15 W S Temple, Suite 1700
Salt Lake City, UT 84101

      Re:      *Indiana Public Retirement Sys. et al. v. Pluralsight, Inc. et al.,* 1:19-cv-00128 (D. Utah)

Dear Caitlin:

The two discovery motions that Defendants filed late Thursday evening, a short-form motion for a protective order and a motion to quash, are procedurally improper, substantively meritless, and should be withdrawn. Both Federal Rule 26(c) and Local Civil Rule 37-1 required Defendants to certify that they "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). As discussed below, Defendants flouted these requirements and, regardless, even if Defendants' actions could be construed as compliant with these requirements, both motions are meritless.

To begin with, just one day before filing your motions, you emailed me and wrote that Defendants believed that the scope of Plaintiffs' subpoena to the Cadence Group was "too broad" and that it should be limited to "revenue, billings, sales, sales headcount, capacity, or productivity." You claimed that by limiting the subpoena in that way, it would be "consistent" with the parties' agreement as to Plaintiffs' document requests to Defendants that concerned audits by two different auditing firms, PricewaterhouseCoopers and Ernst & Young. You added that "[i]f the parties are not able to reach an agreement on this scope, Defendants will file a short motion to quash the Subpoena on October 12 seeking to limit the Subpoena to this scope." I simply responded that "Plaintiffs are in discussions with Cadence's counsel" about the subpoena, "including the appropriate scope of Requests 2-5" and thus we did "not believe that there is a need to separately meet and confer with Defendants' counsel."

To begin with, my response did not "refuse[] Pluralsight's request for this limitation," as your motion wrongly claims. Nor, for that matter, did you mention anything about planning to file a motion for a protective order or that your grounds for moving to quash would be that the subpoena supposedly sought "confidential commercial information. Nor did you later explain why our response—that were negotiating the scope of the subpoena with Cadence's counsel—was inadequate. In short, your failure

COHENMILSTEIN

October 17, 2023
Page 2

to even alert us to the nature of the discovery dispute, much less make "reasonable efforts" to resolve it, alone renders your short-form motion for a protective order procedurally deficient. *United States v. United Park City Mines Co.*, 2019 WL 5637413, *1 (D. Utah Oct. 31, 2019) (quoting DUCivR 37-1(a)(4)).

At any rate, neither motion has merit. Even if Defendants have a personal right or privilege with respect to the subject matter of the subpoena, Defendants lack standing to quash or modify a nonparty subpoena on the grounds that it is overbroad or seeks irrelevant information. *Hutchison v. Kamauu*, 2022 WL 1469447, *2 (May 10, 2022) (Oberg, M.J.). And even if Defendants had standing to do so, Plaintiffs' subpoena to Cadence falls squarely within the broad scope of relevancy in discovery matters. *US Magnesium*, 2020 WL 12847147, *5. The information sought—Cadence's assessment and testing of Pluralsight's internal controls over its financial reporting of executive and equity-based compensation, revenue, billings, sales, sales headcount, capacity, or productivity—is relevant to both Defendants' insider trading and their disclosure of Pluralsight's revenue, billings, sales, sales headcount, capacity, or productivity. To the extent Defendants are concerned with the language in the subpoena requesting information about "other KPIs," Plaintiffs have already limited the scope of the requests by making clear to Cadence's counsel that they are not seeking information unrelated to executive and equity-based compensation, revenue, billings, sales, sales headcount, capacity, or productivity.

Further, your motions are an improper (and unnecessary) intrusion into our negotiations with a nonparty's counsel. While we need not tell Defendants about the nature of our discussions or agreements with a nonparty's counsel, we note that Cadence has retained counsel to represent them for their responses to our subpoena, and their counsel served objections and then met and conferred with Plaintiffs' counsel. During our conferral, we emphasized to Cadence's counsel that would strive to mitigate the burden imposed by the subpoena and clarified the scope of our requests as detailed above. Cadence's counsel is able to represent Cadence's interests on their own—without Defendants' involvement or oversight. You may disagree with that, but Rules 26(c) and 45 are not tools to police the outer limits of discovery, not to micromanage a nonparty's counsel.

Lastly, we cannot help noticing the timing of your sudden objections to the Cadence subpoena, which we served Defendants with a copy of nearly two months ago. Our notice on the Cadence subpoena followed our subpoenas to PwC and EY three months earlier—subpoenas that sought nearly identical information and used similar wording. But Defendants never even suggested that they objected to these subpoenas, much less that they would seek to quash or modify them.

For all these reasons, Defendants' two discovery motions are procedurally improper and substantively without merit. We ask that you withdraw these motions no later than 12pm ET on Thursday, October 19.

Lastly, while we do not think it is proper or necessary to confer with Defendants' counsel about the scope of the Cadence subpoena, we are otherwise happy to discuss the issues detailed above.

Very truly yours,
*/s/ Jan Messerschmidt*