# Exhibit K

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

Caitlin E. McKelvie

15 W. South Temple, Suite 1700
Salt Lake City, Utah 84101

O:  801.401.8537

cmckelvie@wsgr.com

October 18, 2023

*VIA EMAIL*

Jan Messerschmidt
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005
jmesserschmidt@cohenmilstein.com

> **Re:**   *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*
> **Case No. 1:19-cv-00128-DBB-DAO**

Mr. Messerschmidt:

I am writing in response to your October 17, 2023 letter regarding Pluralsight's Motion for a Protective Order Relating to the Subpoena to The Cadence Group (Dkt. 246) and Pluralsight's Motion to Modify the Subpoena to The Cadence Group and (Dkt. 247).  Your letter demands that Pluralsight withdraw these motions, claiming that they are improper because Pluralsight does not have standing to challenge the subpoena and failed to adequately meet and confer with Plaintiffs before filing them.  Not so.  The motions are both procedurally and substantively proper, and Pluralsight declines Plaintiffs' demand to withdraw them.

*First*, Pluralsight certainly has standing to challenge Plaintiffs' subpoena served on The Cadence Group ("Cadence").  Although a party to a litigation does not have an unlimited right to challenge all subpoenas to a non-party, a party has standing to challenge a subpoena to a non-party that seeks information to which the party has a personal right or privilege, such as that party's financial records or sensitive business documents.  Further, any person affected by a subpoena covering confidential commercial information has the right to move to quash or modify the subpoena under Federal Rule of Civil Procedure 45.  These rights and interests are separate from, and not dependent on, any challenges that the non-party recipient of a subpoena may raise.  Here, it is clear from the subpoena that the documents and information Plaintiffs seek from non-party Cadence are primarily *Pluralsight's* documents and information.

Your letter curiously states that "Cadence's counsel is able to represent Cadence's interests," as if Cadence's interests in *Pluralsight's* documents and information are all that matter.  Cadence's retention of counsel to respond to the subpoena and represent *Cadence's* interests does not extinguish *Pluralsight's* rights to protect its *own* interests.  In particular, Plaintiffs may not block Pluralsight's right to defend its interests by extending meet-and-confer discussions with a non-party, or otherwise failing to reach an agreement with the non-party as to scope, until Pluralsight's deadline to move for a protective order or to quash the subpoena has expired.

*Second*, Pluralsight's efforts to meet and confer with Plaintiffs before filing the motions were more than adequate.  I emailed you with a request to meet and confer and provided you with the specific issues Pluralsight sought to resolve through this meet and confer: the subpoena was grossly overbroad in both the types and categories of information sought.  Further, in light of the

**WILSON SONSINI**

Jan Messerschmidt
October 18, 2023
Page 2

compromise reached by the parties during a hearing only a few days prior regarding the document requests served on Pluralsight (Request Nos. 17 and 18), I offered a potential solution and suggested that the Cadence subpoena be similarly limited to "revenue, billings, sales, sales headcount, capacity, or productivity." This communication sufficiently informed Plaintiffs of the discovery dispute at issue. And although the rules do not require a party to meet and confer before filing a motion to quash under Rule 45, my email nonetheless informed you of Pluralsight's intention to do so if the parties could not reach a resolution.

Plaintiffs rejected Pluralsight's request to meet and confer, responding that Plaintiffs were "in discussions with Cadence's counsel" regarding the scope of the subpoena and did "not believe that there [was] a need to separately meet and confer with Defendants' counsel." Plaintiffs said nothing about what, if any, agreements had been reached with Cadence. Plaintiffs' refusal to meet and confer with Pluralsight or to even inform Pluralsight that Plaintiffs had allegedly suggested a different limitation to Cadence (discussed below) cannot be used to block Pluralsight's rights with respect to Pluralsight's documents and information. Plaintiffs' position—that Plaintiffs had no obligation to meet and confer with Pluralsight, but that Pluralsight had an obligation to meet and confer with Plaintiffs, and that this obligation was not satisfied by Pluralsight *actually* requesting to meet and confer—is untenable.

*Third*, Plaintiffs now claim in your October 17 letter that they "have already limited the scope of the requests by making clear to Cadence's counsel that they are not seeking information unrelated to executive and equity-based compensation, revenue, billings, sales, sales headcount, capacity, or productivity." Plaintiffs, of course, do not claim to have reached such an agreement *before* Pluralsight requested a meet-and-confer on these issues or to have informed Pluralsight of this supposed agreement *before* its deadline to file its motions. Indeed, it appears that it was not until *after* Pluralsight requested to meet-and-confer that Plaintiffs even mentioned these limitations in an email to Cadence's counsel, and in doing so did not make *any* specific proposal to Cadence to modify the subpoena. Rather, Plaintiffs simply summarized to Cadence's counsel Plaintiffs' and Defendants' agreement during the motions to compel hearing on party discovery. Such an update hardly qualifies as an agreement, or even a proposal, to modify the subpoena, and Cadence's counsel did not interpret it as one. Having spoken with Cadence's counsel, it is clear that *even now* Cadence and Plaintiffs *have not* reached an agreement on the scope of the subpoena or the materials that Cadence might produce in response.

Pluralsight was required to file its motions when it did in order to preserve timely and proper challenges to the Cadence subpoena. And it is clear that Plaintiffs' negotiations with Cadence have neither resolved Pluralsight's concerns with the subpoena nor protected Pluralsight's interests. Pluralsight is unwilling to withdraw its motions protecting those interests.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Caitlin McKelvie*

Caitlin McKelvie