Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron
Skonnard, and James Budge*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>Defendants. | **MOTION TO CLARIFY MEMORANDUM DECISION AND ORDER GRANTING [177] LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Case No. 1:19-CV-00128-DBB-DAO<br><br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), Defendants Pluralsight, Inc. ("Pluralsight" or the "Company"), Aaron Skonnard, and James Budge (collectively, "Defendants") hereby submit this motion respectfully seeking the Court to clarify the Memorandum Decision and Order Granting [177] Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Dkt. No. 252, (the "Class Certification Order" or "Order"), by removing references to statements that have been dismissed from this case.

## ARGUMENT

In 2021, this Court dismissed with prejudice all of Plaintiffs' claims against Defendants. *See* Mem. Decision & Order Granting the Pluralsight Defs.' Mot. to Dismiss at 57, Dkt. No. 137 ("Dismissal Order"); Order of Dismissal at 1, Dkt. No. 153.  In doing so, it held that the *only* actionable statement alleged by Plaintiffs was a January 16, 2019, oral statement by Pluralsight's Chief Financial Officer at the Needham Growth Conference that Pluralsight had "about 250" quota-bearing sales representatives at that time.[1]  All other alleged misstatements were dismissed as inactionable because they were statements of corporate optimism or puffery, accurate statements of historical fact, and/or protected forward-looking statements.  *See* Dismissal Order at 20-38, Dkt. No. 137; *id.* at 38 ("the court finds that Plaintiffs have only adequately alleged that the last sentence in Statement 1 is actionable under Section 10(b) and Rule 10b-5.").

In 2022, the Tenth Circuit largely affirmed this Court's dismissal with prejudice, upholding the dismissal of all alleged misstatements other than the January 16, 2019, statement that

---

[1] This Court dismissed Plaintiffs' claim predicated on this alleged misstatement because Plaintiffs failed to plead a strong inference of scienter.  *See* Dismissal Order at 49, Dkt. No. 137 ("Although the court found above that a portion of Statement 1 was actionable under Section 10(b) and Rule 10b-5, because Plaintiffs have failed to adequately plead scienter, Plaintiffs' Section 10(b) and Rule 10b-5 claim fails and is dismissed.").

1

Pluralsight had "about 250" quota-bearing sales representatives, a statement the Tenth Circuit characterized as the "*only*" statement that could support a claim under Section 10(b) of the Exchange Act. *Indiana Pub. Ret. Syst. v. Pluralsight, Inc.*, 45 F. 4th 1236, 1243 (10th Cir. 2022) (emphasis added) ("the district court correctly determined that Plaintiffs sufficiently alleged only one materially false or misleading statement"); *see also id.* at 1248 ("The district court determined only one statement was materially false or misleading. We agree."). Avoiding any ambiguity, the Tenth Circuit stated:

> In sum, the district court correctly determined the only materially false or misleading statement alleged in the complaint was Mr. Budge's representation on January 16, 2019, that "today we have about 250" quota-bearing sales representatives. The remaining statements Plaintiffs identify do not give rise to liability under section 10(b) and Rule 10b-5 because, as the district court correctly concluded, they are accurate statements of historical fact or expressions of corporate optimism that would not mislead reasonable investors.

*Id.* at 1258.

On October 20, 2022, the parties filed an Attorney Planning Meeting Report with the Court. *See* Attorney Planning Meeting Report, Dkt. No. 168. Defendants' Response to the prompt "Describe the nature of the claims and affirmative defenses" included the following statement: "Lead Plaintiffs have represented that they intend to file an amended complaint that both conforms to the Tenth Circuit's decision and narrows the case . . . This amended complaint will only assert Exchange Act claims . . . based on a *single* statement regarding the size of Pluralsight's sales force[.]" *Id.* at 3 (emphasis added). In Plaintiffs' Response to the same prompt, Plaintiffs identified this single misstatement as the January 16, 2019, statement that "the aggregate quota-bearing reps went from about 80 at that time to today we have about 250." *Id.* at 2.

