UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM; and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAD PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS FROM THE REQUESTED TIME PERIOD**<br>**(DOC. NO. 201)**<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Lead Plaintiffs Indiana Public Retirement System and the Public School Teachers' Pension and Retirement Fund of Chicago brought this federal securities class action against Defendants Pluralsight, Inc., CEO Aaron Skonnard, and CFO James Budge, asserting claims on behalf of purchasers of Pluralsight Class A common stock between January 16, 2019, and July 31, 2019 (the "class period").[1] As narrowed by prior orders, Lead Plaintiffs' claims are based on a single alleged material misstatement regarding the size of Pluralsight's sales force made during a January 16, 2019 investor conference.[2]

　　　　Lead Plaintiffs filed a discovery motion seeking to compel Defendants to produce documents from August 1, 2018, to January 31, 2020—in other words, from five-and-a-half

---

[1] (*See* Second Am. Compl. ¶ 1, Doc. No. 173.)

[2] (*See id.* ¶¶ 57–59.)

1

months before to six months after the class period.[3] Defendants oppose the motion, arguing this timeframe is overbroad and proposing, instead, a time period from October 1, 2018 to September 30, 2019—encompassing the quarter before and after the class period.[4] The court held a hearing on October 4, 2023, and took the motion under advisement.[5] Because Lead Plaintiffs have demonstrated their requested time period is relevant, their motion is granted.

Rule 26 of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] This case involves claims under section 10(b) of the Securities Exchange Act.[7] To prove a Section 10(b) claim, a plaintiff must show a material misrepresentation or omission by the defendant and scienter, among other elements.[8]

In class actions, the class period dates "function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts in this case."[9] And in securities fraud litigation, "'[c]ommon sense' dictates that facts relevant to scienter 'will ordinarily date from before any alleged misrepresentations' because the 'circumstances preceding the statements . . .

---

[3] (Lead Pls.' Short Form Disc. Mot. to Compel Defs. to Produc. Docs. from the Requested Time Period ("Mot."), Doc. No. 201.)

[4] (*See* Defs.' Opp'n to Lead Pls.' Short Form Disc. Mot. to Compel Defs. to Produc. Docs. from the Requested Time Period ("Opp'n"), Doc. No. 205.)

[5] (*See* Min. Entry, Doc. No. 241.)

[6] Fed. R. Civ. P. 26(b)(1).

[7] 15 U.S.C. § 78a, *et seq.*; (Second Am. Compl. ¶¶ 146–154, Doc. No. 173).

[8] *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014).

[9] *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10-922 DSF (AJWx), 2012 U.S. Dist. LEXIS 124438, at *21 (C.D. Cal. Mar. 9, 2012) (unpublished) (quoting *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005)).

would be among those knowable at the time of the statements.'"[10]  "Thus, facts predating the class period are relevant to establish that statements made during the class period were materially false."[11]  "Likewise, post-class period facts may be relied upon to confirm what a defendant should have known during the class period."[12]  "In short, [a]ny information that sheds light on whether class period statements were false or materially misleading is relevant."[13]

      Here, although Lead Plaintiffs' claims are predicated on a single actionable misstatement, the operative complaint alleges conduct and events from August 1, 2018, to January 2020 which Lead Plaintiffs contend show falsity and scienter.[14]  For example, the complaint alleges Defendants made statements attributing Pluralsight's billing success to its sales force capacity on August 1, 2018, and October 24, 2018.[15]  Further, the complaint alleges Defendants made statements in January 2020 acknowledging what they knew about deficiencies in Pluralsight's sales force during the class period.[16]  Indeed, in a prior order in this case, the Tenth Circuit relied on these January 2020 statements in finding Lead Plaintiffs' allegations of falsity sufficient to state a claim under Section 10(b).[17]  Based on Lead Plaintiffs' specific allegations, the time period from August 1, 2018 through January 2020 is relevant to their claims.  Defendants'

---

[10] *Id.* (alterations in original) (quoting *Zelman*, 376 F. Supp. 2d at 971).

[11] *Id.*

[12] *Id.* at *23 (internal quotation marks omitted).

[13] *Id.* (alteration in original) (internal quotation marks omitted).

[14] (*See* Mot. 2, Doc. No. 201.)

[15] (*See* Second Am. Compl. ¶¶ 47–49, 53–56, Doc. No. 173.)

[16] (*See id.* ¶ 101.)

[17] *See Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1250 (10th Cir. 2022).

alternative proposal to limit the discovery timeframe to one quarter before and after the class period is unsupported and appears arbitrary.

Defendants argue Lead Plaintiffs' proposed timeframe is disproportionate because not all documents sought in every discovery request are relevant across the entire time period.[18] However, this motion does not seek to compel responses to specific requests for production, and disputes about the relevant time period for particular requests are not properly before the court. Defendants have shown, as a general matter, that the relevant time period for discovery in this case includes their proposed timeframe. To the extent the parties dispute the relevant time period for specific requests, this issue may be raised in a separate motion.

## CONCLUSION

Because Lead Plaintiffs have demonstrated their proposed discovery timeframe is relevant, their motion[19] is GRANTED. Defendants are ordered to produce responsive documents in this case for the time period from August 1, 2018, to January 31, 2020. If disputes arise regarding the relevant time period for specific discovery requests, this issue may be raised in a separate motion.

DATED this 7th day of February, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[18] (*See* Opp'n 2, Doc. No. 205.)

[19] (Doc. No. 201.)