Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC. *et al.*, <br><br> Defendants. | **LEAD PLAINTIFFS' OPPOSITION TO [255] DEFENDANTS' MOTION TO CLARIFY [252] MEMORANDUM DECISION AND ORDER GRANTING [177] LEAD PLANTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Case No. 1:19-cv-00128 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

## I.    INTRODUCTION

Defendants' motion does not seek to alter or amend the Court's class certification ruling. Instead, Defendants quibble over the Court's references to certain factual allegations in the Second Amended Complaint, which provide context for the Plaintiffs' claims. But there is nothing to "clarify" under well-settled class certification principles. Defendants' attempt to alter the language in the Court's sound and well-reasoned opinion granting class certification should be denied.

## II.    LEGAL STANDARD

Under Federal Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment," so this Court "retains the ability to monitor the

1

appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment." *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004). Although the Federal Rules of Civil Procedure do not recognize a "motion to reconsider," courts have inherent authority to reconsider its interlocutory rulings and it should do so where error is apparent. *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007). As the interests of maintaining judicial efficiency and avoiding successive motion practice apply with equal force in both contexts, motions seeking to alter a class certification can be held to the standard of motions for reconsideration. *See e.g.*, *Braver v. North Star Alarm Servs., LLC*, 2019 WL 572207 (W.D. Ok. Nov. 5, 2019) (slip op). So, to seek the relief requested, Defendants must demonstrate an intervening change in the controlling law, new evidence that was not previously available, or the need to correct clear error or prevent manifest injustice. *Tech Instrumentation Inc. v. Eurton Elec. Co. Inc.*, 2021 WL 4099578, at *4-6 (D. Colo. Sept. 9, 2021). That said, reconsideration is not a vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III.    ARGUMENT

Defendants' motion does not seek to alter or amend the class certification ruling. It does not seek to amend or alter the class definition. And it does not seek to amend or alter the Court's reasoning as to any of the elements of class certification. Nor does Defendants' motion raise any of the traditional grounds for reconsideration of an interlocutory order: Defendants raise no intervening change in controlling law, identify no new evidence that was not previously available, and point to no need to correct clear error or prevent manifest injustice. Instead, Defendants' only argument is that the Court should not have mentioned certain allegations from the operative complaint in the background section of the Court's opinion or in ways that do not impact the Court's decision.

As the Court correctly recognized, "[w]hen deciding whether to grant class certification, the court must accept the substantive allegations of the complaint as true, though it need not blindly rely on conclusory allegations of the complaint which parrot Rule 23." Order, Dkt. 252, at 2 n.3 (quoting *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (internal quotations omitted)). And as this Court has made clear, "[t]he court's accepting as true plaintiffs' factual contentions does not mean it is also accepting as true plaintiffs' legal conclusions intertwined with their statement of facts." *King v. Nevada Elec. Inv. Co.*, 893 F.Supp. 1006, 1016 n.5 (D. Utah 1994). Such is the case here, where the Court accurately characterized Lead Plaintiffs' allegations regarding the Defendants' false and misleading statement of material fact and omissions—allegations it correctly recognized it must accept as true. Defendants may disagree with those allegations, but class certification is not a forum for disputing the merits. *See J.B. ex Rel. Hart v. Valdez*, 1867 F.3d 1280, 1299 (10th Cir, 1999) (citing *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982)). Nor is Rule 23(c)(1)(C) a tool for "venting dissatisfaction with the Court's reasoning," *Nolen v. Fairshare Vacation Owners Ass'n*, 2021 WL 6125521, at *3 (M.D. Fla. Oct. 15, 2021), or for trying to gain a tactical advantage by reframing the facts in their favor. Indeed, "[i]t is well-settled that the district court may not examine the merits in deciding a motion for class certification." *J.B. ex Rel. Hart v. Valdez*, 1867 F.3d 1280, 1299 (10th Cir, 1999) (citing *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982).

Consistent with those well-settled principles, the Court's opinion briefly and accurately summarized the Plaintiffs' allegations in the Second Amended Complaint. The majority of the Court's references to the non-actionable statements Defendants identify are not even in the Court's analysis; they are merely factual context for Plaintiffs' claims provided by the Court prior to its legal analysis of Rule 23. *See, e.g.*, Order, Dkt. 252, at 2-5; Mot. to Alter, Dkt. 255, at 3 (citing Order, Dkt. 252, at 3 (background section)); *id.*, at 4 (same); *id.*, at 5 (same); *id.* at 6 (same)). Accordingly, Defendants cannot dispute that the Court accurately described the factual allegations in the Second Amended Complaint.

3

Instead, Defendants quibble that the Court, at times, spoke in terms of the plural when referring to "statements." In so doing, Defendants incorrectly recast the Court's ruling as implying that these other statements are now to be considered actionable, contrary to the Tenth Circuit's decision. *See* Mot. to Alter, Dkt. 252, at 4-6. But as the Court's opinion makes clear through its citations to the Second Amended Complaint, which was filed in conformity with the Tenth Circuit's opinion, the Court is not holding that any of these other statements are actionable misrepresentations. Rather, the Court simply provided context for the January 16, 2019 actionable statement—the provision of which is appropriate and allowed. Moreover, the Court's reference to "omissions" is also appropriate given the Second Amended Complaint's allegations explaining how the false and misleading statement at issue omitted facts which rendered it misleading. *See, e.g.*, Second Amended Compl., ECF No. 173, at 3-4, 8, 24, 41, 56-57, 59, 61-62, 64.

Defendants also challenge the Court's mention of nonactionable statements made after the January 16, 2019 actionable statement, but these allegations similarly provide context for the July 31, 2019 disclosures ending the class period. To the extent that Defendants take issue with the use of the statements in this context, Defendants' challenges should be seen for what they are: attempts to litigate the merits of Lead Plaintiffs' claims—namely, loss causation— which is not appropriate at this stage of litigation.

As a final note, Defendants rightfully do not claim that the Court's references to these non-actionable allegations have any bearing on the Court's ruling. For example, consider Defendants' challenge to the Court's commonality analysis, in which the Court discusses the statements surrounding the actionable January 16, 2019 statement. Mot. to Alter, Dkt. 255, at 4-5 (citing Order, Dkt. 252, at 8-9). Not only do Defendants again misrepresent how the Court discusses these other statements, but they do not even endeavor to argue how removal of these references would change anything in the Court's order—nor could they: since Lead Plaintiffs need only present "a single

common question" of law and fact to meet the commonality requirement, the actionable January 16, 2019 statement alone carries this conclusion. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (citations omitted).

In sum, Defendants do not assert an intervening change in the controlling law or new evidence that was not previously available, nor do they establish the need to correct clear error or prevent manifest injustice. *See Eurton Elec. Co. Inc.*, 2021 WL 4099578, at *4–6. For these reasons, Defendants fall far short of the standard for reconsideration of the Court's sound grant of class certification, so their motion should be denied.

Dated: February 9, 2024

/s/ *Carol V. Gilden*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357 0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Lead Counsel for the Class*

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and Liaison Counsel for the Class*