Gregory L. Watts (#17782)
gwatts@wsgr.com
Caitlin E. McKelvie (#16511)
cmckelvie@wsgr.com
Stevenson C. Smith (#18546)
stevenson.smith@wsgr.com
Tamara Lemmon (#18462)
tlemmon@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510

Ignacio E. Salceda (*pro hac vice*)
isalceda@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Stephanie L. Jensen (*pro hac vice*)
sjensen@wsgr.com
Tyre L. Tindall (*pro hac vice*)
ttindall@wsgr.com
McKinney Wheeler (*pro hac vice*)
mckinney.wheeler@wsgr.com
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

*Attorneys for Defendants Pluralsight, Inc., Aaron Skonnard, and James Budge*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF [255] MOTION TO CLARIFY MEMORANDUM DECISION AND ORDER GRANTING [177] LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Case No. 1:19-CV-00128-DBB-DAO<br><br>Honorable David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendants Pluralsight, Inc. ("Pluralsight"), Aaron Skonnard, and James Budge (collectively, "Defendants") hereby submit this reply in support of Defendants' Motion to Clarify Memorandum and Order Granting [177] Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Dkt. No. 255 (the "Motion to Clarify" or "Motion").

## ARGUMENT

SEC Rule 10b-5(b) states that "[i]t shall be unlawful for any person . . . to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading[.]" 17 C.F.R. § 240.10b-5(b); Memorandum Decision and Order Granting [177] Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, Dkt. No. 252, at 14 n.103 (the "Class Certification Order" or "Order").  In other words, a statement is actionable under Rule 10b-5(b) if it is materially false or if it is rendered misleading by a material omission.

Here, both this Court and the Tenth Circuit have made clear that the "only" statement that could support a claim under Section 10(b) and Rule 10b-5 was CFO Budge's oral statement on January 16, 2019, that Pluralsight had "about 250" quota-bearing sales representatives. *Indiana Pub. Ret. Syst. v. Pluralsight, Inc.*, 45 F. 4th 1236, 1258 (10th Cir. 2022); *see also id*. at 1248; Dismissal Order, Dkt. No. 137, at 38 ("Plaintiffs have only adequately alleged that the last sentence in Statement 1 is actionable under Section 10(b) or Rule 10b-5.").  "The remaining statements Plaintiffs identify do not give rise to liability under section 10(b) and Rule 10b-5[.]" *Pluralsight*, 45 F. 4th at 1258; Motion at 4-6.

1

In opposing the Motion to Clarify, Plaintiffs acknowledge this, agreeing that all other statements are "non-actionable" and were "merely" included in the Corrected Amended Complaint, Dkt. No. 94, as "context" for the sole surviving alleged misstatement. *See* Lead Plfs.' Opp'n to [255] Defs.' Mot. to Clarify [252] Mem. Decision & Order Granting [177] Lead Plfs.' Mot. for Class Cert., Dkt. No. 260, at 3-4 (the "Opposition" or "Opp."). Since the parties do not disagree on this issue, it beggars belief that Plaintiffs oppose Defendants' efforts to clarify as much through their Motion.

Defendants' Motion should be granted because (I) the Court can freely provide clarification under the appropriate legal standard and (II) the Order should be modified—consistent with this Court's Dismissal Order, the Tenth Circuit's decision, and Plaintiffs' stated understanding—to clarify that it does not revive previously dismissed statements.

## I.    The Court Can Freely Reconsider Interlocutory Orders, Including Class Certification Orders

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Citing *Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000), and other cases relying on the standard set forth in *Servants of Paraclete*, Plaintiffs claim that in order to move for clarification "Defendants must demonstrate an intervening change in the controlling law, new evidence that was not previously available, or the need to correct clear error or prevent manifest injustice," Dkt. No. 260 at 2. This standard is inapplicable for two reasons.

First, the Tenth Circuit has emphasized that the *Servants of Paraclete* requirements "apply to 'a motion for *reconsideration after a final judgment*,'" and are inapplicable to "a district court's discretionary reconsideration of an interlocutory order." *Luo v. Wang*, 71 F.4th 1289, 1298-99

(10th Cir. 2023) (citation omitted) (emphasis added).  Defendants are not seeking reconsideration of a decision after a final judgment.  Instead, Defendants are seeking *clarification* of an interlocutory order on class certification *before* a final judgment.  The Tenth Circuit has made clear that "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

