UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM; and PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, individually and on behalf of all others similarly situated<br><br>        Plaintiffs,<br>v.<br><br><br>PLURALSIGHT, INC.; AARON SKONNARD; and JAMES BUDGE,<br><br>        Defendants. | ORDER GRANTING UNOPPOSED MOTION TO APPROVING THE FORM AND MANNER OF CLASS NOTICE (DOC. NO. 265)<br><br><br>Case No. 1:19-cv-00128<br><br><br>District Judge David Barlow<br><br><br>Magistrate Judge Daphne A. Oberg |

On December 27, 2023, the court certified this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.[1] The court-certified class consists of:

> All persons who purchased the Class A common stock of Pluralsight from January 16, 2019 through July 31, 2019, inclusive and were damaged thereby. Excluded from the Class by definition are: (i) all defendants; (ii) members of the immediate families of the defendants; (iii) any of the selling stockholders listed in the Offering Documents;1 (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party.[2]

---

[1] (*See* Mem. Decision and Order Granting Lead Pls.' Mot. for Class Certification and Appointment of Class Representatives and Class Counsel, Doc. No. 252.)

[2] (*See id.* at 26–27.)

1

Pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago filed a motion for an order approving the proposed form, content, and method for dissemination of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices") to the class.[3]  Defendants do not oppose the motion.[4]  Having reviewed the Notices, the court grants the motion[5] and orders as follows:

1.  The court approves the form, substance, and content of the Notices.

2.  The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure as the Notices clearly and concisely state in plain and easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.  The Notice and Summary Notice, and the method and schedule set forth below for notifying the class of the pendency of the action as a class action, meet the requirements of Rule 23 and due process, constitute the best notice practicable under

---

[3] (Lead Pls.' Unopposed Mot. to Approve the Form and Manner of Class Notice, Doc. No. 265.)

[4] (*See id.* at 2.)

[5] (Doc. No. 265.)

the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. Class counsel is hereby authorized to retain Strategic Claims Services (the "Notice Administrator") to supervise and administer the notice procedure as more fully set forth below.  Notice shall be provided as follows:

   a. no later than ten (10) business days after the court's entry of this order ("the Notice Date"), Pluralsight shall produce, or cause its securities transfer agent to produce, to the Notice Administrator (at no cost to Lead Plaintiffs, class counsel, or the Notice Administrator) a transfer-agent report containing the names, addresses, and, if available, email addresses of record holders who purchased or acquired Pluralsight Class A common stock during the class period (the "Record Holder Report");

   b. no later than twenty (20) business days after the Notice Date, the Notice Administrator shall send, by first class mail, a copy of the Notice, substantially in the form attached as Exhibit 1 to the Declaration of Carol Gilden ("Gilden Declaration") submitted with Lead Plaintiffs' motion, to each person or entity identified on the Record Holder Report or who may otherwise be identified by reasonable effort.  For all Notices returned as undeliverable, the Notice Administrator shall use best efforts to locate updated addresses;

   c. contemporaneously with the mailing of the Notice, the Notice Administrator shall establish a website for the Action, www.pluralsightsecuritieslitigation.com, from which class members may

download copies of the Notice, the operative complaint, the court's order certifying the class, and this order; and

d.  no later than ten (10) business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit 2 to the Gilden Declaration, to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire*.

4.  The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of persons or entities other than themselves, purchased or acquired Pluralsight Class A common stock during the class period. Such nominees shall either: (i) within seven (7) calendar days of receipt of the Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for

4

which reimbursement is sought.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the court.

5. The Notice shall provide an address for the purpose of receiving requests for exclusion from the class and requests for additional copies of the Notice.  The requests for exclusion from the class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked within sixty (60) calendar days after the Notice Date (the "Exclusion Date").  Each request for exclusion shall clearly state that the class member "requests exclusion from the class in Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al., No. 1:19-CV-00128-DBB-DAO," and must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization if the request for exclusion is being signed by an authorized representative; and (iii) state the number of shares of Pluralsight Class A common stock that the person or entity requesting exclusion (A) held as of the opening of trading on August 9, 2017 and (B) purchased, acquired or sold during the class period (i.e., from January 16, 2019, and July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale.

6. Any class member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than the Exclusion Date.  Class members who retain separate counsel do so at their own expense.

7. No later than twenty (20) business days after the Exclusion Date, class counsel shall file with the court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit or declaration setting forth a list of all persons and entities who have requested exclusion from the class.

8. This order may be modified by the court upon motion by either or both parties, for good cause shown.

DATED this 11th day of March, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge