EXECUTION COPY

Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Additional Counsel on Signature Page*

*Attorneys for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers'
Pension and Retirement Fund of Chicago and the Class*

---

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC., *et al.*, <br><br> Defendants. | **STIPULATION OF SETTLEMENT** <br><br><br> Case No. 1:19-cv-00128 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 1, 2024 (the "Stipulation") is entered into between: (a) Lead Plaintiffs Indiana Public Retirement System ("INPRS") and the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (defined below); and (b) Defendants Pluralsight Inc. ("Pluralsight" or the "Company"), Aaron Skonnard, and James Budge (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), and embodies the

1

EXECUTION COPY

terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.       On August 13, 2019, a class action complaint was filed in the U.S. District Court for the Southern District of New York, styled *City of Birmingham Firemen's and Policemen's Supplemental Pension System v. Pluralsight, Inc., et al.*, Case No. 1:19-cv-07563-AKH, alleging violations of the federal securities laws. ECF No. 1.

B.       On September 27, 2019, Defendants moved to transfer the case to the U.S. District Court for the District of Utah. ECF No. 17. On October 24, 2019, the Honorable Alvin K. Hellerstein issued an order granting Defendants' motion to transfer and denying without prejudice the pending motions for appointment of lead plaintiff and lead counsel. ECF No. 49.

C.       This Action was transferred to the District of Utah (the "Court") on October 31, 2019, and ultimately assigned to the Honorable Jill N. Parrish on March 4, 2020. ECF Nos. 51, 78.

D.       On March 3, 2020, Lead Plaintiffs re-filed a motion for appointment of lead plaintiff and lead counsel. ECF No. 76. The Court granted the motion on March 25, 2020, appointing INPRS and CTPF as Lead Plaintiffs and approving Lead Plaintiffs' selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel and Clyde, Snow & Sessions, P.C. ("Clyde Snow") as liaison counsel for the putative class. ECF No. 87.

E.       On June 9, 2020, Lead Plaintiffs filed a Corrected Amended Complaint (the

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

2

EXECUTION COPY

"CAC") alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, as well as violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") in connection with Pluralsight's $456 million secondary public offering on March 7, 2019 (the "SPO"). ECF No. 94. In addition to Pluralsight, Skonnard, and Budge, the CAC named as defendants the signatories to the registration statement filed in connection with the SPO, namely Gary Crittenden, Scott Dorsey, Arne Duncan, Ryan Hinkle, Leah Johnson, Timothy Maudlin, Frederick Onion, Brad Rencher, Bonita Stewart, and Karenann Terrell (the "Signer Defendants"); and the SPO's co-lead underwriters, Morgan Stanley & Co. LLC and J.P. Morgan Securities LLC (the "Underwriter Defendants"). Among other things, the CAC alleged that Defendants made false and misleading statements and omissions to investors about Pluralsight's sales force productivity and future billings growth, which caused the price of Pluralsight common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' alleged prior misrepresentations.

F.      On August 14, 2020, Defendants, together with the Signer Defendants, filed a motion to dismiss the CAC ("Defendants' Motion to Dismiss") (ECF No. 111) as well as a request for judicial notice (ECF No. 113). Additionally, the Underwriter Defendants filed a joinder in Defendants' Motion to Dismiss (ECF No. 114). On October 16, 2020, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and the Underwriters' Joinder (ECF No. 119). On November 17, 2020, Defendants filed a reply memorandum of law in further support of the Motion to Dismiss (ECF No. 122).

G.      On March 22, 2021, the Court held a hearing on Defendants' Motion to Dismiss

3

EXECUTION COPY

and requests for judicial notice, and the Underwriter Defendants' Joinder in Defendants' Motion to Dismiss. ECF No. 134.

H.    On March 31, 2021, the Court issued orders granting Defendants' Motion to Dismiss, along with the Underwriters' Joinder, and Defendants' requests for judicial notice. ECF Nos. 136, 137.

I.    On April 28, 2021, Lead Plaintiffs filed a notice of appeal of the Court's order of dismissal to the U.S. Court of Appeals for the Tenth Circuit. ECF No. 140. Subsequently, in response to the Parties' motion and an order of the Court of Appeals, the Court clarified that its dismissal was with prejudice, and entered final judgment. ECF Nos. 146-55.

J.    Plaintiffs-Appellants filed their opening brief in the Court of Appeals on September 3, 2021.

K.    On September 10, 2021, a group of professors, scholars, financial economists, and former federal securities regulators filed a motion for leave to file a brief of *amici curiae*. Defendants opposed this motion on September 17, 2021, and the Court of Appeals provisionally granted the motion on September 23, 2021.

L.    Defendants-Appellees filed their response brief in the Court of Appeals on November 3, 2021. Plaintiffs-Appellants filed their reply on December 8, 2021. The Court of Appeals held oral argument on March 23, 2022.

M.    On August 23, 2022, the Court of Appeals issued an opinion affirming in part and reversing in part the District Court's order of dismissal, and remanding for further proceedings.

N.    On September 19, 2022, the Action was reassigned to the Honorable David Barlow. ECF No. 159.

O.    Lead Plaintiffs filed a Second Amended Complaint ("SAC") on November 4, 2022,

4

EXECUTION COPY

alleging claims against only Pluralsight, Skonnard, and Budge. ECF No. 173. Defendants filed their answer on December 9, 2022. ECF No. 174.

P.      Lead Plaintiffs and Defendants subsequently embarked on discovery, serving detailed document requests and sets of interrogatories on one another. Lead Plaintiffs also served sixteen document subpoenas on third parties, and Defendants served third-party deposition and document subpoenas on five parties. Extensive disputes followed, accompanied by lengthy negotiations concerning responses and objections. Additionally, extensive negotiations took place regarding the protective order and electronic discovery protocol for the case, which were submitted to and entered by the Court on May 1, 2023 and May 22, 2023, respectively. ECF Nos. 183, 188. Defendants and third parties subsequently made productions of documents to Lead Plaintiffs in connection with ongoing and detailed negotiations. Lead Plaintiffs similarly produced documents to Defendants and served interrogatory responses in connection with lengthy negotiations. Defendants also conducted Rule 30(b)(6) depositions of the Lead Plaintiffs and their three investment managers, deposing eight individuals. In connection with discovery, the Parties exchanged numerous, detailed letters concerning discovery issues and disputes and engaged in numerous meet and confer conferences.

