THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>    Defendants. | **ORDER GRANTING [271] LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND AUTHORIZATION TO PROVIDE NOTICE OF SETTLEMENT**<br><br>Civil No. 1:19-cv-00128<br><br>Judge David Barlow |

This case comes before the court on "Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Authorization to Provide Notice of Settlement."[1] For the reasons stated, the court grants the Motion.

**BACKGROUND**

Defendant Pluralsight is a software company that sells a cloud-based technology platform offering skills courses, skill and role assessments, learning paths, and business analytic tools.[2]

Lead Plaintiffs represent a class of investors "who purchased . . . Class A common stock of Pluralsight from January 16, 2019, to July 31, 2019."[3] Lead Plaintiffs allege Pluralsight and two individual defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of

---

[1] Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Authorization to Provide Notice of Settlement ("Motion"), ECF No. 271, filed May 1, 2024.
[2] Second Am. Compl. ("SAC") ¶ 2, ECF No. 173, filed Nov. 4, 2022.
[3] Memorandum Decision and Order Granting [177] Lead Plaintiffs' Mot. for Class Certification and Appointment of Class Representatives and Class Counsel ("Order Granting Class Certification") 26, ECF No. 252, filed Dec. 27, 2023.

1934 and Securities and Exchange Commission Rule 10b-5 in connection with Pluralsight's secondary public offering.[4]

The court previously granted Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel.[5] The parties subsequently filed a Notice of Settlement.[6] Before the court now is the Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Authorization to Provide Notice of Settlement.

The parties participated in two full-day mediation sessions to reach the proposed settlement agreement.[7] In relevant part, the proposed settlement agreement provides that Pluralsight will pay $20,000,000 in cash to a class of authorized claimants.[8] The net settlement fund will then be awarded to claimants in accordance with the parties' proposed plan of allocation.[9] In turn, the class members will release their claims against Defendants as provided for in the proposed settlement agreement.[10]

## STANDARD

Approval of a class action settlement takes place in two stages. During the first stage, the court "preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the

---

[4] SAC ¶ 1.

[5] *See* Order Granting Class Certification. Defendants later filed a motion seeking clarification of the court's order. *See* Motion to Clarify Memorandum Decision and Order Granting Lead Plaintiffs' Mot. for Class Certification and Appointment of Class Representatives and Class Counsel, ECF No. 255, filed Jan. 24, 2024. The court administratively denied the Motion to Clarify given the parties ongoing settlement discussions. Order Denying Motion to Clarify Memorandum Decision and Order Granting Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, ECF No. 269, filed Apr. 2, 2024.

[6] Notice of Settlement, ECF No. 267, filed Mar. 13, 2024.

[7] Motion, at 1.

[8] Stipulation of Settlement ("Settlement") 8, ECF No. 271-1, filed May 1, 2024.

[9] *Id.* at 14.

[10] *Id.* at 8.

fairness of the settlement or opt out of the settlement."[11] During the second stage, the court

"holds a fairness hearing at which it will address (1) any timely objections to the treatment of

this litigation as a class action, and (2) any objections to the fairness, reasonableness, or

adequacy of the settlement terms."[12]

"Preliminary approval of a class action settlement, in contrast to final approval, is at most

a determination that there is . . . 'probable cause' to submit the proposal to class members and

hold a full-scale hearing as to its fairness."[13] A proposed class action settlement agreement

should be "preliminarily approved where it 'appears to be the product of serious, informed, non-

collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential

treatment to class representatives.'"[14]

"Although the standards for preliminary approval of a class action settlement are not as

stringent as they are in the second stage, the standards used in the second stage inform the

Court's preliminary inquiry. Therefore, it is appropriate to review those standards."[15]

Under Federal Rule of Civil Procedure 23(e)(2), a class action settlement must be "fair,

reasonable, and adequate."[16] Factors to consider when making this determination include

whether (1) "the class representatives and class counsel have adequately represented the class,"

---

[11] *In re Molycorp, Inc. Sec. Litig.*, No. 12-cv-00292, 2017 WL 4333997 (D. Colo. Feb. 15, 2017).
[12] *Brown v. JBS USA Food Co.*, No. 22-cv-02946, 2024 WL 809895, at *2 (D. Colo. Feb. 27, 2024); *see also* Fed. R. Civ. P. 23(e)(2).
[13] *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2013 WL 4547404, at *3 (D. Colo. Aug. 28, 2013) (quoting *Davis v. J.P. Morgan Chase & Co.,* 775 F.Supp.2d 601, 607 (W.D.N.Y. 2011)).
[14] *Brown,* 2024 WL 809895, at *2 (quoting *In re Motor Fuel Temperature Sales Prac. Litig.*, 286 F.R.D. 488 (D. Kan. 2012)).
[15] *Id.* (internal citations omitted).
[16] Fed. R. Civ. P. 23(e)(2).

