# EXHIBIT 3

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC., *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00128 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

**DECLARATION OF JED D. MELNICK, ESQ. IN SUPPORT OF**
**LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Pursuant to 28 U.S.C. §1746, I, Jed D. Melnick, Esq., declare as follows:

1. I submit this declaration in my capacity as the independent mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement").[1] I make this declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2. I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed settlement that will be presented to the Court for final approval.

3. All of the parties, entities, and individuals who were represented at the mediation session executed a confidentiality agreement stating that the mediation was considered settlement negotiations for the purpose of all rules protecting mediation disclosures from later discovery

---

[1] Unless otherwise defined in this declaration, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Settlement Stipulation" or "Stipulation"), and previously filed with the Court, *see* ECF No. 271-1.

1

and/or use in evidence. The parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my declaration divulges any privileged information, and the filing of this declaration does not constitute a waiver of any such confidentiality.

## I.    BACKGROUND AND QUALIFICATIONS

4.    I have been a full-time mediator for more than fifteen years. I am a panelist at Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years.

5.    Since serving as a neutral, I have resolved over one thousand disputes, with an aggregate value in the billions of dollars.  Specifically, I have extensive experience assisting the settlement of many different types of complex class actions, including such matters as bankruptcy and securities claims, often involving numerous parties and multiple, related lawsuits.

6.    Among numerous recognitions, I was awarded the distinction of being an ADR Champion by *The National Law Journal* as well as being invited to speak about "Mediation Strategies for Judges" as the closing presenter at the annual Delaware Judiciary retreat.

7.    Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurers.

8.    I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this action is grounded in my significant experience in resolving complex litigation.

## II.    THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

9.    While the Court will make its own determination as to the proposed settlement's fairness under applicable legal standards, from my viewpoint as mediator I recommend the

2

proposed settlement as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matter presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of this case represents a fair and pragmatic resolution of this Action.

10. On May 31, 2023, Lead Counsel, along with Lead Plaintiffs, Defendants' Counsel, a representative of Pluralsight, and Defendants' insurers, participated in a full-day mediation session before me.

11. Pursuant to my custom and practice, and without waiving mediation confidentiality, this first mediation was preceded by an exchange of detailed mediation statements between the parties. These submissions contained extensive analyses of the factual and legal issues in the Action and other issues material to the settlement. These submissions helped me understand the relative merits of each party's position and identify the issues that would drive and present obstacles to reaching a resolution of the Action. It was clear that each side faced risks in proceeding with the case. While the contents of the mediation statements and arguments are confidential, they presented complex and novel legal arguments and were highly adversarial.

12. During this first mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' positions. At the end of the day on May 31, 2023, it was apparent that a negotiated resolution would not be reached at that time, so the Parties agreed to end the mediation session without a settlement.

13. Nearly eight months later, in January 2024, the Parties agreed to conduct a second private mediation session with me in another attempt to resolve the Action. On March 8, 2024,

Lead Counsel, along with Lead Plaintiffs, Defendants' Counsel, a representative of Pluralsight, and Defendants' insurers, again participated in a full-day mediation session before me.

14.    In advance of that session, the Parties submitted updated mediation statements, which again included supporting exhibits and addressed both liability and damages issues.

15.    Ultimately, after extensive discussion and negotiations during this second mediation session, the Parties reached agreement on the Settlement Amount, namely $20,000,000 in cash. Thereafter, the Parties negotiated and executed the Stipulation now before the Court, which sets forth the final terms and conditions of the Settlement.

16.    In my presence, the parties carried out extensive, detailed, and hard-fought discussions regarding the strengths and weaknesses of the case. I can readily attest that the negotiations between counsel for the parties were conducted at arm's length and were not collusive. In addition, my review of the papers presented to me and discussions with counsel have led me to conclude that all sides litigated the action in a vigorous, professional, and thorough manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to a judicial resolution if a settlement could not be achieved.

## III.    CONCLUSION

17.    I believe that the settlement of the Action represents a well-reasoned and sound resolution of highly uncertain litigation. Based on my experience as a mediator and an attorney, I therefore recommend the proposed settlement as reflective of the risks and potential rewards of the claims asserted. I believe that the settlement provides immediate, fair and adequate compensation to the settlement class as well as the benefits of avoiding the time, expense, and risk entailed in further litigation. I also believe the proposed settlement flows from the parties' assessment of the litigation risks. I respectfully recommend that the settlement be approved.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 27 day of December, 2024.

JUDICIAL ARBITRATION AND MEDIATION SERVICES, INC.

*Jed D. Melnick*

Jed D. Melnick, Esq.