# EXHIBIT 4

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00128<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**DECLARATION OF SARAH EVANS CONCERNING: (A) MAILING OF THE NOTICE PACKET; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u>**

I, Sarah Evans, declare as follows:

1.　　I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over eight years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and fifty (550) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2.　　Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated August 2, 2024 (ECF No. 274, the "Preliminary Approval Order"), SCS was retained by Lead Counsel as Claims Administrator to supervise and administer the notice procedures as well as the processing of claims in connection with the Settlement of the above-captioned Action.[1]  I submit this declaration in order to provide the Court and the Parties

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated May 1, 2024 (ECF No. 271-1, the "Stipulation").

information regarding the mailing of the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice Packet") to potential Class Members, as well as updates concerning other aspects of the Settlement administration process.

<u>**MAILING OF THE NOTICE PACKET**</u>

3.    SCS sent the Depository Trust Company ("DTC") a Notice Packet for the DTC to publish on its Legal Notice System ("LENS") on August 20, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  A true and correct copy of the Notice Packet is attached as **Exhibit A**.

4.    As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,039 banks and brokerage companies ("Nominee Account Holders"), as well as 1,266 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On August 20, 2024, SCS caused a letter to be mailed or e-mailed to the 2,305 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within seven calendar days from the date of the letter, they either (a) email the link to the electronic Notice Packet to their clients who may be beneficial purchasers and for whom valid email addresses were available; (b) mail the Notice Packet to their

customers who may be beneficial purchasers; or (c) provide SCS with the names, last known addresses, and email addresses (to the extent known) of such beneficial purchasers so that SCS could promptly and directly email the electronic Notice Packet or mail the Notice Packet to them. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.     To provide actual notice to persons and entities that purchased the Class A common stock of Pluralsight, Inc. ("Pluralsight") during the period from January 16, 2019 through July 31, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Class"), SCS mailed the Notice Packet to potential members of the Class pursuant to the Preliminary Approval Order.

6.     On August 21, 2024, SCS mailed the Notice Packet to 83 persons and entities identified on the transfer agent records which Lead Counsel forwarded to SCS.  These records reflect persons and entities that purchased Pluralsight shares for the account(s) of themselves or their clients during the Class Period.  Following this mailing, SCS received 8,219 additional names and addresses of potential Class Members from individuals or nominees requesting that a Notice Packet be mailed by SCS. Additionally, SCS received a request from a nominee for 10,650 Notice Packets so that the nominee could forward them to its customers, and SCS received notification from three nominees that they mailed the Notice Packet to 488 of their customers.  Through the close of the Notice Period, which closed December 21, 2024, 19,440 Notice Packets have been mailed to potential Class Members.

7.     Additionally, SCS was notified by a nominee that it emailed 6,779 of its customers to notify them of this Settlement and provide the direct link to the Notice Packet on the Settlement website.

8.     In total, 26,219 Notice Packets or electronic Notice Packets have been mailed or emailed to potential Class Members informing them of the Settlement.

9.     Out of the 19,440 Notice Packets mailed, 1,169 were returned undeliverable. Of these 1,169 undeliverable Notice Packets, the United States Postal Service provided forwarding addresses for 55, and SCS immediately mailed another Notice Packet to the potential Class Members at the updated addresses. The remaining 1,114 Notice Packets returned undeliverable were "skip-traced" to obtain updated addresses, and 435 new Notice Packets were mailed to updated addresses obtained through skip-tracing.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Summary Notice") was published once in the *Wall Street Journal* and transmitted once over *PR Newswire* on September 9, 2024, as shown in the confirmations of publication attached hereto as **Exhibit C.**

## TOLL-FREE TELEPHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Class Members to call and obtain information about the Settlement, which was included in the mailed Notice Packet and the published Summary Notice. SCS has promptly responded to each telephone inquiry and will continue to address Class Member inquiries throughout the administration process.

## SETTLEMENT WEBSITE

12.     On August 15, 2024, SCS established a website for the Settlement at www.pluralsightsecuritieslitigation.com. The website is accessible 24 hours a day, 7 days a week. The website contains a home page; an important documents page with downloadable copies of the Notice Packet, Preliminary Approval Order, and Stipulation; a page for online claims filing; a

nominees page; and a contact us page. To date, there have been 5,119 pageviews by 1,973 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Notice, Summary Notice, and the Settlement website informed potential Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than January 14, 2025.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received one request for exclusion. The exclusion request is currently invalid, as it does not contain the necessary information, as outlined in the Notice, to establish that the requestor is a Class Member. A copy of the exclusion request and SCS's response is attached hereto as **Exhibit D**.

14.     According to the Notice, Summary Notice, and Settlement website, Class Members seeking to object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses must serve their objections upon Lead Counsel and Defendants' Counsel, as well as file them with the Court, no later than January 14, 2025.  As of the date of this declaration, SCS has neither received any objections nor been notified of any objections being filed.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27th day of December 2024, in Media, Pennsylvania.

_Sarah Evans_

_____
Sarah Evans

5

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES<br><br>Case No. 1:19-cv-00128<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the U.S. District Court for the District of Utah (the "Court"), if, during the period from January 16, 2019 to July 31, 2019, inclusive (the "Class Period"), you purchased or otherwise acquired the Class A common stock of Pluralsight, Inc. ("Pluralsight" or the "Company") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Indiana Public Retirement System ("INPRS") and the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF"), on behalf of themselves and the other members of the Class (as defined in ¶ 17 below), have reached a proposed settlement of the Action for $20,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Pluralsight, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 60 below).**

1.      **Description of the Action and the Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Pluralsight, Pluralsight's co-founder and former Chief Executive Officer Aaron Skonnard, and Pluralsight's former Chief Financial Officer James Budge (the "Individual Defendants," and, with Pluralsight, "Defendants") violated the federal securities laws by making a false and misleading statement about Pluralsight's sales force productivity and future billings growth. A more detailed description of the Action is set forth in

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation"), which is available at www.pluralsightsecuritieslitigation.com.

