# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP<br><br>District Judge Jill N. Parrish |

**ORDER AWARDING**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on December 8, 2023 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses in the above-captioned consolidated securities class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation"), and all capitalized terms not otherwise defined in this Order shall have the same meaning as they have in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of 19% of the Settlement Fund, or $14,725,000 plus interest earned thereon, which sum the Court finds to be fair and reasonable. Plaintiff's Counsel are also hereby awarded $1,488,313.23 in payment of Litigation Expenses to be paid from the Cash Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement resolves all claims in the Action in exchange for a total payment of $77,500,000 in cash, and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

(b)      Over 104,000 copies of the Settlement Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for an award of attorneys'

2

fees in an amount not to exceed 19% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1,700,000, and there were no objections to the requested attorneys' fees and expenses;

(c)     Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     The Action raised a number of complex issues and involved substantial risks;

(e)     If Plaintiff's Counsel had not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other Class Members may have recovered significantly less, or nothing at all, from Defendants;

(f)     Plaintiff's Counsel devoted over 30,000 hours to the Action, with a lodestar value of approximately $15,861,000, to achieve the Settlement;

(g)     Plaintiff's Counsel at all times litigated this Action on a fully contingent basis to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     The Court further finds that the above-stated award of Litigation Expenses (*supra* paragraph 4) to be paid from the Cash Settlement Fund to Plaintiff's Counsel is fair and reasonable, and that the Litigation Expenses are reasonable in amount, and were incurred for costs and expenses that were of a type customarily reimbursed in cases of this type.

7.     Lead Plaintiff Los Angeles Fire and Police Pensions is hereby awarded $43,320.41 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED on DECEMBER 15, 2023.

_____
The Honorable Jill N. Parrish
United States District Judge

4