# EXHIBIT 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 2 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LARRY FREUDENBERG, Individually and :
On Behalf of All Others Similarly Situated, :
                            :   Civil Action No.
         Plaintiff, :
                            :   07 Civ. 8538 (JPO) (MHD)
     - against - :

E*TRADE FINANCIAL CORPORATION, :
MITCHELL H. CAPLAN, ROBERT J. :
SIMMONS and DENNIS E. WEBB, :

         Defendants. :
                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement, Granting Conditional Class Certification, and Providing for Notice dated June 12, 2012 ("Preliminary Approval Order"), and the Court having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, on the application of the Settling Parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated as of May 17, 2012 ("Stipulation"), the proposed Plan of Allocation of the Settlement proceeds, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and interim reimbursement of notice and administration expenses and, following a hearing on October 11, 2012 before this Court to consider the applications, all supporting papers and arguments of the Settling Parties, the objections, supporting papers and arguments submitted by Paul Liles, Leon Behar, Chris Andrews, and Eldon Ventris, and other proceedings held herein, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED AND ORDERED:**

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Final Judgment as if set forth fully herein.

2.      The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

3.      This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Plaintiffs' Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Settlement Class Members:

        (a)      constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort;

        (b)      was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this class action and the right to exclude themselves from the Settlement Class; (ii) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (iv) the binding effect of the proceedings, rulings, orders and judgments in this

2

Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

(c)    was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    fully satisfied all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4.    Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Settlement Class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Settlement Class) who purchased or otherwise acquired E*TRADE securities between April 19, 2006 and November 9, 2007, inclusive. Excluded from the Settlement Class are Defendants, members of the Individual Defendants' immediate families, the directors, officers, subsidiaries, and affiliates of E*TRADE, any firm, trust, corporation, or other entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person or entity.

5.    The Settlement Class excludes those Persons who timely and validly filed requests for exclusion from the Settlement Class pursuant to the Notice sent to Settlement Class Members as provided in this Court's Preliminary Approval Order. A list of such Persons who filed timely, completed and valid requests for exclusion from the Settlement Class is attached hereto as Exhibit 1. Persons who filed timely, completed and valid requests for exclusion from the Settlement Class are not bound by this Final Judgment or the terms of the Stipulation, and may pursue their own individual remedies against Defendants and the Released Persons. Such

3

Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

6. With respect to the Settlement Class, the Court finds that:

(a) the Settlement Class Members satisfy all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

i. the members of the Settlement Class are so numerous that joinder of all members is impracticable;

ii. there are questions of law and fact common to the Settlement Class;

iii. the claims and defenses of the representative parties are typical of the Settlement Class; and

iv. the representative parties will fairly and adequately protect the interests of the Settlement Class.

(b) In addition, the Court finds that the Action satisfies the requirement of Federal Rule of Civil Procedure 23(b)(3) in that there are questions of law and fact common to the Settlement Class Members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(c) The Court finds that Plaintiffs, Kristen Management Limited, Straxton Properties, Inc., Javed Fiyaz, Ira Newman, Peter Farah and Andrea Frascaroli, possess claims that are typical of the claims of Settlement Class Members and that they have and will adequately represent the interest of Settlement Class Members and appoints them as the representatives of the Settlement Class, and appoints Lead Counsel, Brower Piven, A

4

Professional Corporation, and Co-Lead Counsel, Levi & Korsinsky, LLP, as counsel for the Settlement Class ("Plaintiffs' Counsel").

7. The Court hereby finds that objectors Liles and Andrews lack standing to object to the Settlement. The Court further finds that the objections of objectors Liles, Behar, and Andrews to the Notice and/or the Settlement are without factual or legal merits and hereby overrules them in their entirety.

8. Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and all Settlement Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Settlement Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties, in particular experienced Plaintiffs' Counsel, and the absence of objections from any Settlement Class Member to the Settlement. All objections to the proposed Settlement, if any, are overruled in their entirety. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Class Judgment in this Action.

9.      The Court hereby finds that objector Andrews lacks standing to object to the Plan of Allocation. The Court further finds that the objections of objectors Behar and Andrews to the Plan of Allocation are without factual or legal merits and hereby overrules them in their entirety.

10.      This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Plaintiffs' Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

11.      The Court hereby finds that objectors Liles and Andrews lack standing to object to Plaintiffs' Counsel's request for an award of attorneys' fees and request for reimbursement of litigation expenses. The Court further finds that the objections of objectors Liles, Behar, and Andrews to the Plaintiffs' request for an award of attorneys' fees and request for reimbursement of litigation expenses are without factual or legal merits and hereby overrules them in their entirety.

12.      This Court hereby awards Plaintiffs' Counsel reimbursement of their out-of-pocket expenses in the amount of $ *554,950.23*, and attorneys' fees equal to *28* % percent of the balance of the Settlement Fund, with interest to accrue on all such amounts at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred

6

by Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks undertaken by Plaintiffs' Counsel and the contingent nature of their employment; (d) the quality of the work performed by Plaintiffs' Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members through the Settlement; and (g) the absence of a significant number of objections from Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Plaintiffs' Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Plaintiffs' Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Settlement Class Members.

13. Based on the foregoing, the Court finds that the objection by Mr. Ventris has been resolved and is moot. The attorneys' fees awarded and expenses reimbursed above shall otherwise be paid to Plaintiffs' Counsel as provided in the Stipulation.

14. Plaintiffs' Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members.

15. All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in the Action shall be made from the Settlement Fund, and the Released Persons shall have no liability or responsibility for the payment of any of Plaintiffs' or Plaintiffs' Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

16. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not filed timely, completed and valid requests for exclusion from the

Settlement Class are thus Settlement Class Members who are bound by this Final Judgment and by the terms of the Stipulation.

17.     The Released Persons are hereby released and forever discharged from any and all of the Released Claims. All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Persons. All Settlement Class Members are bound by paragraph 4.4 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

18.     The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Persons and without costs to any of the Settling Parties as against the others.

19.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit,

8

release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21.     Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

22.     Neither appellate review nor modification of the Plan of Allocation set forth in the Notice, nor any action in regard to the motion by Plaintiffs' Counsel for attorneys' fees and/or reimbursement of expenses and the award of costs and expenses to Plaintiffs, shall affect the finality of any other portion of this Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Final Judgment.

23.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment shall be

9

rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

24.   This Final Judgment and Order is a final judgment in the Action as to all claims asserted. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

Dated: *Oct.  20*        , 2012

HONORABLE  J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

## Exhibit A – Exclusions

1.     Robert F Lentes Jr TOD

2.     Ronald M Tate, Trustee

3.     George Avakian

4.     Jaehong Park

5.     Kenneth L. Kientz

6.     Luis Aragon & Michelle Aragon

11