Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

*Lead Counsel for Lead Plaintiffs*
*and the Class*

Keith M. Woodwell (#7353)
CLYDE, SNOW & SESSIONS, P.C.
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 322-2516
Facsimile: (801) 521-6280
kmw@clydesnow.com

*Liaison Counsel for Lead Plaintiffs*
*and the Class*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00128<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................ 1

II.   THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL OF THE
      SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED
      ATTORNEYS' FEES AND LITIGATION EXPENSES ....................................... 3

III.  CONCLUSION ..................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                            **Pages(s)**

*In re Bisys Sec. Litig.*,
    No. 04 Civ. 3840 (JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007) ....................................5

*In re Citigroup Inc. Bond Litig.*,
    296 F.R.D. 147 (S.D.N.Y. 2013) .................................................................................................5

*In re Crocs, Inc. Sec. Litig.*,
    306 F.R.D. 672 (D. Colo. 2014) .................................................................................................4

*In re Myriad Genetics, Inc. Sec. Litig.*,
    No. 2:19-cv-00707 (D. Utah Dec. 15, 2023) ..............................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)........................................................................................................4

*Ryskamp v. Looney*,
    No. 10-cv-00842-WJM-KLM, 2012 WL 3397362 (D. Colo. Aug. 14, 2012) ..........................3

*In re Signet Jewelers Ltd. Sec. Litig.*,
    No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020)...........................5

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    No. 15cv1249, 2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018).......................................................4

Court-appointed Lead Plaintiffs and Class Representatives the Indiana Public Retirement System ("INPRS") and the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Class, and Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Court-appointed Liaison Counsel, Clyde, Snow & Sessions P.C. ("Clyde Snow," together "Plaintiffs' Counsel), respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 284) and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 285) (together, the "Motions").[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for $20 million in cash. As explained in detail in Lead Plaintiffs' and Lead Counsel's opening papers in support of the Motions (ECF Nos. 284, 285, 287), the proposed Settlement is a favorable recovery for the Class given the risks inherent in this litigation, including in establishing liability, loss causation, and damages, and in light of Pluralsight's uncertain financial condition. This favorable recovery was reached as a result of over four years of diligent litigation, including multiple arms-length settlement negotiations—the second of which culminated in the agreement to settle this Action for $20 million in cash.

---

[1] Unless otherwise defined in this declaration, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement dated May 1, 2024, and previously filed with the Court, *see* ECF No. 271-1 (the "Settlement Stipulation" or "Stipulation"), or in the Declaration of Carol V. Gilden in Support of (A) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Gilden Declaration" or "Gilden Decl."), previously filed with this Court, *see* ECF No. 287. Citations to "¶" in this memorandum refer to paragraphs in the Gilden Declaration and citations to "Ex." in this memorandum refer to exhibits to the Gilden Declaration. Unless otherwise indicated, internal quotations and citations are omitted.

As the Motions and the claims administrator's declarations[2] explain, the Class has reacted extremely positively to the Settlement and its terms, which supports the conclusion that all aspects of the proposed Settlement are fair and reasonable and that this Court should grant the Motions. Following this Court's preliminary approval of the Settlement, Strategic Claims Services ("SCS" or the "Claims Administrator") followed the extensive Court-approved process for distributing Notice to the Class, which resulted in the sending of 26,219 copies of the Notice to potential Class Members and nominees. *See* Ex. 287-4, SCS Decl., Gilden Decl. 4, ¶¶ 6–8. The deadline for objections has since passed, and not a single member of the Class objected to any aspect of the Settlement, Plan of Allocation, or attorneys' fees and Litigation Expenses. *See* Suppl. SCS Decl., ¶ 10. As discussed in Lead Plaintiffs' declarations, both Lead Plaintiffs are sophisticated institutional investors, and both have endorsed the Settlement, including the requests for fees and expenses. *See* ECF No. 287-1, Declaration of Jeffrey Gill, INPRS Chief Legal Officer, submitted on behalf of INPRS (the "INPRS Decl."), Gilden Decl. Ex. 1, ¶¶ 5–9; ECF No. 287-2, Declaration of Carlton W. Lenoir, Sr., CTPF Executive Director, submitted on behalf of CTPF (the "CTPF Decl."), Gilden Decl. Ex. 2, ¶¶ 5–9.

As explained in the Motions and as emphasized below, the overwhelmingly favorable reaction of the Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and Litigation Expenses are all fair, reasonable, and adequate, and should be approved. As a result, this Court should grant the Motions.

---

[2] ECF No. 287-4, Declaration of Sarah Evans Concerning: (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("SCS Decl."), Gilden Decl. Ex. 4; Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Notice Packet and (B) Report on Requests for Exclusions and Objections ("Suppl. SCS Decl."), filed herewith as Ex. 1 (together, "the Claims Administrator Declarations").

II.     **THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

While Lead Plaintiffs and Lead Counsel respectfully submit that, based on their opening papers alone, this Court should grant the Motions, this is even more so the case now that the time for objecting has passed. Given the lack of objections, the "reaction of the class" factor strongly supports approval of the Motions.

Since this Court preliminarily approved the proposed Settlement and process for distributing Notice to the Class, SCS has or is expected to reach at least 25,635 potential Class Members, via deliverable Notice Packets,[3] Suppl. SCS Decl. ¶¶ 4–6, which informed Class Members of the terms of the proposed Settlement and Plan of Allocation and advised them that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and up to $350,000 in Litigation Expenses, *see* ECF No. 287-4A, Notice, SCS Decl., ¶¶ 1–5.[4] The Notice also explained that Class Members had the right to object to and/or request exclusion from the proposed Settlement, Plan of Allocation, and/or request for attorneys' fees and Litigation Expenses by January 14, 2025. *Id.*, ¶¶ 45–48; *see also* ECF No. 287-4, SCS Decl., ¶¶ 13–14. Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and Litigation Expenses on December 30, 2024,[5] more than two weeks before the objection and exclusion deadline (which was January 14, 2025).

