UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00128<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *Indiana Public Retirement System, et al. v. Pluralsight, Inc., et al.*, No. 1:19-cv-00128-DBB-DAO (the "Action");

WHEREAS, by Order dated December 27, 2023 (ECF No. 252), this Court certified the Action to proceed as a class action on behalf of the following class ("Class"): all persons who purchased the Class A common stock of Pluralsight during the Class Period and were damaged thereby. Excluded from the Class are (i) all defendants; (ii) members of the immediate families of the defendants; (iii) any of the selling stockholders listed in the Offering Documents; (iv) members of the immediate families of any of the selling stockholders listed in the Offering Documents; (v) the subsidiaries and affiliates of any defendants or the selling stockholders listed in the Offering Documents; (vi) any person or entity who is a partner, executive officer, director or controlling person of any defendants or selling stockholders listed in the Offering Documents (including any of their subsidiaries or affiliates); (vii) any entity in which any defendant has a controlling interest; and (viii) the legal representatives, heirs, successors and assigns of any such excluded party;

1

WHEREAS, the Court's December 27, 2023 Order also appointed Lead Plaintiffs Indiana Public Retirement System and Public School Teachers' Pension and Retirement Fund of Chicago ("Lead Plaintiffs") as Class Representatives and appointed Cohen Milstein Sellers & Toll PLLC as Class Counsel and Clyde, Snow & Sessions, P.C. as Liaison Class Counsel in the Action;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Court-certified Class; and (b) Defendants Pluralsight, Inc. ("Pluralsight" or the "Company"), Aaron Skonnard, and James Budge (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated August 2, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on February 4, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

2

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 1, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 1, 2024.

3.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, including the application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly relating to their representation of the Class; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all

other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to exclude themselves from the Class, to object to the proposed Settlement, and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

4.      **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats

Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      **<u>Releases</u>** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against the Released Defendants' Parties; and

(b)      without further action by anyone, and subject to paragraph 9 below, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by

5

operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiffs and the other Released Lead Plaintiffs' Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against the Released Lead Plaintiffs' Parties.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration

6

proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Lead Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiffs' Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim; or (iii) to enforce the terms of the Settlement.

12.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by

Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.     Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs, and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination of the Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 12, 2024, as provided in the Stipulation.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to

immediately enter this final judgment in this Action. The Court's orders entered during this Action

relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this 4th day of February, 2025.

The Honorable Ted Stewart
United States District Judge