**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PLURALSIGHT, INC., *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00128<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**ORDER AWARDING**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on February 4, 2025 (the "Settlement Hearing") on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses in the above-captioned consolidated securities class action (the "Action"). The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise, and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses request;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation"), and all capitalized terms not

otherwise defined in this Order shall have the same meaning as they have in the Stipulation previously filed with the Court. *See* ECF No. 271-1.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying Class Members of the Motion for Final Approval of Settlement and Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund, or $4,000,000 plus interest at the same rate as earned on the Settlement Fund, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $276,166.46—consisting of $274,292.36 to Lead Counsel and $1,874.10 to Liaison Counsel—in payment of Litigation Expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. Pursuant to paragraph 16 of the Stipulation, the fees and expenses awarded herein shall be payable to Lead Counsel immediately following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or

on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 17 of the Stipulation.

      6.     In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

      a.  the Settlement resolves all claims in the Action in exchange for a total settlement value of $20 million in cash, and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

      b.  A total of 25,635 potential Class Members or nominees were sent copies of the Settlement Notice via a Notice Packet that explained that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $350,000, and there were no objections to the requested attorneys' fees and Litigation Expenses;

      c.  Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      d.  the Action raised a number of complex issues and involved substantial risks;

      e.  if Plaintiffs' Counsel had not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other Class Members may have recovered significantly less, or nothing at all, from Defendants;

      f.  Plaintiffs' Counsel, including attorneys and other professional support, dedicated over 7,585.85 hours to this Action on a fully contingent basis—7,279.75 hours by Lead Counsel, and 306.10 hours by Liaison Counsel—totaling a lodestar of $6,036,206.25—$5,896,838.75 from Lead Counsel, and $139,367.50 from Liaison Counsel; and

  g. the amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  7. The Court further finds that the above-stated award of Litigation Expenses (*supra* paragraph 4) to be paid from the Settlement Fund to Plaintiffs' Counsel is fair and reasonable, and that the Litigation Expenses are reasonable in amount, and were incurred for costs and expenses that are of a type customarily reimbursed in cases of this type.

  8. Pursuant to 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff the Indiana Public Retirement System is hereby awarded $15,750.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class; and Lead Plaintiff the Public School Teachers' Pension and Retirement Fund of Chicago is hereby awarded $23,870.66 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

  9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment Approving Class Action Settlement.

  10. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

  11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

  12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 4th day of February, 2025.

                                                    The Honorable Ted Stewart
                                                    United States District Judge