IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br>        Plaintiffs, <br><br>v. <br><br>PLURALSIGHT, INC., *et al.*, <br><br>        Defendants. | Civil No. 1:19-cv-00128 <br><br>The Honorable Ted Stewart <br><br>Magistrate Judge Daphne A. Oberg |

**[PROPOSED] CLASS DISTRIBUTION ORDER**

Lead Plaintiffs the Indiana Public Retirement System ("INPRS") and the Public School Teachers' Pension and Retirement Fund of Chicago ("CTPF") (together, "Lead Plaintiffs") have moved for entry of a Class Distribution Order in the above-captioned class action (the "Action"). The Court, having considered the Unopposed Motion for Entry of Class Distribution Order and all materials and arguments submitted in support of the motion, including the Declaration of Sarah Evans Concerning the Results of the Claims Administration Process (the "Evans Decl.") on behalf of the Court-approved Claims Administrator, Strategic Claims Services ("SCS"), and the Memorandum of Law in support thereof, THE COURT ORDERS AS FOLLOWS:

1.     This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 271-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Evans Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      As set forth in the Evans Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of SCS accepting those Claims set forth in Exhibits B-1 and B-2 are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E are approved.

4.      As set forth in the Evans Declaration, no Claim Forms submitted after February 4, 2025 may be accepted, and no responses to deficiency and/or rejection notices received after August, 4, 2025 shall be included in the initial distribution.

5.      The distribution plan for the Net Settlement Fund as set forth in the Evans Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Evans Declaration will irrevocably forfeit all recovery from the Settlement.

6.      Consistent with the Evans Declaration, any balance remaining in the Net Settlement Fund seven (7) months after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Claims Administrator, in consultation with Lead Counsel, will determine whether additional distributions to Authorized Claimants from any funds remaining after the initial distribution would be cost-effective. If additional distributions are warranted, Lead Counsel will

cause the Claims Administrator to distribute the remaining balance among Authorized Claimants, up to and until the balance remaining in the Net Settlement Fund is such that no further distributions would be cost-effective. Any distributions shall be conducted in accordance with the terms and conditions outlined in the Evans Declaration.

7.	If there are residual funds remaining in the Net Settlement Fund, and the Claims Administrator determines that no additional distributions are cost-effective, then the funds will be donated to a nonsectarian charitable organization(s) certified as tax-exempt under the U.S. Internal Revenue Code § 501(c)(3), to be designated by Lead Counsel.

8.	All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

9.	The Claims Administrator is authorized to discard paper or hard copies of the Claim Forms and supporting documents not less than one year after the distribution of the Net Settlement Fund to Authorized Claimants and electronic copies and supporting documents not less than three years after the distribution of the Net Settlement Fund to Authorized Claimants.

IT IS SO ORDERED.

Dated: _____

_____
THE HONORABLE TED STEWART
UNITED STATES DISTRICT JUDGE

3