2

On March 3, 2023, Plaintiffs moved for class certification. *See* Lead Pls.' Mot. for Class Cert. and Appointment of Class Rep. and Class Counsel and Mem. of Law in Supp., Dkt. No. 177 ("Class Certification Motion" or "Motion"). In arguing for the typicality of their claims, Plaintiffs stated in their Class Certification Motion that "Plaintiffs allege that Defendants violated Section 10(b) and 20(a) of the Exchange Act by issuing a materially false and misleading public statement[.]" *Id.* at 12 (using the singular "statement"). In arguing for the predominance of class-wide issues, Plaintiffs stated in their Motion that "Plaintiffs allege that the materially false and misleading statement was made publicly at the Needham Growth Conference." *Id.* at 16 (using the singular "statement").[2] Again, in arguing for the commonality of facts and law in their reply brief in support of their Motion, Plaintiffs stated that "the Class's claims under Section 10(b) of the Exchange Act arise from Defendants' statement that Pluralsight's sales force had grown to 'about 250' representatives at the start of the Class Period." *See* Lead Pls.' Reply in Supp. of Mot. to Certify the Class at 3, Dkt. No. 223.

On December 27, 2023, this Court entered the Class Certification Order, which, in part, references allegations that Defendants "made *multiple* misleading statement*s* and omission*s*," Dkt. No. 252 at 3 (emphasis added), and indicates that whether these statements "were untrue statement*s* of material fact or misleading omission*s* are questions common to the putative class."

---

[2] *But see* Motion at 10 ("Plaintiffs allege that Defendants made untrue statements of material fact, including, for example, that Pluralsight's sales force had grown to 'about 250' representatives when, in fact, the Company had only 200 representatives."). While the Class Certification Motion also referenced oral statements made on February 13, 2019, and May 1, 2019, earnings calls, *id.* at 4, this Court dismissed those statements with prejudice and the Tenth Circuit affirmed, as shown below.

*Id.* at 9 (emphasis added). The Class Certification Order then goes on to identify purported misstatements made on January 16, 2019, February 13, 2019, and May 1, 2019. *Id.* at 3, 9. This appears to have been inadvertent because, as stated above, only one (not multiple) allegedly false or misleading statement has been deemed actionable by this Court; all others have been dismissed with prejudice and that dismissal affirmed by the Tenth Circuit.

**January 16, 2019 Statements.** As stated above, the *only* actionable statement remaining in this case is the January 16, 2019, oral statement by Pluralsight's Chief Financial Officer at the Needham Growth Conference that Pluralsight had "about 250" quota-bearing sales representatives at that time. Dismissal Order at 20-38, Dkt. No. 137; *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1258. The other January 16 statements have been found by both this Court and the Tenth Circuit to be inactionable and dismissed with prejudice. *See Indiana Pub. Ret. Syst.*, 45 F. 4th at 1251 ("As to the other alleged statements made on January 16, 2019, those are not actionable, as we explain."); *id.* at 1252 ("The district court correctly determined that these other three statements from January 16, 2019, are not actionable."). The Class Certification Order, however, incorrectly identifies these dismissed statements.

First, the Order identifies the January 16 statements that the sales team (i) "w[as] 'killing it' [because (ii)] the 'great infrastructure around them' . . . had 'improved [Pluralsight's] retention massively and [(iii) the Company was] now at scale." Dkt. No. 252 at 3, 9. This Court dismissed these statements. Dismissal Order at 21-25, Dkt. No. 137. The Tenth Circuit affirmed dismissal with respect to these statements because they are "expressions of optimism, opinion, and puffery or accurate statements of historic fact" and are therefore "not actionable." *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1251-52.

4

<u>Second</u>, the Order identifies the January 16 statement that Pluralsight planned "to expand [the number of sales representatives] to 300 in 2019." Dkt. No. 252 at 9. This Court dismissed this projection as inactionable optimism and puffery, and not false when made. Dismissal Order, Dkt. 137, at 21-23. The Tenth Circuit affirmed that a statement regarding growth to 300 sales representatives by the end of 2019 "is forward-looking optimism and thus not actionable under section 10(b)." *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1253.