Second, as Plaintiffs recognize, the Motion to Clarify is not a motion for reconsideration. Motion at 2.  Instead, the Motion asks the Court to clarify that the Class Certification Order does not contemplate class certification based on alleged false or misleading statements that have been dismissed with prejudice as inactionable, as affirmed by the Tenth Circuit.  Courts routinely consider motions to clarify the language or scope of an order and emphasize that the standards for a motion to reconsider are inapplicable to motions to clarify.  *See, e.g.*, *Clyde v. My Buddy the Plumber Heating & Air, LLC*, No. 2:19-CV-00756-JNP, 2021 WL 3931374, at *2-3 (D. Utah Sept. 2, 2021) (ruling on motion that sought to clarify whether a judgment adjudicated all claims; separately analyzing motion to alter or amend final judgment under reconsideration standards); *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2020 WL 5549105, at *1-2 (D. Utah Sept. 16, 2020) (granting request to clarify that an order permitting post-judgment discovery did not preclude the party served with discovery from objecting to the discovery; emphasizing that standards for a motion for reconsideration would not apply to the motion for clarification).

However, even if the heightened standard governing a motion to reconsider filed after a final judgment applied (it does not), it is met here.  Defendants are seeking to have this Court clarify that the Class Certification Order *does not* suggest that certain statements which have been

dismissed from this case with prejudice remain actionable. If the Order *does* suggest such statements remain actionable, this suggestion would constitute clear error, one of the grounds on which Plaintiffs recognize that a motion for reconsideration may be granted. *See United States v. Koerber*, 10 F.4th 1083, 1107 (10th Cir. 2021) (explaining that "a district court must strictly comply with the mandate issued by the reviewing court" and "[w]hen reviewing the district court's application of our mandate," the Circuit Court will "consider whether the court abused the limited discretion that our mandate left to it"); *Rhino Energy LLC v. CO.P. Coal Dev. Co. (In re C.W. Mining Co.)*, 534 B.R. 800, 814 (D. Utah 2015) (stating that the mandate rule "prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand" because "once an issue is litigated and decided, that should be the end of the matter"); Opp. at 2.

**II.      The Order Should Be Modified to Clarify It Does Not Revive Alleged Statements Already Deemed Non-Actionable and Dismissed with Prejudice**

Plaintiffs argue that Defendants' Motion is merely a "quibble" that does not justify clarification. Opp. at 1, 4. Defendants disagree. The requested clarification is not over a trivial matter. In the Motion to Clarify, Defendants set forth at length the Class Certification Order's references to dismissed statements. *See* Motion at 3-6. The Order references allegations that Defendants "made *multiple* misleading statement*s* and omission*s*," Order at 3 (emphases added), and indicates that whether these statements and omissions "were untrue statement*s* of material fact or misleading omission*s* are questions common to the putative class," *id.* at 9 (emphases added). Indeed, the Order even goes so far as to identify other statements on January 16, 2019, February 13, 2019, and May 1, 2019, that are alleged to have been materially false or rendered misleading by a material omission. Order at 3, 9. Accordingly, the Class Certification Order could be read

as inadvertently and incorrectly stating that these previously dismissed statements remain at issue and constitute common questions for the class.

Clarification of this issue is important not only for Lead Plaintiffs and Defendants as they litigate the case going forward, but also for all members of the certified class, so that there is no ambiguity regarding the scope of the claims and issues on which that class has been certified. What remains to be adjudicated by this Court goes to the heart of this litigation and compliance with the mandate from the Tenth Circuit. A clarification from the Court here promotes judicial efficiency and prevents needless confusion and motion practice over these issues in the future.

For these reasons and those stated in Defendants' Motion, Defendants request that the Court clarify its Class Certification Order. Defendants respectfully suggest that the Court could do so by (i) revising the Order to use the singular "misstatement" instead of "misstatements" throughout, (ii) deleting references on pages 3 and 9 of the Order to particular statements that have been dismissed, and (iii) adding a footnote clarifying that this Court and the Tenth Circuit have ruled that the only allegedly false or misleading statement remaining in this case is the January 16, 2019 statement that "today we have about 250" quota-bearing sales representatives and that all other statements alleged to have been materially false or rendered misleading by a material omission have been deemed non-actionable and have been dismissed with prejudice.

5

Dated:  February 23, 2024

*/s/ Gregory L. Watts*

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (#17782)
Caitlin E. McKelvie (#16511)
Stevenson C. Smith (#18546)
Tamara Lemmon (#18462)
Ignacio E. Salceda (admitted *pro hac vice*)
Stephanie L. Jensen (admitted *pro hac vice*)
Tyre L. Tindall (admitted *pro hac vice*)
McKinney Wheeler (admitted *pro hac vice*)

*Attorneys for Defendants*

6