Q.      Although the Parties were able to resolve many of their disputes, several were raised to the Court, and the Court conducted a hearing on many of those disputes. In this regard, over the course of July 2023 to September 2023, the Parties filed a series of discovery motions with the Court. On July 26, 2023, Lead Plaintiffs filed a Short-Form Discovery Motion to Compel Defendants to Produce Documents from the Requested Time Period ("Discovery Period Motion"), ECF No. 201, and on August 2, 2023, Defendants filed their opposition to the Discovery Period Motion, ECF No. 205. On August 14, 2023, Defendants filed a Short-Form Discovery Motion to

5

EXECUTION COPY

Compel Lead Plaintiffs to Produce (certain) Documents Responsive to Defendants' First Set of Requests for Production ("Defendants' Discovery Motion"), ECF No. 210, and on August 21, 2023, Lead Plaintiffs filed their opposition to Defendants' Discovery Motion, ECF No. 216. Finally, on September 18, 2023, Lead Plaintiffs filed a Short-Form Discovery Motion to Compel Defendants to Produce Audit-Related Documents, ECF No. 225 ("Audit Documents Motion"), and on September 25, 2023, Defendants filed their opposition to the Audit Documents Motion, ECF No. 236. On October 4, 2023, the Court held a hearing on the Discovery Period Motion, Defendants' Discovery Motion, and the Audit Documents Motion, denying the Audit Documents Motion without prejudice after the Parties reached an agreement during the hearing and taking the remaining two motions under advisement. ECF No. 241. On October 13, 2023, after extensive negotiation between the parties, Defendants withdrew the Defendants' Discovery Motion, ECF No. 248. On October 12, 2023, Defendants filed a Motion for Protective Order and a Motion to Quash Lead Plaintiffs' nonparty subpoena to The Cadence Group, ECF Nos. 246, 247, and on October 19, 2023, Lead Plaintiffs filed their opposition to Defendants' Motion for Protective Order, ECF No. 249. On October 26, 2023, after extensive negotiations between the Parties, Defendants withdrew their Motion for Protective Order and Motion to Quash. ECF Nos. 250-51. On February 8, 2024, the Court issued a memorandum decision and order granting Lead Plaintiffs' Discovery Period Motion. ECF No. 259.

R.      While discovery was ongoing, Lead Plaintiffs filed their motion for class certification (the "Class Certification Motion") on March 3, 2023.  ECF No. 177.  On August 14, 2023, Defendants filed their response to Lead Plaintiffs' Class Certification Motion (ECF No. 213), and on September 13, 2023, Lead Plaintiffs filed their reply memorandum of law in further support of the Class Certification Motion (ECF No. 223).

6

EXECUTION COPY

S.      On December 27, 2023, the Court entered its Memorandum Decision and Order granting Lead Plaintiffs' Class Certification Motion (the "Class Certification Order"). ECF No. 252. The Class Certification Order certified the Class as defined under ¶ 1(h) below; appointed INPRS and CTPF as Class Representatives; and appointed Cohen Milstein as Class Counsel and Clyde Snow as Liaison Class Counsel in the Action. The Class Certification Order also directed the Parties to meet and confer regarding the form and manner of notice to the Class and submit their proposal for notice to the Class for Court approval within 60 days.

T.      On January 24, 2024, Defendants filed a motion to amend/correct an aspect of the Court's Class Certification Order. ECF No. 255. Lead Plaintiffs opposed this motion on February 9, 2024. ECF No. 260. Defendants filed a reply in further support of their motion on February 23, 2024. ECF No. 264. On April 2, 2024, after the Parties notified the Court that they had reached an agreement in principle to settle this Action, the Court denied Defendants' motion to amend/correct without prejudice to it being refiled if a final settlement was not reached. ECF No. 269.

U.      Pursuant to the Class Certification Order, Lead Counsel negotiated with Defendants on the form and manner of notice. The parties reached agreement on the class notices, and on February 26, 2024, Lead Plaintiffs filed an unopposed motion to approve the form and manner of notice to the Class. ECF No. 265. The Court entered an order granting this motion on March 12, 2024. ECF No. 266.

V.      During the course of the litigation, the parties engaged in two separate mediations, which took place approximately eight months apart. In April 2023, the Parties agreed to engage in private mediation in an attempt to resolve the Action and retained Jed D. Melnick, Esq., of Judicial Arbitration and Mediation Services ("JAMS") to act as mediator (the "Mediator"). On May 31, 2023, Lead Counsel, along with Lead Plaintiffs, Defendants' Counsel, a representative of

EXECUTION COPY

Pluralsight, and Defendants' insurers participated in a mediation session with the Mediator. In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. After extensive discussion and negotiation, that mediation session ended without resolution.

W.    Nearly eight months later, in January 2024, the Parties agreed to conduct a second private mediation session with Mr. Melnick in an attempt to resolve the Action. On March 8, 2024, Lead Counsel, along with Lead Plaintiffs, Defendants' Counsel, a representative of Pluralsight, and Defendants' insurers participated in a full-day mediation session with the Mediator.  In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with supporting exhibits, which addressed both liability and damages issues.

X.    Ultimately, after extensive negotiation, the Parties reached agreement on the Settlement Amount, namely $20,000,000 in cash. The Parties thereafter negotiated a term sheet to memorialize their agreement-in-principle to settle the Action, which was executed by the Parties on March 12, 2024 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for payment of the Settlement Amount, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

Y.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

Z.    Based upon their investigation, prosecution, and mediation of the case, and the discovery conducted in the Action, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the

8

EXECUTION COPY

prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

AA.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. As set forth in ¶ 40 below, each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties (defined below) and all Released Defendants' Claims (defined below) as

9

EXECUTION COPY

against the Released Lead Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action in the matter styled *Indiana Public Retirement System, et al. vs. Pluralsight, Inc., et al.*, Case No. 1:19-cv-00128-DBB-DAO, pending in the U.S. District Court for the District of Utah.

(b)      "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)      "CAC" means the Corrected Amended Complaint filed in this Action on June 9, 2020 (ECF No. 94).

(d)      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)      "Claims Administrator" means Strategic Claims Services.

(h)      "Class" means the class certified by the Court's Order dated December 27, 2023 (ECF No. 252). Specifically, the Class consists of all persons who purchased the Class A common stock of Pluralsight during the Class Period and were damaged thereby. Excluded from

EXECUTION COPY

the Class are (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

(i)       "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)       "Class Member" means each person and entity who or which is a member of the Class.

(k)       "Class Period" means the period from January 16, 2019 through July 31, 2019, inclusive.

(l)       "Court" means the U.S. District Court for the District of Utah.

(m)       "Defendants" means Pluralsight and the Individual Defendants.

(n)       "Defendants' Counsel" means Wilson Sonsini Goodrich & Rosati, P.C.

(o)       "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 35 of this Stipulation have been met and have occurred or have been waived.

11

EXECUTION COPY

(p)     "Escrow Account" means an interest-bearing escrow account maintained at The Huntington National Bank, in which the Settlement Amount will be deposited and maintained and held in escrow under the control of Lead Counsel.

(q)     "Escrow Agent" means The Huntington National Bank.

(r)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on *certiorari* or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of *certiorari* or other form of review, or the denial of a writ of *certiorari* or other form of review, and, if *certiorari* or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses; (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' Claims, shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Individual Defendants" means Aaron Skonnard and James Budge.

(u)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

12

EXECUTION COPY

(v)     "Lead Counsel" means the law firm of Cohen Milstein Sellers & Toll PLLC.

(w)     "Lead Plaintiffs" means Indiana Public Retirement System and the Public School Teachers' Pension and Retirement Fund of Chicago.

(x)     "Liaison Counsel" means Clyde, Snow & Sessions P.C.