(2) "the proposal was negotiated at arms' length, (3) "the relief provided for the class is adequate," and (4) "the proposal treats class members equitable relative to each other."[17]

Additionally, the Tenth Circuit considers "four factors . . . in assessing whether a proposed settlement is fair, reasonable, and adequate."[18] Those factors are (1) "whether the proposed settlement was fairly and honestly negotiated;" (2) "whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;" (3) "whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and" (4) "the judgment of the parties that the settlement is fair and reasonable."[19]

"If the settlement is preliminarily approved, the Court enters a preliminary approval order directing the preparation of notice to class members and setting forth a schedule for objections."[20]

## DISCUSSION

The court has already certified the settlement class,[21] so all that remains at the present stage is for the court to determine whether to preliminarily approve the settlement agreement and

---

[17] *Id.* 23(e)(2)(A)–(D).

[18] *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180 (10th Cir. 2002).

[19] *Rutter & Wilbanks Corp.,* 314 F.3d at 1188. The applicability of the Tenth Circuit's factors is unclear given that the Tenth Circuit's factors predate the Rule 23 amendment that added the factors in (e)(2). The court addresses both the Rule 23(e)(2) factors and the Tenth Circuit's factors given that the notes to the amendment acknowledge "The central concern in reviewing a proposed class-action settlement is that it be fair, reasonable, and adequate . . . The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments. District courts in this circuit routinely apply both the Rule 23(e)(2) factors and the Tenth Circuit's factors. *See, e.g., KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2024 WL 3360499 (D. Kan. July 9, 2024); *Miles v. BKP Inc.*, No. 18-cv-01212-PAB-MEH, 2024 WL 2724007 (D. Colo. May 28, 2024).

[20] *Rhodes v. Olson Associates*, 308 F.R.D. 644 (D. Colo. 2015) (quoting NEWBERG ON CLASS ACTIONS § 13:12 (5th ed.))

[21] Order Granting Class Certification, ECF No. 252, filed Dec. 27, 2023.

authorize that notice be given to the class. To determine whether to preliminarily approve the settlement agreement, the court analyzes the Rule 23(e)(2) and Tenth Circuit factors.

## I. Rule 23(e)(2) Factors

In determining whether a proposed settlement is fair, reasonable, and adequate, Rule 23(e)(2) instructs the court to consider whether (1) "the class representatives and class counsel have adequately represented the class," (2) "the proposal was negotiated at arms' length," (3) "the relief provided for the class is adequate," and (4) the proposal treats class members equitably relative to each other."[22]

### A. Adequate Representation of the Class

The first factor in Rule 23(e)(2) requires courts to consider whether "the class representatives and class counsel have adequately represented the class."[23] Courts focus "on the actual performance of counsel" when examining counsel's representation of the class.[24] Examples of counsel's performance might include "the nature and amount of discovery in this or other cases," "the actual outcomes of other cases," and the "conduct of negotiations," among other things.[25]

Lead Counsel has litigated this action for more than four years. During this time, Lead Counsel has opposed Defendants' Motion to Dismiss, successfully appealed the court's dismissal to the Tenth Circuit, obtained certification of the class, and conducted substantial discovery.

With respect to the Lead Plaintiffs, as the court acknowledged in its Order Granting Lead Plaintiffs' Motion for Class Certification, "Lead Plaintiffs' self-interest supports the presumption

---

[22] Fed. R. Civ. P. 23(e)(2)(A)–(D).
[23] *Id.* 23(e)(2)(A).
[24] *Id.* advisory committee's note to 2018 amendments.
[25] *Id.*

that they will advance the interests of the putative class because success for the class is success for all members," and "Lead plaintiffs have further 'shown an ability and a willingness to litigate' and stated that they owe a fiduciary duty to putative class members to 'provide fair and adequate representation' and to 'obtain the largest recovery . . . consistent with good faith and meritorious advocacy.'"[26]

For these reasons, Lead Plaintiffs and Lead Counsel has adequately represented the class for the purposes of preliminary approval of the settlement.