¶¶ 11-16 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 17 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $20,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Pluralsight Class A common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.36 per affected share. Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Pluralsight shares, the total number and value of valid Claim Forms submitted, the amount of Notice and Administration Costs, and the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC, has been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in March 2020, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel,[2] will apply to the Court for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.08 per affected share of Class A common stock. Class Members should note that this amount is only an estimate.

6. **Identification of Attorney Representatives:** Lead Plaintiffs and the Class are represented by Carol V. Gilden, 190 S. LaSalle St., Suite 1705, Chicago, IL 60603, (312) 357-0370.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the

---

[2] Plaintiffs' Counsel includes Lead Counsel and Clyde, Snow & Sessions P.C., the Court-appointed Liaison Counsel.

significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 21, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 14, 2025.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 14, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. Submitting this objection will not exclude you from the Class. |
| **GO TO A HEARING ON FEBRUARY 4, 2025 AT 10:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 14, 2025.** | Filing a written objection and notice of intention to appear by January 14, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ...................................................................................................Page 4

What Is This Case About? ......................................................................................................Page 5

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?.........................................................................................Page 5

What Are Lead Plaintiffs' Reasons For The Settlement?.......................................................Page 6

What Might Happen If There Were No Settlement? ...............................................................Page 7

How Are Class Members Affected By The Action
    And The Settlement?..........................................................................................................Page 7

How Do I Participate In The Settlement? What Do I Need To Do?.......................................Page 9

How Much Will My Payment Be?...........................................................................................Page 9

What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid? ....................................................................................Page 10

What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself? ..............................................................................................Page 10

When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing? May I Speak At
    The Hearing If I Don't Like The Settlement?..................................................................Page 11

What If I Do Nothing? ..........................................................................................................Page 13

What If I Bought Shares On Someone Else's Behalf? .........................................................Page 13

Can I See The Court File? Whom Should I Contact If I Have Questions? ..........................Page 13

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Pluralsight Class A common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 49-50 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  Pluralsight is a software company that sells a cloud-based technology platform offering skills courses, skill and role assessments, learning paths, and business analytic tools. Lead Plaintiffs allege in the Action that Defendants made a materially false and misleading statement to investors about Pluralsight's sales force headcount, which caused the prices of Pluralsight Class A common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' prior misrepresentation.

12.  Specifically, Lead Plaintiffs allege violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, claiming that Defendants defrauded investors in Pluralsight Class A common stock through their misrepresentation about the Company's sales force headcount. Billings, as explained by the Company, represented not merely revenue recognized ratably for the period subscription services were provided, but also new subscriptions and subscription renewals in future quarterly periods. Lead Plaintiffs allege that investors relied heavily on the billings figure to evaluate the Company's deal volume and the amount Pluralsight would recognize as revenue over the next several fiscal quarters. Lead Plaintiffs allege that Pluralsight indicated that key factors in generating billings were the size, capacity, retention, and productivity of its sales force. Consequently, Lead Plaintiffs allege that market analysts closely scrutinized Pluralsight's sales force headcount because so much of the Company's positive spin on its financial performance depended on the sales force. Lead Plaintiffs allege that to ease investors' and analysts' concerns, Pluralsight made a detailed, positive statement about the number of sales representatives, which was materially false and misleading.

13.  In particular, Lead Plaintiffs allege that Defendants made a false and misleading statement concerning Pluralsight's sales force headcount on January 16, 2019 when Budge stated at an investor conference that the Company had "about 250" sales representatives at that time when the actual number was about 200. Lead Plaintiffs further allege that investors learned the truth about Defendants' misrepresentation through the Company's second quarter 2019 earnings call held on July 31, 2019, in which Budge disclosed that the Company was "months behind" on its capacity and that there "was not enough capacity in the system to sustain [the Company's] high-growth expectations," which led to a collapse in billings growth in just three months. Lead Plaintiffs allege that Defendants had knowledge of these issues long before the July 31, 2019 earnings call, yet Defendants failed to correct the materially false and misleading statement at any point during the Class Period.

14.  Lead Plaintiffs also assert claims under Section 20A of the Exchange Act for insider trading against Defendants Skonnard and Budge, alleging that Defendants Skonnard and Budge sold Pluralsight stock while in possession of material non-public information concerning the Company's sales force headcount, and that Lead Plaintiffs and members of the Class purchased Pluralsight stock contemporaneously with those sales.

15.  On May 1, 2024, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.pluralsightsecuritieslitigation.com.

16.  On August 2, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

17.  If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

5

all persons who purchased the Class A common stock of Pluralsight during the Class Period (*i.e.*, from January 16, 2019 through July 31, 2019, inclusive) and were damaged thereby.

Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) any of the selling stockholders listed in the Offering Documents[3]; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" on page 10 below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than December 21, 2024.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

18.  Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statement about Pluralsight's sales force productivity and future billings growth was false or misleading and that the Individual Defendants knew that the statement was false or were reckless in making it. Defendants have contended—and would have contended at summary judgment or trial—that their statement was neither false nor misleading and was supported by contemporaneous facts.

19.  Lead Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentation about sales force productivity and future billings growth and the losses investors allegedly suffered, as required by law.

20.  In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $20,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

21.  Defendants deny Lead Plaintiffs' allegations in full and deny any wrongdoing or liability for the claims alleged. Among other things, Defendants deny that they knowingly or recklessly made any false or misleading statements or that the prices of Pluralsight common stock were artificially inflated during the Class Period. Defendants further deny that Individual Defendants Skonnard or Budge sold Pluralsight

---

[3] "Offering Documents" means (1) the final prospectus filed with the SEC pursuant to Rule 424(b)(4) on March 7, 2019, and (2) the secondary public offering registration statement filed with the SEC on Form S-1 on March 4, 2019, which the SEC declared effective on March 6, 2019.

stock while in possession of material non-public information. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23. As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

24. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

25. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

26. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims (as defined in ¶ 27 below) against Defendants and the other Released Defendants' Parties (as defined in ¶ 28 below), and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties.

27. "Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 below), whether foreseen or unforeseen, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule, regulation, at law or in equity, that were asserted in the Action or could have been asserted by Lead Plaintiffs or any of the Released Lead Plaintiffs' Parties in the Action or any other court or forum, that arise out of, are based upon, or relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Pluralsight common stock during the Class Period. This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. This release shall not include claims to enforce the Settlement.