---

[3] SCS has either emailed or mailed a total of 26,250 Notice Packets, but 615 of the Notice Packets were returned as undeliverable and were not able to be resent due to the lack of a new address or valid email address. Suppl. SCS Decl. ¶¶ 4–6.

[4] The Summary Notice was published in the *Wall Street Journal* and transmitted over *PR Newswire*, where readers were made aware of the proposed Settlement, how to obtain additional Settlement-related information, and the deadlines for various Settlement activities, including Claims submission and objection deadlines. *See* ECF No. 287-4, SCS Decl., ¶ 10.

[5] Lead Counsel refiled the Gilden Declaration and its supporting exhibits on January 2, 2025 to correct a clerical error.

"The reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy[.]" *Ryskamp v. Looney*, No. 10-cv-00842-WJM-KLM, 2012 WL 3397362, at \*4 (D. Colo. Aug. 14, 2012). As explained above, after completion of the extensive, Court-approved process for distributing Notice to the Class, Lead Plaintiffs did not receive a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and Litigation Expenses. Suppl. SCS Decl., ¶ 10. The deadline to request exclusion from the Settlement has now passed, and SCS did not receive any valid exclusion requests. As SCS explained in its declarations, SCS received only one deficient request but, after providing that Class Member directions on how to cure their exclusion request, that individual opted not to do so. *Id.* ¶ 9; SCS Decl., ¶¶ 13–14. Such a uniformly favorable reaction supports approval of the Settlement, Plan of Allocation, and request for attorneys' fees and Litigation Expenses as fair, reasonable, and adequate. *See In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15cv1249, 2018 WL 6333657, at \*2 (S.D.N.Y. Dec. 4, 2018) (finding that "the absence of objections by the class is extraordinarily positive and weighs in favor of settlement"); *see also, e.g.*, *In re Myriad Genetics, Inc. Sec. Litig.*, No. 2:19-cv-00707, ECF No. 301 (D. Utah Dec. 15, 2023), Ex. 2, ¶ 4 (noting lack of objections to Plan of Allocation in favor of approval); *In re Myriad Genetics, Inc. Sec. Litig.*, No. 2:19-cv-00707, ECF No. 300 (D. Utah Dec. 15, 2023), Gilden Decl. Ex. 11, ¶ 5(b) (noting same regarding attorneys' fees and Litigation Expenses); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691 (D. Colo. 2014) ("The reaction of the class members further supports the conclusion that the Settlement Agreement is fair."); *Id* at 692 ("[T]he favorable reaction of the Class supports approval of the proposed Plan of Allocation." (quoting *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002)).

4

While the lack of objections in general supports approval of the Settlement and fee request, the lack of objections by *institutional investors* further supports this approval. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (holding that because none of the "significant number of investors in the class [that] were 'sophisticated' institutional investors" objected, the reaction of the class supported approval of the fee request because such investors "had considerable financial incentive to object had they believed the requested fees were excessive"); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there were no objections from any institutions "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive"); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (explaining that because institutional investors are "often sophisticated and possess the incentive and ability to object," the absence of objections from institutional investors was "further evidence of the fairness of the Settlement."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (finding that the class's reaction supported approval of the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor").

In sum, the uniformly positive reaction of the Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request, and the Motions should be granted.

## III.   CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net

Settlement Fund; and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are being filed herewith.

Dated:  January 28, 2025                          Respectfully submitted,


                                                 */s/ Carol V. Gilden*
                                                 Carol V. Gilden (admitted *pro hac vice*)

                                                 COHEN MILSTEIN SELLERS & TOLL PLLC
                                                 190 South LaSalle Street, Suite 1705
                                                 Chicago, Illinois 60603
                                                 Telephone: (312) 357-0370
                                                 Facsimile: (312) 357-0369
                                                 cgilden@cohenmilstein.com

                                                 Steven J. Toll (admitted *pro hac vice*)
                                                 Jan E. Messerschmidt (admitted *pro hac vice*)
                                                 COHEN MILSTEIN SELLERS & TOLL
                                                 1100 New York Avenue N.W., Suite 800
                                                 Washington, DC 20005
                                                 Telephone: (202) 408-4600
                                                 Facsimile: (202) 408-4699
                                                 stoll@cohenmilstein.com
                                                 jmesserschmidt@cohenmilstein.com

                                                 *Lead Counsel for Lead Plaintiffs*
                                                 *and the Class*

                                                 Keith M. Woodwell (#7353)
                                                 CLYDE, SNOW & SESSIONS, P.C.
                                                 201 South Main Street, Suite 1300
                                                 Salt Lake City, Utah 84111
                                                 Telephone: (801) 322-2516
                                                 Facsimile: (801) 521-6280
                                                 kmw@clydesnow.com

                                                 *Liaison Counsel for Lead Plaintiffs*
                                                 *and the Class*

6

## CERTIFICATE OF SERVICE

I certify that on the 28th day of January, 2025, I caused to be served a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**, with the Clerk of the Court using the CM/ECF system that will send an electronic notification to all counsel of record.

*/s/ Carol V. Gilden*
Carol V. Gilden