<u>Third</u>, the Order identifies the allegation that Defendants "repeatedly failed to disclose a critical adverse fact: that by the end of 2018, Pluralsight was behind in . . . the number of seasoned sales representatives needed to sustain its [planned] growth." Dkt. No. 252 at 9. This Court dismissed this allegation. Dismissal Order at 22-23, Dkt. No. 137. The Tenth Circuit agreed and rejected this omissions-based argument, holding that Defendants' affirmative statements "did not give rise to a duty to disclose Pluralsight's alleged 25% sales capacity gap." *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1251-52.[3]

**February 13, 2019 Statements.** The Order references oral statements made during a February 13, 2019, earnings call as allegedly false or misleading because Defendants "failed to mention the deficiencies in Pluralsight's sales force" when speaking about the Company's "productivity and efficiency." Dkt. No. 252 at 3. This Court dismissed the February 13, 2019, statement as inactionable because it was comprised of statements of corporate optimism and puffery, protected forward-looking statements, and because Defendants did not have a duty to

---

[3] The Tenth Circuit rejected this omissions-based argument because Section 10(b) of the Exchange Act does not "create an affirmative duty to disclose any and all material information. Disclosure is required under these provisions only when necessary 'to make . . . statements made, in the light of the circumstances under which they were made, not misleading.'" *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1248 (alteration in original) (citation omitted).

disclose the omitted, and allegedly material, information.  Dismissal Order at 24-25, Dkt. No. 137.

The Tenth Circuit affirmed, stating that "[t]he district court concluded this [February 13] statement

was not actionable, reasoning Plaintiffs did not specifically allege the 'around 240' estimation was

false and the remainder of the statement constituted forward-looking expressions of optimism and

puffery incapable of objective verification.  We discern no error."  *Indiana Pub. Ret. Syst.*, 45 F.

4th at 1252-53.

**May 1, 2019 Statements.**  The Order references oral statements made during a May 1,

2019, earnings call discussing the efficiency, strength, direction, and health of Pluralsight's sales

force and being "on pace" in hiring.  Dkt. No. 252 at 3.  This Court dismissed these May 1, 2019,

statements as inactionable because they were statements of corporate optimism and puffery and

statements of accurate historical fact.  Dismissal Order at 34-37, Dkt. No. 137.  The Tenth Circuit

affirmed, stating that it "discern[ed] no error in the district court's conclusion that the May 1, 2019,

statements were not actionable."  *Indiana Pub. Ret. Syst.*, 45 F. 4th at 1258; *see also id.* ("The

district court did not err in finding these [May 1] statements were not materially false or

misleading, and we reject Plaintiffs' contrary arguments[;]" "the district court found these [May

1] statements 'replete with unactionable optimism and puffery.' We agree.").

\*        \*        \*

The Federal Rules of Civil Procedure specify that "[a]n order that grants or denies class

certification may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).

Additionally, the Tenth Circuit has made clear that "district courts generally remain free to

reconsider their earlier interlocutory orders."  *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th

Cir. 2007).  The Class Certification Order inadvertently includes alleged misstatements that this

6

Court dismissed with prejudice and the Tenth Circuit affirmed as dismissed, contradicting the Tenth Circuit's mandate that this case now consists of *only one* alleged misstatement that was materially false or misleading.

Accordingly, Defendants request that the Court clarify its Class Certification Order. Defendants respectfully suggest that the Court could do so by (i) revising the Order to use the singular "misstatement" instead of "misstatements" throughout, (ii) deleting references on pages 3 and 9 of the Order to particular statements that have been dismissed, and (iii) adding a footnote clarifying that this Court and the Tenth Circuit have ruled that the only allegedly false or misleading statement remaining in this case is the January 16, 2019, statement that "today we have about 250" quota-bearing sales representatives and that all other allegedly false or misleading statements have been dismissed with prejudice.

Dated:  January 24, 2024

*/s/ Gregory L. Watts*

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants Pluralsight, Inc.,*
*Aaron Skonnard, and James Budge*