(y)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs (including lost wages) and expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(z)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court. Lead Counsel will request that attorneys' fees be paid as a percentage of the Settlement Fund. No Defendant nor any of the Released Defendants' Parties shall have any involvement with or liability, obligation, or responsibility whatsoever for the manner and method by which attorneys' fees are awarded out of the Settlement Fund.

(aa)     "Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(bb)     "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the costs associated with the Notice and the

13

EXECUTION COPY

Summary Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(cc)    "Offering Documents" means (1) the final prospectus filed with the SEC pursuant to Rule 424(b)(4) on March 7, 2019, and (2) the secondary public offering registration statement filed with the SEC on Form S-1 on March 4, 2019, which the SEC declared effective on March 6, 2019.

(dd)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

(ee)    "Plaintiffs' Counsel" means Lead Counsel and Liaison Counsel.

(ff)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice or any other plan for allocating the Settlement Fund as shall be approved by the Court.

(gg)    "Pluralsight" or the "Company" means Pluralsight, Inc.

(hh)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ii)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation,

14

EXECUTION COPY

at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to enforcement of the settlement or any claims against any person who submits a request for exclusion from the Class that is accepted by the Court.

(ll)    "Released Defendants' Parties" means (i) each defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settler or which is for the benefit of any defendant and/or member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a defendant has a controlling interest.

(mm)    "Released Lead Plaintiffs' Parties" means (i) Lead Plaintiffs, all Class Members, Lead Plaintiffs' Counsel, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors,

15

EXECUTION COPY

successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

(nn)    "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or Unknown Claims, whether foreseen or unforeseen, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule, regulation, at law or in equity, that were asserted in the Action or could have been asserted by Lead Plaintiffs or any of the Released Lead Plaintiffs' Parties in the Action or any other court or forum, that arise out of, are based upon, or relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Pluralsight common stock during the Class Period. This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. This release shall not include claims to enforce the Settlement.

(oo)    "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Lead Plaintiffs' Parties.

(pp)    "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(qq)    "SAC" means the Second Amended Complaint filed in this Action on November 4, 2022 (ECF No. 173).

(rr)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

16

EXECUTION COPY

(ss)   "Settlement Amount" means the $20,000,000 cash consideration that Defendants and/or their insurers shall pay in accordance with ¶ 7 of this Stipulation.

(tt)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(uu)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(vv)   "Summary Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(xx)   "Term Sheet" means the confidential term sheet memorializing the Parties' agreement in principle to settle the Action executed March 12, 2024.

(yy)   "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) whether to object to, or request to

17

EXECUTION COPY

be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

18

EXECUTION COPY

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     As soon as possible following execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, which among other things, shall request that the current Court proceedings be suspended.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment reflecting such approval becoming Final and (b) are in consideration of:  (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties.

5.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date

19

EXECUTION COPY

of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiffs and the other Released Lead Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Released Lead Plaintiffs' Parties.

6.      Notwithstanding ¶¶ 4-5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

7.      Pluralsight agrees to pay or cause to be paid a total of $20,000,000 (Twenty Million Dollars) in cash (the "Settlement Amount") to settle the Action. The Settlement Amount shall be paid into the Escrow Account within thirty (30) days after the later of: (i) the Court having entered an order preliminarily approving the Settlement, and (ii) Pluralsight and/or its insurers having received customary written instructions for payment of the Settlement Amount by check and wire into the Escrow Account and a Form W-9 for the Escrow Account.

8.      Other than Pluralsight's obligation to pay (or cause to be paid) the Settlement Amount within the time provided for in ¶ 7 of this Stipulation, neither Defendants nor any of the other Released Defendants' Parties shall have any responsibility for, interest in, or liability with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims

20

EXECUTION COPY

asserted in the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state or local tax returns.

## USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-33 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any

21

EXECUTION COPY

account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.   The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Defendants' Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.   All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the

EXECUTION COPY

Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendants' Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, nor any of the Released Defendants' Parties, nor any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount. All Notice and Administration Costs shall be paid exclusively from the Settlement Fund. Except for

23

EXECUTION COPY

Defendants' obligation to send the CAFA notice as provided for in ¶ 23 below, the Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs (including lost wages) and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses (the "Fee and Expense Application") is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court (the "Fee and Expense Award") shall be payable to Lead Counsel immediately upon the Fee and Expense Award (except any costs and expenses of Lead Plaintiffs which shall be payable to Lead Plaintiffs), notwithstanding any appeals or potential for appeal from the Fee and Expense Award, timely filed objections to the Fee and Expense Award, or collateral attack on the Settlement or any part of the Settlement.

17.     The payment of the Fee and Expense Award to Plaintiffs' Counsel shall be subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or

24

EXECUTION COPY

further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Any refunds required pursuant to this paragraph shall be the several obligation of Lead Counsel, other Plaintiffs' Counsel, and Lead Plaintiff(s) that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.

18.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19.     Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants,

25

EXECUTION COPY

nor any of the other Released Defendants' Parties, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.    Within five (5) business days after the Court's entry of an order preliminarily approving the Settlement, and at no cost to the Settlement Fund, Lead Plaintiffs, the Class, Lead Plaintiffs' Counsel, or the Claims Administrator, Pluralsight shall provide to Lead Counsel lists of shareholders of record, to the extent such lists are reasonably available, or cause its securities transfer agent to provide a transfer-agent report containing the names, addresses, and, if available, email addresses of record shareholders of Pluralsight Class A common stock during the Class Period.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to all persons or entities on the lists described in the preceding paragraph and any other potential Class Members who may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

23.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Pluralsight is solely responsible for the costs of the CAFA notice and

EXECUTION COPY

administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

24.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

25.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Released Defendants' Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. Any objections or appeals with respect to the Plan of Allocation (or other plan of allocation) will not affect the validity or finality of the Settlement (including the Releases herein). No Defendant, nor any of the other Released Defendants' Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

26.     Any Class Member who does not submit a valid Claim will not be entitled to receive

27

any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

27.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any of the other Released Defendants' Parties, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

28.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     all Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by

28

EXECUTION COPY

such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Released Defendants' Parties with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

29

EXECUTION COPY

(e)    if any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

29.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

30.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise

EXECUTION COPY

shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiffs' Claims.

32.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the  determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and the Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

34.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in

31

EXECUTION COPY

the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

35.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been timely paid into the Escrow Account as required by ¶ 7 above;

(c)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Pluralsight has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final, and none of the Parties seek to terminate the Settlement.

36.     Upon the occurrence of all of the events referenced in ¶ 35 above, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

37.     If (i) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Pluralsight exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the Judgment does not or cannot become Final or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

EXECUTION COPY

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 12, 2024;

(c)    the terms and provisions of this Stipulation, with the exception of this paragraph and ¶¶ 14, 16, 40, 62 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or any other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)    if the Settlement is terminated pursuant to this Stipulation, then Defendants' Counsel and Lead Counsel shall, within five (5) business days of such termination, jointly provide written notification of termination to the Escrow Agent. Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, (i) the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Pluralsight (or such other persons or entities as Pluralsight may direct); and

(e)    any attorneys' fees and expenses paid to Plaintiffs' Counsel or costs or expenses paid to Lead Plaintiffs shall be refunded in accordance with ¶ 17 above.