### B. Arms-Length Negotiations

The second factor under Rule 23(e)(2) requires courts to consider whether "the proposal was negotiated at arms' length."[27] Involvement of an experienced mediator is relevant to the fairness of a proposed settlement.[28]

The parties negotiated the proposed settlement agreement over several days and were supervised by a JAMS mediator who "has resolved over one thousand disputes, with an aggregate value in the billions of dollars."[29] The facilitated negotiation sessions support the conclusion that the negotiations were conducted at arms' length and were not collusive in any way. Accordingly, for the purposes of preliminary approval, the settlement was negotiated at arms' length.

---

[26] Order Granting Class Certification (quoting Lead Plaintiffs' Decl. ¶ 8).
[27] Fed. R. Civ. P. 23(e)(2)(B).
[28] *See e.g., In re Crocs, Inc. Securities Litigation*, 306 F.R.D. 672, 685 (D. Colo. 2014); *Gradie v. C.R. England, Inc.*, No. 2:16-cv-00768-DN, 2020WL 6827783 (D. Utah Nov. 20, 2020).
[29] Motion, at 14.

### C. Adequate Relief

The third factor requires the court to consider whether "the relief provided for the class is adequate."[30] In making this determination, courts consider (1) "the costs, risks, and delay of trial and appeal;" (2) "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;" (3) "the terms of any proposed award of attorney's fees, including timing of payment; and" (4) "any agreement required to be identified under Rule 23(e)(3)."[31] In turn, Rule 23(e)(3) requires "[t]he parties seeking approval" to "file a statement identifying any agreement made in connection with the proposal."[32]

The settlement guarantees the class will be provided with $20,000,000. Without the settlement, the class faces what could become a prolonged litigation with the risk of recovering less than the settlement amount or nothing. The costs, risks, and delay of trial and appeal favor preliminary approval of the proposed settlement agreement.

The proposed settlement agreement contains a section describing the administration of the notice and settlement. Among other things, this section states that Lead Counsel will appoint a claims administrator to "administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims" and describes the process of notifying class members.[33] For the purposes of preliminary approval, the proposed settlement agreement proposes adequate "method[s] of distributing relief to the class, including the method of processing class-member claims."[34]

---

[30] Fed. R. Civ. P. 23(e)(2)(C).
[31] *Id.* 23(e)(2)(C)(i)–(iv).
[32] *Id.* 23(e)(3).
[33] Settlement, at 13–14.
[34] Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv).

The Settlement provides that Lead Counsel "will apply to the [c]ourt for an award of attorneys' fees not to exceed 20% of the Settlement Fund" and "apply for payment of Litigation Expenses incurred . . . in an amount not to exceed $350,000."[35] Under the settlement, "[a]ny attorneys' fees and Litigation Expenses that are awarded by the court . . . shall be payable to lead Counsel immediately upon the Fee and Expense Award."[36] The proposed award of attorney's fees is consistent with caselaw, and the timing of payment is adequate.[37] Accordingly, for the purposes of preliminary approval, "the relief provided for the class is adequate" when considering "the terms of any proposed award of attorney's fees, including timing of payment."[38]

Lastly, the only other agreement entered into by the parties regarding the settlement is a "confidential Supplemental Agreement regarding requests for exclusion, or opt-outs, from the Class."[39] According to the Motion, this "agreement provides that Pluralsight will have the right to terminate the Settlement if timely and valid opt-outs exceed the threshold set in the Supplemental Agreement."[40] Taking into account the Supplemental Agreement, the relief outlined in the proposed settlement agreement is adequate for the purposes of preliminary approval.[41]

---

[35] Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), ECF No. 271-1, filed May 1, 2024.

[36] Settlement, at 24.

[37] *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259 (10th Cir. 2023) ("The district court properly exercised its discretion in determining that 33% 'falls within the range of fee percentages awarded in securities class actions and other comparable complex class actions in this Circuit.'"); *Brown v. Phillips Petrol. Co.*, 838 F.2d 451, 455 n.2 (collecting cases).

[38] Fed. R. Civ. P. 23(e)(2)(C)(iii).

[39] Motion, at 20.

[40] *Id.*

[41] Fed. R. Civ. P. 23(e)(2)(C)(iv), 23(e)(3).