28. "Released Defendants' Parties" means (i) each defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settlor or which is for the benefit of any defendant and/or member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a defendant has a controlling interest.

29. "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) whether to object to, or request to be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

30. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 31 below) against Lead Plaintiffs and the other Released Lead Plaintiffs' Parties (as defined in ¶ 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Released Lead Plaintiffs' Parties.

31. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 above), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether

liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to enforcement of the settlement or any claims against any person who submits a request for exclusion from the Class that is accepted by the Court.

32. "Released Lead Plaintiffs' Parties" means (i) Lead Plaintiffs, all Class Members, Lead Plaintiffs' Counsel, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

33. To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed) or submitted online at www.pluralsightsecuritieslitigation.com no later than December 21, 2024 to the Claims Administrator**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.pluralsightsecuritieslitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004 or by emailing the Claims Administrator at info@strategicclaims.net. Please retain all records of your ownership of and transactions in Pluralsight common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Pluralsight common stock.

34. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

36. Pursuant to the Settlement, Pluralsight has agreed to pay or cause to be paid a total of $20,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms ("Authorized Claimants"), in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

38. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40. Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before December 21, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against the Released Defendants' Parties (as defined in ¶ 28 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties whether or not such Class Member submits a Claim Form.

41. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

42. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

43. Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

44. Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Lead Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs (including lost wages) and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

45. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Class, addressed to *Pluralsight Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The request for exclusion must be *received no later than January 14, 2025*. You will not be able to exclude yourself from the Class after that date. Each request for exclusion must state that you "request exclusion from the Class in *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-CV-00128-DBB-DAO" and must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization if the request for exclusion is signed by an authorized representative; and (iii) state the number of shares of

Pluralsight Class A common stock you (a) held as of the opening of trading on January 16, 2019, and (b) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019, until July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

46.  If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties. Excluding yourself from the Class is the only option that may allow you to be part of any future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

47.  If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

48.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> ### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

49.  **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. You should check the Court's docket or the Settlement website, www.pluralsightsecuritieslitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

50.  The Settlement Hearing will be held on **February 4, 2025 at 10:30 a.m.**, either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.100, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Class.

51.  Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the District of Utah at the address set forth below **on or before January 14, 2025**. You must also serve the papers on

11

Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **received on or before January 14, 2025**.

| Clerk's Office: | U.S. District Court |
| --- | --- |
| | District of Utah |
| | Orrin G. Hatch U.S. Courthouse |
| | 351 South West Temple |
| | Salt Lake City, UT 84101 |
| Lead Counsel: | Cohen Milstein Sellers & Toll PLLC |
| | Attn: Carol V. Gilden |
| | 190 S. LaSalle St., Suite 1705 |
| | Chicago, IL 60603 |
| Defendants' Counsel: | Wilson Sonsini Goodrich & Rosati, P.C. |
| | Attn: Gregory L. Watts |
| | 15 West South Temple |
| | Gateway Tower West, Suite 1700 |
| | Salt Lake City, UT 84101 |

52.   Any objection must (a) identify the case name and case number, *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO; (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of Pluralsight Class A common stock that the objecting Class Member (1) held as of the opening of trading on January 16, 2019, and (2) purchased, acquired, or sold during the Class Period (*i.e.*, from January 16, 2019 through July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

53.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 51 above so that it is **received on or before January 14, 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 51 above so that the notice is **received on or before January 14, 2025.**

56.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

57.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

58.   If you do nothing, all of your claims against Defendants and the other Released Defendants' Parties will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

59. If you purchased or otherwise acquired Pluralsight Class A common stock during the period from January 16, 2019, to July 31, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (ii) within seven (7) calendar days of receipt of notice, request from the Claims Administrator a copy of the direct link to the Notice Packet on the Settlement website and within seven (7) calendar days of receipt of the direct link email it to all such beneficial owners; or (iii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and email addresses (if available) of all such beneficial owners to *Pluralsight Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per Notice Packet mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice Packet, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.pluralsightsecuritieslitigation.com, by calling the Claims Administrator toll-free at (866) 274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

59.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the District of Utah, Orrin B. Hatch U.S. Courthouse, 351 South West Temple, Salt

Lake City, UT 84101. Additionally, copies of the Stipulation, the operative Complaint, and any related orders entered by the Court will be posted on the Settlement website, www.pluralsightsecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
info@strategicclaims.net
www.pluralsightsecuritieslitigation.com

and/or

**Cohen Milstein Sellers & Toll PLLC**
Attn: Carol V. Gilden
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
cgilden@cohenmilstein.com

Lead Counsel

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 2, 2024                            By Order of the Court
                                                United States District Court
                                                District of Utah

14

**Appendix A: Proposed Plan of Allocation of the Net Settlement Fund**

1.  The Net Settlement Fund shall be distributed based on the acceptable Proof of Claim Forms submitted by Class Members. The Net Settlement Fund will be distributed to "Authorized Claimants," who are those Class Members who timely submit acceptable Proof of Claim Forms which are accepted for recovery under the Plan of Allocation described herein, or as otherwise ordered by the Court.

2.  The objective of the Plan of Allocation (the "Plan") is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.  The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

4.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be selected by Lead Counsel.

5.  In this case, Lead Plaintiffs allege that Defendants made false and misleading statements and omitted material information that inflated the price of Pluralsight Class A common stock during the Class Period (*i.e.*, January 16, 2019 through July 31, 2019). It is alleged that there was corrective information released to the market after regular trading hours for the U.S. financial markets on July 31, 2019, that impacted the market price of Pluralsight Class A common stock in a statistically significant manner and removed the alleged artificial inflation from the stock price on August 1, 2019. Accordingly, in order to have a compensable loss, shares of Pluralsight Class A common stock must have been purchased or acquired during the Class Period and held through at least July 31, 2019.