38.    It is further stipulated and agreed that Lead Plaintiffs and Pluralsight shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to each of the other Parties within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's

EXECUTION COPY

final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Tenth Circuit or the U.S. Supreme Court, and the provisions of ¶ 37 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

39.    In addition to the grounds set forth in ¶¶ 37-38 above:

(a)    Lead Plaintiffs shall have the unilateral right to terminate the Settlement in the event that a failure to timely pay the Settlement Amount into the Escrow Account in accordance with ¶ 7 above is not cured within five (5) business days after Lead Plaintiffs provide written notice in accordance with ¶ 60 below.

(b)    If prior to the Settlement Hearing, the aggregate number of shares of Pluralsight common stock purchased or acquired during the Class Period by persons who would otherwise be Class Members but who subsequently request exclusion from the Class exceeds the sum specified in a separate supplemental agreement between Lead Plaintiffs and Defendants by and through their counsel (the "Supplemental Agreement"), Pluralsight shall have the unilateral right to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement. The Parties agree to maintain the confidentiality of the Supplemental Agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as applicable, in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute

EXECUTION COPY

arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

40.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Released Lead Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiffs' Parties that any of their claims are without merit,

35

EXECUTION COPY

that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate (i) the protections from liability granted hereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

41.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them

36

EXECUTION COPY

insolvent, within the meaning of and/or for the purposes of the U.S. Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

43.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion of the Settlement Fund is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 37 above and any cash amounts in the Escrow Account (less any Taxes paid, due, or owing with respect to the Settlement Fund, and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 38 above.

44.     The Parties intend this Stipulation and the Settlement to be a full, final, and complete resolution of all disputes asserted or that could be asserted by Lead Plaintiffs or any other Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action. In addition, no Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution,

37

EXECUTION COPY

prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediator, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

45.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. Nothing in this Stipulation shall limit the Parties' ability to comply with their obligations to make disclosures as required by law.

46.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Lead Plaintiffs and Defendants (or their successors-in-interest).

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed. The Parties agree to seek an order barring, enjoining and estopping

EXECUTION COPY

all Class Members from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

49.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

50.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

54.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by

39

EXECUTION COPY

the internal laws of the State of Utah without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

56.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.    The Parties and their counsel shall return or destroy all discovery material produced in connection with the Action as set forth in the Protective Order entered in this Action.

60.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

EXECUTION COPY

| If to Lead Plaintiffs or Lead Counsel: | Cohen Milstein Sellers & Toll PLLC<br>Attn: Carol V. Gilden<br>190 S. LaSalle St., Suite 1705<br>Chicago, IL 60603<br>Tel.: (312) 357-0370<br>Fax: (312) 357-0369<br>cgilden@cohenmilstein.com |
|---|---|
| If to Defendants or Defendants' Counsel: | Wilson Sonsini Goodrich & Rosati, P.C.<br>Attn: Gregory L. Watts<br>15 West South Temple<br>Gateway Tower West, Suite 1700<br>Salt Lake City, UT 84101<br>Tel.: (801) 401-8510<br>gwatts@wsgr.com |

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement. Notwithstanding the foregoing, nothing in this Stipulation shall limit the Parties' ability to comply with disclosure obligations arising under applicable law.

63.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

EXECUTION COPY

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by

their duly authorized attorneys, as of May 1, 2024.


By: _____

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (admitted *pro hac vice*)
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 401-8510
gwatts@wsgr.com

Ignacio E. Salceda (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
isalecda@wsgr.com

*Counsel for Pluralsight, Inc., Aaron Skonnard and James Budge*


By: _____

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden (admitted *pro hac vice*)
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Steven J. Toll (admitted *pro hac vice*)
Jan E. Messerschmidt (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W., Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

**CLYDE SNOW & SESSIONS, P.C.**
Keith M. Woodwell
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Counsel for Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago and the Class*

42

# EXHIBIT A

EXECUTION COPY

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO (the "Action");

WHEREAS, by Order dated December 27, 2023 (ECF No. 252), this Court certified the Action to proceed as a class action on behalf of the following class ("Class"): all persons who purchased the Class A common stock of Pluralsight during the Class Period and were damaged thereby. Excluded from the Class are (i) all defendants; (ii) members of the immediate families of the defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest;

EXECUTION COPY

and (viii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice (defined below) that is accepted by the Court;

WHEREAS, the Court's December 27, 2023 Order also appointed Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago ("Lead Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel and Clyde, Snow & Sessions, P.C. as Liaison Class Counsel in the Action;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Court-certified Class; and (b) Defendants Pluralsight, Inc. ("Pluralsight" or the "Company"), Aaron Skonnard, and James Budge (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

2

EXECUTION COPY

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.

3.      **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2024, at __.m., either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice

3

EXECUTION COPY

of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 5 and 6 of this Order.

4.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any Class Member (or his, her, their, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

5.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is authorized to retain Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedures in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)      within five (5) business days after the Court's entry of this Order, and at no cost to the Settlement Fund, Lead Plaintiffs, the Class, Lead Plaintiffs' Counsel, or the Claims Administrator, Pluralsight shall provide to Lead Counsel lists of shareholders of record, to the extent such lists are reasonably available, or cause its securities transfer agent to provide a transfer-agent report containing the names, addresses, and, if available, email addresses of record shareholders, who purchased or acquired Pluralsight Class A common stock during the Class Period.

4

EXECUTION COPY

(b)      beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to all potential Class Members who may be identified through reasonable effort, including those identified by Pluralsight;

(c)      by no later than the Notice Date, the Claims Administrator shall post copies of the Notice and the Claim Form on the website established for the Action, www.pluralsightsecuritieslitigation.com (the "Case Website");

(d)      by no later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit 3, to be published once in the *Wall Street Journal* and transmitted once over *PR Newswire*; and

(e)      by no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Pluralsight common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of Notice, request from the Claims Administrator a copy of the direct link to the Notice Packet on the Settlement website and within seven (7) calendar days of receipt of the direct link email it to all such beneficial owners; or (c)

5

EXECUTION COPY

within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraphs 5 and 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of

6

EXECUTION COPY

their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8.      **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. Pluralsight is solely responsible for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

9.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Case Website, no later than one-hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting

7

EXECUTION COPY

a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants'

8

EXECUTION COPY

Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12. **Exclusion from the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Pluralsight Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must state that the Class Member "requests exclusion from the Class in *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-CV-00128-DBB-DAO" and must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization if the request for exclusion is signed by an authorized representative; and (iii) state the number of shares of Pluralsight Class A common stock that person or entity (a) held as of the opening of trading on January 16, 2019, and (b) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019, until July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis within two (2) business days of receipt and no later than nineteen (19) calendar days prior to the Settlement Hearing.