### D. Equitable Treatment of Class Members

The fourth factor in Rule 23(e)(2) directs the court to evaluate whether "the proposal treats class members equitably relative to each other."[42]

The Plan of Allocation governs how the Net Settlement Fund will be distributed.[43] The stated objective of the Plan of Allocation "is to equitably distribute the Net Settlement Fund among Authorized claimants."[44] The Plan of Allocation apportions the settlement among authorized claimants.[45]

The proposed allocation plan contains a de minimis threshold of $10.00. That is, "[i]f the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant."[46] The Motion does not explain the rationale behind the $10.00 de minimis threshold. However, other cases have noted that de minimis thresholds may be reasonable "to preserve the Settlement Fund in light of administrative costs."[47] Although the rationale behind the amount of the de minimis threshold lacks explanation at this point, for the purposes of preliminary approval, Lead Plaintiffs have shown that the settlement treats class members equitably.

---

[42] *Id.* 23(e)(2)(D).

[43] *See* Notice, App A ¶ 1.

[44] *Id.* ¶ 2.

[45] *Id.* ¶ 12.

[46] *Id.* ¶ 3.

[47] *O'Dowd v. Anthem, Inc.*, No. 14-cv-02787-KLM-NYW, 2019 WL 4279123 (D. Colo. Sept. 9, 2019) (internal quotations omitted) (approving a $2.00 de minimis threshold); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672 (approving a $10.00 de minimis threshold); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y 2004) (approving a $10.00 de minimis threshold).

In sum, for the purposes of preliminary approval Lead Plaintiffs have demonstrated that the proposed settlement is fair, reasonable, and adequate when considering the Rule 23(e)(2) factors.

## II. Tenth Circuit Factors

Courts in the Tenth Circuit consider four factors in determining whether a proposed settlement is fair, reasonable, and adequate.[48] Those factors are (1) "whether the proposed settlement was fairly and honestly negotiated;" (2) "whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;" (3) "whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and" (4) "the judgment of the parties that the settlement is fair and reasonable."[49]

### A. Fair and Honest Negotiations

In determining whether a settlement is fair reasonable, and adequate, the first factor requires courts to assess "whether the proposed settlement was fairly and honestly negotiated."[50]

The parties negotiated the proposed settlement agreement over several days and were supervised by a JAMS mediator who "has resolved over one thousand disputes, with an aggregate value in the billions of dollars."[51] The facilitated negotiation sessions support the conclusion that the negotiations were fair and honest. Accordingly, for the purposes of preliminary approval, the settlement was fairly and honestly negotiated.

---

[48] *Rutter & Wilbanks Corp.,* 314 F.3d at 1188.
[49] *Id.*
[50] *Id.*
[51] Motion, at 14 (quoting another source).

**B. Outcome of Litigation**

The next factor asks "whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt."[52]

Without the settlement agreement, the plaintiffs may need to continue litigating their case for years to come through summary judgment, trial, and appeals. The outcome and length of the litigation is uncertain. Accordingly, for the purposes of preliminary approval, the proposed is fair, reasonable, and adequate because the outcome of the litigation was in doubt.

**C. Value of Immediate Recovery Compared to Possibility of Future Relief**

In determining whether a settlement is fair, reasonable, and adequate, the third factor requires the court to analyze "whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation."[53]

The settlement guarantees the class immediate recovery of $20,000,000. Without the settlement, the class faces what could be a lengthy litigation and the risk of recovering nothing or less than the settlement amount. For the purposes of preliminary approval, the proposed settlement is fair, reasonable, and adequate when taking into account the value of immediate recovery compared to possibility of future relief.

**D. Judgment of the Parties that the Settlement is Fair and Reasonable**

Under the fourth factor, the court considers whether the proposed settlement is fair, reasonable, and adequate when considering "the judgment of the parties that the settlement is fair and reasonable."[54] Lead Plaintiffs explain in their Motion that the settlement is fair and

---

[52] *Rutter & Wilbanks Corp.,* 314 F.3d at 1188.
[53] *Rutter & Wilbanks Corp.,* 314 F.3d at 1188.
[54] *Id.*

reasonable.[55] Defendants do not oppose Lead Plaintiffs' Motion.[56] Accordingly, when considering the judgment of the parties, the proposed settlement is fair, reasonable, and adequate for the purposes of preliminary approval.

## ORDER

For the foregoing reasons, it is ORDERED that Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Authorization to Provide Notice of Settlement is GRANTED.[57] The court preliminarily approves the settlement as fair, reasonable, and adequate, pending the final hearing. An order scheduling the final hearing and authorizing notice of the settlement will follow.

DATED this 2nd day of August, 2024.

BY THE COURT:

David Barlow
United States District Court Judge

---

[55] *See generally* Motion.
[56] *Id.*
[57] ECF No. 271.