## I.  CALCULATION OF RECOGNIZED LOSSES

6.  For purposes of this Settlement, a "Recognized Loss" shall be calculated as follows:

1)  A Recognized Loss will be calculated for each purchase or acquisition of publicly traded Pluralsight Class A common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

15

2) For each share of publicly traded Pluralsight Class A common stock purchased or otherwise acquired during the Class Period (that is, the period from January 16, 2019 through and including the close of trading on July 31, 2019), and:

(i)  sold before August 1, 2019, the Recognized Loss will be $0.00.[4]

(ii)  sold from August 1, 2019 through the close of trading on October 29, 2019, the Recognized Loss will be **the least of**: (a) $11.82; (b) the purchase/acquisition price per share *minus* the average closing price between August 1, 2019 and the date of sale as stated in Table A below; or (c) the purchase/acquisition price per share (excluding taxes, commissions, and fees) *minus* the sale price per share (excluding taxes, commissions, and fees).

(iii)  held as of the close of trading on October 29, 2019, the Recognized Loss will be **the lesser of**: (a) $11.82; or (b) the purchase/acquisition price *minus* $16.65, the average closing price between August 1, 2019 and October 29, 2019, as stated in Table A below.[5]

## II.  ADDITIONAL PROVISIONS

7.  Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Losses. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

8.  Purchases or acquisitions and sales of Pluralsight Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Pluralsight Class A common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Pluralsight Class A common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Pluralsight common stock unless (i) the donor or decedent purchased or otherwise acquired such Pluralsight common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Pluralsight Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.  In the event that a Class Member has multiple transactions of Pluralsight Class A common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a first-in, first-out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10. The Recognized Loss on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in Pluralsight Class A common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be

---

[4] Any transactions in Pluralsight Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Losses are reduced to an appropriate extent by taking into account the closing prices of Pluralsight common stock during the "90-day look-back period," August 1, 2019 through and including October 29, 2019. The mean (average) closing price for Pluralsight Class A common stock during this 90-day look-back period was $16.65.

matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

11. Publicly traded Pluralsight Class A common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Pluralsight Class A common stock are not securities eligible to participate in the Settlement. With respect to Pluralsight Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12. Recognized Claims will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

13. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment (*i.e.*, each Authorized Claimant will also receive the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

15. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Lead Counsel, Lead Plaintiffs, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, Class Members, Defendants, their respective counsel, or the Releasees. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the releases of claims against the Releasees provided for therein and in the Judgment.

16. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.pluralsightsecuritieslitigation.com.

**TABLE A**

**Pluralsight Class A Common Stock Closing Price and Average Closing Price**

**August 1, 2019 – October 29, 2019**

| Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown |
|---|---|---|---|---|---|
| 8/1/2019 | $18.56 | $18.56 | 9/17/2019 | $18.10 | $16.36 |
| 8/2/2019 | $18.62 | $18.59 | 9/18/2019 | $18.41 | $16.42 |
| 8/5/2019 | $17.64 | $18.27 | 9/19/2019 | $18.05 | $16.47 |
| 8/6/2019 | $16.95 | $17.94 | 9/20/2019 | $18.23 | $16.51 |
| 8/7/2019 | $16.13 | $17.58 | 9/23/2019 | $17.59 | $16.54 |
| 8/8/2019 | $16.97 | $17.48 | 9/24/2019 | $17.25 | $16.56 |
| 8/9/2019 | $16.63 | $17.36 | 9/25/2019 | $17.08 | $16.58 |
| 8/12/2019 | $15.89 | $17.17 | 9/26/2019 | $16.66 | $16.58 |
| 8/13/2019 | $16.56 | $17.11 | 9/27/2019 | $16.28 | $16.57 |
| 8/14/2019 | $16.32 | $17.03 | 9/30/2019 | $16.80 | $16.58 |
| 8/15/2019 | $15.63 | $16.90 | 10/1/2019 | $16.69 | $16.58 |
| 8/16/2019 | $15.69 | $16.80 | 10/2/2019 | $16.27 | $16.57 |
| 8/19/2019 | $15.75 | $16.72 | 10/3/2019 | $16.42 | $16.57 |
| 8/20/2019 | $15.72 | $16.65 | 10/4/2019 | $16.09 | $16.56 |
| 8/21/2019 | $16.03 | $16.61 | 10/7/2019 | $16.02 | $16.55 |
| 8/22/2019 | $16.00 | $16.57 | 10/8/2019 | $15.55 | $16.53 |
| 8/23/2019 | $15.55 | $16.51 | 10/9/2019 | $15.79 | $16.51 |
| 8/26/2019 | $15.41 | $16.45 | 10/10/2019 | $15.62 | $16.49 |
| 8/27/2019 | $15.25 | $16.38 | 10/11/2019 | $16.39 | $16.49 |
| 8/28/2019 | $15.23 | $16.33 | 10/14/2019 | $16.55 | $16.49 |
| 8/29/2019 | $16.46 | $16.33 | 10/15/2019 | $16.52 | $16.49 |
| 8/30/2019 | $16.10 | $16.32 | 10/16/2019 | $17.02 | $16.50 |
| 9/3/2019 | $15.87 | $16.30 | 10/17/2019 | $17.22 | $16.51 |
| 9/4/2019 | $15.25 | $16.26 | 10/18/2019 | $16.79 | $16.52 |
| 9/5/2019 | $15.40 | $16.22 | 10/21/2019 | $17.09 | $16.53 |
| 9/6/2019 | $15.90 | $16.21 | 10/22/2019 | $16.97 | $16.54 |
| 9/9/2019 | $15.64 | $16.19 | 10/23/2019 | $17.39 | $16.55 |
| 9/10/2019 | $16.05 | $16.19 | 10/24/2019 | $17.66 | $16.57 |
| 9/11/2019 | $16.90 | $16.21 | 10/25/2019 | $18.32 | $16.60 |
| 9/12/2019 | $17.26 | $16.25 | 10/28/2019 | $18.57 | $16.63 |
| 9/13/2019 | $16.85 | $16.26 | 10/29/2019 | $17.81 | $16.65 |
| 9/16/2019 | $17.52 | $16.30 | | | |

18

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN DECEMBER 21, 2024**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
*Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.,*
No. 1:19-cv-00128-DBB-DAO

</td><td>



</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.,* Case No. 1:19-cv-00128-DBB-DAO (the "Action"),[1] you must complete and, on page 26 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.PLURALSIGHTSECURITIESLITIGATION.COM NO LATER THAN 11:59 P.M. ET ON DECEMBER 21, 2024 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE DECEMBER 21, 2024, ADDRESSED AS FOLLOWS:

   Pluralsight Securities Litigation
   c/o Strategic Claims Services
   600 N. Jackson Street, Suite 205
   Media, PA 19063
   Tel: (866) 274-4004
   Fax: (610) 565-7985

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE PLURALSIGHT, INC. ("PLURALSIGHT") CLASS A COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 1, 2024 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice. Copies of both documents can be obtained at www.pluralsightsecuritieslitigation.com.