EXECUTION COPY

13.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

15.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

16.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the

10

EXECUTION COPY

proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  |  |
|---|---|
| Lead Counsel: | Cohen Milstein Sellers & Toll PLLC<br>Attn: Carol V. Gilden<br>190 S. LaSalle St., Suite 1705<br>Chicago, IL 60603 |
| Defendants' Counsel: | Wilson Sonsini Goodrich & Rosati, P.C.<br>Attn: Gregory L. Watts<br>15 West South Temple<br>Gateway Tower West, Suite 1700<br>Salt Lake City, UT 84101 |

17.     Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO; (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Pluralsight Class A common stock that the objecting Class Member (1) held as of the opening of trading on January 16, 2019, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019 through July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation

11

EXECUTION COPY

establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Pluralsight common stock.

18.     Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in paragraph 16 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

19.     Any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation

12

EXECUTION COPY

Expenses in this or any other proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars, enjoins, and estops Lead Plaintiffs and all other Class Members from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Released Defendants' Parties.

21.     **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

13

EXECUTION COPY

24.  **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** –

The Released Defendants' Parties shall have no responsibility or liability for (i) the Plan of

Allocation; (ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement

Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel

or Lead Plaintiffs. The Court will consider the Plan of Allocation and any applications for

attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy

of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for

attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or

modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the

finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases.

At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation

proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be

approved.

25.  **Termination of Settlement** – If the Settlement is terminated as provided in the

Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails

to occur, this Order shall be vacated and rendered null and void, and shall be of no further force

and effect, except as otherwise provided by the Stipulation, and this Order shall be without

prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead

Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately

prior to the execution of the Term Sheet on March 12, 2024, as provided in the Stipulation.

26.  **Use of This Order** – Neither this Order, the Term Sheet, the Stipulation (whether

or not consummated), including the exhibits thereto and the Plan of Allocation contained therein

(or any other plan of allocation that may be approved by the Court), the negotiations leading to the

14

EXECUTION COPY

execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Lead Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

15

EXECUTION COPY

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or ay other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ____ day of _____, 2024.

_____
The Honorable David Barlow
United States District Judge

16

# Exhibit 1

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the U.S. District Court for the District of Utah (the "Court"), if, during the period from January 16, 2019 to July 31, 2019, inclusive (the "Class Period"), you purchased or otherwise acquired the Class A common stock of Pluralsight, Inc. ("Pluralsight" or the "Company") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Indiana Public Retirement System ("INPRS") and the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF"), on behalf of themselves and the other members of the Class (as defined in ¶ 1 below), have reached a proposed settlement of the Action for $20,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation"), which is available at www.pluralsightsecuritieslitigation.com.

1

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Pluralsight, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 59 below).**

1.      **Description of the Action and the Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Pluralsight, Pluralsight's co-founder and former Chief Executive Officer Aaron Skonnard, and Pluralsight's former Chief Financial Officer James Budge (the "Individual Defendants," and, with Pluralsight, "Defendants") violated the federal securities laws by making a false and misleading statement about Pluralsight's sales force productivity and future billings growth. A more detailed description of the Action is set forth in ¶¶ 11-16 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 17 below.

2.      **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $20,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Pluralsight Class A common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.36 per affected share. Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Pluralsight shares, the total number and value of valid Claim Forms submitted, the amount of Notice and Administration Costs, and the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein

Sellers & Toll PLLC, has been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in March 2020, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel,[2] will apply to the Court for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.08 per affected share of Class A common stock. Class Members should note that this amount is only an estimate.

6.    **Identification of Attorney Representatives**: Lead Plaintiffs and the Class are represented by Carol V. Gilden, 190 S. LaSalle St., Suite 1705, Chicago, IL 60603, (312) 357-0370.

7.    **Reasons for the Settlement**: Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN_____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |

---

[2] Plaintiffs' Counsel includes Lead Counsel and Clyde, Snow & Sessions P.C., the Court-appointed Liaison Counsel.

3

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2024.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. Submitting this objection will not exclude you from the Class. |
| **GO TO A HEARING ON _____, 2024 AT \_\_:\_\_ \_\_.M., AND FILE A *NOTICE* OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO *NOTHING*.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? .......................................................... Page [\_\_]
What Is This Case About? .............................................................. Page [\_\_]
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class? ................................................ Page [\_\_]
What Are Lead Plaintiffs' Reasons For The Settlement? ............. Page [\_\_]
What Might Happen If There Were No Settlement? ..................... Page [\_\_]
How Are Class Members Affected By The Action
    And The Settlement? ................................................................ Page [\_\_]
How Do I Participate In The Settlement? What Do I Need To Do? ... Page [\_\_]
How Much Will My Payment Be? ................................................. Page [\_\_]
What Payment Are The Attorneys For The Class Seeking?

4

How Will The Lawyers Be Paid?                                  Page [___]
What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself?                                   Page [___]
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing? May I Speak At
    The Hearing If I Don't Like The Settlement?               Page [___]
What If I Do Nothing?                                          Page [___]
What If I Bought Shares On Someone Else's Behalf?             Page [___]
Can I See The Court File? Whom Should I Contact If I Have
        Questions?                                            Page [___]

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Pluralsight Class A common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 49-50 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     Pluralsight is a software company that sells a cloud-based technology platform offering skills courses, skill and role assessments, learning paths, and business analytic tools. Lead Plaintiffs allege in the Action that Defendants made a materially false and misleading statement to investors about Pluralsight's sales force headcount, which caused the prices of Pluralsight Class A

common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' prior misrepresentation.

12.     Specifically, Lead Plaintiffs allege violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, claiming that Defendants defrauded investors in Pluralsight Class A common stock through their misrepresentation about the Company's sales force headcount. Billings, as explained by the Company, represented not merely revenue recognized ratably for the period subscription services were provided, but also new subscriptions and subscription renewals in future quarterly periods. Lead Plaintiffs allege that investors relied heavily on the billings figure to evaluate the Company's deal volume and the amount Pluralsight would recognize as revenue over the next several fiscal quarters. Lead Plaintiffs allege that Pluralsight indicated that key factors in generating billings were the size, capacity, retention, and productivity of its sales force. Consequently, Lead Plaintiffs allege that market analysts closely scrutinized Pluralsight's sales force headcount because so much of the Company's positive spin on its financial performance depended on the sales force. Lead Plaintiffs allege that to ease investors' and analysts' concerns, Pluralsight made a detailed, positive statement about the number of sales representatives, which was materially false and misleading.

13.     In particular, Lead Plaintiffs allege that Defendants made a false and misleading statement concerning Pluralsight's sales force headcount on January 16, 2019 when Budge stated at an investor conference that the Company had "about 250" sales representatives at that time when the actual number was about 200. Lead Plaintiffs further allege that investors learned the truth about Defendants' misrepresentation through the Company's second quarter 2019 earnings call held on July 31, 2019, in which Budge disclosed that the Company was "months behind" on its capacity and that there "was not enough capacity in the system to sustain [the Company's] high-growth expectations," which led to a collapse in billings growth in just three months. Lead Plaintiffs allege that Defendants had knowledge of these issues long before the July 31, 2019 earnings call, yet Defendants failed to correct the materially false and misleading statement at any point during the Class Period.