19

8.  Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9.  All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Pluralsight Class A common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Pluralsight Class A common stock; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Part II of this form entitled "Schedule of Holdings and Transactions in Pluralsight Class A Common Stock" to supply all required details of your transaction(s) in Pluralsight Class A common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Pluralsight Class A common stock which took place during the period from January 16, 2019 through July 31, 2019, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from August 1, 2019 through October 29, 2019), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in Pluralsight Class A common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you can visit the website, www.pluralsightsecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

19. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.pluralsightsecuritieslitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

# PROOF OF CLAIM AND RELEASE FORM

| | | |
|---|---|---|
| **MUST BE POSTMARKED NO LATER THAN DECEMBER 21, 2024** | UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH<br>*Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*,<br>No. 1:19-cv-00128-DBB-DAO | |

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

| |
|---|
| Claimant's Name (as you would like it to appear on your check if eligible for payment): |
| Joint Claimant's Name: |
| Entity Name (if Claimant is not an individual): |
| Representative's Name (if different from the Claimant's Name(s) listed above): |
| Address Line 1 (Number and Street or P.O. Box): |
| Address Line 2 (if needed): |

| City: | State or Province: | Zip Code: |
|---|---|---|
| Foreign Country (only if not USA): | Foreign County (only if not USA): | |
| Telephone Number (home): | Telephone Number (work): | |

| |
|---|
| Email Address: |

| Last four digits of Social Security Number (for individuals): | **OR** | Last four digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

22

PLURALSIGHT

## PART II: SCHEDULE OF TRANSACTIONS IN PLURALSIGHT CLASS A COMMON STOCK

A.  **Holdings at Start of Class Period: List all shares of Pluralsight Class A common stock held as of the opening of trading on January 16, 2019.**

**Quantity of Shares Held**

|  |
|--|
|  |

B.  **Purchases: List all purchases of Pluralsight Class A common stock between January 16, 2019 and October 29, 2019, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.  **Sales: List all sales of Pluralsight Class A common stock between January 16, 2019 and October 29, 2019, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.  **Unsold Holdings: List the number of shares of Pluralsight Class A common stock held as of the close of trading on October 29, 2019. Be sure to attach documentation verifying your holdings such as a current account statement.**

**Quantity of Shares Held**

|  |
|--|
|  |

**If you require additional space to list your transactions, use photocopies of this page and check this box.** ☐

23

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 26 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the District of Utah with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (we) have not submitted any other claim covering the same purchases or sales of Pluralsight Class A common stock and know of no other person having done so on my (our) behalf.**

## PART IV: RELEASE

1. **I (we) hereby acknowledge, on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, that I (we) shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties.**

2. **"Released Defendants' Parties" means (i) each defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settlor or which is for the benefit of any defendant and/or member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a defendant has a controlling interest.**

3. **"Released Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or Unknown Claims, whether foreseen or unforeseen, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, statutory, administrative, or foreign law, or any other law, rule, regulation, at law or in equity, that were asserted in the Action or could have been asserted by Lead Plaintiffs or any of the Released Lead Plaintiffs' Parties in the Action or any other court or forum, that arise out of, are based upon, or relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Pluralsight common stock during the Class Period. This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. This release shall not include claims to enforce the Settlement.**

4. **"Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his,**

24

her or its decision(s) with respect to this Settlement or the Releases, including his, her, or its decision(s) whether to object to, or request to be excluded from, the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

5.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6.  I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7.  I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Pluralsight Class A common stock during the required periods as set forth above.

8.  I (we) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of Pluralsight Class A common stock and know of no other person having done so on my (our) behalf.

9.  I (we) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice and that I (we) have not requested to be excluded from the Class pursuant to the procedures set forth in the Notice.

10. The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

12. The Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

13. I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

**14. I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.**

**Note:** **if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____ , in , _____

(Month/Year)                    (City)                         (State/Country)

| | |
|---|---|
| | |
| Signature of Claimant | Signature of Joint Claimant, if any |
| | |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| | |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

| | |
|---|---|
| | |
| Signature of Person Completing Form | Date |
| | |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator) |

## REMINDER CHECKLIST

☐ 1.  Please be sure to sign this Claim Form.

☐ 2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☐ 3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☐ 4.  Keep a copy of your Claim Form for your records.

☐ 5.  If you move, please send your new address to the Claims Administrator at the address below:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

☐ 6.  **Do not use highlighter on the Claim Form or supporting documentation.**

**THIS PAGE INTENTIONALLY LEFT BLANK**

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202      EMAIL: info@strategicclaims.net      FAX: (610) 565-7985

August 20, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Class Members.

### We request that you assist us in identifying any individuals/entities who fit the following description:

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE CLASS A COMMON STOCK OF PLURALSIGHT, INC. ("PLURALSIGHT" OR THE "COMPANY") DURING THE PERIOD FROM JANUARY 16, 2019 TO JULY 31, 2019, INCLUSIVE.

Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person or any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party.

### The information below may assist you in finding the above requested information.

| | |
|---|---|
| *Pluralsight Securities Litigation*<br>Case No. 1:19-cv-00128<br>Claim Filing Deadline: December 21, 2024<br>Objection Deadline: January 2, 2025<br>Exclusion Deadline: January 2, 2025<br>Settlement Hearing: January 23, 2025 | Cusip Number: 72941B106<br>Ticker Symbol: NASDAQ: PS |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

### Please comply in one of the following ways:

1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will email the link to Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice") and the Proof of Claim and Release Form ("Claim Form", and together with the Notice, "Notice Packet") or mail the Notice Packet. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample Notice Packets to do the mailing. After the receipt of the Notice Packets, you have seven (7) calendar days to mail them; or
4. Request the link to the electronic Notice Packet and email the link to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:

- **$0.03 per Notice Packet link emailed,** OR
- **$0.03 per name, address and email address** if you are providing us the records, OR
- **$0.03 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Notice Packet and performing the mailing.