14.     Lead Plaintiffs also assert claims under Section 20A of the Exchange Act for insider trading against Defendants Skonnard and Budge, alleging that Defendants Skonnard and Budge sold Pluralsight stock while in possession of material non-public information concerning the Company's sales force headcount, and that Lead Plaintiffs and members of the Class purchased Pluralsight stock contemporaneously with those sales.

15.     On May 1, 2024, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.pluralsightsecuritieslitigation.com.

16.     On _____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?**

17.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

all persons who purchased the Class A common stock of Pluralsight during the Class Period (i.e., from January 16, 2019 through July 31, 2019, inclusive) and were damaged thereby.

Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) any of the selling stockholders listed in the Offering Documents[3]; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court. See "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" on page 13 below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2024.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

18.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statement about Pluralsight's sales force productivity and future billings growth was false or misleading and that the Individual Defendants knew that the statement was false or were reckless in making it. Defendants have contended—and would have contended at summary judgment or trial—that their statement was neither false nor misleading and was supported by contemporaneous facts.

---

[3] "Offering Documents" means (1) the final prospectus filed with the SEC pursuant to Rule 424(b)(4) on March 7, 2019, and (2) the secondary public offering registration statement filed with the SEC on Form S-1 on March 4, 2019, which the SEC declared effective on March 6, 2019.

19.    Lead Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentation about sales force productivity and future billings growth and the losses investors allegedly suffered, as required by law.

20.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $20,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

21.    Defendants deny Lead Plaintiffs' allegations in full and deny any wrongdoing or liability for the claims alleged. Among other things, Defendants deny that they knowingly or recklessly made any false or misleading statements or that the prices of Pluralsight common stock were artificially inflated during the Class Period. Defendants further deny Defendants Skonnard or Budge sold Pluralsight stock while in possession of material non-public information. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

24.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

25.      If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26.      If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims (as defined in ¶ 27 below) against Defendants and the other Released Defendants' Parties (as defined in ¶ 28 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties.

27.      "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 below), whether foreseen or unforeseen, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule, regulation, at law or in equity, that were asserted in the Action or could have been asserted by Lead Plaintiffs or any of the Released Lead Plaintiffs' Parties in the Action or any other court or forum, that arise out of, are based upon, or relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Pluralsight common stock during the Class Period. This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. This release shall not include claims to enforce the Settlement.

28.      "Released Defendants' Parties" means (i) each defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settler or which is for the benefit of any defendant and/or member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a defendant has a controlling interest.

9

29.    "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) to object or not object the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

30.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 31 below) against Lead Plaintiffs and the other Released Lead Plaintiffs' Parties (as defined in ¶ 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Released Lead Plaintiffs' Parties.

31.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 above), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or

10

regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to enforcement of the settlement or any claims against any person who submits a request for exclusion from the Class that is accepted by the Court.

32.     "Released Lead Plaintiffs' Parties" means (i) Lead Plaintiffs, all Class members, Lead Plaintiffs' Counsel, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

33.     To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed) or submitted online at www.pluralsightsecuritieslitigation.com no later than _____, 2024 to the Claims Administrator**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.pluralsightsecuritieslitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004 or by emailing the Claims Administrator at info@strategicclaims.net. Please retain all records of your ownership of and transactions in Pluralsight common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Pluralsight common stock.

34.     If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

35.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

36.     Pursuant to the Settlement, Pluralsight has agreed to pay or cause to be paid a total of $20,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of

Allocation or such other plan of allocation as the Court may approve.

37.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

38.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.     Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against the Released Defendants' Parties (as defined in ¶ 28 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties whether or not such Class Member submits a Claim Form.

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

43.     Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

44.     Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Lead Counsel been paid for their Litigation Expenses.

12

Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

45.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *Pluralsight Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The Request for Exclusion must be ***received* no later than _____, 2024**. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must state that you "request exclusion from the Class in *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-CV-00128-DBB-DAO" and must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization if the request for exclusion is signed by an authorized representative; and (iii) state the number of shares of Pluralsight Class A common stock you (a) held as of the opening of trading on January 16, 2019, and (b) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019, until July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

46.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties. Excluding yourself from the Class is the only option that may allow you to be part of any future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

47.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

13

48.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

49.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. You should check the Court's docket or the Settlement website, www.pluralsightsecuritieslitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

50.    The Settlement Hearing will be held on _____, 2024 at : _.m., either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Class.

51.    Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the District of Utah at the address set forth below **on or before _____, 2024**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2024**.

Clerk's Office:    U.S. District Court
District of Utah
Orrin G. Hatch U.S. Courthouse
351 South West Temple

14

|  | Salt Lake City, UT 84101 |
| --- | --- |
| Lead Counsel: | Cohen Milstein Sellers & Toll PLLC<br>Attn: Carol V. Gilden<br>190 S. LaSalle St., Suite 1705<br>Chicago, IL 60603 |
| Defendants' Counsel: | Wilson Sonsini Goodrich & Rosati, P.C.<br>Attn: Gregory L. Watts<br>15 West South Temple<br>Gateway Tower West, Suite 1700<br>Salt Lake City, UT 84101 |

52.     Any objection must (a) identify the case name and case number, *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO; (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Pluralsight Class A common stock that the objecting Class Member (1) held as of the opening of trading on January 16, 2019, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019 through July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

53.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 53 above so that it is *received* **on or before _____, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55.     You are not required to hire an attorney to represent you in making written objections or

in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 53 above so that the notice is *received* **on or before** _____, **2024.**

56.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

57.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

58.    If you do nothing, all of your claims against Defendants and the other Released Defendants' Parties will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF?

59. If you purchased or otherwise acquired Pluralsight Class A common stock during the period from January 16, 2019, to July 31, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (ii) within seven (7) calendar days of receipt of notice, request from the Claims Administrator a copy of the direct link to the Notice Packet on the Settlement website and within seven (7) calendar days of receipt of the direct link email it to all such beneficial owners; or (iii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and email addresses (if available) of all such beneficial owners to *Pluralsight Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the

16

expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.pluralsightsecuritieslitigation.com, by calling the Claims Administrator toll-free at (866) 274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

60. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the District of Utah, Orrin B. Hatch U.S. Courthouse, 351 South West Temple, Salt Lake City, UT 84101. Additionally, copies of the Stipulation, the operative Complaint, and any related orders entered by the Court will be posted on the Settlement website, www.pluralsightsecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.pluralsightsecuritieslitigation.com


and/or


**Cohen Milstein Sellers & Toll PLLC**
Attn: Carol V. Gilden
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
cgilden@cohenmilstein.com

Lead Counsel

17

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
District of Utah

18

**Appendix A: Proposed Plan of Allocation of the Net Settlement Fund**

1.      The Net Settlement Fund shall be distributed based on the acceptable Proof of Claim Forms submitted by Class Members. The Net Settlement Fund will be distributed to "Authorized Claimants," who are those Class Members who timely submit acceptable Proof of Claim Forms which are accepted for recovery under the Plan of Allocation described herein, or as otherwise ordered by the Court.