### All invoices must be received within 30 days of this letter.

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and other important case-related documents are available on our website at www.pluralsightsecuritieslitigation.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
*Pluralsight Securities Litigation*

To access the electronic copy of the Notice and Claim Form, please use the direct link:
https://pluralsightsecuritieslitigation.com/wp-content/uploads/2024/08/Final-Notice-and-Claim-Form-Pluralsight-v.2.pdf

# AFFIDAVIT

**STATE OF NEW JERSEY**                                )
                                                                        ) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1    insertion(s) on the following date(s):

SEP-09-2024;

ADVERTISER: PLURALSIGHT, INC.;

and that the foregoing statements are true and correct to the best of my knowledge.

_____

Sworn to before me this
9    day of    September    2024

_____
Notary Public



# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

TUCSON PUBLIC RETIREMENT SYSTEM, *et al.*,

Plaintiffs,

v.

PLURALSIGHT, INC., *et al.*,

Defendants.

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; and (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Case No. 1:19-cv-00128
District Judge David Barlow
Magistrate Judge Daphne A. Oberg

**TO:** All persons who purchased or acquired Pluralsight, Inc. ("Pluralsight") Class A common stock from January 16, 2019 to July 31, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Utah (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $20,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **February 4, 2025 at 10:30 a.m.**, before the Honorable David Barlow either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.100, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 1, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement.** If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Pluralsight Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.pluralsightsecuritieslitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* **(or submitted online) no later than December 21, 2024**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* **no later than January 14, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than January 14, 2025**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Pluralsight Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205, Media, PA 19063
Toll-free: (866) 274-4004, info@strategicclaims.net
www.pluralsightsecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
190 S. LaSalle St., Suite 1705, Chicago, IL 60603
Tel.: (312) 357-0370, Email: cgilden@cohenmilstein.com

By Order of the Court

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.pluralsightsecuritieslitigation.com.

B10 | Monday, September 9, 2024

THE WALL STREET JOURNAL.

# BUSINESS & FINANCE

## Muni King Makes a Comeback

Continued from page B1



John Miller is now with a boutique firm.

school debt warmed to munis backed by nursing homes, charter schools and casinos. But analysts say credit is weakening. According to Municipal Market Analytics, one-tenth of outstanding nursing-home debt is currently in default.

"John Miller runs, and has historically run, a fairly high-octane muni strategy," said Nicholas Venditti, head of munis at Allspring Global Investments. "If you believe 'economic slowdown,' if you believe 'recession,' if you believe that kind of thing, you may want a strategy that is less high-octane all the time."

Miller said he has navigated treacherous credit environments before, including a flurry of municipal bankruptcies following the 2008 financial crisis, and is confident he can pick the borrowers who will make it.

Miller grew up in the suburbs of Columbus, Ohio. He learned muni bonds while working for a small Chicago wealth manager. He soon moved to Nuveen, where he became a student of the arcane market for muni junk bonds. He started Nuveen's first high-yield muni mutual fund in 2000 and, by 2007, had taken over the firm's entire muni portfolio.

In the financial crisis the following year, investment-grade munis lost only 2.5% while, according to FactSet, Nuveen's high-yield fund fell by 40%, more than the S&P 500. But it recovered quickly and investors soon crowded in, fleeing ultralow interest rates. For someone in the top tax bracket, a 5% tax-exempt yield equates to about 8% after taxes, according to Nuveen's calculations.

Investor demand fueled increasingly risky borrowing, and in the years that followed, muni junk bonds grew into a $400 billion market. Private ventures can sell muni bonds when public officials bestow their tax-exempt borrowing powers on nonprofits and long-shot economic development projects.

Examples from the past decade include a New Jersey mega mall with one of the Western Hemisphere's largest indoor ski hills and an Arizona youth sports park with a 670-seat bar. Both are now in default.

The stiff competition for high-yield bonds exposed Miller's cutthroat side. A Delaware judge found in 2020 that Nuveen had "used threats and lies in a successful attempt to damage" a competing firm, Dallas-based Preston Hollow Capital.

Recorded phone calls revealed Miller's team threatening to cut off Wall Street banks that didn't boycott the Texas firm, with Miller telling Goldman Sachs, "You have to choose who you want to do business with."

The Covid-19 pandemic also made for hard times. In March 2020's cratering market, investors dumped billions in junk munis. Nuveen's parent, TIAA, ended up bailing out the firm's flagship high-yield fund. Nuveen disclosed in a 2022 Securities and Exchange Commission filing that the fund had received inquiries from regulators about pricing and trading during that period.

The high-yield fund hemorrhaged money again in 2022 after rising rates led to record losses for bonds of all kinds. Nuveen reported that year that hard-to-sell "illiquid investments" exceeded 15% of holdings in the high-yield fund, triggering a disclosure to the SEC.

Those particular illiquid investments are no longer John Miller's problem. After a departure that both he and Nuveen declined to discuss, he called his contacts, weighed his options and decided to start a new fund at a firm that owned no muni bonds. He said he is better prepared for future turbulence after studying outflow patterns from 2020 and 2022.

Miller started at New York City-based First Eagle in early January. Longtime Citigroup high-yield trader Bryce Pickering is his No. 2. Miller still lives in the Chicago suburbs, but he bought an apartment on Manhattan's Upper East Side to share with his daughter, a senior at New York University. (He also has two adult sons.)

First Eagle, with about $140 billion in assets, is best known for its four-decade-old global stock fund. It also has bought up firms that specialize in speculative debt and private markets in recent years. Hiring Miller, said Chief Executive Mehdi Mahmud, seemed like "one of the lowest-risk startup situations ever."