2.      The objective of the Plan of Allocation (the "Plan") is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.      The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

4.      After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be selected by Lead Counsel.

5.      In this case, Lead Plaintiffs allege that Defendants made false and misleading statements and omitted material information that inflated the price of Pluralsight Class A common stock during the Class Period (*i.e.*, January 16, 2019 through July 31, 2019). It is alleged that there was corrective information released to the market after regular trading hours for the U.S. financial markets on July 31, 2019, that impacted the market price of Pluralsight Class A common stock in a statistically significant manner and removed the alleged artificial inflation from the stock price on August 1, 2019. Accordingly, in order to have a compensable loss, shares of Pluralsight Class

19

A common stock must have been purchased or acquired during the Class Period and held through at least July 31, 2019.

### I. CALCULATION OF RECOGNIZED LOSSES

6.    For purposes of this Settlement, a "Recognized Loss" shall be calculated as follows:

1)    A Recognized Loss will be calculated for each purchase or acquisition of publicly traded Pluralsight Class A common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

2)    For each share of publicly traded Pluralsight Class A common stock purchased or otherwise acquired during the Class Period (that is, the period from January 16, 2019 through and including the close of trading on July 31, 2019), and:

   (i)    sold before August 1, 2019, the Recognized Loss will be $0.00.[4]

   (ii)    sold from August 1, 2019 through the close of trading on October 29, 2019, the Recognized Loss will be **the least of**: (a) $11.82; (b) the purchase/acquisition price per share *minus* the average closing price between August 1, 2019 and the date of sale as stated in Table A below; or (c) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

   (iii)    held as of the close of trading on October 29, 2019, the Recognized Loss will be **the lesser of**: (a) $11.82; or (b) the purchase/acquisition price *minus* $16.65, the average closing price between August 1, 2019 and October 29, 2019, as stated in Table A below.[5]

---

[4] Any transactions in Pluralsight Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Losses are reduced to an appropriate extent by taking into account the closing prices of Pluralsight common stock during the "90-day look-back period," August 1, 2019 through and including October 29, 2019. The mean (average) closing price for Pluralsight common stock during this 90-day look-back period was $16.65.

## II.    ADDITIONAL PROVISIONS

7.    Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Losses. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

8.    Purchases or acquisitions and sales of Pluralsight Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Pluralsight Class A common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Pluralsight Class A common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Pluralsight common stock unless (i) the donor or decedent purchased or otherwise acquired such Pluralsight common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Pluralsight Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.    In the event that a Class Member has multiple transactions of Pluralsight Class A common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a first-in, first-out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.    The Recognized Loss on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in Pluralsight Class A common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

11.    Publicly traded Pluralsight Class A common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Pluralsight Class A common stock are not securities eligible to participate in the Settlement. With respect to Pluralsight Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    Recognized Claims will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

21

13.     If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment (*i.e.*, each Authorized Claimant will also receive the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

15.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Lead Counsel, Lead Plaintiffs, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, Class Members, Defendants, their respective counsel, or the Releasees. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the releases of claims against the Releasees provided for therein and in the Judgment.

16.     The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.pluralsightsecuritieslitigation.com.

**TABLE A**

**Pluralsight Class A Common Stock Closing Price and Average Closing Price**
**August 1, 2019 – October 29, 2019**

| Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown | | Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown |
|---|---|---|---|---|---|---|
| 8/1/2019 | $18.56 | $18.56 | | 9/17/2019 | $18.10 | $16.36 |
| 8/2/2019 | $18.62 | $18.59 | | 9/18/2019 | $18.41 | $16.42 |
| 8/5/2019 | $17.64 | $18.27 | | 9/19/2019 | $18.05 | $16.47 |
| 8/6/2019 | $16.95 | $17.94 | | 9/20/2019 | $18.23 | $16.51 |

22

| Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown |
|---|---|---|---|---|---|
| 8/7/2019 | $16.13 | $17.58 | 9/23/2019 | $17.59 | $16.54 |
| 8/8/2019 | $16.97 | $17.48 | 9/24/2019 | $17.25 | $16.56 |
| 8/9/2019 | $16.63 | $17.36 | 9/25/2019 | $17.08 | $16.58 |
| 8/12/2019 | $15.89 | $17.17 | 9/26/2019 | $16.66 | $16.58 |
| 8/13/2019 | $16.56 | $17.11 | 9/27/2019 | $16.28 | $16.57 |
| 8/14/2019 | $16.32 | $17.03 | 9/30/2019 | $16.80 | $16.58 |
| 8/15/2019 | $15.63 | $16.90 | 10/1/2019 | $16.69 | $16.58 |
| 8/16/2019 | $15.69 | $16.80 | 10/2/2019 | $16.27 | $16.57 |
| 8/19/2019 | $15.75 | $16.72 | 10/3/2019 | $16.42 | $16.57 |
| 8/20/2019 | $15.72 | $16.65 | 10/4/2019 | $16.09 | $16.56 |
| 8/21/2019 | $16.03 | $16.61 | 10/7/2019 | $16.02 | $16.55 |
| 8/22/2019 | $16.00 | $16.57 | 10/8/2019 | $15.55 | $16.53 |
| 8/23/2019 | $15.55 | $16.51 | 10/9/2019 | $15.79 | $16.51 |
| 8/26/2019 | $15.41 | $16.45 | 10/10/2019 | $15.62 | $16.49 |
| 8/27/2019 | $15.25 | $16.38 | 10/11/2019 | $16.39 | $16.49 |
| 8/28/2019 | $15.23 | $16.33 | 10/14/2019 | $16.55 | $16.49 |
| 8/29/2019 | $16.46 | $16.33 | 10/15/2019 | $16.52 | $16.49 |
| 8/30/2019 | $16.10 | $16.32 | 10/16/2019 | $17.02 | $16.50 |
| 9/3/2019 | $15.87 | $16.30 | 10/17/2019 | $17.22 | $16.51 |
| 9/4/2019 | $15.25 | $16.26 | 10/18/2019 | $16.79 | $16.52 |
| 9/5/2019 | $15.40 | $16.22 | 10/21/2019 | $17.09 | $16.53 |
| 9/6/2019 | $15.90 | $16.21 | 10/22/2019 | $16.97 | $16.54 |
| 9/9/2019 | $15.64 | $16.19 | 10/23/2019 | $17.39 | $16.55 |
| 9/10/2019 | $16.05 | $16.19 | 10/24/2019 | $17.66 | $16.57 |
| 9/11/2019 | $16.90 | $16.21 | 10/25/2019 | $18.32 | $16.60 |
| 9/12/2019 | $17.26 | $16.25 | 10/28/2019 | $18.57 | $16.63 |
| 9/13/2019 | $16.85 | $16.26 | 10/29/2019 | $17.81 | $16.65 |
| 9/16/2019 | $17.52 | $16.30 | | | |

23

# Exhibit 2

**Exhibit A-2**

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN _____, 2024**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
*Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.,*
No. 1:19-cv-00128-DBB-DAO

</td><td></td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.,* Case No. 1:19-cv-00128-DBB-DAO (the "Action"),[1] you must complete and, on page 7 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.PLURALSIGHTSECURITIESLITIGATION.COM NO LATER THAN 11:59 P.M. ET ON _____, 2024 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____, 2024, ADDRESSED AS FOLLOWS:

Pluralsight Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE PLURALSIGHT, INC. ("PLURALSIGHT") CLASS A COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated May 1, 2024 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.pluralsightsecuritieslitigation.com.

made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Pluralsight Class A common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Pluralsight Class A common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

**IDENTIFICATION OF TRANSACTION(S)**

12. Use Part II of this form entitled "Schedule of Holdings and Transactions in Pluralsight Class A Common Stock" to supply all required details of your transaction(s) in Pluralsight Class A common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Pluralsight Class A common stock which took place during the period from January 16, 2019 through July 31, 2019, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from August 1, 2019 through October 29, 2019), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in Pluralsight Class A common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

**OTHER**

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you can visit the website, www.pluralsightsecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

19. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.   If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.pluralsightsecuritieslitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing.  You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your

claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

.