### Net flows into high-yield municipal-bond funds, monthly



### Municipal-bond issuance, quarterly

### Cumulative returns

Sources: Morningstar Direct (net flows); Municipal Market Analytics analysis of Bloomberg data (municipal-bond issuance); FactSet (returns)

---

# Companies Expand Paths to Using Virtual Reality in Training Programs

By Isabelle Bousquette

More employees are strapping on virtual-reality headsets as the immersive technology becomes an increasingly common method for workforce training on a range of topics, from hardware maintenance to leadership and empathy.

Companies such as **United Parcel Service** and **Walmart** have taken a slow but measured approach to a technology that has drawn extreme hype and extreme skepticism over the years as businesses have tested, piloted and pulled back on various uses.

"It's an interesting, but slower-than-expected journey. But for training—I think VR will always be a good way to use it," said Johan Hellqvist, head of mobile and XR/3D at **Volvo Group**. The company uses VR to train employees on actions like replacing the battery on an electric truck.

UPS is using it to train drivers how to stack packages or handle certain situations in the field, such as a dog attack. Companies like Walmart are using it to train on so-called soft skills, such as how to show empathy when dealing with a frustrated customer.

Virtual reality only became commercially available to consumers and enterprises in the past 10 to 12 years, said Gartner analyst Tuong Nguyen. At the peak of its hype three years ago, companies said they were exploring a range of uses from VR meetings to buying ads in the metaverse.

Many of these failed to prove their value, as companies realized that **Microsoft Teams** or **Zoom** could do the meeting job at a sliver of the cost of bulky headsets, Nguyen said. **Meta Platforms'** Reality Labs division, in many ways seen as a barometer of the tech's adoption, has struggled to attract and retain users and incurred an operating loss of more than $16 billion in 2023.

But VR hardware and software have improved and become more affordable. Headsets are sleeker and less likely to give users motion sickness. Companies have developed broader content libraries for VR. With those developments, and years of trial and error, companies say virtual reality has the potential to augment and improve on real-world training.

"The way people learn is fundamentally changing, and VR is what is driving that change," said Brad Scoggin, co-founder and chief executive of **ArborXR**, which helps manage and integrate virtual reality devices and content and works with UPS and Volvo, among others. "Doing, say, harassment training in VR is much more effective than watching a video with actors," he said. "In VR, you can actually put a headset on and experience what it's like to be in somebody else's shoes."

Companies are doing a mix of creating their own VR training content and outsourcing it, and using headsets from a range of providers, including Meta, HTC, Pico, Apple and Lenovo.

It can still be expensive, with a minimum six-figure investment to get started—regardless of whether companies are creating or outsourcing content, Gartner's Nguyen said. But enterprises say it still works out to be less expensive than traditional methods that require equipment and travel.

For many, it's been a slow, ongoing effort. UPS created an Immersive Technology division in late 2019. At the time, a lot of training was tethered to a physical computer and involved watching a screen, said Mark Gröb, who has led the division since its inception.

Today, use of VR for some aspects of driver training at UPS is a mature practice, Gröb said. UPS offers "pre-trip" training in VR, walking trainees through a checklist of tasks they need to complete before hitting the road. It is working to scale beyond drivers to other roles in the business, like package operators at logistics hubs, he said.

Police departments are using VR to train officers on how to use their weapons proficiently and how to interact with civilians in the field.



A VR training session at a Walmart store in 2017.

"We've had our officers sitting there putting this on their head, and they felt like they were really there, and they're reacting as though they're really on the street. They're yelling at people in the scenario, telling them to drop the weapon," said Chris Botzum, deputy chief of the Joliet Police Department in Joliet, Ill.

High-cost, high-risk scenarios like these are where VR training is most valuable, said Nguyen. But companies are also using it for so-called soft skills.

London-based financial services company **St. James's Place** uses VR to train financial advisers how to engage with clients. In one VR scenario, they meet with mixed-sex couples and then are given feedback based on whether they spend more time addressing the man than the woman—a common problem in the industry, said Nicki Finnigan, the company's director of learning and development.

For skills like this, VR can be more expensive than real-world training, which would typically involve just people in a room speaking, said Finnigan. But she feels it's more effective. Groups of trainees don't have to wait while each one plays out mock scenarios, and they're more comfortable acting and making mistakes in VR than in front of peers.

Walmart uses VR to train store associates in scenarios like how to interact with a frustrated customer. Training in VR also gives the company more data, said Jen Buchanan, vice president of the Walmart Academy training program. The team is able to get better information about which associates made right or wrong choices during the scenario, which helps refine training, she added.

Buchanan said Walmart is leveraging VR for scenarios that are "rare or difficult to practice." When it comes to skills like leadership or teaching company values, gathering associates for an in-person training still makes the most sense, she added. "I think it's based on the scenario."

---

**ADVERTISEMENT**

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

INDIANA PUBLIC RETIREMENT SYSTEM, et al.,
Plaintiffs,
v.
PLURALSIGHT, INC., et al.,
Defendants.

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Case No. 1:19-cv-00128
District Judge David Barlow
Magistrate Judge Daphne A. Oberg

TO: All persons who purchased or acquired Pluralsight, Inc. ("Pluralsight") Class A common stock from January 16, 2019 to July 31, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Utah (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $20,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **February 4, 2025 at 10:30 a.m.**, before the Honorable David Barlow either in person at the U.S. District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.100, 351 South West Temple, Salt Lake City, UT 84101, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 1, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement. If you have not yet received the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at Pluralsight Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.pluralsightsecuritieslitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked* (or submitted online) no later than **December 21, 2024**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than **January 14, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than **January 14, 2025**, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for Notice and Claim Form should be made to:
Pluralsight Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205, Media, PA 19063
Toll-free: (866) 274-4004, info@strategicclaims.net
www.pluralsightsecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:
Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
190 S. LaSalle St., Suite 1705, Chicago, IL 60603
Tel.: (312) 357-0370, Email: cgilden@cohenmilstein.com

By Order of the Court

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.pluralsightsecuritieslitigation.com.