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

# PROOF OF CLAIM AND RELEASE FORM

<table>
<tr>
<td>

**MUST BE POSTMARKED NO LATER THAN _____, 2024**

</td>
<td>

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
*Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.,*
No. 1:19-cv-00128-DBB-DAO

</td>
<td>

</td>
</tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

| | |
|---|---|
| Claimant's Name (as you would like it to appear on your check if eligible for payment): | |
| Joint Claimant's Name: | |
| Entity Name (if claimant is not an individual): | |
| Representative's Name (if different from the Claimant's Name(s) listed above): | |
| Address Line 1 (Number and Street or P.O. Box): | |
| Address Line 2 (if needed): | |

| City: | State or Province: | Zip Code: |
|---|---|---|
| Foreign Country (only if not USA): | Foreign County (only if not USA): | |
| Telephone Number (home): | Telephone Number (work): | |
| Email Address: | | |

| Last four digits of Social Security Number (for individuals): | **OR** | Last four digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

4

**PART II: SCHEDULE OF TRANSACTIONS IN PLURALSIGHT CLASS A COMMON STOCK**

A.  **Holdings at Start of Class Period: List all shares of Pluralsight Class A common stock held as of the opening of trading on January 16, 2019.**

**Quantity of Shares Held**

|  |
|--|
|  |

B.  **Purchases: List all purchases of Pluralsight Class A common stock between January 16, 2019 and October 29, 2019, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.  **Sales: List all sales of Pluralsight Class A common stock between January 16, 2019 and October 29, 2019, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.  **Unsold Holdings: List the number of shares of Pluralsight Class A common stock held as of the close of trading on October 29, 2019. Be sure to attach documentation verifying your holdings such as a current account statement.**

**Quantity of Shares Held**

|  |
|--|
|  |

**If you require additional space to list your transactions, use photocopies of this page and check this box. ☐**

5

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the District of Utah with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (we) have not submitted any other claim covering the same purchases or sales of Pluralsight Class A common stock and know of no other person having done so on my (our) behalf.

**PART IV: RELEASE**

1. I (we) hereby acknowledge, on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, that I (we) shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties.

2. "Released Defendants' Parties" means (i) each defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settler or which is for the benefit of any defendant and/or member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a defendant has a controlling interest.

3. "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or Unknown Claims, whether foreseen or unforeseen, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule, regulation, at law or in equity, that were asserted in the Action or could have been asserted by Lead Plaintiffs or any of the Released Lead Plaintiffs' Parties in the Action or any other court or forum, that arise out of, are based upon, or relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Pluralsight common stock during the Class Period. This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. This release shall not include claims to enforce the Settlement.

4. "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) whether to

6

object to, or request to be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

5. This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Pluralsight Class A common stock during the required periods as set forth above.

8. I (we) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of Pluralsight Class A common stock and know of no other person having done so on my (our) behalf.

9. I (we) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice and that I (we) have not requested to be excluded from the Class pursuant to the procedures set forth in the Notice.

10. The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

12. The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

13. I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

14. I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

Note:  if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

8

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____ , in _____ , _____

(Month/Year)                          (City)                          (State/Country)

|  |  |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

|  |  |
|---|---|
| Signature of Person Completing Form | Date |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator) |

## REMINDER CHECKLIST

☐ 1.  Please be sure to sign this Claim Form.
☐ 2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.
☐ 3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
☐ 4.  Keep a copy of your Claim Form for your records.
☐ 5.  If you move, please send your new address to the Claims Administrator at the address below:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

☐ 6.  **Do not use highlighter on the Claim Form or supporting documentation.**

9

# Exhibit 3

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC., *et al.*, <br><br> Defendants. | **SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** <br><br> Case No. 1:19-cv-00128 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons who purchased or acquired Pluralsight, Inc. ("Pluralsight") Class A common stock from January 16, 2019 to July 31, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Utah (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $20,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2024 at __:__ _.m., before the Honorable David Barlow either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 1, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of

---

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.pluralsightsecuritieslitigation.com.

1

Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement**. If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Pluralsight Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.pluralsightsecuritieslitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* **(or submitted online) no later than** _____**, 2024**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* **no later than** _____**, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____**, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.pluralsightsecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
190 S. LaSalle St., Suite 1705

Chicago, IL 60603
Tel.: (312) 357-0370
Email: cgilden@cohenmilstein.com

By Order of the Court

3

# EXHIBIT B

EXECUTION COPY

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| Plaintiffs, | |
| v. | Case No. 1:19-cv-00128 |
| PLURALSIGHT, INC., *et al.*, | District Judge David Barlow |
| Defendants. | Magistrate Judge Daphne A. Oberg |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO (the "Action");

WHEREAS, by Order dated December 27, 2023 (ECF No. 252), this Court certified the Action to proceed as a class action on behalf of the following class ("Class"): all persons who purchased the Class A common stock of Pluralsight during the Class Period and were damaged thereby. Excluded from the Class are (i) all defendants; (ii) members of the immediate families of the defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party. Also

EXECUTION COPY

excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice (defined below) that has been accepted by the Court;

WHEREAS, the Court's December 27, 2023 Order also appointed Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago ("Lead Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel and Clyde, Snow & Sessions, P.C. as Liaison Class Counsel in the Action;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Court-certified Class; and (b) Defendants Pluralsight, Inc. ("Pluralsight" or the "Company"), Aaron Skonnard, and James Budge (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

2

EXECUTION COPY

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on _____, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 1, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 1, 2024.

3.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or

3

EXECUTION COPY

Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

4.    **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with

4

EXECUTION COPY

prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.    **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors,

5

EXECUTION COPY

successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties; and

(b)    without further action by anyone, and subject to paragraph 9 below, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiffs and the other Released Lead Plaintiffs' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against the Released Lead Plaintiffs' Parties.

9.    Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.    **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.    **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein

6

(or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Released Lead Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

7

EXECUTION COPY

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Settlement.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.    Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the

8

EXECUTION COPY

Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

15.    **Termination of the Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 12, 2024, as provided in the Stipulation.

16.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable David Barlow
United States District Judge

9