---

**BUSINESS OPPORTUNITIES**

# Vinyl Record Museum™

A series of walk through museums for cities like New Orleans, Nashville & Austin. IP owner is looking to build a team. Learn more at:

**VinylRecordMuseum.net**

THE WALL STREET JOURNAL.

# THE MARKETPLACE

ADVERTISE TODAY
**(800) 366-3975**

For more information visit:
**wsj.com/classifieds**

© 2024 Dow Jones & Company, Inc.
All Rights Reserved.

---

# THE TICKER | MARKET EVENTS COMING THIS WEEK

### Monday
**Consumer Credit**
June, previous   up $8.9 bil.
July, expected   up $12.0 bil.

**Wholesale inventories**
June, previous   up 0.2%
July, expected   up 0.3%

**Earnings expected**
Estimate/Year Ago
Oracle   1.33/1.19

### Tuesday
**Earnings expected**
Estimate/Year Ago
Academy Sports and Outdoors   2.01/2.09
GameStop   (0.09)/(0.03)

### Wednesday
**Short-selling reports**
Ratio, days of trading volume of current position, at Aug 15
NYSE   3.8
Nasdaq   2.5

**Consumer Price Index**
All items, July   up 2.9%
Aug., expected   up 2.6%
Core, July   up 3.2%
Aug., expected   up 3.2%

**EIA status report**
Previous change in stocks in millions of barrels
Crude-oil stocks   down 6.9

Kroger is expected to post per-share earnings of 91 cents.

Gasoline stocks   up 0.8
Distillates   down 0.4

**Mort. bankers indexes**
Purch., previous   up 3.0%
Refinan., prev.   down 0.3%

### Thursday
**EIA report: natural-gas**
Previous change in stocks in billions of cubic feet   up 13

**Initial jobless claims**
Previous   227,000
Expected   225,000

### Freddie Mac mortgage survey
Previous weekly averages
30-year fixed   6.35%
15-year fixed   5.47%

**Producer price index**
All items, July   up 0.1%
Aug., expected   up 0.2%
Core, July   up 0.0%
Aug., expected   up 0.2%

**Treasury budget**
Aug., '23   $89 bil. Surplus
Aug.,'24, exp   $317.3 bil. Deficit

**Earnings expected**
Estimate/Year Ago
Adobe   4.53/4.09
Kroger   0.91/0.96

### Friday
**Import price index**
July, previous   up 0.1%
Aug., expected   down 0.3%

**U.Mich. consumer index**
Aug., final   67.9
Sep., prelim   68.5

* FactSet Estimates earnings-per-share estimates don't include extraordinary items (Losses in parentheses) ◆ Adjusted for stock split

Note: Forecasts are from Dow Jones weekly survey of economists

**sevans@strategicclaims.net**

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, September 9, 2024 8:00 AM |
| **To:** | sevans@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Cohen Milstein Sellers & Toll PLLC. ID#4229721-1-1 |

Hello

Your press release was successfully distributed at: 09-Sep-2024 08:00:00 AM ET


Release headline: Cohen Milstein Sellers & Toll PLLC Announces Proposed Class Action Settlement on Behalf of Purchasers of Pluralsight, Inc. Class A Common Stock - PS
Word Count: 873
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 4229721-1-1



View your release:* https://www.prnewswire.com/news-releases/cohen-milstein-sellers--toll-pllc-announces-proposed-class-action-settlement-on-behalf-of-purchasers-of-pluralsight-inc-class-a-common-stock---ps-302238571.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.prnewswire.com/resources/white-papers/definitive-guide-engaging-press-release/?utm_medium=email&utm_source=iris&utm_content=content&utm_campaign=2024-prn-distro-confirmation

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

1

**EXHIBIT D**

# SUPPORT CENTER
Support Ticket System

10/17/2024 11:50:57 AM

# Ticket #668332

| | | | | |
|---|---|---|---|---|
| **Status** | Completed | | **Name** | Heidi |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 10/17/2024 11:00:16 AM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | | | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | | **Last Response** | 10/17/2024 11:50:33 AM |
| **Due Date** | 10/18/2024 11:00:16 AM | | **Last Message** | 10/17/2024 11:00:16 AM |

**Ticket Details**

| **Case:** | Pluralsight |
|---|---|

## Pluralsight Securities Litigation Contact Form - I have a question about the case

| | |
|---|---|
| 10/17/2024 11:00:16 AM Pluralsight Securities Litigation Contact Form - I have a question about the case | 'Amazon Reply |

# SUPPORT CENTER
### Support Ticket System

10/17/2024 11:50:57 AM

| **First and Last Name** |
| --- |
| Heidi Berenson |

| **Email** |
| --- |
| |

| **Phone** |
| --- |
| |

| **Mail ID** |
| --- |
| |

| **Reason for Contact** |
| --- |
| I have a question about the case |

| **Your Question** |
| --- |
| I would like to be excluded from the Class. If you could please confirm that this request has been received and honored, I would appre |

Thank you,

Heidi Berenson

10/17/2024 11:50:33 AM

Good morning,

Thank you for contacting us regarding the *Pluralsight Securities Litigation*.

**Please note: You cannot exclude yourself by e-mail.**

In order to properly exclude yourself from the case, please see the instructions starting on p. 10 of the attached Notice/Claim Form (also quoted below).

Proper exclusion requests/letters must be "...addressed to Pluralsight Securities Litigation, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The request for exclusion must be received no later than January 14, 2025. You will not be able to exclude yourself from the Class after that date.

"Each request for exclusion must state that you "request exclusion from the Class in Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al., No. 1:19-CV-00128-DBB-DAO" and must also: (i) state

**SUPPORT CENTER**
Support Ticket System

10/17/2024 11:50:57 AM

the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization if the request for exclusion is signed by an authorized representative; and (iii) state the number of shares of Pluralsight Class A common stock you (a) held as of the opening of trading on January 16, 2019, and (b) purchased, acquired, or sold during the Class Period (i.e., from January 16, 2019, until July 31, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase, acquisition, or sale.

"A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court."

If you have any further questions, please feel free to contact our office.


Thank you.


--
Claims Administrator
Strategic Claims Services, Inc.
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

Final Notice and Claim Form - Pluralsight v.3 - New Dates.pdf (493.7 kb)